JUDGE SCHOFIELD

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/2019

19 CV 04355

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

- against -

COLLECTOR'S COFFEE Inc. (d/b/a COLLECTORS CAFÉ), and MYKALAI KONTILAI,

    Defendants.

19 Civ. 4355
ECF CASE

[PROPOSED] TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND PROVIDING FOR OTHER ANCILLARY RELIEF, AND ORDER SETTING PRELIMINARY INJUNCTION HEARING

---

On May 14, 2019, Plaintiff United States Securities and Exchange Commission (the "SEC" or "Commission") filed an emergency motion for an *ex parte* order: (1) freezing funds and other assets of Defendants Collector's Coffee (d/b/a Collectors Café) ("Collectors Café") and Mykalai Kontilai; (2) requiring Defendants to provide an accounting; (3) providing for expedited discovery; (4) providing for alternative service by the SEC; (5) prohibiting the destruction or alteration of documents; and (6) setting this matter for a preliminary injunction hearing.

The Court has considered the entire record of this case, including: the Complaint; the Commission's Memorandum of Law in Support of its Motion for an *Ex Parte* Emergency Application for an Order to Show Cause, for an Asset Freeze, and for other Relief, the Declaration of Jacqueline M. Moessner, with attached exhibits; the Declaration of Gail Holt; and the Certification of Counsel pursuant to Federal Rule of Civil Procedure 65(b).

Based on this record, the Court finds:

1. The Court has jurisdiction over the subject matter of this action and over the Defendants.

2. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77t(b)], Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)] by establishing a likelihood that the Commission will prevail at trial on the merits and an inference that the Defendant has engaged in acts, practices, and courses of business constituting violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], and Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

3. There is good cause to believe that, unless restrained and enjoined by order of this Court, the Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets that could be subject to an order directing disgorgement or the payment of civil monetary penalties in this action such that an order freezing the Defendants' assets, as specified *infra*, is necessary to preserve the *status quo* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties.

4. In light of the Court's finding that there is good cause to believe the Defendants will dissipate, conceal, or transfer assets, and pursuant to Fed. R. Civ. P. 65(b), the Court specifically finds that there is a likelihood of irreparable injury unless this order is issued *ex parte*. To avoid this irreparable harm, the Court will issue this Temporary Restraining Order Freezing Assets *ex parte* so that prompt service on appropriate institutions and land record

offices can be made, thus preventing the dissipation of assets.

5. There is good cause to believe that, unless restrained and enjoined by order of this Court, the Defendants may alter or destroy documents relevant to this action.

6. There is good cause to believe that expedited discovery and alternative means of service are warranted.

7. There is good cause to believe that an immediate accounting is necessary to identify the location of additional assets subject to an asset freeze.

Now, therefore:

## I.

**IT IS HEREBY ORDERED** that, pending the determination of the Commission's Motion for a Preliminary Injunction or hearing on the merits:

A. The assets, funds, or other property held by or under the direct or indirect control of Defendants Collectors Café or Mykalai Kontilai, whether held in any of their names or for their direct or indirect beneficial interests, wherever located, up to the amount of **$46,121,649.68**, are frozen, including but not limited to original contracts signed by Jackie Robinson and all other assets, funds, or other property held by or under the direct or indirect control of Defendants located in the following accounts and storage facilities ("Defendants' Accounts and Storage Facilities"):

| Account Location | Account Number |
|---|---|
| MidCountry Bank | xxxxxx9515 |
| Bank United | xxxxxx5204 |
| Wells Fargo Bank | xxxxxx4070 |
| TD Ameritrade | xxxxx0820 |
| MGM Resorts International & Subsidiaries | xxxx6094 |
| CG Technology LP Nevada | xxxx292 |

3

| Paragon Paradise Tenant, Inc. d/b/a Westgate Las Vegas Resort and Casino | xxxxx3589 |
|---|---|
| Nevada Trust Company | xx-xx-xx49-RP |
| Day & Meyer-Murray & Young Corp, Moving & Storage | |
| William Hill Nevada I | |
| Manhattan Mini Storage | |
| Storage West Self Storage | |
| Smart Stop Self Storage | |
| Sorrento Valley Self Storage | |
| Sorrento Mesa Self Storage | |
| Golden Triangle Self Storage | |
| SoCal Self Storage | |
| Public Storage | |

B. Defendants Collectors Café and Mykalai Kontilai, and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, including Defendants' Accounts and Storage Facilities, as defined above, up to the amounts identified in paragraph I.A.

C. Any bank, financial or brokerage institution, storage facility, or other person or entity holding any funds, securities or other assets of Defendants Collectors Café and Mykalai Kontilai, up to the amounts identified in paragraph I.A, held in the name of, for the benefit of, or under the control of Defendants Collector's Coffee and Mykalai Kontilai, or their officers,

directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, including but not limited to assets held in Defendants' Accounts and Storage Facilities, as defined above.

D. No person or entity, including Defendants Collector's Coffee or Mykalai Kontilai, or any creditor or claimant against the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

## II.

**IT IS FURTHER ORDERED** that, pending a hearing and the Court's adjudication of the SEC's application for an order prohibiting the destruction of records as set forth in above, Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby enjoined and restrained from destroying, altering, concealing or otherwise interfering with the access of the SEC to any and all documents, books and records, that are in the possession, custody or control of the Defendants, and any of their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, that refer, reflect or relate to the allegations in the Complaint, or that refer, reflect or relate to the Defendants' assets, finances or business operations.

## III.

**IT IS HEREBY FURTHER ORDERED** that Defendants Collector's Coffee and Mykalai Kontilai, and each of their successor corporations, subsidiaries, and affiliates, shall within **five business days** of service of this Order, each file with the Court, and serve on the Commission at the address of its counsel of record, a sworn accounting of:

A. Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of Defendants Collectors Coffee or Mykalai Kontilai, or the names of any subsidiary, affiliate, or agent, in which they have direct or indirect control or beneficial interest, and the current value and makeup of that account;

B. All investments, securities, funds, real estate, collectibles, and other assets held in the names of Defendants Collector's Coffee and Mykalai Kontilai, or in the names of any subsidiary, affiliate, or agent or under their direct or indirect control, stating a description, a value, and location of such assets; and

C. Every transaction in which the ownership, direction, or control of any funds or other assets of any kind have been transferred, directly or indirectly, to or from Defendant Collectors Café since April 1, 2014.

D. Every transaction exceeding $3,000 in value in which the ownership, direction, or control of any funds or other assets of any kind have been transferred, directly or indirectly, to or from Defendant Mykalai Kontilai since April 1, 2014.

## IV.

**IT IS HEREBY FURTHER ORDERED** that the Commission's application for expedited discovery is granted and that, commencing with the time and date of this Order, in [handwritten: but limited to a description and location of Defendants' assets]

6

lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, discovery shall proceed as follows:

A.     Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the parties may take depositions upon oral examination on **three days'** notice of any such deposition. Depositions may be taken telephonically. As to Defendants Collector's Coffee and Mykalai Kontilai, and their officers, directors, subsidiaries and affiliates, agents, servants, employees, owners, brokers, associates, trustees, and underwriters, the Commission may depose such witnesses after serving a deposition notice by facsimile, e-mail, mail, hand or overnight courier upon such Defendant and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of the hearing on the Commission's motion for a preliminary injunction;

B.     Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Parties shall answer interrogatories within **three days** of service of such interrogatories. Interrogatories may be served and answered by facsimile, e-mail, mail, hand or overnight courier upon the parties or their counsel;

C.     Pursuant to requests under Rule 34(b) of the Federal Rules of Civil Procedure, the parties shall produce all documents requested within **three days** of service of such request. Documents produced to the Commission shall be delivered to Terry R. Miller by email at Millerte@sec.gov and by overnight delivery to Terry Miller at Securities and Exchange Commission, 1961 Stout St., Suite 1700, Denver, CO 80294, phone number (303) 844-1041, or such other place as counsel for the SEC may direct in writing. Requests for production may be served by facsimile, e-mail, mail, hand or overnight courier upon the parties or their counsel;

and

D. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the parties shall respond to requests for admissions within **three days** of such requests. Requests for admission may be served by facsimile, e-mail, mail, hand or overnight courier upon the parties or their counsel; and

E. All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered to Terry R. Miller by email at Millerte@sec.gov and by overnight delivery to Terry Miller at Securities and Exchange Commission, 1961 Stout St., Suite 1700, Denver, CO 80294, phone number (303) 844-1041, or such other place as counsel for the SEC may direct in writing; and

F. In connection with any discovery from any non-party, deposition or document discovery may be had within **five days** of service of a subpoena pursuant to Rule 45.

Service of a subpoena may be made by facsimile, e-mail, mail, hand or overnight courier.

## V.

**IT IS HEREBY FURTHER ORDERED** that service of this Order, the Summons and Complaint may be made by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Defendants, or by publication. If alternative service is made, the Commission must thereafter effect formal service in compliance with Fed. R. Civ. P. 5.

## VI.

**IT IS HEREBY FURTHER ORDERED** that Defendants show cause, if there be any, to this Court at 10:30 a.m. on the 28th day of May, 2019, in Room 1106 of the United States Courthouse, ~~500 Pearl Street,~~ 40 Foley Square New York, New York 10007, why this Court should not enter a preliminary injunction extending the asset freeze and other ancillary relief entered in this Order until final adjudication of this case on the merits. *JMA*

## VII.

**IT IS FURTHER ORDERED** that the Defendants shall deliver any opposing papers in response to the Order to Show Cause above no later than May ~~15~~ 22, 2019, at 5:00 p.m.. Service shall be made by delivering the papers, using the most expeditious means available, by that date and time, to Terry R Miller or Mark Williams, Securities and Exchange Commission, 1961 Stout St., Suite 1700, Denver, CO 80294, phone number (303) 844-1027, email WilliamsML@sec.gov, or such other place as counsel for the SEC may direct in writing. ~~The SEC shall have until _____, 2019, at 5:00 p.m. to serve, by the most expeditious means available, any reply papers upon the Defendants, or their counsel, if counsel shall have made an appearance in this action.~~ No reply papers. *JMA*

## VIII.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

_____
UNITED STATES DISTRICT JUDGE

Issued at : _1_ : _22_ _p_.m.

_May_ _14_, 2019
New York, New York