1 | **RICHARD A. SCHONFELD, ESQ.**
Nevada Bar No. 6815
2 | CHESNOFF & SCHONFELD
520 South Fourth Street
3 | Las Vegas, Nevada 89101
Tel: (702) 384-5563
4 | rschonfeld@cslawoffice.net

5 | **Attorney for The Holders**
*SDJ Investments, LLC; Abode Investments, LLC;*
6 | *Darren Sivertsen, Trustee of the Sivertsen Family Trust*
*U/A/D 10/01/2002*

7

8 | **UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
\* \* \* \* \* \*

9

10 | UNITED STATES SECURITIES       )
EXCHANGE COMMISSION,             )
                                 )
11 |                              )
                                 )
12 |         **Plaintiff,**        )     **CASE NO. 19-CV-04355**
                                 )     **JUDGE SCHOFIELD**
13 | vs.                          )
                                 )
14 | COLLECTOR'S COFFEE, INC., and )
MYKALAI KONTILAI,                )
15 |                              )
        **Defendant.**            )
16 | _____)
                                 )
17 | *SDJ Investments, LLC; Abode Investments, LLC;* )
*Darren Sivertsen, Trustee of the Sivertsen Family* )
18 | *Trust U/A/D 10/01/2002*     )
                                 )
19 |     **Intervenor-Plaintiffs** )
                                 )
20 | v.                           )
                                 )
21 | COLLECTOR'S COFFEE, INC.,     )
MYKALAI KONTILAI, an Individual, )
22 | LOS ANGELES DODGERS LLC,      )
DOE INDIVIDUALS 1 THROUGH 50     )
23 | AND ROE CORPORATIONS 1 THROUGH 50 )
                                 )
24 |     **Intervenor-Defendants**  )
_____)

25

**HOLDER'S COMPLAINT IN INTERVENTION**

26

Comes Now, Intervenor-Plaintiffs SDJ Investments, LLC, Abode Investments, LLC, and

27

28 | Darren Sivertsen, Trustee of the Sivertsen Family Trust U/A/D 10/01/2002 (hereinafter collectively

1  "the Holders" or "Intervenor-Plaintiffs) by and through their counsel Richard A. Schonfeld, of the

2  law office of Chesnoff & Schonfeld, and hereby states and alleges as follows:

3  **INTRODUCTION:**

4  1.    This Complaint in Intervention in the above captioned case is for declaratory relief against

5  the Defendants Collector's Coffee, Inc., and Mykalai Kontilai, for the purpose of affirming that the

6  Holders have a first position perfected secured interest in the "original contracts signed by Jackie

7  Robinson" ("Contracts") and against the Doe and Roe Defendants for the purpose of establishing

8  clear title and ownership of the Contracts by Defendant Collector's Coffee, Inc.;

9  2.    On May 14, 2019, this Honorable Court entered a Temporary Restraining Order against

10  Collector's Coffee, Inc., and Mykalai Kontilai.  That Order froze the Defendants' assets up to the

11  amount of $46,121,649.68 and expressly froze the "original contracts signed by Jackie Robinson."

12  It is those Contracts and the related Certificates of Authenticity that are the subject of this Motion.

13  3.    On May 19, 2019, this Honorable Court entered an Order Modifying the Asset Freeze so that

14  the United States Marshals Service in the District of Nevada could take possession of the Contracts

15  and store them in a secure facility pending further order of the Court. *See Dkt. 15*;

16  4.    The Holders have a perfected secured interest in the Contracts and therefore seek intervention

17  in this matter to have the Court declare that interest and also to establish clear title and ownership of

18  the Contracts by Defendant Collector's Coffee, Inc., so that the contracts can ultimately be sold and

19  the Holder's can be repaid as a result of their secured interest, with the balance to be addressed by

20  the Plaintiff, Defendants, and the Court;

21  **PARTIES:**

22  5.    SDJ Investments, LLC, Abode Investments, LLC, and Darren Sivertsen, Trustee of the

23  Sivertsen Family Trust U/A/D 10/01/2002 are collectively the Holders;

24  6.    SDJ Investments, LLC, is a California limited liability company;

25  7.    Abode Investments, LLC, is a Nevada limited liability company;

26  8.    Sivertsen Family Trust u/a/d/ October 1, 2002, is a family trust duly formed and recorded in

27

28                                                     2

1  the State of Nevada;

2  9.    Collectors Coffee, Inc., is a Nevada corporation;

3  10.    Mykalai Kontilai is a resident of the State of New York;

4  11.    The Los Angeles Dodgers, LLC ("Los Angeles Dodgers") is a Delaware limited liability

5  company, that regularly conducts business in the State of New York.  The business is included but

6  not limited to engaging in baseball games in New York multiple times per year;

7  12.    The true names and capacities, whether individual, corporate, associate or otherwise, of

8  Defendants designated as Doe 1 through 50 and Roe 1 through 50 are unknown at the present time;

9  however, it is alleged and believed that the Doe Defendants and Roe Defendants are claiming an

10  interest in the Contracts.   As the specific identities of these parties are revealed the Doe and Roe

11  appellations will be replaced to identify these parties by their true names and capacities;

12  **STATEMENT OF THE FACTS AND PROCEDURAL HISTORY RELATED TO THE CONTRACTS:**

13  13.    In 2013 CCI acquired the original contract signed by Jackie Robinson, the first

14  African-American player in the major leagues, along with the 1945 contract that he signed with the

15  Dodger's minor league affiliate.  Jackie Robinson's career marked the start of the civil rights

16  movement;

17  14.    In an effort to secure financing, CCI  laid out a plan to promote and sell the Contracts, while

18  at the same time starting a television show and auction website to sell collectibles;

19  15.    In 2013, Collectors Coffee obtained $6 million in loans from SDJ Investments, Abode

20  Investments and the Sivertsen Family Trust (the "Holders"). The loans were secured by both

21  Robinson contracts and related Certificates of Authenticity, and perfected by the filing of UCC

22  financing statements;

23  16.    Specifically, the following Secured Promissory Notes were entered into:

24  a.    Series A Convertible Secured Promissory Note, dated June 18, 2013, evidencing an original

25        principle amount of $1,000,000 in favor of SDJ;

26  b.    Series A Convertible Secured Promissory Note, dated June 18, 2013, evidencing an original

27

28

principle amount of $1,000,000 in favor of Abode;

c.    Series A Convertible Secured Promissory Note, dated June 18, 2013, evidencing an original

principle amount of $250,000 in favor of SFT;

d.    Series A Convertible Secured Promissory Note, dated September 6, 2013, evidencing an

original principle amount of $1,500,000 in favor of SDJ;

e.    Series A Convertible Secured Promissory Note, dated September 11, 2013, evidencing an

original principle amount of $200,000 in favor of SFT[1];

17.    In addition to the Series A loans, SDJ made certain Series B loans with Secured Promissory

Notes as follows:

a.    Series B Secured Promissory Note, dated June 18, 2014, evidencing an original principle

amount of $1,250,000 in favor of SDJ;

b.    Series B Secured Promissory Note, dated August 5, 2014, evidencing an original principle

amount of $750,000 in favor of SDJ;

18.    In order to secure the obligations evidenced by the Series A and Series B Notes, CCI granted

a security interest to the Holders in the Contracts.  This secured interest was specifically identified in

UCC-1 Financial Statements filed by:

a.    The Holders with the Nevada Secretary of State to perfect their security interest under the

terms of the A Notes, reflected by Filing No. 2013018019-8, filed July 16, 2013, as amended

by Filing No. 2015014944-9, filed June 7, 2015, and Filing No. 2015014945-1, filed June 7,

2015 and re-filed with the Nevada Secretary of State on January 25, 2019 by Filing No.

2019002716-0;

b.    SDJ with the Nevada Secretary of State to perfect its security interest under the terms of the

B Notes, reflected by Filing No. 2014016155-6, filed June 25, 2014, as amended by Filing

---

[1]An Addendum to the Series A Notes with SDJ and SFT was made on September 11, 2013, a Second Amendment to the Series A Notes with SDJ, SFT, Abode, and NDIRA was made on April 23, 2014, a Third Amendment was made on October 12, 2014, a Fourth Amendment was made on June 1, 2015, and a Fifth Amendment was made on June 1, 2016.

1      No. 2015014946-3, filed June 7, 2015 and continued by a UCC Continuation filed with the

2      Nevada Secretary of State on January 31, 2019 as Filing No. 2019003312-5[2];

3   19.    In addition to UCC filings in Nevada, the Holders lodged USS filings in both New York and

4   California;

5   20.    The parties also signed a Contract Escrow Agreement with Nevada Trust Company;

6   21. While the ownership title of the contracts was in the name of Collectors Coffee, the contracts

7   were legally in the possession of the trust company for the benefit of both Collectors Coffee and its

8   secured Holders;

9   22.    The loans also came with a one-year period to sell the Contracts.  However, 2013 turned into

10  2014, and Collectors Coffee did not have a buyer. Collectors Coffee claimed it had some good leads

11  with institutions, but it needed more time to continue marketing. The Holders provided an

12  extension. Then, 2015 came, and there was no sale. Collectors Coffee again said it had good leads

13  and needed more time. The Holders again extended the period to sell the contracts.  Then, 2016

14  came, with more of the same. The Holders provided one more extension, through September 30,

15  2016. That date came and went, with no definitive plans for a sale;

16  23.    The Holders refused to provide any other extensions, declared a default, and demanded the

17  contracts be returned to a secure storage facility hired by their escrow agent. The Contracts were then

18  placed with the secure storage facility;

19  24.    Ultimately, the Holders, CCI and Mykalai Kontilai agreed to engage Goldin Auctions,

20  the official auctioneer for the Jackie Robinson Foundation, to auction the Contracts;

21  25.    On February 27, 2018, the first auction was held and the Contracts did not sell;

22  26.    The second auction was scheduled to commence in January of 2019; however, Goldin

23  Auction received correspondence from counsel for the Los Angeles Dodgers asserting a potential

24  interest in the Contracts.  The Holders, CCI and Mykalai Kontilai collectively decided to cancel the

25

26      [2]The documents referenced in paragraphs 16 through 18 are incorporated herein by

27  reference.

28

1  auction.

2  27.      Thereafter, the Holders, CCI and Mykalai Kontilai entered into an Asset Purchase Agreement

3  for a private sale of the Contracts, which would have required a resolution to the dispute with the

4  Dodgers before the sale would go forward;

5  28.      While in pursuit of the private sale of the Contracts the Securities and Exchange

6  Commission brought this case against Defendants;

7  **JURISDICTION AND VENUE:**

8  29.      There is both general and specific personal jurisdiction over all Defendants.  Defendants

9  Collector's Coffee, Inc., and Mykalai Kontilai have already made a general appearance and both

10  have significant contact with this forum, both related to the subject matter of this Complaint in

11  Intervention and generally.  There is specific personal jurisdiction over the Los Angeles Dodgers as

12  they have made a claim to the Contracts which are within the in rem jurisdiction of the Court.  There

13  is general personal jurisdiction over the Los Angeles Dodgers, as it has continuous and systematic

14  contacts with this forum and regularly conducts business therein[3].  This Court has supplemental

15  jurisdiction over this action pursuant to 28 U.S.C. §1367(a) because the claims asserted herein are so

16  related to the claims int eh action within the original jurisdiction that they form part of the same case

17  or controversy under Article III of the United States Constitution.  In the alternative, pursuant to the

18  Court's Temporary Restraining Order expressly "froze" the Contracts.  That Order further provided

19  that no person/entity could file a lawsuit or otherwise take action to interfere with the asset freeze.

20  Thereafter, the Court entered on May 17, 2019, the Court entered an order modifying the asset

21  freeze, whereby the court exercised in rem jurisdiction over the contracts and ordered secured by the

22  United States Marshals (Dkt 15). Further, consistent with Rule 8(a)(1) of the Federal Rules of Civil

23  Procedure, the Court has already exercised jurisdiction over this matter and this Complaint in

24  intervention needs no additional jurisdictional support.  Declaratory relief is appropriate herein

25

26  —————————————

27      [3]The Los Angeles Dodgers have previously made a general appearance in this District in
case number 1:15-cv-05186-PGG.  Therein, the Los Angeles Dodgers filed a Motion to dismiss

28  without challenging personal juridiction.

1  pursuant to 28 U.S.C. §2201 and FRCP 57[4].;

2  30.    Venue in the Southern District of New York is proper pursuant to 28 U.S.C. §1391(b)

3  because one or more of the Defendants reside within this district and/or regularly conduct business in

4  the district, a substantial part of the events or omissions giving rise to this action occurred therein,

5  and the Contracts are under the control of this Court;

6                                    **FIRST CAUSE OF ACTION**

7                                    **DECLARATORY RELIEF**

8  **(AGAINST DEFENDANTS COLLECTOR'S COFFEE, INC., AND MYKALAI KONTILAI)**

9  31.    Intervenor Plaintiffs hereby re-allege those allegations contained in paragraphs 1 through 30

10  herein and incorporates same by reference as though fully set forth herein;

11  32.    The Holders seek a declaratory judgment that they have a first position perfected secured

12  interest in the Contracts, an interest that will be honored by the Defendants in this litigation;

13  33.    On Information and belief, and according to paragraph 60 of Defendants's Answers, the

14  Defendants denied that they would not be entitled to 100% of the sales proceeds of the Contracts,

15  even though they have admitted the Holders execution of the Series A and Series B Notes as alleged

16  in paragraph 60 of the SEC Complaint;

17  34.    By reason of the foregoing, an actual and justiciable controversy exists between the Holders

18  and the Defendants regarding the Holders rights related to the Contracts and their right to receive the

19  first proceeds of any sale of the Contracts;

20  35.    The Holders seek a judicial declaration that they have a first position perfected secured

21  interest in the Contracts that would entitled them to receive the first proceeds of any sale of the

22  Contracts until their interest is satisfied.

23

24

25

26

27  _____

28          [4]Intervenor Plaintiffs are also entitled to a speedy hearing pursuant to FRCP 57.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF

## (AGAINST DEFENDANT LOS ANGELES DODGERS)

36.    Intervenor Plaintiffs hereby re-allege those allegations contained in paragraphs 1 through 35 herein and incorporates same by reference as though fully set forth herein;

37.    As described herein the Holders have a first position perfected secured interest in the Contracts;

38.    As described herein the Holders in conjunction with Collectors Coffee and Mykalai Kontilai were in the process of attempting to sell the Contracts;

39.    Defendant Los Angeles Dodgers has asserted that the Contracts are their property and cannot be sold by Collectors Coffee;

38.    The position asserted by the Los Angeles Dodgers is contrary to the rights of the Holders as it relates to the Contracts;

39.    By reason of the foregoing, an actual and justiciable controversy exists between the Holders and the Los Angeles Dodgers regarding the ownership/title of the Contracts and the Holders rights related to said Contracts;

40.    The Holders seek a judicial declaration that the Dodgers do not have an ownership interest in the Contracts, that Collectors Coffee had clear title/ownership to the Contracts at the time it entered into its transactions with the Holders, and that the Holders therefore have a first position perfected secured interest in the Contracts that would entitled them to receive the first proceeds of any sale of the Contracts until their interest is satisfied.

## REQUEST FOR RELIEF

WHEREFORE, Intervenor-Plaintiffs respectfully request that the Court enter a declaratory judgment in their favor and against Collector's Coffee and Mykalai Kontilai, and a declaratory judgment against the Los Angeles Dodgers, as follows:

A.    As to Collector's Coffee and Mykalai Kontilai a judicial declaration that they have a first position perfected secured interest in the Contracts that would entitled them to receive the first

1  proceeds of any sale of the Contracts until their interest is satisfied;

2  B.      As to the Los Angeles Dodgers a judicial declaration that the Dodgers do not have an

3  ownership interest in the Contracts, that Collectors Coffee had clear title/ownership to the Contracts

4  at the time it entered into its transactions with the Holders, and that the Holders therefore have a first

5  position perfected secured interest in the Contracts that would entitled them to receive the first

6  proceeds of any sale of the Contracts until their interest is satisfied.

7  C.      For an award of attorney's fees and costs against the Defendants to the extent permitted by

8  law; and

9  D.      For such other and further relief as the Court may deem just and equitable.

10      Dated this 9th day of September, 2019.

11

12                                              Respectfully Submitted:

13                                              CHESNOFF & SCHONFELD

14

15              _____/s/ Richard A. Schonfeld, Esq._____
                **RICHARD A. SCHONFELD, ESQ.**
16              Nevada Bar No. 6815
                CHESNOFF & SCHONFELD
17              520 South Fourth Street
                Las Vegas, Nevada 89101
18              Tel: (702) 384-5563
                **rschonfeld@cslawoffice.net**

19

20

21

22

23

24

25

26

27

28