UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

              -against-

COLLECTOR'S COFFEE (d/b/a Collectors Café)
and MYKALAI KONTILAI

                              Defendant.

----------------------------------------------------------------------x

19-cv-04355 (LGS)

ECF Case

**DEFENDANT KONTILAI'S ANSWER TO HOLDER'S COMPLAINT IN INTERVENTION**

      Defendant Mykalai Kontilai, by and through his attorneys, hereby answers the Complaint in Intervention (hereinafter "Complaint") brought by Intervenor-Plaintiffs SDJ Investments, LLC, Abode Investments, LLC, and Darren Sivertsen, Trustee of the Sivertsen Family Trust U/A/D 10/01/2002 (hereinafter collectively "Intervenor-Plaintiffs") as follows:

### "Introduction"

      1.      Paragraph 1 of the Complaint is a prayer for relief to which no response is required. To the extent a response is required, Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegations in Paragraph 1 of the Complaint are true.

      2.      Mr. Kontilai admits the allegations contained in Paragraph 2 of the Complaint.

      3.      Mr. Kontilai admits the allegations contained in Paragraph 3 of the Complaint.

      4.      Paragraph 4 of the Complaint is a prayer for relief to which no response is required. To the extent a response is required, Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegations in Paragraph 4 of the Complaint are true.

### "Parties"

5. Paragraph 5 of the Complaint does not contain any factual allegations asserted against the defendants, but instead solely contains a definition to which no response is required.

6. Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegation in Paragraph 6 of the Complaint is true.

7. Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegation in Paragraph 7 of the Complaint is true.

8. Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegation in Paragraph 8 of the Complaint is true.

9. Mr. Kontilai admits the allegation contained in Paragraph 9 of the Complaint.

10. Mr. Kontilai denies the allegation contained in Paragraph 10 of the Complaint.

11. Mr. Kontilai admits the allegation contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint does not contain any factual allegations asserted against the defendants, but instead solely contains legal conclusions to which no response is required. To the extent a response is required, Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegations in Paragraph 12 of the Complaint are true.

13. Mr. Kontilai admits the allegations contained in Paragraph 13 of the Complaint.

14. Mr. Kontilai admits the allegations contained in Paragraph 14 of the Complaint.

15. Mr. Kontilai denies the allegation contained in the first sentence of Paragraph 15 of the Complaint that Collectors Coffee obtained $6 million in loans in 2013, but admits the allegation with the clarification that Collectors Coffee obtained the loans in 2013 and 2014. Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegations in the second sentence of Paragraph 15 of the Complaint are true, except that he admits that the loans were secured by the Jackie Robinson contracts.

16. Mr. Kontilai admits the allegations contained in Paragraph 16 of the Complaint.

    a. Mr. Kontilai admits the allegations contained in subparagraph (a) of Paragraph 16 of the Complaint.

    b. Mr. Kontilai admits the allegations contained in subparagraph (b) of Paragraph 16 of the Complaint.

    c. Mr. Kontilai admits the allegations contained in subparagraph (c) of Paragraph 16 of the Complaint.

    d. Mr. Kontilai admits the allegations contained in subparagraph (d) of Paragraph 16 of the Complaint.

    e. Mr. Kontilai admits the allegations contained in subparagraph (e) of Paragraph 16 of the Complaint.

17. Mr. Kontilai admits the allegations contained in Paragraph 17 of the Complaint.

    a. Mr. Kontilai admits the allegations contained in subparagraph (a) of Paragraph 17 of the Complaint.

  b.  Mr. Kontilai admits the allegations contained in subparagraph (b) of Paragraph 17 of the Complaint.

18. Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegations in Paragraph 18 of the Complaint are true.

  a.  Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegations in subparagraph (a) of Paragraph 18 of the Complaint are true.

  b.  Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegations in subparagraph (b) of Paragraph 18 of the Complaint are true.

19. Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegation in Paragraph 19 of the Complaint is true.

20. Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegation in Paragraph 20 of the Complaint is true.

**"Statement of the Facts and Procedural History Related to the Contracts"**

21. Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegations in Paragraph 21 of the Complaint are true.

22. Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegation in Paragraph 21 of the Complaint is true, except that he admits that the Holders provided extensions to the period to sell the contracts.

23. Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegations in Paragraph 23 of the Complaint are true.

24. Mr. Kontilai admits the allegations contained in Paragraph 24 of the Complaint.

25. Mr. Kontilai admits the allegations contained in Paragraph 25 of the Complaint.

26. Mr. Kontilai admits the allegations contained in Paragraph 26 of the Complaint.

27. Mr. Kontilai admits the allegations contained in Paragraph 27 of the Complaint.

28. Mr. Kontilai admits the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint does not contain any factual allegations asserted against the defendants, but instead solely contains legal conclusions to which no response is required.  To the extent a response is required, Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegations in Paragraph 29 of the Complaint are true, except that he admits that his attorneys have made an appearance in this case and that the Jackie Robinson contracts are the subject of an order issued by this Court.

30. Paragraph 30 of the Complaint does not contain any factual allegations asserted against the defendants, but instead solely contains legal conclusions to which no response is required.  To the extent a response is required, Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegations in Paragraph 30 of the Complaint are true, except that he admits that he and Collector's Café have conducted business in the Southern District of New York and that the Jackie Robinson contracts are the subject of an order issued by this Court.

### "First Cause of Action – Declaratory Relief (Against Defendants Collector's Coffee, Inc., and Mykalai Kontilai)"

31. Mr. Kontilai repeats and re-alleges his answers to Paragraphs 1 through 30, as though fully set forth herein.

32. Paragraph 32 of the Complaint is a prayer for relief to which no response is required. To the extent a response is required, Mr. Kontilai lacks knowledge or information sufficient to form a belief as to basis for the sought-after relief.

33. Mr. Kontilai denies the allegations contained in paragraph 33 of the Complaint, except that he admits that he denied the SEC's allegation that "Defendants representations that Collectors Café owned the Jackie Robinson contracts were false and misleading and omitted material facts, because Collectors Café did not own a 100% interest in the contracts and was not entitled to 100% of the proceeds from their sale".

34. Paragraph 34 of the Complaint constitutes legal conclusions as to which no response is required. To the extent a response is required, Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegations in Paragraph 34 of the Complaint are true.

35. Paragraph 35 of the Complaint is a prayer for relief to which no response is required. To the extent a response is required, Mr. Kontilai lacks knowledge or information sufficient to form a belief as to basis for the sought-after relief.

### "Second Cause of Action – Declaratory Relief (Against Defendant Los Angeles Dodgers)"

36. Mr. Kontilai repeats and re-alleges his answers to Paragraphs 1 through 35, as though fully set forth herein.

37. Paragraph 37 of the Complaint constitutes legal conclusions as to which no response is required. To the extent a response is required, Mr. Kontilai lacks knowledge or information sufficient to form a belief as to basis for the legal conclusion.

38. Mr. Kontilai admits the allegations contained in the first Paragraph 38 of the Complaint.

39. Mr. Kontilai admits the allegations contained in the first Paragraph 39 of the Complaint.

40. Mr. Kontilai admits the allegations contained in the second Paragraph 38 of the Complaint.

41. The second Paragraph 39 of the Complaint constitutes legal conclusions as to which no response is required. To the extent a response is required, Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the allegations in the second Paragraph 39 of the Complaint are true.

42. Paragraph 40 of the Complaint is a prayer for relief to which no response is required. To the extent a response is required, Mr. Kontilai lacks knowledge or information sufficient to form a belief as to basis for the sought-after relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

43. The complaint fails to state a claim against Mr. Kontilai upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

44. The complaint fails to articulate an actual and justiciable controversy between the Holders and Mr. Kontilai.

## THIRD AFFIRMATIVE DEFENSE

45. Intervenor-Plaintiffs' claims and related requests for remedial action and other relief are barred, in whole or in part, by the doctrines of estoppel, waiver, and laches.

## FOURTH AFFIRMATIVE DEFENSE

46. At all times, Mr. Kontilai's conduct was in good faith and complied with all applicable contracts, covenants, laws, rules, regulations, standards, and statutes.

## FIFTH AFFIRMATIVE DEFENSE

47. Intervenor-Plaintiffs are not entitled to recover attorney's fees or other costs and disbursements.

## RESERVATION OF RIGHTS

48. Mr. Kontilai reserves the right to allege other defenses and affirmative defenses as they become known during the course of discovery, and hereby specifically reserves the right to amend his answer to allege such affirmative defenses at such time as they become known.

## **PRAYER FOR RELIEF**

49. WHEREFORE, Mr. Kontilai respectfully requests an order dismissing the Intervenor Plaintiff's Complaint against him in its entirety, with prejudice; ordering the Intervenor Plaintiffs to pay costs to Mr. Kontilai; and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 18, 2019

                                    HUGHES HUBBARD & REED LLP

                                By: /s/ Edward J.M. Little
                                    Edward J.M. Little
                                    One Battery Park Plaza
                                    New York, New York 10004
                                    Telephone: (212) 837-6000

                                    *Attorneys for Mykalai Kontilai*