# MEMO ENDORSED

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/9/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>- against -<br><br>COLLECTOR'S COFFEE (d/b/a COLLECTORS CAFÉ), and Mykalai Kontilai,<br><br>Defendants. | **19-cv-04355-LGS-GWG**<br><br>**ECF CASE**<br><br>**STIPULATED ORDER ON RENWED MOTION FOR PRELIMINARY INJUNCTION** |

On November 12, 2019, Plaintiff United States Securities and Exchange Commission (the "SEC" or "Commission") filed a Renewed Motion for a Preliminary Injunction, Doc. No. 141. The SEC, Defendants, and Relief Defendant stipulated to, and the Court ordered, a hearing on the Renewed Motion for December 13, 2019. Doc. Nos. 137 & 139. The SEC, Defendants, and Relief Defendants also consented to a Magistrate Judge's consideration of the SEC Renewed Motion for Preliminary Injunction. Doc. No. 138.

The Court held a conference on December 6, 2019, to discuss the request of Defendants and Relief Defendants to stay this action while they search for new counsel. On December 8, 2019, Defendants and Relief Defendant accepted the Court's suggestion that they stipulate to the relief sought in the Renewed Motion on a temporary basis pending a hearing on the Renewed Motion. Defendants Collector's Coffee (d/b/a Collectors Café) ("Collectors Café") and Mykalai Kontilai and Relief Defendant Veronica Kontilai have stipulated to this order and expressly waived any right to any hearing on this order pursuant to Federal Rule of Civil Procedure 65,

waived any findings of fact and conclusions of law, and waived any right to appeal, if any, from this Order.

Now, therefore:

## I.

**IT IS HEREBY ORDERED** that, pending the determination of the SEC's Renewed Motion for a Preliminary Injunction or hearing on the merits:

Defendants Collectors Café and Mykalai Kontilai and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## II.

**IT IS FURTHER ORDERED** that, pending the determination of the SEC's Renewed Motion for a Preliminary Injunction or hearing on the merits:

Defendants Collectors Café and Mykalai Kontilai and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

### III.

**IT IS FURTHER ORDERED** that, pending the determination of the SEC's Renewed Motion for a Preliminary Injunction or hearing on the merits:

Defendants Collectors Café and Mykalai Kontilai and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or

participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, taking any action to impede an individual from communicating directly with the Commission staff about a possible securities law violation, including enforcing, or threatening to enforce, a confidentiality agreement with respect to such communications in violation of Rule 21F-17 of the Exchange Act, 17 C.F.R. § 240.21F-17.

## IV.

**IT IS FURTHER ORDERED** that, pending the determination of the SEC's Renewed Motion for a Preliminary Injunction or hearing on the merits:

A. The assets, funds, or other property held by or under the direct or indirect control of Relief Defendant Veronica Kontilai, whether held in her name or for her direct or indirect beneficial interests, wherever located, up to the amount of **$313,622**, are frozen.

B. Relief Defendant Veronica Kontilai, and her agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with her who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of her funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located up to the amounts identified in paragraph IV.A.

C. Any bank, financial or brokerage institution, storage facility, or other person or

entity holding any funds, securities or other assets of Relief Defendant Veronica Kontilai, up to the amounts identified in paragraph IV.A, held in the name of, for the benefit of, or under the control of Relief Defendant Veronica Kontilai, or her agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets.

No person or entity, including Relief Defendant Veronica Kontilai, or any creditor or claimant against Relief Defendant Veronica Kontilai, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing.

        D.      Relief Defendant Veronica Kontilai's earnings for services rendered to, for or on behalf of Uber, Lyft and/or any other employer, contractor or provider of work-for-hire, are not subject to the terms of this order. In order to clarify which assets are and which assets are not governed by this order, Relief Defendant will make all reasonable efforts to deposit such earnings in Citibank account number ending in x5626.

## V.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes.

Dated December 9, 2019

_____
UNITED STATES MAGISTRATE JUDGE

*s/ William B. Fleming*
William B. Fleming, Esq.
GAGE SPENCER & FLEMING LLP
410 Park Avenue, Suite 810
New York, NY 10022
wfleming@gagespencer.com
Counsel for Collector's Coffee, Inc. (d/b/a Collectors Café)

*s/ David S. Hammer*
David S. Hammer
500 Fifth Avenue
34th Floor
New York, New York 10110
(212) 941-8118 (office)
(646) 335-3986 (cell)
(212) 764-3701 (fax)
Counsel for Veronica Kontilai

cc: Counsel for all parties via ECF



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
DENVER REGIONAL OFFICE
1961 STOUT STREET
SUITE 1700
DENVER, COLORADO 80294-1961
Telephone: 303-844-1000

December 9, 2019

**VIA ECF**
The Honorable Gabriel W. Gorenstein
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    SEC v. Collector's Coffee Inc. et al., 1:19-cv-04355-LGS-GWG
               Submission of Stipulated Order

Dear Judge Gorenstein:

      Plaintiff the United States Securities and Exchange Commission, Defendants Collector's Coffee, Inc. d/b/a Collectors Café and Mykalai Kontilai, and Relief Defendant Veronica Kontilai, stipulate to and submit the attached proposed order pursuant to the Court's suggestion during the telephonic conference held on December 6, 2019.

                                     Sincerely,

                                     *s/ Terry R. Miller*
                                     Terry R. Miller (*pro hac vice*)
                                     Mark L. Williams (*pro hac vice*)
                                     Counsel for Plaintiff, United States
                                     Securities and Exchange Commission

                                     *s/ Edward J.M. Little*
                                     Edward J.M. Little, Esq.
                                     HUGHES HUBBARD & REED LLP
                                     One Battery Park Plaza, 15th Floor
                                     New York, NY 10004-1482
                                     edward.little@hugheshubbard.com
                                     Counsel for Mykalai Kontilai