UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                                                        :
UNITED STATES SECURITIES AND EXCHANGE                                   :
COMMISSION,                                                             : Case No. 19-cv-04355-LGS-GWG
                                                                        :
                                                                        :
                                            Plaintiff,                  :
            -vs.-                                                       :
                                                                        :
                                                                        :
                                                                        :
COLLECTOR'S COFFEE, INC., and                                           :
MYKALAI KONTILAI,                                                       :
                                        Defendants, and                 :
VERONICA KONTILAI,                                                      :
                                        Relief Defendant.               :
_____                                 :
SDJ INVESTMENTS, LLC; ABODE INVESTMENTS,                                :
LLC; DAREN SIVERTSEN, TRUSTEE OF THE                                    :
SIVERTSEN FAMILY TRUST U/A/D 10/1/2002                                  :
                                                                        :
            Intervenor-Plaintiffs,                                      :
                                                                        :
            v.                                                          :
                                                                        :
COLLECTOR'S COFFEE, INC., MYKALAI                                       :
KONTILAI, an Individual, JACKIE ROBINSON                                :
FOUNDATION, INC., DOE INDIVIDUALS 1                                     :
THROUGH 50, AND ROE CORPORATIONS 1                                      :
THROUGH 50,                                                             :
                                                                        :
            Intervenor-Defendants.                                      :
------------------------------------------------------------------------x

**STIPULATED PROTECTIVE ORDER RE:**

**SUBPOENAS TO FORMER COUNSEL**

1

**WHEREAS**, Defendants, Collector's Coffee, Inc. ("CCI"), Mykalai Kontilai, Veronica Kontilai (collectively, "Defendants"); Plaintiff, U.S. Securities and Exchange Commission ("Plaintiff"); Intervenor Plaintiffs, SDJ Investments, LLC, Adobe Investments, LLC, and Darren Siversten, trustee of the Siversten Family Trust U/A/D 10/01/2002 and Intervenor Defendant the Jackie Robinson Foundation, Inc. (collectively the "Intervenors," and together with Defendants and Plaintiffs, the "Parties"), subject to the approval of the Court, hereby stipulate and agree to the following (hereinafter the "Protective Order"):

**WHEREAS**, Defendants CCI and Mykalai Kontilai have advised the Plaintiff's and Intervenors' counsel that Defendants have been unable to obtain client files from their former counsel that represented Defendants in this action and the investigation that the Plaintiff conducted before litigation.

**WHEREAS**, Defendants have advised the Plaintiff's and Intervenors' counsel that Defendants anticipate issuing discovery subpoenas to former attorneys that previously represented Defendants seeking the production of documents, including all client files, pertaining to the above-captioned matter;

**WHEREAS**, the Defendants' subpoenas will seek production of documents and disclosure of other evidence or testimony from prior counsel that are attorney-client privilege communications and/or attorney work product materials, or that may be otherwise immune from discovery by Plaintiff or Intervenors in this action;

**WHEREAS,** the Defendants desire to comply with the rules applicable to this proceeding, and at the same time protect and preserve all of the Defendants' rights, privileges, and interests, that are recognized by the law, including without limitation, the attorney-client privilege and work product immunity attorney-client privilege, and work product protection;

**WHEREAS**, Plaintiff and Intervenors do not believe this Protective Order is necessary but agree to the entry of the Protective Order as a courtesy. By agreeing to this Protective Order, Plaintiff and Intervenors do not waive or release any rights or arguments, including but not limited to Plaintiff's and Intervenors' right to argue that (1) they are entitled to certain

2

documents subpoenaed from Defendants' prior counsel; (2) Defendants' discovery responses are inadequate and deficient; (3) Defendants' were not diligent in meeting case deadlines and discovery obligations; and (4) the Court should reject requests for modification of case deadlines; and

**WHEREAS,** the Defendants, Plaintiff and Intervenor parties have agreed on the following procedures and rights with respect to document discovery in this action. The Court, having reviewed and considered the Parties' stipulation, hereby orders as follows:

**IT IS HEREBY ORDERED**:

That all third parties providing discovery in this action, and all other interested persons with actual constructive notice of this Order will adhere to the following terms, upon pain of contempt.

1. With respect to documents or other information to be produced by any third party attorney or law firm pursuant to subpoena issued in this action by Defendants, all responses by such third-party attorney or a law firm and production of all documents shall be made only to the attorneys for the former client of such producing lawyer or law firm.

2. Such production shall be made without prejudice to any claim by such former client that such material is subject to the attorney-client privilege and/or covered under the work product doctrine and/or any other lawful right or privilege.

3. Any document produced by a former counsel to the former client in this lawsuit pursuant to a Subpoena issued by Defendants or Order of the Court, shall be maintained by the receiving Defendants' counsel of record subject to the following process:

    a. Upon receipt of any such documents or things, the receiving Defendant's counsel shall notify counsel for all parties that such documents things have been received and that such documents or things shall be maintained by Defendant's counsel;

    b. The receiving party's counsel shall have 45 days to review all such documents produced by former counsel and separate materials covered by any lawful

3

privilege to withhold such materials from the other parties. After separating documents withheld under a claim of immunity from disclosure, the remaining shall be subject to discovery by the other parties, through their respective counsel. Any document withheld or redacted on the basis of any lawful privilege asserted by the receiving party must be included in a privilege log that satisfies the requirements of the Local Rules for the Southern District of New York, including Local Civil Rule 26.2.

4. Any of the Parties may challenge the Defendant's designation as attorney-client privilege and work product designation by filing a motion pursuant to local rules of this Court. Pending decision on that motion, the document, tangible thing, testimony, evidence, or information shall be treated as privileged and subject to work product protection pursuant to the terms of this Protective Order. By agreeing to this Protective Order, no party waives any rights or arguments with respect to the timing of any documents produced under this Protective Order or appropriate sanctions for discovery violations.

5. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

6. This Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: April 23, 2020

**SO STIPULATED AND AGREED:**

| **STEVEN C. SESSA P.A.** | **CORRIGAN & MORRIS LLP** |
|---|---|
| /s/ Steven Sessa<br>910 N. Olive Ave<br>West Palm Beach, FL 33401<br>561-659-0499 | /S/ Stanley C. Morris<br>Stanley C. Morris<br>12300 Wilshire Boulevard, Suite 210<br>West Los Angeles, CA 90025 |

| | |
|---|---|
| sessalaw@aol.com<br>*Counsel for Defendant, Mykalai Kontilai* | (310) 394-2828<br>scm@cormorllp.com<br>*Counsel for Defendant, Collectors' Coffee, Inc.* |
| **PALAZZO LAW FIRM, P.C**<br><br>/s/ Louis Palazzo, Esq.<br>Nevada Bar No.: 4128<br>520 So. 4th St., 2nd, Fl.<br>Las Vegas, Nevada 89101<br>Telephone: (702) 385-3850<br>Louis@palazzolawfirm.com<br>Counsel for Veronica Kontilai | **U.S. SECURITIES AND EXCHANGE COMMISSION**<br><br>/s/Mark L. Williams<br>1961 Stout St., Suite 1700<br>Denver, CO 80294<br>Phone: (303) 844-1027<br>williamsml@sec.gov<br>Counsel for Plaintiff, U.S. Securities and Exchange Commission |
| **WINSTON & STRAWN LLP**<br><br>/s/Cristina I. Calvar<br>200 Park Avenue<br>New York, NY 10166<br>Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700<br>Email: ccalvar@winston.com<br>Counsel for Intervenor Defendant<br>The Jackie Robinson Foundation | **CHESNOFF & SCHONFELD**<br><br>/s/ Richard A. Schonfeld<br>520 S. Fourth Street<br>Las Vegas, Nevada 89101<br>Tel.: 702- 384-5563<br>Counsel for Intervenor Plaintiffs |

**SO ORDERED**

**Dated: April 23, 2020**

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge