```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                      :
UNITED STATES SECURITIES AND                          :
EXCHANGE COMMISSION,                                  :
                                                      :
               Plaintiff,                             :     ORDER
                                                      :
       -v.-                                           :
                                                            19 Civ. 4355 (LGS) (GWG)
COLLECTOR'S COFFEE INC., et al.,                      :
                                                      :
               Defendants.                            :
---------------------------------------------------------------x
```

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

Background

On May 16, 2019, a temporary restraining order ("TRO") was entered by Judge Schofield that required defendant Mykalai Kontilai to produce a sworn accounting of his accounts, assets, and transactions. See Docket # 12. On June 18, 2019, Kontilai sought relief from the TRO based on an assertion of his Fifth Amendment rights. See Docket # 40; see also Docket # 32. That issue was briefed, see Docket ## 49, 62, and was discussed during a hearing held on July 17, 2019, see Docket # 75. To avoid the Fifth Amendment issues, the SEC suggested that the TRO be modified so that Kontilai would have to produce documents already in existence. See Docket # 75 at 27. Kontilai's counsel did not object to the proposal, id. at 28, and did not claim that production of existing documents would be subject to Fifth Amendment privilege. The parties agreed to consult and submit a proposed order reflecting that agreement. Id. The parties then submitted an agreed order to the Court. Docket # 77. On July 31, 2019, the Court issued the proposed amendment to the TRO, which provides as follows:

> [Kontilai must] produce to the SEC all financial institution or brokerage firm statements maintained in the name of any defendant that are in his custody or control, all documents in his custody or control evidencing title to real or personal property in which any defendant has any direct or indirect beneficial interest, and all documents in his custody or control pertaining to defendants' asset transfer on or after April 1, 2014 to other defendants or former or current employees or officers of Collector's Café.

Docket # 78 at 2.

Having failed to secure documents it sought from Kontilai, the SEC filed a letter on December 5, 2019, seeking the Court's assistance in compelling production. See Docket # 161. The SEC's letter discusses conversations with Kontilai's counsel in which counsel represented that he was unable to obtain the documents from Kontilai but does not suggest that Kontilai was

1

asserting his Fifth Amendment rights with regard to the production. See id. at 4. That same day, Kontilai's counsel moved to withdraw, see Docket # 164, having never responded to Docket # 161. On February 18, 2020, the SEC sought to compel Kontilai to produce the documents and the Court directed Kontilai to respond. Docket ## 222, 223. There were a number of developments in the weeks that followed, including a request by the SEC to hold Kontilai in contempt for transferring assets, Docket # 228, and a response by Kontilai, Docket # 246. In that response, Kontilai asserted that he had "delivered all of his records on [the issue of real property records], and all other known issues related to this action, to his predecessor counsel." Id. at 2. There was no reference to Fifth Amendment rights.

On March 19, 2020, the SEC reinstated its application for a court order directing Kontilai to produce documents, seeking two categories of records: (1) tax returns and (2) real property records. Docket # 274. Kontilai responded that "he will respond to the SEC's request by relying upon his 5th Amendment right against self-incrimination, including the act-of-production doctrine." Docket # 276. The SEC's reply noted this was the first time it learned Kontilai planned to invoke his Fifth Amendment rights and addressed why the right against self-incrimination does not apply to the tax records, though it did not address the doctrine as applied to the real property records. See Docket # 278. Kontilai then requested formal briefing on the issue. See Docket # 279. On March 30, 2020, the Court granted Kontilai's request for formal briefing. See Docket # 280. Kontilai filed a formal brief as to why he should not be required to produce the tax returns and real property records sought by the SEC in light of his Fifth Amendment right against self-incrimination. See Docket # 282. The SEC submitted a reply, see Docket # 289, and Kontilai filed a sur-reply, see Docket # 293.

As noted, the SEC is seeking tax returns and real property records. We address each separately.

Tax returns

Kontilai invokes his Fifth Amendment rights to refuse production of tax returns on two grounds: the tax returns contain information that might incriminate him and the mere act of producing his tax returns is a declaration that in and of itself could incriminate him. See Docket # 282 at 4.

The Supreme Court has held that "the fact that incriminating evidence may be the byproduct of obedience to a regulatory requirement, such as filing an income tax return, . . . does not clothe such required conduct with the testimonial privilege." United States v. Hubbell, 530 U.S. 27, 35 (2000) (footnotes omitted). And although the Fifth Amendment can protect the act of producing documents that would otherwise not be subject to privilege, the act-of-production doctrine does not apply to "required records." See In re Grand Jury Subpoena Dated February 2, 2012, 741 F.3d 339, 343-47 (2d Cir. 2013). Tax returns and related documents have repeatedly been held to be "required records" and thus not subject to Fifth Amendment privilege. See, e.g., In re Doe, 711 F.2d 1187, 1191 (2d Cir. 1983) ("We have little difficulty applying the required records exception to the W–2 . . . ."); Ashkenazi as Tr. of Halpert Alexander Tr. v. Lincoln Nat'l

2

Life Ins. Co., 2010 WL 11623469, at *6 (E.D.N.Y. Aug. 27, 2010) ("tax returns are considered required records and, accordingly, are not protected by the Fifth Amendment. . . . courts have held that not only do the contents of tax returns fall within the required records exception, but the compelled act of production of tax returns is not considered to be subject to the Fifth Amendment privilege." (citations omitted)); United States v. Bohonnon, 628 F. Supp. 1026, 1029 (D. Conn) ("documents sought by the I.R.S. are required records, and thus not privileged by the Fifth Amendment." (footnote omitted)), aff'd 795 F.2d 79 (2d Cir. 1985).

      Kontilai argues that his tax returns do not fall into the required records exception because he is only required to file tax returns but "is not required to keep copies of his tax returns." Docket # 282 at 4.  This argument was raised and rejected in AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. & Trade Servs., Inc., 1999 WL 970402, at *8 (S.D.N.Y. Oct. 25, 1999), which relied on the logic of In re Doe.  In re Doe "held only that the required record must be required by law to be created, not that it must be required by law to be kept.  Rather, the required record need only be of the kind that is 'customarily' kept.'" Id.  Because "[c]opies of tax returns plainly are 'customarily' kept by taxpayers" the same logic applies. Id.

      Kontilai cites to Commodity Futures Trading Comm'n v. Thomas W. Collins, 997 F.2d 1230 (5th Cir. 1993), which does not control here.  See Docket # 282 at 5.  In any event, the case does not help Kontilai because the court made no ruling on privilege grounds but instead denied enforcement of a subpoena for tax records because the plaintiff had not shown that it "needed the appellants' tax returns." Collins, 997 F.2d at 1233.  The court also noted that "it is doubtful that Collins has any constitutional leg to stand on" with respect to his invocation of the Fifth Amendment.  Id.

      Accordingly, Kontilai's invocation of the Fifth Amendment as to the production of his tax returns is overruled.  Kontilai is ordered to produce all his tax returns since the 2014 tax year that are within his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).  If they are not actually in his possession or custody, he is directed to obtain a copy from his tax preparer or the Internal Revenue Service.  See, e.g., MedChoice Fin., LLC v. ADS All. Data Sys., Inc., 2013 WL 1694829, at *7 (S.D. Ohio Apr. 18, 2013) (ordering defendant to execute form to obtain personal tax returns from the IRS and noting that such documents were within his "possession, custody or control").

Real Property Documents

      Kontilai claims that he "has produced the records that he has about his actual or potential interests in real property and has advised the SEC that he[sic] has no others" but acknowledges that the TRO also requires him to produce other records.  Docket # 282 at 6.  Kontilai therefore appears to object to producing documents within his "control" based on his Fifth Amendment right, specifically, the act-of-production doctrine.  See id. at 7 (citing Hubbell, 530 U.S. at 43; Fisher, 425 U.S. at 410).  He also argues that exceptions to the act-of-production doctrine do not apply because the SEC has not articulated with sufficient particularity that they know the

3

documents exists and their locations, see id. at 8, and that he has not waived his ability to assert his Fifth Amendment right, see id. at 8-10; Docket # 293.

In its response, the SEC does not address the Fifth Amendment argument at all.  See Docket # 289; see also Docket # 278 (addressing Fifth Amendment argument as to tax returns but not as to property records).  Instead, the SEC focuses on the fact that Kontilai agreed to the modification of the TRO without making any Fifth Amendment objection and also addresses various points related to or tangential to that argument.  See Docket # 289 at 8-9.

Kontilai further argues that nothing he did constitutes a waiver of his Fifth Amendment rights.  Docket # 282 at 8-10; Docket # 293.  Once again, the SEC does not address this argument or even distinguish the case cited by Kontilai.  Docket # 289 at 8-9.

In light of the SEC's exclusive reliance on the fact that Kontilai agreed to the modified TRO, the Court is not prepared to find that counsel's prior agreement to the TRO constituted a "waiver" that prevents Kontilai from asserting any Fifth Amendment privilege now.  The SEC never clearly articulates the legal basis for its theory that Kontilai is prevented from resisting production of any documents within the scope of the amended TRO as to which there is a potential assertion of Fifth Amendment privilege.  The SEC cites only two sources of law: a case that notes that Rule 34 requires the production of documents within a party's control — a proposition that is not contested — and the portion of Local Civil Rule 6.3, that sets a 14-day time limit on motions to reconsider.  Docket # 289 at 8-9.  In light of the change of counsel and the importance of the Fifth Amendment privilege, the Court will not hold Kontilai to the 14-day deadline.  With these two arguments disposed of, the SEC literally offers no argument to counter Kontilai's assertion of the Fifth Amendment privilege.  Accordingly, the SEC's motion to compel production of further documents relating to Kontilai's real estate holdings is denied.

Conclusion

On or before May 6, 2019, Kontilai shall produce all tax returns in his possession since the 2014 tax year.  If he does not produce all such returns, he shall file an affidavit by May 6, 2020, describing in detail the steps that he has undertaken to obtain copies of the tax returns that he has not produced.  The remainder of the SEC's application is denied.

So Ordered.

Dated: April 24, 2020
       New York, NY

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

4