```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                    :
UNITED STATES SECURITIES AND                        :
EXCHANGE COMMISSION,                                :
                                                    :
            Plaintiff,                              :      ORDER
                                                    :
      -v.-                                          :
                                                           19 Civ. 4355 (LGS) (GWG)
                                                    :
COLLECTOR'S COFFEE INC., et al.,                    :
                                                    :
            Defendants.                             :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

The Court is in receipt of letters from intervenor-defendant Jackie Robinson Foundation, Inc. ("JRF"), and intervenor-plaintiffs, who refer to themselves as "Holders," seeking court orders compelling defendant Mykalai Kontilai to respond to interrogatories and requests for production of documents that were served in February 2020. Docket # 294 (JRF's letter); Docket # 297 (Holders' letter). Kontilai has responded to both letters. See Docket # 296 (addressing JRF's letter); Docket # 298 (addressing Holders' letter). We will address each application separately.

JRF's Application

Prior to JRF being substituted in place of the Los Angeles Dodgers LLC ("Dodgers"), the Dodgers had served document requests and interrogatories on Kontilai. Docket # 294 at 1. Kontilai has failed to timely respond to those requests. Id. at 1-2. JRF seeks to compel Kontilai's responses to those requests. Id. Kontilai raises two objections: (1) because JRF has not filed any discovery requests of its own, it cannot compel Kontilai to respond to discovery served by the Dodgers and (2) Kontilai should not have to respond to discovery requests until amended pleadings are filed. See Docket # 296.[1] Neither of these reasons justifies Kontilai's conduct.

With respect to the argument that Kontilai should not have to respond to the Dodgers' discovery requests because JRF has been substituted in its place, when substitution under Rule 25 occurs, the rights and obligations between the parties are unchanged. See Travelers Ins. Co.

---

[1] Kontilai points out that the Dodgers are not subject to party discovery and "JRF has not notified the Court that it is subject to the Rule 26 discovery disclosure deadline." Id. at *2 ("*_" indicates a page number assigned by the Court's ECF system.). However, the only discovery disputes raised in the parties' letters relate to Kontilai's discovery obligations, not those of the Dodgers or JRF.

1

v. Broadway W. St. Assocs., 164 F.R.D. 154, 164 (S.D.N.Y. 1995).  Thus, the fact that JRF has replaced the Dodgers has no effect on Kontilai's duty to respond to discovery.  Accordingly, the Dodgers' discovery requests must be deemed to have been adopted by JRF.

The fact that a party has suggested that it might file amended pleadings also does not affect Kontilai's duty to respond to discovery.  Kontilai asserts that he "might be prejudiced in making relevance objections before he knew what issues would be framed by the amended complaint."  Docket # 296 at *2.  This objection is meritless.  The existing complaints and answers filed in this case are the operative documents that a party responding to a document request must use as the basis of any relevance objections.  There is no "prejudice" to Kontilai to using those pleadings to frame any objections to discovery requests.  It frequently happens in litigation that a party seeks to file amended pleadings after discovery requests have been made.  Any such plan or even a pending application to amend has no effect on discovery obligations.

Kontilai argues that there is no prejudice or undue burden on JRF to wait until the amended pleadings are filed to obtain responses to their discovery requests.  Docket # 296 at *2-3.  Kontilai is essentially seeking a stay in discovery, a request that the Court has previously denied and still remains without support.  Kontilai also notes that JRF could have submitted its own discovery requests and avoided the Court's intervention.  Id. at *3.  It could equally be said that Kontilai might have simply accepted JRF's statement that it was adopting the Dodgers' requests and responded to them, thereby obviating the need for the Court to address the dispute.

Holders' Application

In their letter, the Holders note that the parties participated in a meet-and-confer on March 17, 2020, during which they agreed to give Kontilai an extension to respond to the discovery requests.  Docket # 297 at 1.  On the date agreed, the Holders received a letter requesting a further extension, which they did not consent to.  Id.  The Holders' request to the Court is based on the purportedly inconsistent statements of Kontilai in that letter and Docket # 296.  On this issue and Kontilai's request for further extension, the parties have not met-and-conferred, as required by paragraph 2.A of Court's Individual Practices.  Thus, the Holders' request is denied without prejudice to renewal following a discussion of the issues with all relevant parties to see if a resolution can be reached.  That being said, the Court notes that it was in fact Kontilai's obligation to seek an extension as nothing in the Federal Rules authorizes Kontilai to unilaterally grant himself an extension without a stipulation from his adversary or a Court order.  See Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(a).  As it stands now, Kontilai is currently in violation of his discovery obligations.  It is in fact Kontilai, not the Holders, who should have made an application to Court if he in fact had good cause for seeking an extension.

Conclusion

Kontilai is ordered to respond by May 6, 2020, to all discovery requests originally served by the Dodgers with the understanding that JRF now stands in the shoes of the Dodgers with respect to those requests.  This resolves Docket # 294.  The Holders' request in Docket # 297 is denied without prejudice to a new application (from either the Holders or Kontilai) that complies with paragraph 2.A of the Court's Individual Practices.

So Ordered.
Dated: April 27, 2020

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge