UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,                                              :

                Plaintiff,                                        :          ORDER

                -v.-                                              :
                                                                            19 Civ. 4355 (LGS) (GWG)
COLLECTOR'S COFFEE INC., et al.,                                 :

                Defendants.                                       :
------------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

        The Court has reviewed the parties' letters (Docket ## 308, 311, 316, 319, 322) and
writes to explain why it is separately issuing the proposed confidentiality order in a form that
retains the disputed provision, paragraph 14(j), which allows a party to show materials
designated as "Confidential" to "government personnel in connection with any parallel criminal
case" without putting any restrictions on the Government's subsequent use of the documents.

        In brief, a confidentiality order adjudicates no substantive claims to protection.  Such an
order is merely a mechanism to prevent the parties from burdening the Court with endless
disputes about the treatment of particular documents produced in response to discovery requests.
See, e.g., In re Auction Houses Antitrust Litig., 2001 WL 690042, at *1 (S.D.N.Y. June 19,
2001) ("Confidentiality orders of the sort involved here are designed to spare courts and parties
receiving access to allegedly sensitive information the burden of litigating the existence of good
cause for secrecy on a document by document basis unless a real reason arises to do so, thus
facilitating the discovery process and reducing the cost of litigation.") (citing cases).  The
inclusion of the disputed provision thus does not represent an adjudication of the merits of any
claim to protection.

        If there exists some category of documents that (1) will cause no "clearly defined,
specific and serious injury,"  Rocky Aspen Mgt. 204 LLC v. Hanford Holdings LLC, 394 F.
Supp. 3d 461, 465 (S.D.N.Y. 2019) (citations omitted), if produced in a manner that prevents a
party from transmitting the documents to government personnel in connection with any parallel
criminal case (2) but will cause "clearly defined, specific and serious injury," id., if transmitted
to government personnel in connection with any parallel criminal case, the producing party is
free to make an application to the Court for a protective order under Fed. R. Civ. P. 26(c).[1]

---

        [1]  While the dispute is being resolved, the party shall produce the document with the
"Attorney's Eyes Only" designation.

Indeed, the proposed confidentiality order (paragraph 39(e)(i)) explicitly recognizes that a party has a right to seek greater protection than the confidentiality order confers.  At the moment, the Court cannot imagine that there exist documents that would meet these two criteria (and in the course of briefing no objector ever described such documents).  But the Court recognizes there is a first time for everything.  At the same time, the Court emphasizes that it has no intention of ruling on hypothetical questions.

Accordingly, the Court is endorsing the confidentiality order with the disputed provision. The Court is deleting paragraph 11.c, however, as it is inconsistent with this Court's Individual Practices.  The Court has substituted the following provision: "If agreement still cannot be reached, the party seeking protection or any other aggrieved pary shall promptly make an application compliant with paragraph 2.A of the Court's Individual Practices to resolve the dispute."

So Ordered.

Dated: May 12, 2020

GABRIEL W. GORENSTEIN
United States Magistrate Judge