**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | 1:19-cv-04355-LGS-GWG |
| Plaintiff, | |
| - against - | |
| COLLECTOR'S COFFEE, INC. (d/b/a COLLECTORS CAFÉ), and MYKALAI KONTILAI, | |
| Defendants. | |
| SDJ INVESTMENTS, LLC, ADOBE INVESTMENTS, LLC, AND DARREN SIVERTSEN, TRUSTEE OF THE SIVERTSEN FAMILY TRUST U/A/D 10/01/2002, | |
| Intervenor-Plaintiffs, | |
| - against – | |
| COLLECTOR'S COFFEE, INC. (d/b/a COLLECTORS CAFÉ), MYKALAI KONTILAI, LOS ANGELES DODGERS, LLC, DOE INDIVIDUALS 1 THROUGH 50 AND ROE CORPORATIONS 1 THROUGH 50, | |
| Intervenor-Defendants. | |

## STIPULATION AND PROTECTIVE ORDER

By and through their undersigned counsel, Plaintiff United States Securities and Exchange Commission; Defendants/Intervenor-Defendants Mykalai Kontilai and Collector's Coffee, Inc.; Relief-Defendant Veronica Kontiali; Intervenor-Plaintiffs SDJ Investments, LLC, Abode Investments, LLC, and Darren Sivertsen, Trustee of the Sivertsen Family Trust; and

1

Intervenor-Defendant The Jackie Robinson Foundation, Inc. (collectively, the "Parties") respectively submit the following Stipulation and Protective Order for consideration and entry by the Court.

## RECITALS

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure grants the Court broad discretion to issue protective orders limiting disclosure or discovery in order to avoid "annoyance, embarrassment, oppression, or undue burden or expense."

WHEREAS, Rule 502(d) of the Federal Rules of Evidence provides that the Court may order that privileges and protections are "not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding."

WHEREAS, Rule 502(e) of the Federal Rules of Evidence provides that "[a]n agreement upon the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order."

WHEREAS, Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representatives (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)" and Rule 26(b)(3)(B) provides that "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."

WHEREAS, Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure provides that "Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2)

[Disclosure of Expert Testimony], regardless of the form in which the draft is recorded" and Rule 26(b)(4)(C) provides that "Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B) [Disclosure of Expert Testimony, Witnesses Who Must Provide a Written Report], regardless of the form of communication, except to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."

WHEREAS, the Parties possess hard-copy documents and electronically stored information that are potentially relevant to this dispute but protected from disclosure by privilege or other protections (including work-product) ("Privileged Information"), and they seek to avoid any waiver of privileges or other protections during the course of these proceedings, except for intentional waivers made with the producing party's explicit knowledge and affirmative consent.

WHEREAS, the Parties possess information, including, but not limited to, financial information, business and employment data, and other types of confidential information, which is of value and not in the public domain ("Proprietary Information"). This Proprietary Information could be subject to discovery or disclosure in this case, yet its unrestricted disclosure in the public domain would likely cause significant and irreparable harm to the Parties and their respective activities.

WHEREAS, the Parties each possess information that contains or reveals details of a personal nature concerning individuals who are not parties to this action, in which there is a reasonable expectation of privacy ("Private Information").

3

WHEREAS, the Parties expect any documents or electronically stored information they produce in this action will be used only for purposes of this litigation, and will be handled with a degree of security and care necessary to prevent its unauthorized access, use or disclosure, including the timely disposition or return of discovery materials at the conclusion of this case.

WHEREAS, the Parties expect to share information obtained through the discovery process with their experts, consultants and others, including the Parties' employees, attorneys and advisers.

WHEREAS, the Parties seek to preserve the full value and confidentiality of their Proprietary Information and any Proprietary Information of others that they have a duty to protect.

WHEREAS, the Parties intend to employ reasonable methods to screen, categorize and redact as needed any Privileged Information, Proprietary Information, or Private Information for production (and redaction) in this case, but recognize that it may not be practicable or financially feasible to correctly identify and designate each item correctly, so that a clawback mechanism would be efficient.

WHEREAS, the Parties seek to reduce the costs and burdens of discovery in this case by ensuring that the legal privileges and protections that apply to information and documents produced are not subject to any inadvertent, unintentional or unknowing waivers or disclosures in this or any other jurisdiction, to the full extent permitted by law and regardless of whether their efforts to avoid waiver or disclosure are deemed reasonable by others.

NOW, THEREFORE, the Parties have agreed to preserve the confidentiality and privacy, as well as the privileged or protected status of all discovered and discoverable documents and electronically stored information involved in this case ("Discovery Material"), including all

Privileged Information, Proprietary Information and Private Information, in accordance with this protective order ("Protective Order") and pursuant to the following terms and conditions:

## EFFECT OF THIS ORDER

Any person subject to this Order — including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms:

## SAFEGUARDING DISCOVERY MATERIALS

1.      Any person subject to this Order who receives from any other person any "Confidential Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action designated "Confidential" or "Attorneys' Eyes Only" as defined below) must take reasonably sufficient steps to prevent its unauthorized access, use or disclosure by or to anyone else except as expressly permitted.

2.      The Parties and their counsel will maintain Confidential Discovery Materials produced to them securely, with the same degree of care with which they protect their and their clients' sensitive and confidential materials.  In particular, Discovery Materials will be hosted by receiving Parties in secure systems, encrypted in transit and at rest or subject to appropriate physical security measures, with suitable authentication systems.

## DESIGNATION AND TREATMENT OF
## CONFIDENTIAL DISCOVERY MATERIALS

3.      Any person subject to this Order who receives from any other person any Discovery Material designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order, will not disclose such "Confidential Discovery Material" to anyone else except as expressly permitted.

4.     Confidential Discovery Material will not be used by receiving Parties for any business, commercial or competitive purpose, or in any manner whatsoever in another case, litigation, proceeding or activity, whether private or public, factually related to this action or otherwise.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner.

5.     Documents and electronically stored information that upon a good faith belief constitute Proprietary Information or Private Information may be designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order in the manner described below.

6.     The person producing any Discovery Material may designate as Confidential any portion of such material that consists of:

      a.     any Proprietary Information, including financial information previously nondisclosed to the public, confidential research or development, confidential commercial information, material relating to ownership or control of any non-public company, or any business plans or marketing plans previously nondisclosed to the public;

      b.     any Private Information or information of a personal or intimate nature regarding any individual;

      c.     any information that qualifies for protection under Federal Rule of Civil Procedure 26(c); or

      d.     any other category of information hereinafter given confidential status by the Court.

7.     The person producing any Discovery Material may designate as "Attorneys' Eyes

Only" any portion of such material that consists of highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any "Attorneys' Eyes Only" material, will label them "Attorneys' Eyes Only" or, in the case of electronic files that cannot be conveniently labeled, indicating in some other prominent way that the files are considered "Attorneys' Eyes Only," in a way that does not interfere with legibility.

8.      The terms "Confidential" or "Attorneys' Eyes Only" may be used to designate, without limitation, any type or category of: (a) hard-copy documents and electronically stored information, including original written, recorded, graphic or electronic materials, and all identical or non-identical copies thereof; (b) discovery responses and collections, including answers to interrogatories, responses to requests for admissions or production, deposition transcriptions and any of their exhibits, attachments or enclosures; (c) copies, notes, abstracts or summaries of such information, and the information itself; and (d) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information.

9.      Documents and electronically stored information, or confidential portions thereof, must be designated as "Confidential" by labeling them "Confidential" or, in the case of electronic files that cannot be conveniently labeled, indicating in some other prominent way that the files are considered "Confidential," in a way that does not interfere with legibility.

10.     Only non-public documents and electronically stored information produced or obtained through discovery in this case may be appropriately designated as Confidential Discovery Material under this Protective Order. "Confidential" is not properly applied to any documents or electronically stored information that have been at any time produced, disclosed

or made available to the public or otherwise available for public access outside of this litigation. Notwithstanding the foregoing, the Parties may designate as "Confidential" any Proprietary or Private Information disclosed to a governmental entity pursuant to a written confidentiality agreement or under circumstances in which the documents or electronically stored information ordinarily would be maintained in confidence pursuant to statute, rule or regulation, legal process or customary agency practice.

      11.    At any time, any party may object to the designation of documents or electronically stored information as "Confidential" or "Attorneys' Eyes Only" under this Protective Order, in which case the following process will apply:

      a.    The Parties will meet and confer telephonically in an attempt to informally resolve the dispute.

      b.    If the informal process does not reach a resolution, the party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "Attorneys' Eyes Only" designations), will serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.

      c.    If agreement still cannot be reached, the party seeking protection or any other aggrieved party shall promptly make an application compliant with paragraph 2.A of the Court's Individual Practices to resolve the dispute.

      d.    The burden will be on the designating party to establish that its designations of "Confidential" or "Attorneys' Eyes Only" are consistent with this Protective Order.

      e.    Any disputed items will be treated as "Confidential" or "Attorneys' Eyes Only" pending resolution of the dispute and until either the Parties agree

that the disputed items will not be treated as "Confidential" or "Attorneys' Eyes Only" or the Court rules that the disputed items will not be treated as "Confidential" Or "Attorneys' Eyes Only."

12.    During the course of a deposition, a party may designate documents, electronically stored information or testimony as "Confidential" pursuant to this Protective Order, as follows:

a.    The party making the designation will have the corresponding portion of the deposition record or the exhibit labeled as "Confidential."

b.    Counsel may invoke the provisions of this Protective Order by stating on the record during a deposition that testimony given at the deposition about a particular document or disclosing particular information is subject to this Protective Order or "Confidential."

c.    Each deposition witness testifying about "Confidential" material during a deposition will be provided at the deposition with a copy of this Protective Order and will be advised on the record that he or she is bound by the terms of this Protective Order and informed of the applicable legal remedies for violating this Protective Order.

d.    No person will be present during portions of a deposition that have been designated "Confidential," unless that person is authorized under the terms of this Protective Order to receive documents and information that have been designated as "Confidential," or unless that person receives the express consent to be present from the party making the designation.

e.    If so designated, the final transcript of the designated testimony will be bound in a separate volume and marked "Confidential Information

9

Governed by Protective Order" by the reporter.

  f.  The Parties will have an additional ten (10) business days following receipt of a final deposition transcript to designate the deposition testimony or deposition exhibits as "Confidential." Prior to the conclusion of the ten (10) day period, all recordings, transcripts and exhibits, and the information contained therein, will be deemed as "Confidential."

  g.  Access to any portion of a deposition transcript or exhibit designated "Confidential" will be limited pursuant to the terms of this Protective Order.

13. The Parties may designate as "Confidential" or "Attorneys' Eyes Only" documents and electronically stored information produced by third-parties. This includes both copies of items previously designated "Confidential" or "Attorneys' Eyes Only" and unique documents received from the third-party and identified as "Confidential" or "Attorneys' Eyes Only" for the first time. Third-parties may designate their own documents as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order. Designations of third-party documents will be made as soon as reasonably practicable, but not later than thirty (30) days after receipt of the document or information. Designations of third-party documents as "Confidential" or "Attorneys' Eyes Only" will be memorialized in a writing that lists the Bates numbers or other identifying characteristics of the designated document or information, and, if less than an entire document or file is designated, a description of the designated portions of the document and the basis for the designation, with sufficient detail that an objecting party can determine what is at issue.

14. Documents and electronically stored information that have been designated

"Confidential," along with summaries, characterizations, descriptions, copies or extracts of such materials and the information within them, must be maintained by the Parties in confidence and may not be given, shown, made available to or communicated to any other person whomsoever, except to the following:

a.   the Parties to this action, including any officer, director or in-house counsel of a named party or its affiliated companies, and with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

b.   counsel, including personal counsel for the parties, retained specifically for this action, including any paralegal, clerical or temporary staff, litigation support personnel and other assistants employed or engaged by such counsel or working under the supervision of such counsel on this matter;

c.   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d.   any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, only to the extent necessary to conduct or prepare for depositions or testimony in this litigation, and provided that such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e.   any person retained by a party to serve as an expert or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

11

f.    stenographers engaged to transcribe depositions conducted in this action;

g.    independent photocopying, graphic production forensics or litigation support service personnel employed by the parties or their counsel to assist in this action and any computer service personnel performing duties in relation to a computerized litigation platform;

h.    the Court and its support personnel;

i.    any other person whom the producing person, or other person designating the Discovery Material confidential, agrees in writing may have access to such Discovery Material; or

j.    government personnel in connection with any parallel criminal case.

15.    Prior to any disclosure of any material designated "Confidential" to any person referred to in subparagraphs 14 (d) or 14 (e), such person will be provided by counsel with a copy of this Protective Order and will sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto—stating that that person has read this Order and agrees to be bound by its terms.  Said counsel will retain each signed Non-Disclosure Agreement.

16.    Material produced and marked as "Attorneys' Eyes Only" may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

17.    Any Party issuing a subpoena to a non-party will enclose a copy of this Order and notify the non-party that the protections of this Stipulation are available to such non-party.

18.    Nothing in this Protective Order will require that non-testifying experts or consultants be deposed or otherwise be subject to discovery.  Such experts or consultants will execute the Non-Disclosure Agreement and the retaining party will maintain that Non-Disclosure

Agreement in escrow.

19.     Nothing in this Protective Order affects the rights of the Parties, or any third-party, to use or disclose their own Proprietary Information in any way, whether or not it has been designated as "Confidential" in this case.  The disclosure by one of the Parties of its own Proprietary Information will not constitute a waiver or alter the protections of this Protective Order, and will not entitle other Parties, non-parties or their attorneys or their other agents to use or disclose such information in violation of the Protective Order.  Nevertheless, any disclosure or use by the designating party that would prevent an item from being designated as "Confidential" pursuant to this Protective Order, or that is inconsistent with its confidential status, will serve as a basis to object to the "Confidential" designation.

20.     If anyone other than the designating party desires to give, show, make available or communicate any documents or electronically stored information marked or otherwise designated as "Confidential" to any person who is not specifically authorized to have access to such documents or electronically stored information pursuant to the terms of this Protective Order, then the party intending to make such disclosure will notify the producing party of such intent, not less than five (5) business days prior to the intended disclosure.  Said notification will be sufficiently specific to inform the producing party of the intended scope of the disclosure, including the name and/or job description of the person to whom such disclosure is intended. The Parties will then attempt to negotiate the terms of disclosure within two (2) business days of the notification.  If no agreement can be reached during this shortened meet-and-confer period, then counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.  All disputed items will be treated as "Confidential" pending resolution of the dispute and until either the Parties agree that the disputed items will not be treated as "Confidential" or

the Court rules that the disputed items will not be treated as "Confidential."

21.   Filing Confidential Discovery Material. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Confidential Discovery Material filed with the Court, shall be the subject of an application to seal in accordance with the procedures set out in the Local Rules and Individual Practices of Magistrate Judge Gabriel W. Gorenstein.   The Parties will use their best efforts to minimize such sealing.

22.   A non-designating party intending to use at trial documents or electronically stored information designated as "Confidential" or "Attorneys' Eyes Only" under this Protective Order will give not less than five (5) business days' advance written notice to all Parties.  If any party objects to the use of such documents or electronically stored information at trial, then the party seeking the use at trial may seek relief from the Court.  "Confidential" or "Attorneys' Eyes Only" documents will lose that status when they are first used in the course of the trial, at which point they will no longer be considered "Confidential" or "Attorneys' Eyes Only" documents.  Any party wishing to maintain the "Confidential" or "Attorneys' Eyes Only" status of documents used in trial will have the burden of convincing the Court to issue an order continuing such designation.

23.   All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.  The Court also retains discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

24.     In the event that it comes to the attention of an attorney for a receiving party that documents designated as "Confidential" or "Attorneys' Eyes Only" have been inadvertently disclosed to someone not authorized under the terms of this Protective Order to receive such materials, then the attorney will immediately give notice describing the circumstances of the unauthorized disclosure for counsel of record to the party who designated the document or information as "Confidential" or "Attorneys' Eyes Only."  Additionally, upon recognizing any failure to treat documents designated as "Confidential" or "Attorneys' Eyes Only" in the manner provided herein, the Parties will immediately take such steps as are reasonably necessary to have the items appropriately protected, sealed or restored to their confidential status, along with providing notice to the designating party.

25.     In the event that documents or information designated as "Confidential" or "Attorneys' Eyes Only" are inadvertently produced without the appropriate designation, such documents and copies thereof will be returned to the producing party within five (5) business days of any written notice requesting their return in order to affix the appropriate designation and return them to the receiving party within five (5) business days, or they will be immediately stamped by the receiving party as "Confidential" pursuant to the producing party's request and permission.  Under no circumstances will the inadvertent, unintentional or unknowing production of "Confidential" or "Attorneys' Eyes Only" documents or information, or the giving of testimony claimed to be "Confidential" or "Attorneys' Eyes Only" without so labeling the transcript during the deposition, constitute a waiver of the confidentiality designation.

26.     The Parties may request reasonable extensions of the deadlines for designating their documents "Confidential" or "Attorneys' Eyes Only" under this Protective Order, and such requests will not be unreasonably denied by the other party.

27.     Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this litigation, or any other proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order will either (a) make a good-faith and reasonable effort promptly to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the producing party; or (ii) make a good-faith and reasonable effort promptly to destroy all such Confidential material, and certify to its destruction in writing to counsel for the producing party.  However, counsel for the Parties will be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing "Confidential" Discovery Material), provided that such counsel, and employees of such counsel, will maintain the confidentiality thereof and will not disclose such court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the producing party or except as otherwise required by law.  All materials returned to the Parties or their counsel by the Court likewise will be disposed of in accordance with this paragraph.

28.     If any person in possession of Confidential Discovery Material receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material (collectively, a "Demand"), the receiving party will give written notice (by hand or email) to counsel for the producing party within three (3) business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least twenty-four (24) hours prior to the deadline for a response to the Demand), identifying the

Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material or on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand will fall on the producing party. Nothing herein will be construed as requiring the recipient of Confidential Discovery Material, or anyone else covered by this Order, to challenge or appeal any order requiring production of Confidential Discovery Material or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the receiving party with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Order.

29.     In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Order, or in the event it comes to the attention of a receiving party that there has been or is likely to be a loss of confidentiality of any Confidential Discovery Material, the receiving party responsible for the disclosure or loss of confidentiality will immediately inform the designating party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The receiving party responsible for a disclosure or loss of confidentiality will also make reasonable efforts to prevent further disclosure or use of Confidential Discovery Material by each unauthorized person who receives the information.

### NON-WAIVER OF PRIVILEGE PURSUANT TO FRE RULE 502(d)

30.     Pursuant to Rule 502(d)-(f) of the Federal Rules of Evidence, no unintentional disclosure of Privileged Information during the discovery process in this litigation, regardless of the cause of the disclosure or the reasonableness or lack of reasonableness of the efforts to prevent it, will constitute a waiver of any privilege or other protections (including work product)

applicable to Discovery Materials, in this or any other proceeding.

31.     If the producing party discovers that privileged or protected material has been produced unintentionally, or it learns of the production of such privileged or protected material from another party, the producing party will promptly request that the receiving party immediately return the documents in question.

32.     Upon receiving such a clawback request and notification of an unintentional disclosure, or if a receiving party or its counsel self-identifies Privileged Information in a production, the receiving party will immediately sequester, return, delete or destroy all copies of such inadvertently produced Privileged Information, including any and all work-product containing or derived from Privileged Information, and the receiving party will make no further use or disclosure of the Privileged Information whatsoever.

33.     A receiving party must notify the producing party if the receiving party discovers Privileged Information among Discovery Materials it has received, or if the receiving party disclosed Privileged Information to others before receiving notification of its privileged status. A receiving party must take all necessary and reasonable steps to secure the return of any Privileged Information of a producing party that the receiving party has disclosed to others, and such disclosure by the receiving party will not operate as a waiver of any privilege or protections afforded to Privileged Information, in this or any other proceeding.

34.     Parties will act in good faith to timely produce privilege logs.

35.     Nothing in this Order will prevent a receiving party from challenging the assertion of privilege or other protection with respect to any documents or electronically stored information subject to discovery in this case; provided, however, that any challenge to the privileged status of Privileged Information that has been unintentionally produced must be made

18

within ten (10) court days after the producing party gives notice of the privilege or protection, by presenting the disputed information under seal with the Court for determination pursuant to Federal Code of Civil Procedure 26(b)(5)(B) or other procedures outlined by the Court. Provided, however, that the fact that documents and/or information were produced unintentionally in this action cannot serve as a reason for finding that any applicable privilege or protection has been waived.

36.     Notwithstanding anything to the contrary herein, Privileged Information that has been prepared by the Parties' outside lawyers during the pendency of this action is not subject to discovery in this litigation.

37.     The amount of time and scrutiny the Parties devote to searching for and excluding Privileged Information from their productions is within the sole discretion of each of them. Nothing in this Order will be construed or interpreted to limit or reduce the amount of time or scrutiny that a party may devote to the review of Discovery Materials prior to their production to identify and prevent Privileged Information from being disclosed.

## EXPERTS

38.     Consistent with Rule 26(b)(3)(A-B) and Rule 26(b)(4)(B-C), drafts of any reports created by a person who has been identified as an expert whose opinions will be presented at trial, as well as communications between a party's counsel and a person that that party has identified as an expert whose opinions will be presented at trial, will not be discoverable unless they are expressly excepted under Rule 26(b)(4)(C)(i)-(iii).

## GENERAL PROVISIONS

39.     Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, will not:

a.     Prejudice in any way the rights of the Parties to (i) seek production of documents or information they consider subject to discovery, or (ii) object to the production of documents or information they consider not subject to discovery;

b.     Prejudice in any way the rights of the Parties to object to the authenticity or admissibility into evidence of any Discovery Material;

c.     Operate as an admission by any party that any particular Discovery Material constitutes Confidential Discovery Material or does (or does not) contain or reflect confidential information.

d.     Require either of the Parties to employ any particular method or technique to locate, redact or exclude Proprietary Information, Privileged Information or Private Information from the Discovery Materials they produce;

e.     Prejudice in any way the rights of any party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Order;

f.     Prevent any party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

g.     Prejudice in any way the rights of any party to object to the relevance, authenticity, use, or admissibility of any document, testimony, or other evidence subject to this Order;

20

h.   Preclude any party from objecting to discovery that it believes to be otherwise improper;

i.   Operate as a waiver of any attorney-client, work product, business strategy, or other privilege or immunity; or

j.   Constitute an agreement by any party to produce any documents or other materials in discovery not otherwise agreed upon or required by Court order or the Federal Rules of Civil Procedure.

40.   The provisions of this Protective Order may be modified at any time by stipulation of the Parties approved by order of the Court.  In addition, a party may at any time apply to the Court for modification of this Protective Order.

41.   The Parties expressly acknowledge that, by entering into this Stipulation, they do not waive any claims or defenses.

42.   The Court will retain jurisdiction to enforce and/or to modify this Protective Order.

**SO ORDERED** as of the date of execution.

DATED: May 12, 2020

GABRIEL W. GORENSTEIN
United States Magistrate Judge

21

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | 1:19-cv-04355-LGS-GWG |
| Plaintiff, | |
| - against - | |
| COLLECTOR'S COFFEE, INC. (d/b/a COLLECTORS CAFÉ), and MYKALAI KONTILAI, | |
| Defendants. | |
| SDJ INVESTMENTS, LLC, ADOBE INVESTMENTS, LLC, AND DARREN SIVERTSEN, TRUSTEE OF THE SIVERTSEN FAMILY TRUST U/A/D 10/01/2002, | |
| Intervenor-Plaintiffs, | |
| - against – | |
| COLLECTOR'S COFFEE, INC. (d/b/a COLLECTORS CAFÉ), MYKALAI KONTILAI, LOS ANGELES DODGERS, LLC, DOE INDIVIDUALS 1 THROUGH 50 AND ROE CORPORATIONS 1 THROUGH 50, | |
| Intervenor-Defendants. | |

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Stipulation and Protective Order in this action (the "Order"). I agree that I will abide by the Order and will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation and consistent with the terms of the

Order.  At the conclusion of the litigation or my role in it, I agree to return to the party or attorney from whom I received it or destroy all Discovery Material provided to me.

By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____

By: _____