1  **RICHARD A. SCHONFELD, ESQ.**
   Nevada Bar No. 6815
2  CHESNOFF & SCHONFELD
   520 South Fourth Street
3  Las Vegas, Nevada 89101
   Tel: (702) 384-5563
4  rschonfeld@cslawoffice.net

5  **Attorney for The Holders**
   *SDJ Investments, LLC; Abode Investments, LLC;*
6  *Darren Sivertsen, Trustee of the Sivertsen Family Trust*
   *U/A/D 10/01/2002*

7
                    **UNITED STATES DISTRICT COURT**
8                   **SOUTHERN DISTRICT OF NEW YORK**
                              * * * * * *
9
   **UNITED STATES SECURITIES**                    )
10 **EXCHANGE COMMISSION,**                         )
                                                    )
11                                                  )
                                                    )
12            **Plaintiff,**                         )      **CASE NO. 19-CV-04355**
                                                    )      **JUDGE SCHOFIELD**
13 **vs.**                                          )
                                                    )
14 **COLLECTOR'S COFFEE, INC., and**                )
   **MYKALAI KONTILAI,**                            )
15                                                  )
              **Defendant.**                         )
16 _____        )
                                                    )
17 *SDJ Investments, LLC; Abode Investments, LLC;*  )
   *Darren Sivertsen, Trustee of the Sivertsen Family*  )
18 *Trust U/A/D 10/01/2002*                         )
                                                    )
19            **Intervenor-Plaintiffs**              )
                                                    )
20 **v.**                                           )
                                                    )
21 **COLLECTOR'S COFFEE, INC.,**                    )
   **MYKALAI KONTILAI, an Individual,**             )
22 **THE JACKIE ROBINSON FOUNDATION,**             )
   **INC.; DOE INDIVIDUALS 1 THROUGH 50**          )
23 **AND ROE CORPORATIONS 1 THROUGH 50**           )
                                                    )
24           **Intervenor-Defendants**              )
   _____        )
25
           **HOLDER'S FIRST AMENDED COMPLAINT IN INTERVENTION**
26
          Comes Now, Intervenor-Plaintiffs SDJ Investments, LLC, Abode Investments, LLC, and
27
   Darren Sivertsen, Trustee of the Sivertsen Family Trust U/A/D 10/01/2002 (hereinafter collectively
28

1  "the Holders" or "Intervenor-Plaintiffs") by and through their counsel Richard A. Schonfeld, of the

2  law office of Chesnoff & Schonfeld, and for their First Amended Complaint in Intervention hereby

3  states and alleges as follows:

4  **INTRODUCTION:**

5  1.      This First Amended Complaint in Intervention in the above captioned case is for declaratory

6  relief against the Defendants Collector's Coffee, Inc., Mykalai Kontilai, and Doe and Roe

7  Defendants, for the purpose of affirming that the Holders have a first position perfected secured

8  interest in the "original contracts signed by Jackie Robinson", which includes but is not limited to

9  the Montreal Royals contract signed October 23, 1945 by Jack Roosevelt Robinson and Hector

10  Racine, and the Brooklyn Dodgers contract signed April 11, 1947, by Jack Roosevelt Robinson,

11  Branch Rickey, and Ford Frick, along with the related certificates of authenticity ("Contracts") that

12  would entitle them to receive the first proceeds of any sale of the Contracts until their interest is

13  satisfied;

14  2.      This First Amended Complaint in Intervention in the above captioned case is for declaratory

15  relief against the Jackie Robinson Foundation, Inc., and Doe and Roe Defendants, for the purpose of

16  establishing

17  a.      That the Jackie Robinson Foundation, Inc., does not have any right, title, or interest in the

18          Contracts[1];

19  b.      That the Los Angeles Dodgers, LLC, did not have any right, title, or interest in the Contracts

20          at the time that the Deeds of Gift were entered into with the Jackie Robinson Foundation,

21          Inc.;

22  c.      That Collectors Coffee had clear title/ownership to the Contracts at the time it entered into its

23          transactions with the Holders as referenced in this First Amended Complaint;

24

25  _____

26      [1]Interest is a term used in the Deeds of Gifts executed by the Los Angeles Dodgers, LLC and
    the Jackie Robinson Foundation, Inc. and for purposes of this First Amended Complaint shall
27  include within its definition "ownership interest".

28                                                2

d.       That the Holders have a first position perfected secured interest in the Contracts that would

entitle them to receive the first proceeds of any sale of the Contracts until their interest is

satisfied.

3.       On May 14, 2019, this Honorable Court entered a Temporary Restraining Order against

Collector's Coffee, Inc., and Mykalai Kontilai.  That Order froze the Defendants' assets up to the

amount of $46,121,649.68 and expressly froze the "original contracts signed by Jackie Robinson."

The contracts that are the subject of the Court's asset freeze are also the subject of this First

Amended Complaint;

4.       On May 19, 2019, this Honorable Court entered an Order Modifying the Asset Freeze so that

the United States Marshals Service in the District of Nevada could take possession of the Contracts

and store them in a secure facility pending further order of the Court.  *See Dkt. 15*;

5.       The Holders have a  first position perfected secured interest in the Contracts and therefore

sought and secured intervention in this matter.  *See Dkt 88 (Motion) and Dkt 89 (Order)*,

incorporated herein by reference as though fully set forth herein;

6.       On September 9, 2019, the Holders filed their Intervenor Complaint against the Los Angeles

Dodgers, LLC, Mykalai Kontilai, Collectors Coffee, Inc., Doe Individuals 1 through 50, and Roe

Corporations 1 through 50.  See *Dkt 92*, incorporated herein by reference as though fully set forth

herein;

7.       On December 9, 2019, the Los Angeles Dodgers, LLC, filed their Motion to Substitute Party

(*Dkt 178*),  their Memorandum of law in Support of that Motion (*Dkt 179*), and the Declaration of

Seth E. Spitzer in Support of that Motion (*Dkt 180*).  The Motion sought to substitute the Jackie

Robinson Foundation, Inc., in place of the Los Angeles Dodgers, LLC, as a result of the Los Angeles

Dodgers, LLC, executing Deeds of Gift dated November 14, 2019, in favor of the Jackie Robinson

Foundation, Inc., transferring any ownership interest it had in the Contracts to the Jackie Robinson

Foundation, Inc.  *Dkt* 178, 179, and 180 are incorporated herein by reference as though fully set forth

herein;

8.      On February 28, 2020, the Honorable Magistrate Judge Gorenstein entered a Report and Recommendation that the Los Angeles Dodgers, LLC's Motion to Substitute the Jackie Robinson Foundation, Inc., in their place for this litigation be granted.  *See Dkt 230*, incorporated herein by reference as thought fully set forth herein;

9.      On April 1, 2020, the District Court entered an Order adopting the Magistrate Judge's Report and Recommendation, thereby substituting the Jackie Robinson Foundation, Inc., in place of the Los Angeles Dodgers, LLC, in this case.  *See Dkt 281*, incorporated herein by reference as though fully set forth herein;

10.     The Holders seek to have the Court declare that they have a first position perfected secured interest in the Contracts and also to establish clear title and ownership of the Contracts (subject to the Holders' interest outlined herein) by Defendant Collector's Coffee, Inc., so that the Contracts can ultimately be sold and the Holder's can be first to be paid as a result of their secured interest, with the balance to be addressed by the Plaintiff, Defendants, and the Court;

11.     The Holders seek to have the Court declare that the Jackie Robinson Foundation, Inc., does not have an ownership interest in the Contracts, notwithstanding the Los Angeles Dodgers, LLC, executing Deeds of Gift dated November 14, 2019, in favor of the Jackie Robinson Foundation as the Los Angeles Dodgers, LLC, did not have an ownership interest in the Contracts at the time that said Deeds of Gift were executed;

12.     The Jackie Robinson Foundation, Inc., is a substituted party in this matter, as a result of this Honorable Court's Order, and they are substituted here in place and stead of the Los Angeles Dodgers, LLC;

**PARTIES:**

13.     SDJ Investments, LLC, Abode Investments, LLC, and Darren Sivertsen, Trustee of the Sivertsen Family Trust U/A/D 10/01/2002 are collectively the "Intervenor-Plaintiffs" or the "Holders";

14.     SDJ Investments, LLC, is a California limited liability company;

15.     Abode Investments, LLC, is a Nevada limited liability company;

16.     Sivertsen Family Trust u/a/d/ October 1, 2002, is a family trust duly formed and recorded in the State of Nevada;

17.     Collectors Coffee, Inc., is a Nevada corporation;

18.     Mykalai Kontilai is a resident of the State of New York;

19.     The Jackie Robinson Foundation, Inc., is a national 501(c) non-profit organization with its headquarters in New York, New York;

20.     The Los Angeles Dodgers, LLC, is a Delaware limited liability company, that regularly conducts business in the State of New York.  The Los Angeles Dodgers, LLC, is no longer a party to this litigation as a result of the Court granting their motion to be substituted out of the case;

21.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants designated as Doe 1 through 50 and Roe 1 through 50 are unknown at the present time; however, it is alleged and believed that the Doe Defendants and Roe Defendants are claiming an interest in the Contracts.   As the specific identities of these parties are revealed the Doe and Roe appellations will be replaced to identify these parties by their true names and capacities;

**STATEMENT OF THE FACTS AND PROCEDURAL HISTORY RELATED TO THE CONTRACTS:**

22.     In 2013 CCI acquired the original contract signed by Jackie Robinson, the first African-American player in the major leagues, along with the 1945 contract that he signed with the Dodger's minor league affiliate.  Jackie Robinson's career marked the start of the civil rights movement;

23.     In an effort to secure financing, CCI  laid out a plan to promote and sell the Contracts, while at the same time starting a television show and auction website to sell collectibles;

24.     In 2013, Collectors Coffee obtained $6 million in loans from SDJ Investments, Abode Investments and the Sivertsen Family Trust (the "Holders"). The loans were secured by both Robinson Contracts and related Certificates of Authenticity, and perfected by the filing of UCC financing statements;

25.    Specifically, the following Secured Promissory Notes were entered into:

a.    Series A Convertible Secured Promissory Note, dated June 18, 2013, evidencing an original principle amount of $1,000,000 in favor of SDJ;

b.    Series A Convertible Secured Promissory Note, dated June 18, 2013, evidencing an original principle amount of $1,000,000 in favor of Abode;

c.    Series A Convertible Secured Promissory Note, dated June 18, 2013, evidencing an original principle amount of $250,000 in favor of SFT;

d.    Series A Convertible Secured Promissory Note, dated September 6, 2013, evidencing an original principle amount of $1,500,000 in favor of SDJ;

e.    Series A Convertible Secured Promissory Note, dated September 11, 2013, evidencing an original principle amount of $200,000 in favor of SFT[2];

26.    In addition to the Series A loans, SDJ made certain Series B loans with Secured Promissory Notes as follows:

a.    Series B Secured Promissory Note, dated June 18, 2014, evidencing an original principle amount of $1,250,000 in favor of SDJ;

b.    Series B Secured Promissory Note, dated August 5, 2014, evidencing an original principle amount of $750,000 in favor of SDJ;

27.    In order to secure the obligations evidenced by the Series A and Series B Notes, CCI granted a security interest to the Holders in the Contracts.  This secured interest was specifically identified in UCC-1 Financial Statements filed by:

a.    The Holders with the Nevada Secretary of State to perfect their security interest under the terms of the A Notes, reflected by Filing No. 2013018019-8, filed July 16, 2013, as amended by Filing No. 2015014944-9, filed June 7, 2015, and Filing No. 2015014945-1, filed June 7,

[2]An Addendum to the Series A Notes with SDJ and SFT was made on September 11, 2013, a Second Amendment to the Series A Notes with SDJ, SFT, Abode, and NDIRA was made on April 23, 2014, a Third Amendment was made on October 12, 2014, a Fourth Amendment was made on June 1, 2015, and a Fifth Amendment was made on June 1, 2016.

6

1    2015 and re-filed with the Nevada Secretary of State on January 25, 2019 by Filing No.

2    2019002716-0;

3    b.    SDJ with the Nevada Secretary of State to perfect its security interest under the terms of the

4         B Notes, reflected by Filing No. 2014016155-6, filed June 25, 2014, as amended by Filing

5         No. 2015014946-3, filed June 7, 2015 and continued by a UCC Continuation filed with the

6         Nevada Secretary of State on January 31, 2019 as Filing No. 2019003312-5[3];

7    28.   In addition to UCC filings in Nevada, the Holders lodged USS filings in both New York and

8    California;

9    29.   The parties also signed a Contract Escrow Agreement with Nevada Trust Company;

10   30.   While the ownership title of the contracts was in the name of Collectors Coffee, the Contracts

11   were legally in the possession of the trust company for the benefit of both Collectors Coffee and its

12   secured Holders;

13   31.   The loans also came with a one-year period to sell the Contracts.  However, 2013 turned into

14   2014, and Collectors Coffee did not have a buyer. Collectors Coffee claimed it had some good leads

15   with institutions, but it needed more time to continue marketing. The Holders provided an

16   extension. Then, 2015 came, and there was no sale. Collectors Coffee again said it had good leads

17   and needed more time. The Holders again extended the period to sell the contracts.  Then, 2016

18   came, with more of the same. The Holders provided one more extension, through September 30,

19   2016. That date came and went, with no definitive plans for a sale;

20   32.   The Holders refused to provide any other extensions, declared a default, and demanded the

21   Contracts be returned to a secure storage facility hired by their escrow agent. The Contracts were

22   then placed with the secure storage facility;

23   33.   Ultimately, the Holders, CCI and Mykalai Kontilai agreed to engage Goldin Auctions,

24   the official auctioneer for the Jackie Robinson Foundation, to auction the Contracts;

25

26        [3]The documents referenced in paragraphs 25 through 28 are incorporated herein by reference

27   as though fully set forth herein.

28                                          7

1  34.    On February 27, 2018, the first auction was held and the Contracts did not sell;

2  35.    The second auction was scheduled to commence in January of 2019; however, Goldin

3  Auctions received correspondence from counsel for the Los Angeles Dodgers, LLC, asserting a

4  potential interest in the Contracts.  The Holders, CCI and Mykalai Kontilai collectively decided to

5  cancel the auction;

6  36.    Thereafter, the Holders, CCI and Mykalai Kontilai entered into an Asset Purchase Agreement

7  for a private sale of the Contracts, which would have required a resolution to the dispute with the Los

8  Angeles Dodgers, LLC (i.e. their claim of ownership and CCI/the Holders claim that the Dodgers did

9  not have an ownership interest) before the sale would go forward;

10  37.    While in pursuit of the private sale of the Contracts the Securities and Exchange Commission

11  ("SEC") brought this case against Defendants;

12  **JURISDICTION AND VENUE:**

13  38.    There is both general and specific personal jurisdiction over all Defendants;

14  39.    Defendants Collector's Coffee, Inc., and Mykalai Kontilai have already made a general

15  appearance and both have significant contact with this forum with which to exercise general personal

16  jurisdiction.  Additionally, their contacts with this forum related to the subject matter of this

17  Complaint in Intervention and therefore there is specific personal jurisdiction;

18  40.    There was specific personal jurisdiction over the Los Angeles Dodgers, LLC, as it had made

19  a claim to the Contracts which were within the in rem jurisdiction of the Court.  There was general

20  personal jurisdiction over the Los Angeles Dodgers, LLC as it has continuous and systematic

21  contacts with this forum and regularly conducts business therein.  The Los Angeles Dodgers, LLC

22  made a general appearance in this case when responding to the Complaint in Intervention;

23  41.    There is jurisdiction over the Jackie Robinson Foundation, Inc., as a result of their

24  substitution in place of the Los Angeles Dodgers, LLC.  There is also jurisdiction over the Jackie

25  Robinson Foundation, Inc. as its headquarters are within this judicial district and it regularly

26  conducts business therein;

27

28                                                      8

42.     This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. §1367(a) because the claims asserted herein are so related to the claims in the action within the original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  In the alternative, pursuant to the Court's Temporary Restraining Order expressly "froze" the Contracts.  That Order further provided that no person/entity could file a lawsuit or otherwise take action to interfere with the asset freeze.  Thereafter, the Court entered on May 17, 2019, the Court entered an order modifying the asset freeze, whereby the court exercised in rem jurisdiction over the contracts and ordered secured by the United States Marshals (*Dkt 15*).  Further, consistent with Rule 8(a)(1) of the Federal Rules of Civil Procedure, the Court has already exercised jurisdiction over this matter and this Complaint in intervention needs no additional jurisdictional support.  Declaratory relief is appropriate herein pursuant to 28 U.S.C. §2201 and FRCP 57[4].;

43.     Venue in the Southern District of New York is proper pursuant to 28 U.S.C. §1391(b) because one or more of the Defendants reside within this district and/or regularly conduct business in the district, a substantial part of the events or omissions giving rise to this action occurred therein, and the Contracts are under the control of this Court;

**FIRST CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(AGAINST DEFENDANTS COLLECTOR'S COFFEE, INC., AND MYKALAI KONTILAI)**

44.     Intervenor Plaintiffs hereby re-allege those allegations contained in paragraphs 1 through 43 herein and incorporates same by reference as though fully set forth herein;

45.     The Holders seek a declaratory judgment that they have a first position perfected secured interest in the Contracts, an interest that will be honored by the Defendants in this litigation;

46.     The second sentence of Paragraph 63 of the SEC's First Amended Complaint alleges, among other things, that Collectors Café did not own a 100% interest in the Contracts and was not entitled to all proceeds from the sale of the contracts (*Dkt 134*);

---

[4]Intervenor Plaintiffs are also entitled to a speedy hearing pursuant to FRCP 57.

47.    Paragraph 63 of Defendant Mykalai Kontilai's Answer (*Dkt 241*) states Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the second sentence of paragraph 63 of the SEC's First Amended Complaint are true;

48.    Paragraph 66 of the SEC's First Amended Complaint (*Dkt 134*) states that Collectors Café was only entitled to a fraction of the proceeds from the sale of the Contracts;

49.    Paragraph 66 of Defendant Mykalai Kontilai's Answer (*Dkt 241*) denied the allegations in that paragraph, and only admitted that Collectors Café was entitled to a portion of the proceeds from the sale of the Contracts;

50.    The first sentence of Paragraph 67 of the SEC's First Amended Complaint (*Dkt 134*) states "Defendants representations that Collectors Café owned the Jackie Robinson contracts were false and misleading and omitted material facts, because Collectors Café did not own a 100% interest in the contracts and was not entitled to 100% of the proceeds from their sale."

51.    Paragraph 67 of Mykalai Kontilai's Answer (*Dkt 241*) contains a denial of the first sentence of Paragraph 67 of the SEC's First Amended Complaint even though Defendant Mykalai admits that the Holders executed Series A and/or Series B Notes that are payable upon the sale of the Contracts;

52.    Defendant Collectors Café has not answered the First Amended Complaint as of this date; however, in responding to the SEC's original Complaint (*Dkt 1*) Collectors Café denied the SEC's assertion that Mykalai Kontilai and Collectors Café are not entitled to 100% of the sales proceeds of the Contracts, even though Collectors Café admitted that the Holders executed Series A and/or Series B Notes as alleged in paragraph 60 of the SEC Complaint;

53.    By reason of the foregoing, an actual and justiciable controversy exists between the Holders and the Defendants regarding the Holders' rights related to the Contracts and their right to receive the first proceeds of any sale of the Contracts;

54.    The Holders seek a judicial declaration that they have a first position perfected secured interest in the Contracts that would entitled them to receive the first proceeds of any sale of the Contracts until their interest is satisfied.

**SECOND CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(AGAINST DEFENDANT THE JACKIE ROBINSON FOUNDATION, INC.)**

55.     Intervenor Plaintiffs hereby re-allege those allegations contained in paragraphs 1 through 54 herein and incorporates same by reference as though fully set forth herein;

56.     As described herein the Holders have a first position perfected secured interest in the Contracts;

57.     As described herein the Holders in conjunction with Collectors Coffee and Mykalai Kontilai were in the process of attempting to sell the Contracts;

58.     In or about January of 2019, the Los Angeles Dodgers, LLC, asserted that the Contracts were their property and therefore could not be sold by Collectors Coffee;

59.     The position that was asserted by the Los Angeles Dodgers, LLC was contrary to the rights of the Holders as it related to the Contracts;

60.     The Holders disputed that the Los Angeles Dodgers, LLC, had any ownership interest in the Contracts;

61.     The Holders filed their Complaint in Intervention against the Los Angeles Dodgers on September 10, 2019 (*Dkt 92*).  That Complaint sought a judicial declaration that the Los Angeles Dodgers, LLC, did not have an ownership interest in the Contracts, that Collectors Coffee had clear title/ownership to the Contracts at the time that it entered into the transactions with the Holders, and that the Holders had a first position perfected secured interest in the Contracts that would entitle them to receive the first proceeds of any sale of the Contracts until their interest was satisfied;

62.     On or about November 14, 2019, the Los Angeles Dodgers, LLC, entered into two Deeds of Gift with the Jackie Robinson Foundation, Inc., whereby the Los Angeles Dodgers, LLC, gave, assigned, granted, conveyed, and confirmed unto the Jackie Robinson Foundation, Inc., all of Los Angeles Dodgers LLC's right, title, and interest in the Contracts;

63.     The Los Angeles Dodgers, LLC, did not have any right, title, or interest in the Contracts at the time that the Deeds of Gift were entered into;

64.     The Jackie Robinson Foundation, Inc., does not have any right, title, or interest in the Contracts by way of the Deeds of Gift;

65.     The Jackie Robinson Foundation, Inc., did not have any right, title, or interest in the Contracts prior to the Deeds of Gift being entered into[5];

66.     The Jackie Robinson Foundation has been substituted in this case as a result of the Court Orders identified herein, and by way of the same have asserted that they have an ownership interest in the Contracts;

67.     By reason of the foregoing, an actual and justiciable controversy exists between the Holders and the Jackie Robinson Foundation, Inc., regarding the ownership/title of the Contracts and the Holders rights related to said Contracts;

68.     The Holders seek a judicial declaration that the Jackie Robinson Foundation, Inc., does not have any right, title, or interest in the Contracts;

69.     The Holders seek a judicial declaration that the Los Angeles Dodgers, LLC, did not have any right, title, or interest in the Contracts at the time that the Deeds of Gift were entered into with the Jackie Robinson Foundation, Inc.;

70.     The Holders seek a judicial declaration that Coffee had clear title/ownership to the Contracts at the time it entered into its transactions with the Holders as referenced in this First Amended Complaint;

71.     The Holders seek a judicial declaration that they have a first position perfected secured interest in the Contracts that would entitled them to receive the first proceeds of any sale of the Contracts until their interest is satisfied.

---

[5]This is by no way a statement that the Deeds of Gift conferred any interest in the Contracts to the Jackie Robinson Foundation.

12

## **REQUEST FOR RELIEF**

WHEREFORE, Intervenor-Plaintiffs respectfully request that the Court enter a declaratory judgment in their favor and against Collector's Coffee and Mykalai Kontilai that the Holders have a first position perfected secured interest in the Contracts that would entitle them to receive the first proceeds of any sale of the Contracts until their interest is satisfied;

WHEREFORE, Intervenor-Plaintiffs respectfully request that the Court enter a declaratory judgment in their favor and against the Jackie Robinson Foundation, Inc., as follows:

a.   That the Jackie Robinson Foundation, Inc., does not have any right, title or interest in the Contracts;

b.   That the Los Angeles Dodgers, LLC, did not have any right, title, or interest in the Contracts at the time that the Deeds of Gift were entered into with the Jackie Robinson Foundation, Inc.;

c.   That Collectors Coffee had clear title/ownership to the Contracts at the time it entered into its transactions with the Holders as referenced in this First Amended Complaint;

d.   That the Holders have a first position perfected secured interest in the Contracts that would entitle them to receive the first proceeds of any sale of the Contracts until their interest is satisfied.

/ / /

13

1    WHEREFORE,  Intervenor-Plaintiffs respectfully request that the Court enter a judgment in

2  their favor and against Collector's Coffee, Mykalai Kontilai, and the Jackie Robinson Foundation,

3  Inc. awarding the Intervenor-Plaintiffs their attorney's fees and costs of suit, and for such other and

4  further relief as the Court may deem just and equitable.

5    Dated this 19th day of May, 2020.

6

7                                        Respectfully Submitted:

8                                        CHESNOFF & SCHONFELD

9

10                                        _____/s/ Richard A. Schonfeld, Esq._____
                                          **RICHARD A. SCHONFELD, ESQ.**
11                                        Nevada Bar No. 6815
                                          CHESNOFF & SCHONFELD
12                                        520 South Fourth Street
                                          Las Vegas, Nevada 89101
13                                        Tel: (702) 384-5563
                                          **rschonfeld@cslawoffice.net**
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        14