UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>- against -<br><br>COLLECTOR'S COFFEE, INC. (d/b/a COLLECTORS CAFÉ), and MYKALAI KONTILAI,<br><br>      Defendants.<br><br>SDJ INVESTMENTS, LLC, ADOBE INVESTMENTS, LLC, AND DARREN SIVERTSEN, TRUSTEE OF THE SIVERTSEN FAMILY TRUST U/A/D 10/01/2002,<br><br>      Intervenor-Plaintiffs,<br><br>- against –<br><br>COLLECTOR'S COFFEE, INC. (D/B/A COLLECTORS CAFÉ), MYKALAI KONTILAI, LOS ANGELES DODGERS, LLC, DOE INDIVIDUALS 1 THROUGH 50 AND ROE CORPORATIONS 1 THROUGH 50,<br><br>      Intervenor-Defendants. | **1:19-cv-04355-LGS-GWG**<br><br>**JURY TRIAL DEMANDED** |

**INTERVENOR-DEFENDANT THE JACKIE ROBINSON FOUNDATION, INC.'S ANSWER TO THE HOLDERS' AMENDED COMPLAINT IN INTERVENTION**

Intervenor-Defendant The Jackie Robinson Foundation, Inc. ("JRF"), by and through its attorneys, hereby answers the Amended Complaint in Intervention ("Amended Intervenor Complaint") [ECF No. 344] filed on May 20, 2020, by Intervenor-Plaintiffs SDJ Investments,

1

Case 1:19-cv-04355-VM-GWG   Document 353   Filed 05/29/20   Page 2 of 14

LLC, Abode Investments, LLC, and Darren Sivertsen, Trustee of the Sivertsen Family Trust (collectively, the "Holders"), in the above-captioned action as follows:

**ANSWER**

Unless expressly admitted, all allegations in the Amended Intervenor Complaint are denied. The numbered paragraphs below correspond to the numbered paragraphs in the Amended Intervenor Complaint.

INTRODUCTION:

1. JRF denies the allegations set forth in paragraph 1 of the Amended Intervenor Complaint, except admits that the Holders purport to bring this action for the purpose of establishing clear title and ownership of two original contracts signed by Jackie Robinson (the "Contracts").

2. JRF denies the allegations set forth in paragraph 2 of the Amended Intervenor Complaint, except admits that the Holders purport to bring this action for the purpose of establishing clear title and ownership of the Contracts.

3. JRF (i) admits that on May 14, 2019, this Court entered a *Temporary Restraining Order Freezing Assets and Providing for Other Ancillary Relief, and Order Setting Preliminary Injunction Hearing* ("TRO") [ECF No. 12], (ii) refers the Court to the TRO for an accurate and complete statement of its terms, and (iii) states that the balance of paragraph 3 of the Amended Intervenor Complaint contains legal conclusions to which no response is required.

4. JRF (i) admits that, on May 17, 2019, this Court entered an *Order Modifying Asset Freeze* ("Modified TRO") [ECF No. 15], (ii) refers the Court to the Modified TRO for an accurate and complete statement of its terms, and (iii) states that the balance of paragraph 4 of the Amended Intervenor Complaint contains legal conclusions to which no response is required.

2

5.     The allegations set forth in paragraph 5 of the Amended Intervenor Complaint contain legal conclusions to which no response is required.  To the extent a response is required, JRF denies the allegations set forth in paragraph 5.

6.     JRF (i) admits that on September 10, 2019, the Holders filed the Intervenor Complaint [ECF No. 92] and (ii) refers the Court to the Intervenor Complaint for a complete and accurate statement of its terms.

7.     JRF (i) admits that on December 9, 2019, the Los Angeles Dodgers LLC (the "Dodgers") filed a motion to substitute itself for the real party in interest pursuant to Federal Rule of Civil Procedure 25(c) [ECF No. 178] and (ii) refers the Court to that Motion and accompanying memorandum for an accurate and complete statement of their terms.

8.     JRF (i) admits that on February 28, 2020, the Honorable Magistrate Judge Gorenstein entered a Recommendation that the Dodgers Motion to Substitute JRF in their place be granted [ECF No. 230] and (ii) refers the Court to that Order for an accurate and complete statement of its terms.

9.     JRF (i) admits that on April 1, 2020, the District Court entered an Order adopting the Magistrate Judge's Report and Recommendation, substituting JRF, in place of the Dodgers in this case [ECF No. 281] and (ii) refers the Court to that Order for an accurate statement of its terms.

10.    JRF denies the allegations set forth in paragraph 10, except admits that the Holders purport to bring this action for the purpose of establishing clear title and ownership of the Contracts.

11.    JRF denies the allegations set forth in paragraph 11, except admits that the Holders purport to bring this action for the purpose of establishing clear title and ownership of the

Contracts.

12. The allegations set forth in paragraph 12 of the Amended Intervenor Complaint contain legal conclusions to which no response is required.

PARTIES:

13. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Intervenor Complaint.

14. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Intervenor Complaint.

15. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Intervenor Complaint.

16. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Intervenor Complaint.

17. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Intervenor Complaint.

18. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Intervenor Complaint.

19. JRF admits it is a national 501(c)(3) not-for-profit organization with headquarters in New York, NY.

20. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Amended Intervenor Complaint, except admits to the extent that paragraph 20 states that the Dodgers are no longer a party to the action.

21. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Intervenor Complaint.

## STATEMENT OF THE FACTS AND PROCEDURAL HISTORY RELATED TO THE CONTRACTS:

22. JRF denies the allegations in paragraph 22 of the Amended Intervenor Complaint, except admits that Jackie Robinson ("Robinson") signed a contract with the Dodgers' minor league affiliate, the Montreal Royals, in 1945 ("the 1945 Contract").

23. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Intervenor Complaint, and on that basis, JRF denies the allegations.

24. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Intervenor Complaint and states that to the extent paragraph 24 contains legal contentions, no further response is required.

25. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Intervenor Complaint. JRF also states that to the extent paragraph 25 contains legal contentions, no response is required.

26. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Intervenor Complaint. JRF also states that to the extent paragraph 26 contains legal contentions, no response is required.

27. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Amended Intervenor Complaint. JRF also states that to the extent paragraph 27 contains legal contentions, no response is required.

28. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Intervenor Complaint, and on that basis, JRF denies the allegations.

29. JRF lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 29 of the Amended Intervenor Complaint, and on that basis, JRF denies the allegations.

30. JRF denies the allegations set forth in paragraph 30 of the Amended Intervenor Complaint and states that to the extent paragraph 30 contains legal contentions, no further response is required.

31. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Intervenor Complaint, and on that basis, JRF denies the allegations.

32. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Intervenor Complaint, and on that basis, JRF denies the allegations.

33. JRF denies the allegations set forth in paragraph 33 of the Amended Intervenor Complaint, except admits, upon information and belief, that Goldin Auctions played some role in attempting to sell original baseball contracts purportedly signed by Robinson on behalf of Collector's Coffee, Inc. and/or Mykalai Kontilai.

34. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34, except admits, upon information and belief, that the Contracts were not sold on February 27, 2018.

35. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Amended Intervenor Complaint, and on that basis, JRF denies the allegations, except admits that the Dodgers have repeatedly asserted a claim of ownership and declared that they were the rightful owners of the Contracts.

36. JRF lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 36, and on that basis, denies the allegations.

37.    JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37, and on that basis, JRF denies the allegations except admits that the United States Securities and Exchange Commission (the "SEC") filed a complaint against Defendants Collector's Coffee, Inc. and Mykalai Kontilai on May 14, 2019.

JURISDICTION AND VENUE:

38.    The allegations set forth in paragraph 38 of the Amended Intervenor Complaint contain legal conclusions to which no response is required.

39.    The allegations set forth in paragraph 39 of the Amended Intervenor Complaint contain legal conclusions to which no response is required, to the extent a response is required, JRF admits that Defendants Collector's Coffee, Inc. and Mykalai Kontilai have appeared in this action.

40.    The allegations set forth in paragraph 40 of the Amended Intervenor Complaint contain legal conclusions to which no response is required, to the extent a response is required, JRF admits that the Dodgers appeared in this action when they were a party.

41.    The allegations set forth in paragraph 41 of the Amended Intervenor Complaint contain a legal conclusion to which no response is required.  To the extent a response is required, JRF admits that it is headquartered in New York.

42.    The allegations set forth in paragraph 42 of the Amended Intervenor Complaint contain numerous legal conclusions to which no response is required.  To the extent a response is required, JRF denies the allegations set forth in paragraph 42 of the Amended Intervenor Complaint, except admits that the Court entered a Modified TRO on or about May 17, 2019 [ECF No. 15], and refers the Court to the Modified TRO for a complete and accurate statement of its

terms.

43. The allegations set forth in paragraph 43 of the Amended Intervenor Complaint contain a legal conclusion to which no response is required. To the extent a response is required, JRF admits the allegations set forth in paragraph 43 of the Amended Intervenor Complaint.

FIRST CAUSE OF ACTION:

44. JRF repeats and re-alleges their responses to paragraphs 1 through 43 above in response to paragraph 44 of the Amended Intervenor Complaint.

45. JRF denies the allegations set forth in paragraph 45 of the Amended Intervenor Complaint except admits that the Holders purport to seek declaratory judgment.

46. JRF (i) admits that the second sentence of Paragraph 63 of the SEC's First Amended Complaint alleges, among other things, that Collectors Coffee, Inc. did not own a 100% interest in the Contracts and was not entitled to all proceeds from the sale of the contracts [ECF No. 134] and (ii) refers the Court to the SEC's Amended Complaint for an accurate and complete statement of its allegations.

47. JRF (i) admits that Paragraph 63 of Defendant Mykalai Kontilai's Answer to the SEC's First Amended Complaint states that Mr. Kontilai lacks knowledge or information sufficient to form a belief as to whether the second sentence of paragraph 63 of the SEC's First Amended Complaint are true [ECF No. 241] and (ii) refers the Court to Defendant Mykalai Kontilai's said Answer for an accurate and complete statement of his responses.

48. JRF (i) admits that Paragraph 66 of the SEC's First Amended Complaint states that Collectors Coffee, Inc. was only entitled to a fraction of the proceeds from the sale of the Contracts [ECF No. 134] and (ii) refers the Court to the SEC's Amended Complaint for an accurate and complete statement of its allegations.

49. JRF (i) admits that Paragraph 66 of Defendant Mykalai Kontilai's Answer to the SEC's First Amended Complaint denied the allegations in Paragraph 66 of the SEC's First Amended Complaint, and only admitted that Collectors Coffee, Inc. was entitled to a portion of the proceeds from the sale of the Contracts [ECF No. 241] and (ii) refers the Court to Defendant Mykalai Kontilai's said Answer for an accurate and complete statement of his responses.

50. JRF (i) admits that the first sentence of Paragraph 67 of the SEC's First Amended Complaint states "Defendants representations that [Collector's Coffee, Inc.] owned the Jackie Robinson contracts were false and misleading and omitted material facts, because [Collector's Coffee, Inc.] did not own a 100% interest in the contracts and was not entitled to 100% of the proceeds from their sale," [ECF No. 134] and (ii) refers the Court to the SEC's Amended Complaint for an accurate and complete statement of its allegations.

51. JRF (i) admits that Paragraph 67 of Mykalai Kontilai's Answer to the SEC's First Amended Complaint contains a denial of the first sentence of Paragraph 67 of the SEC's First Amended Complaint [ECF No. 241] and (ii) refers the Court to Defendant Mykalai Kontilai's said Answer for an accurate and complete statement of his responses.

52. JRF (i) admits that Defendant Collector's Coffee, Inc. has not yet answered the Amended Intervenor Complaint and (ii) refers the Court to Defendants Mykalai Kontilai and Collector's Coffee, Inc.'s Answers [ECF Nos. 146 & 147] to the Intervenor Complaint for an accurate and complete statement of their responses.

53. JRF denies the allegations set forth in paragraph 53 of the Amended Intervenor Complaint, and states that to the extent paragraph 53 contains legal contentions, no further response is required.

54. JRF denies the allegations set forth in paragraph 54 of the Amended Intervenor

Complaint, and states that to the extent paragraph 54 contains legal contentions, no further response is required.

SECOND CAUSE OF ACTION:

55. JRF repeats and re-alleges their responses to paragraphs 1 through 54 above in response to paragraph 55 of the Amended Intervenor Complaint.

56. JRF denies the allegations set forth in paragraph 56 of the Amended Intervenor Complaint.

57. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Amended Intervenor Complaint except admits that Defendants Collector's Coffee, Inc. and Mykalai Kontilai previously attempted to sell the Contracts.

58. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Amended Intervenor Complaint except admits that the Dodgers have repeatedly asserted a claim of ownership and declared that they were the rightful owners of the Contracts.

59. The allegations set forth in paragraph 59 of the Amended Intervenor Complaint contain legal conclusions to which no response is required, to the extent a response is required, JRF admits that the Dodgers have asserted a claim of ownership in the Contracts.

60. The allegations set forth in paragraph 60 of the Amended Intervenor Complaint contain legal conclusions to which no response is required, to the extent a response is required, JRF admits that the Dodgers have asserted a claim of ownership in the Contracts.

61. JRF denies the allegations set forth in paragraph 61 of the Amended Intervenor Complaint, except admits that the Holders filed the Intervenor Complaint [ECF No. 92] on

September 10, 2019 and purport to bring this action for the purpose of establishing clear title and ownership of the Contracts.

62. JRF (i) admits the allegations in paragraph 62 of the Amended Intervenor Complaint and (ii) refers the Court to the Deeds of Gift for an accurate and complete statement of the contents thereof.

63. The allegations set forth in paragraph 63 of the Amended Intervenor Complaint contain legal conclusions to which no response is required. To the extent a response is required, JRF denies the allegations set forth in paragraph 63.

64. The allegations set forth in paragraph 64 of the Amended Intervenor Complaint contain legal conclusions to which no response is required. To the extent a response is required, JRF denies the allegations set forth in paragraph 64.

65. The allegations set forth in paragraph 65 of the Amended Intervenor Complaint contain legal conclusions to which no response is required. To the extent a response is required, JRF denies the allegations set forth in paragraph 65.

66. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Amended Intervenor Complaint except (i) admits that on April 1, 2020, the District Court entered an Order adopting the Magistrate Judge's Report and Recommendation, substituting JRF, in place of the Dodgers in this case [ECF No. 281] and (ii) refers the Court to that Order for an accurate statement of its terms.

67. JRF denies the allegations set forth in paragraph 67 of the Amended Intervenor Complaint, and states that to the extent paragraph 67 contains legal contentions, no further response is required.

68. JRF lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 68 of the Amended Intervenor Complaint, except admits the Holders purport to bring this action for the purpose of establishing clear title and ownership of the Contracts.

69. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Amended Intervenor Complaint, except admit the Holders purport to bring this action for the purpose of establishing clear title and ownership of the Contracts.

70. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Amended Intervenor Complaint, except admits the Holders purport to bring this action for the purpose of establishing clear title and ownership of the Contracts.

71. JRF lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Amended Intervenor Complaint, except admits the Holders purport to bring this action for the purpose of establishing clear title and ownership of the Contracts.

## **REQUEST FOR RELIEF**

JRF denies that the Holders are entitled to the relief requested in subparagraphs (a) through (d) of their "Request for Relief" allegations on page 13 of the Amended Intervenor Complaint and states that Court should find that JRF is the legal owner of the Contracts and demand that the Contracts be returned.

## **DEFENSES**

FIRST DEFENSE

72. The Amended Intervenor Complaint fails to state a claim upon which relief may be

granted.

SECOND DEFENSE

73. The Holders' claims are barred, in whole or in part, because the Dodgers were the lawful owners of the Contracts and were entitled to all right, title, and interest in and to the Contracts until they transferred any and all of their rights, title and interests in the Contracts to JRF by deeds of gift dated November 14, 2019.

THIRD DEFENSE

74. The Holders lack standing to pursue any claims of interest or ownership in the Contracts.

FOURTH DEFENSE

75. The Holders' claims are barred because the Holders, Collector's Coffee, Inc. and/or Mykalai Kontilai had knowledge of the Dodgers' claim of ownership to the Contracts at all relevant times including without limitation when the Holders attempted to perfect their security interests.

FIFTH DEFENSE

76. The Holders do not hold a perfected security interest in any of the Contracts.

SIXTH DEFENSE

77. The Holders' claims are barred by doctrines of waiver and/or estoppel.

SEVENTH DEFENSE

78. The Holders' claims are barred by the equitable doctrine of unclean hands.

EIGHTH DEFENSE

79. JRF asserts all appropriate defenses which may be asserted and further reserve the right to plead additional defenses, as appropriate.

## **DEMAND FOR JURY TRIAL**

JRF hereby demands a trial by jury for all issues so triable.

Date:  May 29, 2020

Respectfully Submitted:

/s/ Dan K. Webb

_____

Dan K. Webb (*pro hac vice*)
Michael P. Roche (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: dwebb@winston.com
Email: mroche@winston.com

Seth E. Spitzer
Cristina I. Calvar
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: sspitzer@winston.com
Email: ccalvar@winston.com

*Counsel for the Intervenor-Defendant the Jackie Robinson Foundation, Inc.*