```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
UNITED STATES SECURITIES AND                                   :
EXCHANGE COMMISSION,                                           :
                                                               :
              Plaintiff,                                       :   MEMORANDUM OPINION
                                                               :
       -v.-                                                    :   19 Civ. 4355 (LGS) (GWG)
                                                               :
COLLECTOR'S COFFEE INC., et al.,                               :
                                                               :
              Defendants.                                      :
---------------------------------------------------------------x
```

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

On April 24, 2020, the Court issued an order that (1) directed Mykalai Kontilai to "produce all tax returns in his possession since the 2014 tax year" and (2) denied the SEC's request to order Kontilai to produce his real property records. Docket # 301. Both the SEC and Kontilai have moved for reconsideration of these rulings. Docket ## 304, 317. After addressing the law governing motions for reconsideration, we address the applications separately.

Law Governing Motions for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." Thus, a motion to reconsider is generally denied "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." Wilder v. News Corp., 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (internal quotation marks and citation omitted); accord Shrader, 70 F.3d at 257. "The standard for granting a motion for reconsideration is strict," RCC Ventures, LLC v. Brandtone Holdings Ltd., 322 F.R.D. 442, 445 (S.D.N.Y. 2017) (citation omitted), and therefore such a motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple," Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted); accord Ortega v. Mutt, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) ("Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly.") (internal quotation marks and citation omitted). The Second Circuit has held that "[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

1

manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted).

Further, a party is "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." City of Austin Police Ret. Sys. v. Kinross Gold Corp., 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). In other words, "'a party may not advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration." Steinberg v. Elkman, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001)); accord Sigmon v. Goldman Sachs Mortg. Co., 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017).

Additionally, the rule permitting reconsideration must be "narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues." Merced Irrigation Dist. v. Barclays Bank PLC, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (internal citation and quotation marks omitted). A narrow application of the rule not only "helps 'to ensure the finality of decisions,'" but also "'prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" Henderson v. Metro. Bank & Tr. Co., 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (quoting Naiman v. N.Y. Univ. Hosps. Ctr., 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005)); see also Hernandez v. Loans, 2016 WL 6561415, at *1 (S.D.N.Y. Oct. 24, 2016) (a reconsideration motion "should be denied where the moving party merely seeks to relitigate an issue that was previously decided") (citing Shrader, 70 F.3d at 257).

The SEC's Motion

The SEC argues that the Court should reconsider its decision not to compel Kontilai to produce his real-property records on the ground that any inquiry into the merits of Kontilai's Fifth Amendment claim was foreclosed by the fact that "[o]n June 14, 2019, . . . Judge Schofield specifically ruled that compliance with the TRO is not optional and that if Defendant believed a portion of that Order would conflict with his Fifth Amendment privilege, he was under an obligation to affirmatively seek modification of that portion of the Order rather than decline to comply with the provision." Docket # 304 at 7 (citing Docket # 34). In the alternative, the SEC asks for an opportunity to address Kontilai's Fifth Amendment arguments. It notes that although "the SEC could have included these arguments in its reply brief, its decision not to do so should be excused given earlier rulings on this issue." Id. at 9.

We first address the issue of whether our ruling was foreclosed by any prior ruling in this case. The SEC argues that "Judge Schofield[] h[eld] that the validity of a Fifth Amendment privilege claim was immaterial to a party's refusal to comply with Court Orders." Id. (citing Docket # 34). In fact, what occurred was that Judge Schofield reviewed a letter from Kontilai in which he stated that "he is unable at this time to submit the accounting required pursuant to the Temporary Restraining Order entered on May 14, 2019" because "Mr. Kontilai has elected to assert his Constitutional right against self-incrimination as guaranteed by the Fifth Amendment." Docket # 34. Judge Schofield's endorsement of the letter directed Kontilai to "file a letter

motion requesting such relief [from the temporary restraining order] pursuant to Individual Rule III.A.1" and warned Kontilai "that compliance with the Court's Orders is not optional." Id. Judge Schofield's order was not a ruling on the merits of any Fifth Amendment objection, as the SEC acknowledges, see Docket # 304 at 7-8, but rather a direction to follow a specific procedure to assert such a claim.

We agree that Kontilai did not follow that procedure inasmuch as his former attorney agreed to the production at issue. See Docket # 77. Nonetheless, we do not view this failure to mean, as the SEC argues, that he must be barred from raising his Fifth Amendment rights now. As we stated in the April 24, 2020, Order, the Court is not convinced that Fifth Amendment rights should be so readily lost. See Docket # 301 at 4. This ruling is consistent with the cases addressing the issue of waiver, in which courts have accepted belated assertions of Fifth Amendment rights. See generally In re Interbanque, Inc., 1996 WL 762330, at *7 (Bankr. D.D.C. Mar. 28, 1996) ("Waiver of the Fifth Amendment privilege has not been lightly inferred, however, with several courts, . . . granting witnesses great latitude in untimely assertions of the privilege.") (collecting cases). The instant case is similar to S.E.C. v. Coll. Bound, Inc., 849 F. Supp. 65, 67-68 (D.D.C. 1994), where, despite "defendants' disregard for the orders of this court," the court held that "the right against self-incrimination is of such fundamental importance that this court grants defendants' request for modification of the . . . order and modifies [it] so as to avoid requiring defendants to create evidence in violation of their Fifth Amendment rights against self-incrimination."

Although the Court is not convinced by the SEC's argument that Judge Schofield's prior Order mandates a different outcome, the Court accepts that the SEC acted reasonably in addressing only the effect of Judge Schofield's order instead of addressing the merits of Kontilai's Fifth Amendment assertion. Accordingly, the Court will grant the motion for reconsideration to the extent of permitting the SEC to address the merits of Kontilai's Fifth Amendment argument. These arguments are already set forth in the papers Kontilai filed opposing the SEC's motion to compel. See Docket ## 282, 293. The SEC shall file a brief that addresses Kontilai's ability to withhold the records based on the Fifth Amendment privilege by June 8, 2020. Kontilai may file any sur-reply by June 15, 2020.

Kontilai's Cross-Motion

Kontilai argues that in ruling that he had to produce his tax returns, the Court overlooked "the non-constitutional grounds he articulated in his opposition to the SEC's motion to compel production." Docket # 318 at 7 (citations omitted). He argues that "the Court should have denied the SEC's demand on the 'non-constitutional basis' that the SEC had not met the heightened burden required to compel production of tax returns." Id. (citing Docket # 282 at 5-6). The reference is apparently to the "heightened standard" that some courts have required from a litigant in order to obtain tax returns in discovery. See, e.g., Comprehensive Habilitation Servs., Inc. v. Com. Funding Corp., 240 F.R.D. 78, 84 (S.D.N.Y. 2006).

We disagree that Kontilai raised the non-constitutional "heightened standard" argument that he now raises. In his first letter opposing the SEC's latest motion to compel, Kontilai

3

objected only on Fifth Amendment grounds.  See Docket # 276.  Kontilai later requested formal briefing to address the Fifth Amendment issues, see Docket # 279, and the Court granted that request, see Docket # 280.  In his brief (Docket # 282), Kontilai did not argue that there is a "heightened standard" that applies to the production of tax returns.  Instead, he included a section in which he argued that "Copies Of Tax Returns, And Even Tax Returns Themselves, Are Unavailable To Federal Agencies Other Than The IRS, As A General Matter And Particularly In This Case."  Docket # 282 at 5.  There is no such doctrine in the Second Circuit involving the availability of tax returns to a federal agency.  The sole citation to authority in this section of his brief was to the case of Commodity Futures Trading Comm'n v. Collins, 997 F.2d 1230 (7th Cir. 1993).  See Docket # 282 at 5-6.  That case states that there must not be "promiscuous[] disclos[ure]" of tax returns to regulatory agencies.  Collins, 997 F.2d at 1233.  The case was decided by the Seventh Circuit, is not binding on this Court, and no Court in this Circuit has ever relied on it for the proposition Kontilai advocates.  Kontilai was required to actually "raise," City of Austin Police Ret. Sys., 957 F. Supp. 2d at 315, any "heightened standard" argument without the Court having to guess what doctrine he was relying on.  Accordingly, Kontilai's motion for reconsideration is denied on this ground alone.

In addition, Kontilai's "heightened standard" argument fails on the merits.  The doctrine holds that a party requesting tax returns "bears the burden of establishing both relevancy and a compelling need for the tax returns."  Xiao Hong Zheng v. Perfect Team Corp., 739 F. App'x 658, 660 (2d Cir. 2018) (quotation marks and citations omitted).  The SEC has easily met this burden here.

First, Kontilai's tax returns are relevant to the fraud claims against him because the tax returns will provide information as to whether he earned income from sources other than Collector's Coffee Inc. ("CCI") that would sustain what is alleged to be his luxurious lifestyle.  They will also indicate whether he actually believed he was earning a salary from CCI and in what amount, thus providing evidence with respect to his assertion that money he received from CCI was compensation owed to him.

There is a compelling need for Kontilai's tax returns because Kontilai is not offering to produce any other contemporaneous documents from which his income can be determined.  Other sources, such as CCI's records or testimony from third parties, see Docket # 318 at 9, will only demonstrate part of the picture.  And it was Kontilai who put his income at issue by claiming that he was owed a salary from CCI.  See Docket # 332 at 10.  Moreover, CCI has repeatedly stated that it has no records beyond what was given to the SEC.  See Docket # 75 at 15; see also Docket # 332 at 10 n.2.  There is thus a compelling need for Kontilai to produce the tax returns.

In sum, the SEC has met the "heightened burden" to compel production of Kontilai's tax returns.  Kontilai argues that "[t]he SEC should be held to an especially high bar here given the language of the recently entered protective order allowing the SEC to share information and documents with 'government personnel in connection with any parallel criminal case.'"  Docket # 336 at 4 (quoting Docket # 327 ¶ 14(j)).  But the Court entered the protective order with the quoted language understanding that Kontilai would be disclosing his tax returns.  The Court

4

further explained that, if warranted, a disclosing party may seek additional protection under Federal Rule of Civil Procedure 26(c), but, in the meantime, must produce the document with an "Attorney's Eyes Only" designation.  See Docket # 326 at 1 & n.1.

Conclusion

The SEC's motion (Docket # 304) is granted in part.  The SEC shall file a brief that addresses only Kontilai's ability to withhold real property records based on the Fifth Amendment by June 8, 2020.  Kontilai may file any reply by June 15, 2020.  Kontilai's cross-motion (Docket # 317) is denied.  On or before June 8, 2020, Kontilai shall produce all tax returns in his possession since the 2014 tax year.  If he does not produce all such returns, he shall file an affidavit by June 8, 2020, describing in detail the steps that he has undertaken to obtain copies of the tax returns that he has not produced.

SO ORDERED.

Dated: June 1, 2020

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge