UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                                          :
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,                                        :

      Plaintiff,                                                  :     <u>MEMORANDUM OPINION</u>

  -v.-                                                                     :

                                                                           19 Civ. 4355 (LGS) (GWG)
COLLECTOR'S COFFEE INC., et al.,                           :

      Defendants.                                              :
-------------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

       Defendant Mykalai Kontilai seeks to stay this case pending the Supreme Court's decision in <u>Liu v. Securities and Exchange Commission</u>, 754 F. App'x 505 (9th Cir. 2018), <u>cert. granted</u>, 140 S.Ct. 541 (2019) (No. 18-1501).  Docket # 329.  The Government (Docket # 348); intervenor-plaintiffs, who call themselves "Holders" (Docket # 347); and intervenor-defendant Jackie Robinson Foundation, Inc. ("JRF") (Docket # 350) all oppose the motion for a stay.

       Courts in this Circuit generally consider five factors in deciding motions to stay:

> (1) the private interests of the [nonmovant] in proceeding expeditiously with the civil litigation as balanced against the prejudice to the [nonmovant] if delayed; (2) the private interests of and burden on the [movant]; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

<u>GOJO Indus., Inc. v. Innovative Biodefense, Inc.</u>, 407 F. Supp. 3d 356, 361-62 (S.D.N.Y. 2019) (alterations in original) (citation omitted).  Kontilai, as the party seeking a stay, "'bears the burden of establishing its need.'"  <u>Louis Vuitton Malletier S.A. v. LY USA, Inc.</u>, 676 F.3d 83, 97 (2d Cir. 2012) (quoting <u>Clinton v. Jones</u>, 520 U.S. 681, 708 (1997)).

       These five factors do not weigh in favor of a stay.  The Court, the Government, Holders, and JRF all have a strong interest in the expeditious resolution of this case.  Kontilai's articulation of prejudice to himself barely passes the frivolous mark.  He claims that, since <u>Liu</u> will establish whether the Government can "seek and obtain disgorgement from a court as 'equitable relief' for securities law violations," a ruling in <u>Liu</u> "will directly affect the claims and defenses available to the parties in this case and streamline the issues."  Docket # 331 at 5.  But he provides no further information as to which claims or defenses will be impacted, how discovery might be narrowed, or how the issues will be better "streamline[d]" if <u>Liu</u> rules that the Government may not seek disgorgement.  Instead, Kontilai vaguely argues that <u>Liu</u> "could materially impact many strategic decisions, including but not limited to issues in connection with discovery, whether to move for modification of the TRO and whether to settle some or all of the

1

claims in this case." Docket # 370 at 6. This, however, is not a sufficient articulation of prejudice. Kontilai cannot establish a need for a stay because Liu will only impact some of the remedies available here and this case is still in the early stages of discovery.

As Kontilai noted (Docket # 370 at 7; Docket # 377 at 7), his assets are currently frozen as a result of a court order, see Docket ## 12, 78, 175. Depending on the outcome of Liu, the asset restraint might be modified. But the case will continue in any event. The only effect of Liu will be possibly to lower the amount of the asset restraint. This will have no recognizable effect on the litigation of this matter.

Kontilai cites two cases that have entered stays pending the outcome of Liu. See Docket # 367; Docket # 370 at 6 n.4-5; Docket # 377 at 7 n.5-6; Docket # 378. These cases are easily distinguishable as both cases are at the remedies stage. In Securities and Exchange Commission v. Faulkner, et al., No. 16-01735 (filed June 24, 2016 N.D. Tex.), remedies discovery was underway and the stay was issued — unopposed — because Liu will determine whether the Government can seek disgorgement. Securities and Exchange Commission v. Hui Feng, et al., No. 17-56522 (filed Aug. 10, 2017 9th Cir.), was similarly stayed but final judgment had already been entered. There is no judgment in this case, however.

Finally, the Court notes that Kontilai has unnecessarily burdened the Court, its staff, and the parties by filing three separate reply briefs in response to the three opposition memoranda. The reply briefs contained copious duplicative material. Kontilai is ordered to cease such wasteful practices. If Kontilai makes a motion in the future, he shall file one brief in support and one brief in reply.

Conclusion

Kontilai's motion for a stay (Docket # 329) is denied.

SO ORDERED.

Dated: June 15, 2020
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge