UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                                 :

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,                            :

       Plaintiff,                                  :         <u>ORDER</u>

  -v.-                                             :
                                                                 19 Civ. 4355 (LGS) (GWG)
COLLECTOR'S COFFEE INC., et al.,            :

       Defendants.                         :
---------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

       On June 8, 2020, the Government filed a letter raising a discovery dispute (Docket # 366).  On June 10, 2020, the Jackie Robinson Foundation, Inc. ("JRF") also filed a letter raising a discovery dispute (Docket # 379).  Kontilai's deadline to respond to the Government's letter was extended to June 19, 2020 (Docket # 394) and his deadline to respond to JRF's letter was extended, at his request, to June "20," 2020 (Docket # 387).  Because June 20 was a Saturday, the actual due date for Kontilai's response to Docket # 379 was yesterday June 22, 2020.  <u>See</u> Fed. R. Civ. P. 6(a)(1)(C).

       Approximately 3 hours before his response to the Government's letter was due — at 8:47 p.m. on Friday, June 19, 2020 — Kontilai requested that his time to respond to the Government's letter be extended to June 22, 2020 (Docket # 401).  On Saturday, June 20, 2020, he filed a letter requesting (unnecessarily) that the deadline to respond to both letters be extended to June 22, 2020 (Docket # 402).  The Court took no action on either letter by the expiration of the court-ordered deadlines.  In any event, the application made Friday evening was moot several hours after it was made.

       Kontilai's conduct — or, more likely, the conduct of his attorney, Steven Sessa — is quite improper.  A request for an extension does not operate as an extension.  This is why requests for extension must be made sufficiently in advance of the deadline so that if the extension is either denied or not acted on as of a time shortly before the court-ordered deadline, counsel knows to simply file what he or she can by that deadline.  The need to make such a filing is amplified when the request itself is made shortly before the deadline because competent counsel anticipates that the request for an extension may not be acted upon instantly.

       The Court has had occasional experience with attorneys who fail to comply with court-ordered deadlines after having made a late request for an extension that was not ruled on.  But Sessa did not even do what these attorneys typically do: file a (usually, humble) application that annexes the required materials and asks that they be accepted notwithstanding their lateness.

It is unclear if Kontilai had his responses ready to file yesterday but thought it would be improper to file them late. If this is the case, it is a mystery as to what his game plan was. One would think that he at least would have filed a letter on June 22, 2020, making an inquiry on this point. But the most improper thing he did was to assume that he would be granted an extension and to fail to anticipate that a grant of his request might not occur before the deadline. The Court is not sure what the appropriate sanction is for this conduct. Perhaps Sessa has some ideas. If so, he can explain them in a letter.

In any event, the Court orders Kontilai to file whatever response he has to Docket ## 366 and 379 by today. The Court will likely deem the applications unopposed if he fails to comply with this deadline. Indeed, the Court may deem the applications unopposed even if he makes the filing by this deadline but will reserve on that question for another time.

SO ORDERED.

Dated: June 23, 2020
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge