UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,                        :                 ORDER

       Plaintiff,                          :                 19 Civ. 4355 (LGS) (GWG)

    -v.-                                    :

COLLECTOR'S COFFEE INC., et al.,              :

      Defendants.                           :
---------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      The Court is in receipt of letter applications from the Government (Docket ## 366, 385) and intervenor-defendant Jackie Robinson Foundation, Inc. ("JRF") (Docket # 379) regarding defendant Mykalai Kontilai's objections to discovery.  Intervenor-plaintiffs, who identify themselves as "Holders," join JRF's application (Docket # 412).  Kontilai has responded to these letters (Docket ## 409, 410, 411).

      As stated in paragraph 2.A of the Court's Individual Practices, the Court may decide a discovery dispute "based solely on the letters and without holding a conference" unless a party "state[s] in a separate letter application" why formal briefing should be required and gives "the reasons therefor."  No such separate letter was filed.  Thus, the Court will decide the dispute based on the current letters.[1]

_____

    [1]  Kontilai adverts in his responsive letter to the need for further briefing (Docket # 411 at *5) ("*_" refers to the numbering assigned by the Court's ECF system.).  Putting aside the fact that this request does not comply with the Court's requirements, Kontilai has not justified the need for further briefing, as is described further below.

    The Court also notes that Kontilai's counsel implies that the Court imposes page limitations on discovery applications and responses (Docket # 411 at *1 n. 2) — a proposition that his attorney stated directly in another filing (Docket # 419 at *1) (referring to "your honors [sic] page limit" of "five pages").  In fact, the Court's Individual Practices set no limit on the number of pages for any filing.

    .

Kontilai's Asylum Application as Basis for Withholding or Objecting to Discovery

        This application has come about because, according to the Government, JRF, and the Holders, Kontilai has refused to engage in any discovery based on the alleged pendency of his Russian asylum application.  See Docket # 366; Docket # 366-2 (sampling of Kontilai's discovery objections); Docket # 379; Docket # 379-1 (Kontilai's responses to JRF's discovery requests); Docket # 379-2 (same); Docket # 411 at *4; Docket # 412 at 1.  While Kontilai has objected to some discovery requests on other grounds, see, e.g., Docket # 366 at 5-6, JRF suggests that he is not pressing any of those objections now, see Docket # 379 at 2 ("counsel for Kontilai confirmed that he was not withholding documents on the basis of his objections that are unrelated to Kontilai's asylum application. . . . For the sake of clarity, Kontilai's refusal to produce discovery in this case relies solely on his asylum-based objections."), and Kontilai's responsive letter addresses only the asylum-based objections, see Docket # 411.

        Turning to the asylum-based objections, we reject Kontilai's argument that the pendency of the asylum application provides any basis for his not participating in or objecting to any discovery requests.  Kontilai fails to articulate in any comprehensible form the basis for his objection.  All he says is that responding to discovery would potentially "prejudice his asylum application."  Docket # 411 at *4.  He never explains, however, how or why the asylum application could be prejudiced.  He also fails to cite to any legal principle or case to support his position.

        Kontilai uses the term "burden" several times and at one point refers to the discovery requests as being "unduly burdensome."  See, e.g., Docket # 411 at *4.  Thus, while he fails to cite the provision, the Court assumes that Kontilai is invoking Fed. R. Civ. P. 26(c)(1), which permits a court to issue a protective order where a party shows "undue burden."  However, Kontilai literally never describes this burden and thus plainly has not met his obligation to prove that burden.

        Reading between the lines of his submission, Kontilai hints that if he participates in discovery, his asylum application might be denied.  Docket # 411 at *5 (adverting to the Government's purported argument that "there can never be any burden upon applicants if their asylum applications are denied by participating in discovery").  If this is Kontilai's argument, it is meritless.  Kontilai is legally obligated to respond to discovery requests.  If Russia weighs his alleged fear of persecution in the United States differently because Kontilai complies with these important legal obligations, the Court finds that any such "burden" is not "undue."  Notably, Kontilai does not cite to a single case that finds undue burden in circumstances that even remotely approximate the situation presented here.  Indeed, he does not cite to any cases at all.

        Kontilai suggests that the Court should delay proceedings to "have the issue addressed by experts in asylum" through formal briefing.  Id.  The Court rejects the request for formal briefing because it fails to comply with paragraph 2.A of the Court's Individual Practices and also because Kontilai cannot even articulate what arguments could be made that would justify his refusal to participate in discovery.  To the extent that the request for formal briefing is an attempt to obtain additional time to make this showing, that request is rejected as Kontilai has not shown "good cause" to obtain an extension of the date set by the Court to make these arguments.  See Fed. R. Civ. P. 6(b)(1).

Non-Asylum Objections to Discovery Requests

As noted, it is unclear whether Kontilai is seeking to justify his other objections to the discovery requests.  The Court has examined the objections, see, e.g., Docket # 366 at 5-6, and finds them so far outside the bounds of what is permissible that the Court is tempted to follow the lead of Fischer v. Forrest, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017), and to simply find that all non-privilege objections have been waived.  Indeed, depending on what happens next, the Court may revert to this position.  For now, however, the Court notes that the objections are completely unspecific and fail to comply with the requirement that for each document request, "the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).  Also, any objection to a document request must "state whether any responsive materials are being withheld on the basis of that objection."  Fed. R. Civ. P. 34(b)(2)(C).  Objections to interrogatories are also required to state the objection "with specificity."  Fed. R. Civ P. 33(b)(4).

Again, it is unclear if Kontilai is even pressing any of these objections.  Nonetheless, the Court will give Kontilai the opportunity to file new responses to the discovery requests within 7 days of the date of this Order as long as the responses (1) do not raise the asylum objections and (2) comply with the Federal Rules of Civil Procedure.  If any document is being withheld on the basis of privilege, a privilege log must be filed at the same time as the discovery response.  If no new responses are filed, all remaining objections are deemed waived and any interrogatory responses and documents shall be produced within 3 business days thereafter.

Sufficiency of Objections to the Requests for Admissions

In its letter, the Government asserts that Kontilai's objections to the requests for admissions constituted boilerplate and are otherwise improper (Docket # 366 at 6).  Kontilai's only response to this assertion is to say that certain responses were "scriveners' errors" and that "amended responses would be served."  Docket # 411 at *6.  This response fails to address the issues raised in the Government's letter.  Moreover,  Kontilai (or his counsel's) conduct borders on the frivolous inasmuch as it can hardly be a "scrivener's error" to repeatedly make improper objections.

The Court has examined Kontilai's objections to the requests for admissions.  Virtually every objection is improper for one reason or another.  To highlight but one category of error among a multitude of errors, Kontilai repeatedly objects to requests for admissions "to the extent" they have some purported defect.  This is not permissible.  Either a request for admission suffers from a defect or it does not.  If it does, that defect must be specified.  It is completely unacceptable to object to a request for admission "to the extent" it might be objectionable.  Rather, the actual "grounds for objecting to a request must be stated."  Fed. R. Civ. P. 36(a)(5).  And it will hardly solve the problem to eliminate the words "to the extent."  For example, it is frivolous to make an objection that a request for admission "attempts to impose burdens on Kontilai not imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court"

without specifying the burden.  Kontilai (or counsel) is warned that he may be sanctioned if frivolous objections are made in the future.

Kontilai is given leave to file new responses to the requests for admissions within 7 days of the date of this Order provided the new responses comply with this Order and the Federal Rules of Civil Procedure.  If he fails to do so, all objections will be deemed waived and responses to the requests for admission will be due 3 business days thereafter.

Finally, the deadlines contained in this Order may be extended by the parties by mutual agreement and without Court order as long as the new date or dates are disclosed to the Court in a letter filed on ECF.

So Ordered.

Dated: July 6, 2020
         New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge