UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,                          :           ORDER

       Plaintiff,                                  :           19 Civ. 4355 (LGS) (GWG)

  -v.-                                                           :

COLLECTOR'S COFFEE INC., et al.,              :

       Defendants.                                :
-----------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      The Court has reviewed letters from the Government (Docket # 396) and defendant Veronica Kontilai (Docket # 407) regarding the Government's motion to compel Veronica Kontilai to appear for a deposition pursuant to Fed. R. Civ P. 37(a) and for an adverse-inference sanction pursuant to Fed. R. Civ. P. 37(d)(1)(A) until such deposition occurs. Intervenor-plaintiffs have joined the Government's motion (Docket # 397).

      The Court agrees that Veronica Kontilai's shifting reasons for her purported inability to appear at her deposition are troubling. The Court is not prepared to impose sanctions at this time, however, without further information. The Court notes that it is Veronica Kontilai's responsibility to prove that she is unable to be deposed, which the Federal Rules of Civil Procedure require that she raise by means of a motion for a protective order. See Fed. R. Civ. P. 37(d)(2) (failure to appear at a noticed deposition is sanctionable unless "the party failing to act has a pending motion for a protective order under Rule 26(c)"). The Court does not understand why any effort to provide information about her condition should be affected by the need to obtain a release pursuant to the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §§ 1320d-1, 1320d-3, 1320d-5, 1320d-7. First, such a release is easily prepared and signed. Second, the Court is not aware that HIPAA prevents a doctor from giving a patient's medical records to the patient herself or that the Act prevents a patient from giving such records to her attorney or anyone else.

      Accordingly, unless by July 13, 2020, Veronica Kontilai states in writing that her condition will permit her to be deposed beginning on July 27, 2020, and continuing indefinitely thereafter, Veronica Kontilai shall file a motion for a protective order on or before July 13, 2020. Briefing shall be governed by paragraphs 2.B through 2.F of the Court's Individual Practices.

      To the extent that other parties seek discovery with respect to the motion for a protective order (for example, an examination pursuant to Fed. R. Civ. P. 35 or a deposition of a treating physician or psychiatrist), they may make a letter application to the Court to suspend briefing for

1

2

this purpose. Any such application may be filed either before or after Veronica Kontilai files her motion for a protective order.

      Finally, the deadlines contained in this Order may be extended by the parties by mutual agreement and without Court order as long as the new date or dates are disclosed to the Court in a letter filed on ECF.

So Ordered.

Dated: July 6, 2020
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge