UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                :
UNITED STATES SECURITIES AND                                    :
EXCHANGE COMMISSION,                                            :            ORDER
                                                                :
       Plaintiff,                                              :            19 Civ. 4355 (LGS) (GWG)
                                                                :
  -v.-                                                          :
                                                                :
COLLECTOR'S COFFEE INC., et al.,                                :
                                                                :
       Defendants.                                            :
---------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

       The Court is in receipt of letters from the Collector's Coffee, Inc. ("CCI") (Docket # 420), Intervenors (Docket ## 421, 422), and the Government (Docket # 424) regarding the number of depositions to be taken and the remaining schedule in this matter.

       We address each issue separately.

<u>Number of Depositions</u>

       CCI seeks to enlarge the presumptive limit on the number of depositions contained in Fed. R. Civ. P. 30(a)(2)(A)(i). It seeks to expand the number to "30 per side in the SEC action" with "10 additional depositions in the Intervenor Action" (Docket # 420 at 1). Thus, it appears CCI seeks 40 depositions in total.

       We begin by rejecting the Government's claim that "CCI agreed to a limit of 10 depositions and the Court entered a scheduling order with that limit on October 16, 2020 [sic]." Docket # 424 at 7; <u>accord</u> <u>id.</u> (CCI "agreed to a limit of 10 [depositions] in October 2019.") The only citation given by the Government to support this proposition is a proposed and entered scheduling order (Docket ## 121, 124) that merely lists the names of witnesses "expected at this time" to be deposed. Contrary to the Government's claim, these documents do not reflect that CCI agreed to a 10-deposition "limit."

       Turning to the merits of CCI's request, any application to expand the 10-deposition limit in Fed. R. Civ. P. 30(a)(2)(A)(i) must be considered in conjunction with Fed. R. Civ. P. 26(b)(1), which provides that a party may obtain discovery only where the discovery is

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

1

CCI's application falls far short of allowing the Court to make the finding that any increase in the number of depositions — let alone a fourfold increase — meets this standard. The letter lists a number of parties that CCI wishes to depose but gives no information that would allow the Court to consider the factors in Fed. R. Civ. P. 26(b)(1). The application is thus denied.

The Court will not bar an application in the future to enlarge the 10-deposition limit but warns CCI that it should not assume any particular outcome and thus it should consult with the other defendants and arrange with them to conduct the 10 depositions most critical to the defendants' case given that the defendants may not be entitled to any more. Also, the Court directs that CCI (and any other party) must make any application for additional depositions on or before August 10, 2020, and only after consulting with all parties to ascertain their positions and in an attempt to reach agreement as to particular deponents. Any application must describe in full the need for the additional depositions. The pendency of any future application should not prevent the scheduling of depositions that would take place if the 10-deposition limit remained in effect.

Extension

CCI seeks a 90-day adjournment of the deadlines for discovery. The Intervenors do not oppose this application as to the claims between them and the other parties, though they ask that the Court order certain interim deadlines. The Government does not object to an extension for discovery regarding the Intervenors' action but opposes an extension for discovery related to its own action.

We begin by noting that CCI has declared that while it is responding to discovery in the Intervenors' action, it is not conducting discovery in that action on the ground that CCI has filed a motion seeking dismissal of the Intervenors' complaint (Docket # 420 at 4). CCI of course is free to take no discovery at all. But CCI may wish to consider the fact that there is no stay of discovery, that the filing of their motion challenging the complaint did not operate as a stay of discovery, that the future filing of any motion to stay discovery will not operate as a stay of discovery, and that CCI will have to bear the consequences of its failure to pursue discovery.

We also note that the Court does not accept CCI's contention that discovery has been delayed because any deponent or attorney insisted that a deposition be conducted in person rather than by telephone or video. Putting aside the fact that the Government says this contention is false, if there is disagreement as to how to conduct a deposition, any disagreement must be brought to the Court promptly. Under current conditions, the Court cannot imagine that it would refuse to grant an application by any party to conduct a deposition remotely notwithstanding another party taking a contrary position.

As for the request for the 90-day extension, an extension of a deadline in a Rule 16 order may be granted where "good cause" is shown for an extension. Fed. R. Civ. P. 16(b)(4).[1] CCI

---

[1] The Government sees a distinction between "good cause" as used in Fed. R. Civ. P. 6(b)(1) and "good cause" as used in Fed. R. Civ. P. 16(b)(4) (Docket # 424 at 1-2). The

has attempted to show that it is now diligently making efforts to pursue the discovery it needs. The Government has countered with some points suggesting a lack of good cause — for example, that CCI's prior counsel made almost no effort to conduct discovery; that counsel has not been forthcoming as to the location of CCI's principal, Mykalai Kontilai; and that there is strong evidence that Kontilai is deliberately trying to delay this case — an accusation bolstered by the numerous frivolous or near-frivolous objections Kontilai's counsel has made to discovery requests (see Docket # 427). But CCI is not Kontilai, and the relief to be granted to the corporation does not necessarily mirror what Kontilai deserves. And notwithstanding prior counsel's lack of attentiveness to the case, we believe that the extension requested is appropriate in light of the difficulties in pursuing discovery during the current pandemic and the lack of significant prejudice to any other party. The appropriateness of an extension is even more obvious in the Intervenors' case and has not been opposed by any party.

As for the interim deadlines, the letters are remarkably unclear whether CCI is agreeing to them or not. CCI's refers to the "parties" having "agree[d]" to "certain conditions," which the Court assumes is a reference to the interim deadlines. See Docket # 420 at 1 ("The parties did agree, with respect to the Intervenor Action only, to extend the discovery cutoff for 90-days, subject to certain conditions, which are being discussed and are expected to be set forth in a separate letter by Mr. Schonfeld, counsel for the Intervenor Plaintiffs."). The Intervenors suggests that CCI agrees to "some but not all" of the deadlines and that CCI would be setting forth its position in a subsequent letter (Docket # 421 at 2). But no such letter has been filed. Be that as it may, the Court finds some of the deadlines to be sensible and will thus Order two of them.[2] Additionally, they shall apply not just to the Intervenors' action but to the entire case.

Accordingly, it is ORDERED that the parties shall observe the following interim deadlines:

  A.  CCI shall file any motion to compel Debevoise & Plimpton LLP to produce discovery in response to its subpoena on or before July 15, 2020.

  B.  Notices for all party depositions must be served by September 1, 2020.

The parties may agree to extend deadline "A" or "B" without Court Order.

Conclusion

---

Government has not pointed to any case law or other authorities supporting the notion that the drafters of the Federal Rules of Civil Procedure intended any difference in the meaning of the term "good cause" in these two rules. And the Court does not see why there would be such a distinction.

  [2]  The Court does not understand what is meant by "supplemental party discovery requests" and thus will not be ordering a deadline as to any such requests. Also, the Court does not understand why document production in response to existing discovery requests should be extended to September 1, 2020, by Court order. The parties remain free to stipulate to a deadline later than that otherwise provided in the Federal Rules. See Fed. R. Civ. P. 34(b)(2)(A).

The existing scheduling order will be modified to comport with the 90-day extension request. The Court has not granted a concomitant extension for the deadline for post-fact-discovery scheduling proposals because the time period between the close of fact discovery and the deadline for those proposals seems unnecessarily long. According, the Court hereby orders as follows:

1. All fact discovery shall be completed by November 16, 2020.

2. On or before November 23, 2020, the parties shall file a letter on ECF with a proposal for a schedule for (a) the completion of expert discovery, if any; (b) the filing of any letter to Judge Schofield requesting permission to make a summary judgment motion; and/or (3) the submission of pretrial materials as required by Judge Schofield's Individual Practices.

So Ordered.

Dated: July 8, 2020
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge