UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                    :
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,                                :           ORDER

       Plaintiff,                                   :           19 Civ. 4355 (LGS) (GWG)

  -v.-                                              :

COLLECTOR'S COFFEE INC., et al.,                    :

       Defendants.                                  :
---------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      The Court is in receipt of letters from defendant Mykalai Kontilai (Docket # 430) and the plaintiff ("SEC") (Docket # 431) regarding the briefing schedule on the SEC's motion to hold Kontilai in contempt (Docket # 414).[1]

      Kontilai seeks an extension of his response date to the motion. Although he says he can respond to some grounds raised in the motion by July 17, 2020, he does not specify what date he requires to respond to the remaining grounds. Of course, there will be only one response to the motion, so this date must be fixed as to all grounds.

      Kontilai's request for an extension appears to be premised on a desire to obtain discovery to oppose the motion and to obtain another attorney to advise him. As to the first issue, given that the factual accusations of misconduct relate to matters directly within Kontilai or his attorney's knowledge, it is not obvious why he should need any discovery to respond to the motion. Kontilai is free to deny under oath any accusations if he wishes to do so. Moreover, the only discovery Kontilai mentions in his letter relates to the SEC's interactions with an individual identified as "Mark Dougan" whose role Kontilai never directly explains. Thus, the need for discovery by Kontilai to deny the SEC's claims of misconduct has not been shown. In any case, the Court will not be resolving any genuinely disputed factual issues in deciding the SEC's motion unless it holds a hearing. If a hearing is held, Kontilai will be free to cross-examine witnesses called by the SEC. He will also be free to call witnesses of his own, if appropriate. Based on the record currently before this Court, this procedure will provide all the process to

---

[1] In his letter, Kontilai points out that the SEC's motion does not match the grounds of the letter in which it sought permission to make the motion (Docket # 430 at *1), and seeks to "strike" part of the motion on these grounds, id. at *2, or require the SEC to seek permission to file a motion containing the new grounds, id. at *3. That request is denied. Rather, the Court waives the pre-conference requirement as to the other grounds.

1

which Kontilai is due.  He is not entitled to delay his response to the motion simply to conduct discovery.

As to the desire to consult with another attorney, Kontilai does not explain why this should be a lengthy process.  Accordingly, this reason does not justify a delay in the briefing schedule.

Kontilai's letter also may be read to seek permission to "strike" portions of the SEC's filings.  Kontilai does not provide any legal basis for such a motion.  Fed. R. Civ. P. 12(f) contemplates a motion to strike material from a "pleading" — but no pleading is at issue here.  Thus, any challenges to the materials filed by the SEC in support of the contempt motion shall be addressed by Kontilai in his opposition to the motion — not by means of a motion to "strike."

Before setting a briefing schedule, however, the Court raises one important issue.  The Court has examined the SEC's papers and is troubled that the papers do not make clear what source of authority the SEC is invoking.  The notice of motion (Docket # 414) says the SEC seeks "contempt and sanctions."  But the notice cites to a case that refers not to the contempt power at all but rather only to the "inherent power" of the Court to impose sanctions, see Docket # 414 at 2 (citing Azkour v. Maucort and Little Rest Twelve, Inc., 2018 WL 502674, at *7 (S.D.N.Y. Jan. 18, 2018), appeal dismissed, 2018 WL 3956591 (2d Cir. June 21, 2018)) — a power that does not require a finding of contempt.

Also creating confusion is the fact that the opening of the argument section of the SEC's brief lays out the elements only of a claim of civil contempt (Docket # 415 at 13) without referencing the standard applicable to a dismissal based on a court's inherent powers.  At the same time, however, the SEC seeks "terminating sanctions" — that is, a default —against Mykalai Kontilai (Docket # 415 at 1, 23-24).  The civil contempt power, however, cannot be used to punish a defendant; rather, it can be used only to "secure future compliance with court orders and to compensate the party that has been wronged."  Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 657 (2d Cir. 2004) (civil contempt remedies "may not be imposed as a purely punitive measure") (citation omitted). Thus, we do not see how the civil contempt power could be used to obtain the remedy of a default.[2]

---

[2] We recognize that the Supreme Court has used the word "contempt" to describe the instances where a court's "inherent power" to punish a litigant has been exercised, see, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991) — a power that certainly includes the remedy of default, see, e.g., Abante Rooter and Plumbing, Inc. v. Shore Funding Sols., Inc., 2019 WL 2436239, at *9 (E.D.N.Y. Mar. 6, 2019), adopted by 2019 WL 1986606 (E.D.N.Y. May 6, 2019).  But Chambers has been consistently cited by the Second Circuit not as setting forth the law regarding civil contempt but rather for the purpose of showing that a Court has inherent power to punish a litigant for abusive litigation tactics, as one of the cases cited by the SEC recognizes.  See, e.g., DLC Mgt. Corp. v. Town of Hyde Park, 163 F.3d 124, 136 (2d Cir. 1998).  To our knowledge, Chambers has not been cited in this Circuit for the proposition that a remedy of default is a permissible sanction based on a finding of civil contempt.

Further muddying the waters is the fact that <u>none</u> of the cases cited by the SEC in the section of its brief that sets forth the basis for its request for sanctions, <u>see</u> Docket # 415 at 22-24, are civil contempt cases at all.  Rather, every case involves either the court's inherent power to punish litigants for noncompliance with court orders or spoliation sanctions under Fed. R. Civ. P. 37.  See <u>DLC Mgt. Corp.</u>, 163 F.3d at 136; <u>Anheuser-Busch, Inc. v. Nat'l Bev. Distributors</u>, 69 F.3d 337, 348 (9th Cir. 1995); <u>United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO</u>, 948 F.2d 1338, 1343 (2d Cir. 1991) (relying on "Rule 11, 28 U.S.C. § 1927, and the court's inherent power"); <u>Gutman v. Klein</u>, 2008 WL 4682208, at *12 (E.D.N.Y. Oct. 15, 2008), <u>adopted by</u> 2008 WL 5084182 (E.D.N.Y. Dec. 2, 2008); <u>S. New Eng. Tel. Co. v. Global NAPs, Inc.</u>, 251 F.R.D. 82, 96 (D. Conn. 2008); <u>Metro. Opera Ass'n v. Local 100, Hotel Employees & Rest. Employees Int'l Union</u>, 212 F.R.D. 178, 230 (S.D.N.Y. 2003), <u>adhered to on reconsideration</u>, 2004 WL 1943099 (S.D.N.Y. Aug 27, 2004).

In the end, the SEC's brief could be read as seeking sanctions under the court's civil contempt power (and thus solely to ensure future compliance with existing orders), <u>see</u>, e.g., <u>Paramedics Electromedicina Comercial, Ltda.</u>, 369 F.3d at 657; as seeking sanctions under the Court's inherent powers, <u>see</u>, e.g., <u>DLC Mgt. Corp.</u>, 163 F.3d at 136; as seeking sanctions under Fed. R. Civ. P. 37 for disobeying discovery obligations, <u>see</u>, e.g., <u>Agiwal v. Mid Island Mortg. Corp.</u>, 555 F.3d 298, 302 (2d Cir. 2009); or as seeking a remedy for spoliation, <u>see</u>, e.g., <u>Klipsch Grp., Inc. v. ePRO E-Com. Ltd.</u>, 880 F.3d 620, 628 (2d Cir. 2018).  The elements required to obtain relief under these various bases differ, however.  The Court and the defendants are entitled to know precisely which of these bases are being relied on by the SEC and which sanction each basis supports.  And the Court along with the defendants are entitled to a brief that lays out the elements of what must be proven for each of the bases that the SEC relies on.

Having said this, the Court assumes that the SEC will accept the Court's invitation to withdraw its previously-filed motion and file a new motion that makes clear which doctrines form the basis of its motion and which remedies pertain to which doctrine.  If it fails to do so, it is warned that its motion may be denied in whole or in part for lack of clarity.

In light of the above, the Court will not hold defendants to the previous deadline for a response.  The defendants certainly should not stop their efforts to prepare their response to the motion, however.  The lion's share of preparation by the defendants will revolve around contesting the factual allegations, not the particular legal bases for the sanctions sought.  These allegations are unlikely to change if a replacement motion is filed.  Thus, nothing we have said in this Order should prevent the defendants from continuing the work necessary to respond to the SEC's motion.

On or before July 17, 2020, the SEC shall either file a new motion and brief or file a letter stating that it intends to rely on its previously-filed papers.  The defendants' response shall be due July 31, 2020.  The SEC may file a reply within 14 days of the filing of the opposition papers.  The parties may agree to extend these deadlines without Court order provided any agreement is disclosed to the Court by means of a letter filed on ECF.

So Ordered.

Dated: July 9, 2020
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge