```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES SECURITIES AND          :
EXCHANGE COMMISSION,                  :
                    Plaintiff,        :
                                      :        19 Civ. 4355 (LGS)(GWG)
              v.                      :
                                      :        OPINION & ORDER
MYKALAI KONTILAI, COLLECTOR'S         :
COFFEE, INC., et al.                  :
                    Defendants        :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

In May 2019, the United States Securities and Exchange Commission ("SEC") brought civil fraud charges against Mykalai Kontilai ("Kontilai") and Collectors Coffee, Inc. ("CCI," collectively "Defendants"). On April 24, 2020 (the "April Order"), Magistrate Judge Gabriel Gorenstein (1) directed Kontilai to "produce all tax returns since the 2014 tax year that are in his 'possession, custody or control'" and (2) denied the SEC's application to compel Kontilai to produce certain real property records on the grounds that "the SEC literally offers no argument to counter Kontilai's assertion of the Fifth Amendment privilege." Both the SEC and Kontilai moved for reconsideration of the April Order.

On June 1, 2020, Judge Gorenstein ruled on the motions for reconsideration (the "June Order"), and (1) denied Kontilai's motion for reconsideration of the April Order's direction to produce the tax returns, and (2) granted in part the SEC's motion for reconsideration of the April Order's denial of the SEC's motion to compel, "to the extent of permitting the SEC to address the merits of Kontilai's Fifth Amendment argument" in a supplemental brief. On June 15, 2020, Kontilai filed timely objections (the "Objections") to Judge Gorenstein's June Order pursuant to Fed. R. Civ. P. 72(a). For the following reasons, the Objections are overruled and the June Order is adopted in its entirety.

I.      **Standard of Review**

"Matters concerning discovery generally are considered 'nondispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *accord David v. Weinstein Co. LLC*, No. 18 Civ. 5414, 2020 WL 4042773, at *3 (S.D.N.Y. July 17, 2020). A magistrate judge's order granting a nondispositive motion may be overturned only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "An order is 'clearly erroneous' when the entire evidence leaves the district court 'with the definite and firm conviction that a mistake has been committed.'" *Nike, Inc. v. Wu*, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) (quoting *FDIC v. Providence Coll.*, 115 F.3d 136, 140 (2d Cir. 1997)). "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (internal quotation omitted). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Winfield v. City of New York*, No. 15 Civ. 5236, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (quotation and citation omitted). "Thus, the party seeking to overturn a magistrate judge's decision carries a heavy burden." *Weinstein Co. LLC*, 2020 WL 4042773, at *3 (quotation marks and alterations omitted).

II.     **DISCUSSION**

    A.      **Tax Records**

Kontilai's objection to the June Order denying Kontilai's motion for reconsideration is overruled.

In the April Order, Judge Gorenstein held that "Kontilai's invocation of the Fifth Amendment as to the production of his tax returns is overruled" and ordered him to "produce all his tax returns since the 2014 tax year that are within his 'possession, custody, or control.'" In the June Order, Judge Gorenstein declined to reconsider the April Order on two separate grounds.

2

First, Judge Gorenstein found that Kontilai had not raised the argument he made in his motion for reconsideration that the SEC had not "met the heightened burden required to compel production of tax returns" in his opposition to the SEC's initial application to compel, and denied the motion for reconsideration on that ground alone. Judge Gorenstein also distinguished the case cited by Kontilai in support of the argument, *Commodity Futures Trading Comm'n v. Thomas W. Collins*, 997 F.2d 1230 (7th Cir. 1993). Second, Judge Gorenstein found that "Kontilai's 'heightened standard' argument fails on the merits," applying the "compelling need" standard required by the Second Circuit. *See Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018). Judge Gorenstein reasoned that:

> [t]here is a compelling need for Kontilai's tax returns because Kontilai is not offering to produce any other contemporaneous documents from which his income can be determined. Other sources, such as CCI's records or testimony from third parties will only demonstrate part of the picture. And it was Kontilai who put his income at issue by claiming that he was owed a salary from CCI. Moreover, CCI has repeatedly stated that it has no records beyond what is given to the SEC.

(citations omitted). Finally, Judge Gorenstein rejected Kontilai's argument that "[t]he SEC should be held to an especially high bar here given the language of the recently entered protective order allowing the SEC to share information and documents with 'government personnel in connection with any parallel criminal case,'" because the Court had entered the protective order with the understanding that Kontilai would be disclosing his tax returns, and directing the disclosing party to see protection under Fed. R. Civ. P. 26(c) if warranted. This analysis and ruling are not clearly erroneous or contrary to law.

Kontilai first objects to the June Order on the ground that Judge Gorenstein adopted an "unjustifiably narrow reading of Kontilai's initial briefing" in finding that Kontilai had not raised the "heightened standard" argument in his initial briefing. He argues that his opposition raised

3

the argument by "quot[ing] extensively" from *Commodity Futures Trading Comm'n v. Thomas W. Collins*, and noting that the SEC "was permitted to question Kontilai" about its allegations and "seek proper substantiation" if necessary.  Kontilai's argument is unpersuasive; the April Order addressed and distinguished *Commodity Futures Trading Comm'n v. Thomas W. Collins*, and it was not clearly erroneous for the June Order to find that Kontilai's statement that the SEC is permitted to question Kontilai about its allegations did not suffice to raise the argument that the SEC is required to meet a "heightened standard" to successfully compel production of Kontilai's tax returns.  Kontilai's attempt to distinguish *City of Austin Police Ret. Sys. v. Kinross Gold Corp.* is also unsuccessful; the proposition that a party is "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so," 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013), is applicable here.

Kontilai also argues that Judge Gorenstein's finding of a "compelling need" was contrary to law because Judge Gorenstein did not make independent factual findings.  But Judge Gorenstein found that there was a compelling need for the tax returns because other sources "will only demonstrate part of the picture" and "CCI has repeatedly stated that it has no records beyond what is given to the SEC."  Kontilai does explain why this finding was incorrect.[1]  Kontilai further argues that Judge Gorenstein should have inquired whether the SEC sought the information from alternative sources, but fails to demonstrate why such an inquiry is necessary

---

[1] In an uninvited Reply in support of his Objections, Kontilai argues that a letter motion filed by CCI seeking an extension of discovery shows that CCI is engaged in extensive third-party discovery, and the SEC should be required to examine the discovery produced through those subpoenas prior to seeking production of Kontilai's tax returns.  But nothing in CCI's letter shows that the information sought through its third-party discovery would provide the information sought by the SEC that is contained in Kontilai's tax returns.

once the Court finds that the information is not available from other sources.  The objection is overruled.

### B. Real Property Records

Kontilai's objection to the June Order granting in part the SEC's motion for reconsideration is overruled.

The April Order denied the SEC's request to compel certain real property records.  The arguments made in the initial briefing referenced a Temporary Restraining Order (the "TRO") issued by the Court in May 2019, requiring Kontilai to produce a sworn accounting of his accounts, assets and transactions.  The parties agreed to modify the TRO after Kontilai sought relief from production based on an assertion of his Fifth Amendment rights.  In July 2019, the Court issued the proposed amendment to the TRO, which provided that:

> [Kontilai must] produce to the SEC all financial institution or brokerage firm statements maintained in the name of any defendant that are in his custody or control, all documents in his custody or control evidencing title to real or personal property in which any defendant has any direct or indirect beneficial interest, and all documents in his custody or control pertaining to defendants' asset transfer on or after April 1, 2014 to other defendants or former or current employees or officers of Collector's Café.

The SEC's arguments in the initial briefing focused on the fact that Kontilai agreed to the modification of the TRO without making a Fifth Amendment objection and did not address the merits of Kontilai's argument that the requested records are covered by his Fifth Amendment act-of-production privilege.  The April Order accordingly denied the SEC's motion to compel on the ground that that the SEC had failed to address the privilege argument entirely.  Upon reconsideration, the June Order "accept[ed] that the SEC acted reasonably in addressing only the effect of [the TRO] instead of addressing the merits of Kontilai's Fifth Amendment assertion."

On that basis, the June Order granted in part the SEC's motion for reconsideration and allowed the SEC to "address the merits of Kontilai's Fifth Amendment argument."

Kontilai objects that "[b]y allowing the SEC to raise an argument that it chose not to raise in its initial briefing, the Magistrate Judge failed to apply the correct legal standard for reconsideration motions." But a "court has wide discretion to grant or deny a motion for reconsideration," *Belfiore v. Procter & Gamble Co.*, 140 F. Supp. 3d 241, 245 (E.D.N.Y. 2015), including to "prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). "The determination of '[w]hether such revision is appropriate in any given case is within the sound discretion of the trial judge.'" *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail Rigging, LLC*, No. 11 Civ. 3238, 2015 WL 545565, at *2 (S.D.N.Y. Feb. 9, 2015) (quoting *Acha v. Beame,* 570 F .2d 57, 63 (2d Cir.1978)). The June Order finding that "the SEC acted reasonably" in its decision not to brief the Fifth Amendment argument, and the ruling permitting additional briefing, is not clearly erroneous.[2]

Kontilai further argues that the June Order was internally inconsistent in permitting the SEC to brief an argument not previously raised, while also denying Kontilai's motion for reconsideration on the ground that he had not previously raised the "heightened standard" argument. But the June Order also addressed Kontilai's "heightened standard" argument on the merits and found it lacking. In any event, given the "highly deferential standard of review [in motions for reconsideration], magistrate judges are afforded broad discretion and reversal is appropriate only if that discretion is abused." *U1IT4LESS, Inc. v. FedEx Corp.*, No. 11 Civ.

---

[2] The Court need not consider the parties' arguments as to whether Kontilai's objections on this issue are premature, since Judge Gorenstein granted the SEC's motion for reconsideration following the supplemental briefing on July 24, 2020, and ordered production of certain real property records.

1713, 2015 WL 13663398, at *1 (S.D.N.Y. Jan. 23, 2015). The Court does not find that Judge Gorenstein abused his discretion by allowing supplemental briefing.

### III. Conclusion

For the reasons above, the Objections are OVERRULED. It is further ORDERED that, pursuant to the Order at Dkt. No. 382, Kontilai is directed to produce the tax returns within two business days of the issuance of this order.

Dated: August 4, 2020
      New York, New York

                                               **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**