# MEMORANDUM ENDORSED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                Plaintiff,

-against-

COLLECTORS COFFEE, INC
(d/b/a COLLECTOR'S CAFÉ) and
MYKALAI KONTILAI,

                Defendants, and

VERONICA KONTILAI,

                Relief Defendant.

Case No. 1:19-cv-04355-LGS-GWG

The SEC must have a lot of time on its hands to have filed Docket # 511 notwithstanding an agreement with opposing counsel resolving the issue raised by this motion (see Docket # 514). The motion for reconsideration (Docket # 489) is terminated as moot. Ms. Kontilai shall appear for her deposition on September 10 and 14, 2020, unless the parties agree otherwise in writing. Next time, please present such an agreement by means of a proposed stipulation and order.

So Ordered.

Dated: August 10, 2020

GABRIEL W. GORENSTEIN
United States Magistrate Judge

## RELIEF DEFENDANT VERONICA KONTILAI'S MOTION FOR RECONSIDERATION OF MOTION FOR PROTECTIVE ORDER

Pursuant to Local Civil Rule 6.3, Relief Defendant, Veronica Kontilai, makes this motion for reconsideration with respect to this Honorable Court's Order issued July 23, 2020 [Dkt. #469], denying Relief Defendant's motion for protective order [Dkt. #443]. Relief Defendant respectfully seeks reconsideration based upon newly received medical information supporting Relief Defendant's prior motion for protective order.

### FACTUAL BACKGROUND

On July 13, 2020, Relief Defendant filed a first motion for protective order [Dkt. #433] and her reply to the Plaintiff's opposition on July 17, 2020 [Dkt. #455]. In connection with the filing of the motion for protective order and the reply thereto, undersigned counsel's office diligently endeavored to obtain further written medical information from Ms. Kontilia's psychiatrist, Dr.

Laurence Saben, bearing upon the issue of "stabilization" without success. Although, there was a reported **verbal** indication that Dr. Saben opined such "stabilization" would likely be achieved within 60 days, the response to the request for Dr. Saben's professional medical opinion, in **written** form, was not received by undersigned counsel until late afternoon on July 22, 2020. ( It remains unclear as to the reason why a letter dated July 18, 2020 was first provided to undersigned counsel late in the afternoon of July 22, 2020.) [Attached as "Exhibit A" to Application For Filing Under Seal being filed contemporaneously herewith.]

This Honorable Court did not have the benefit of the updated **written** medical opinion issued by Dr. Saben bearing upon the timing of Relief Defendant Veronica Kontilai's deposition, when the court issued its order on the morning of July 23, 2020 [Dkt. # 469]. Understandably, the absence of any written confirmation supporting the requested 60 day delay in scheduling Veronica's deposition gave rise to the court's unfavorable reaction to the "double hearsay statement" when referencing Veronica Kontilai's reply brief which identified that "it was reportedly revealed" that Dr. Saben's office stated that Dr. Saben "expects" Veronica would achieve sufficient stabilization to be deposed in 60 days. [*Id*. at 1, fn.1]

## ARGUMENT

### I. STANDARD FOR MOTION FOR RECONSIDERATION

Under Local Civil Rule 6.3, a motion for reconsideration may be granted where (1) the moving party can show an intervening change in the controlling law; (2) upon discovery of new evidence not previously available; or (3) on a showing of the need to correct a clear error of law or prevent manifest injustice. In re *Beacon Associates Litig.*, 818 F. Supp. 2d 697, 701-02 (S.D.N.Y. 2011) (granting motion for reconsideration); see also *Catskill Dev., L.L.C. v. Park Place Entm't*

*Corp.*, 154 F.Supp.2d 696, 701 (S.D.N.Y.2001).

When assessing a motion for reconsideration, a district court must "narrowly construe and strictly apply" Local Rule 6.3 in order to "avoid duplicative rulings on previously considered issues" and to prevent the rule from being used to advance theories not previously argued or as "a substitute for appealing a final judgment." *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002); see also *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61-62 (2d Cir. 1986)).

Relief Defendant seeks reconsideration under the second factor, *supra*. In particular, there is newly advanced evidence in the form of a written professional medical opinion by Veronica's psychiatrist, Dr. Saben, which bears upon the reasonable request to briefly delay Veronica's deposition until mid-September 2020.

Relief Defendant Veronica Kontilai submits Dr. Saben's letter in support of her request to briefly delay her deposition and to more fully develop the record demonstrating medical necessity for requesting such relief.

Reconsideration may be granted to prevent a "manifest injustice," correct "clear errors," or hear newly discovered evidence that bears upon the court's decision. E.g., *Munafo v. Metropolitan Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). As for newly discovered evidence, it must establish facts existing at the time of the court's original decision but of " 'which the moving party' " was " 'excusably ignorant despite using due diligence to learn about them.' " *Laros v. Megasol Cosmetic GMBH*, 03-CV-8820 (RO), 2006 U.S. Dist. LEXIS 15778, at *5-6 (S.D.N.Y. March 31, 2006)

(quoting *Fidelity Partners, Inc. v. First Trust of New York*, 58 F.Supp. 2d 55, 59 (S.D.N.Y. 1999)).

For the reasons set forth above, Relief Defendant Veronica Kontilai meets the standard for reconsideration, in order to provide this Honorable Court a more robust revelation of the medical opinions undergirding Dr. Saben's professional medical opinion concerning the propriety of briefly delaying the scheduling of Veronica's deposition.

## CONCLUSION

Given the recent production of Dr. Saben's written professional medical opinion detailing that Relief Defendant is not currently fit to provide testimony in the context of a deposition and requires sixty (60) days to achieve the measure of stabilization sufficient to sit for her deposition, demonstrates good cause for the issuance of a temporary protective order from this Honorable Court to briefly delay Veronica's deposition.

Respectfully submitted,

T. LOUIS PALAZZO, ESQ.
PALAZZO LAW FIRM
A PROFESSIONAL LAW CORPORATION
520 S. 4TH St., 2nd Floor
Las Vegas, Nevada 89101
Phone: (702) 385-3850
Email: louis@palazzolawfirm.com

*/s/ T. Louis Palazzo*
T. LOUIS PALAZZO, ESQ. (*pro hac vice*)
Counsel for Relief Defendant, Veronica Kontilai

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2020, I served a true and correct copy of the foregoing Relief Defendant Veronica Kontilai's Memorandum of Points and Authorities in Support Motion For Reconsideration of Motion For Protective Order upon counsel of record and pro se parties via e-mail and/or U.S. Mail at the following addresses:

Terry Miller
Mark Williams
Gregory Kasper
U.S. Securities & Exchange Commission
1961 Stout St., Suite 1700
Denver, CO 80294
millerte@sec.gov
williamsml@sec.gov
kasperg@sec.gov

Curtis Alva
Alva & Gleizer
901 N Olive Ave.
West Palm Beach, FL 33401
curtis@alvagleizer.com

Guillermo Ariel Gleizer
Guillermo Gleizer
347 5th Ave, Ste 1402
New York, NY 10016
Ari.gui@gmail.com

Steven Sessa
Steven C. Sessa P.A.
West Palm Beach, FL 33401
sessalaw@aol.com
*Counsel for Mykalai Kontilai*

Stanley C. Morris
Brian T. Corrigan
Corrigan & Morris LLP
12300 Wilshire Blvd., Ste. 210
Los Angeles, CA 90025
scm@cormorllp.com
bcorrigan@cormorllp.com
alopresti@lopresti.one
*Counsel for Collector's Coffee, Inc. (d/b/a Collectors Café)*

Richard A. Schonfeld
Chesnoff & Schonfeld
520 South Fourth Street
Las Vegas, Nevada 89101
rschonfeld@cslawoffice.net
*Counsel for Intervenor-Plaintiffs*

Seth Eliot Spitzer
Cristina Isabel Calvar
Winston & Strawn LLP (NY)
200 Park Ave
New York, NY 10166
sspitzer@winston.com
ccalvar@winston.com

Dan K. Webb
Michael P. Roche
Winston & Strawn LLP (IL)
35 West Wacker Dr.
Chicago, IL 60601
dwebb@winston.com
mroche@winston.com
*Counsel for the Jackie Robinson Foundation*

Amelia R. Garza-Mattia
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
AGarzaMattia@winston.com
*Counsel for The Jackie Robinson Foundation*

                                              */s/ Miriam V. Roberts*