UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                :
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,                                            :        ORDER

       Plaintiff,                                               :        19 Civ. 4355 (LGS) (GWG)

  -v.-                                                          :

COLLECTOR'S COFFEE INC., et al.,                                :

       Defendants.                                              :
---------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      The Court has considered the parties' letters regarding Mykalai Kontilai's application to hold his deposition in a location other than New York (Docket ## 478, 487, 498, 499, 501). Having considered the factors applicable to such an application, which include cost, convenience, litigation efficiency of the designated location, and safety of the parties, see SEC v. Aly, 320 F.R.D. 116, 118 (S.D.N.Y. 2017), the Court concludes that holding the deposition by videoconference would vindicate important interests of safety given the current global pandemic.

      Kontilai seeks to have the deposition held either in Minsk, Belarus, or the Ukraine, with a preference for Minsk because it is only a "five" hour drive from Moscow (Docket # 498 at *5).[1] But he provides no evidence to support the contention that Minsk is in fact a "five" hour drive from Moscow — or, indeed, that it is appreciably closer to Moscow than Kiev, Ukraine. In fact, Google Maps discloses that the drive to Minsk is approximately 8 hours and 45 minutes and the drive to Kiev is approximately 10 hours and 15 minutes — a difference of only one-and-a-half hours.

      The SEC asserts that a video deposition in Belarus requires "permission of Belarus authorities." (Docket # 487 at 2). In response, Kontilai offers only a citation to authority that relates to the use of the Hague Convention, which is not applicable here. (Docket # 499 at *3-4). The Court is prepared to allow Kontilai to appear for the deposition in Belarus but only if he provides satisfactory and prompt proof that he has the permission of the Belarus authorities to do so. Otherwise, he must appear for the deposition in the Ukraine. The precise terms of the Court's ruling are set forth next.

      The Court grants Kontilai's application to hold the deposition by videoconference in Belarus provided (1) Kontilai files an affidavit on or before August 18, 2020, stating all

---

[1] "*_" refers to page numbers assigned by the Court's ECF system.

arrangements he has made to ensure the deposition proceeds from Belarus without interruption (including but not limited to the platform that will be used for the deposition, the precise location where the deposition will take place, the arrangements he has made for internet access, and the arrangements he has made to travel there); and (2) Kontilai files by August 18, 2020, documents reflecting that the appropriate authorities in Belarus have given permission for the deposition to occur there.  Any deposition in Belarus must take place by August 28, 2020, unless the parties agree otherwise in writing.

If Kontilai fails to fulfill the two conditions in the previous paragraph, the Court in the alternative will permit Kontilai to hold the deposition by videoconference from Ukraine if, by August 25, 2020, Kontilai files an affidavit stating all arrangements he has made to ensure the deposition proceeds from Ukraine without interruption (including but not limited to the platform that will be used for the deposition, the precise location where the deposition will take place, the arrangements he has made for internet access, and the arrangements he has made to travel there).  Any deposition in Ukraine must take place by September 4, 2020, unless the parties agree otherwise in writing.

If Kontilai fails to fulfill the conditions in either of the two previous paragraphs, the deposition will take place live in New York on September 11, 2020, at a location to be specified by the SEC, unless the parties agree otherwise in writing.

With respect to any video deposition, the parties should attempt to stipulate to the details of the manner in which the deposition will be held — perhaps in line with Judge Liman's Individual Practices as set forth in Docket # 499.

So Ordered.

Dated: August 10, 2020
    New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge