# THE LAMBERT LAW FIRM

**1025 Connecticut Ave 1000 NW Washington, D.C. 20036**
**100 Cambridge St., 14th Fl, Boston, MA 02114; 323 Sunny Isles Blvd, Ste 700, Sunny Isles Beach, FL 33160**
**Tel. (202) 640 1897; (617) 926 7500, (305) 938 0700, fax (800) 852 1950; e-mail LawDC10@gmail.com**

**Hon. Lorna G. Schofield,**
**U.S. District Judge**
**Daniel Patrick Moynihan Building**
**United States Courthouse, Courtroom 1106**
**500 Pearl St., New York, NY 10007-1312**

October 23, 2020

Your Honor:

Re.: SEC v. Collector's Coffee, Inc. et al., 1:19-cv-04355-LGS-GWG
Information on complaint in U.S. District Court for the District of Columbia.

The undersigned represents Defendant Mykalai Kontilai (Kontilai), of record pro hac vice since September 2, 2020.  The purpose of this letter is to provide the courtesy copies of the most recent court records in the U.S. District Court for the District of Columbia, from the case *Collector's Coffee Inc., Mykalai Kontilai v. Debevoise & Plimpton LLP, Andrew Ceresney, et al.*, Docket 20cv2988, Senior Judge the Hon. Reggie B. Walton presiding.

More specifically, on October 14, 2020, plaintiffs in that matter first submitted the Motion in the U.S. District Court for the District of Columbia to File Case under Seal, along with the Verified Complaint. Should relief of sealing, foremost based on plaintiff's preference to avoid the media attention, be granted, the defendants would have filed, likewise, these records in this case subject to the Motion to seal.

On October 15, 2020, relief of sealing the case was denied by the Chief Judge The Hon. Berryl A. Howell, with the memorandum Order citing the cases on the federal judicial policy presuming the public's access to the civil cases.  For the Order, see Exhibit 1.

In compliance with the Order of the Chief Judge, plaintiffs in that matter refiled the Verified Complaint in the open docket on October 17, 2020.  See Exhibit 2.

The notation is made that the case filing was accomplished on the last day before the statute of limitations would have run (on the next day).

By way of explaining the timing that close to the deadline, Debevoise & Plimpton, that was subject to a subpoena in this action, delayed production of documents for nearly a year. In early October of this year, Debevoise & Plimpton finally claimed that it had completed its production of documents in this action.

Kontilai was deposed in this action on September 24-25, 2020, which deposition he passed with flying colors, providing affirmative evidence of his innocence.  In another major development, the key witness for the plaintiff, Gail A. Holt (Holt) was deposed on October 7, 2020, when she provided numerous admissions that she had lied to about 10 attorneys,

changing her story a number of times.  Holt admitted that there is no documentary evidence or any corroboration from anyone else, as though Kontilai had received any cash from her, as opposed to a presumption of her own taking all that cash for herself.  All these developments have been reflected in the Verified Complaint.

It is also the defendants' position that the Verified Complaint has nothing to do with the scope of the Temporary Restraining Order (TRO), issued by Your Honor ex parte on May 15, 2019, nor anything to do with any assets under that TRO.  Namely, the Verified Complaint is for damages, based on the allegations of malpractice by these defendants' prior counsel Debevoise & Plimpton LLP, up to October 18, 2018.  The relevant events had taken place at least *7 (seven) months before* this action was filed and the TRO was issued.

Furthermore that action in DCD is also irrelevant for the TRO purposes, because neither Collector's Coffee Inc. nor Kontilai are paying any legal fees or costs in that action.  That action in the District of Columbia is based on contingency, in line with the typical arrangements for most of malpractice actions.  The legal team for that action in the District of Columbia is in the process of being assembled based on the existing contingency arrangement, reduced to the valid engagement letter, providing contingency only.

In the course of the meet-and-confer process with plaintiff U.S. Securities and Exchange Commission, it was explained in writing by the undersigned to the plaintiffs' counsel that that malpractice action is for damages and it has no impact, whatsoever, on the assets subject to the TRO. We are unaware of any dispute of that assertion. Likewise, the SEC's counsel have been advised that the action is brought on contingency, in line with the typical arrangements for malpractice actions. Therefore, there is no relationship to the assets being frozen under the TRO, whatsoever.

We are not expecting any fast developments in that case in the District of Columbia. However, if any material changes occur of relevance for this action, it is our intention to promptly report on such changes to this Court, in due course.

Lastly, this letter seeks to emphasize before this honorable Court that the Complaint is Verified.  As such, it is admissible in evidence with the same force and effect as an Affidavit of Kontilai, acting in his personal capacity and as the Chief Executive Officer of Collector's Coffee Inc.  It is the position of these parties that the Verified Complaint, like an affidavit, represents affirmative evidence, establishing innocence, and should be considered in opposition of several pending motions brought by plaintiff SEC.

Please accept, Your Honor, the expression of our high esteem.

*George Lambert*
_____/signed/
George A. Lambert, Esq. (pro hac vice)

CC: all counsel of record

williamsml@sec.gov,

NesvigN@sec.gov,

millerte@sec.gov,

KasperG@sec.gov,

scm@cormorllp.com,

bcorrigan@cormorllp.com,

peter.joseph72@post.harvard.edu,

LawDC10@gmail.com,

rschonfeld@cslawoffice.net,

SSpitzer@winston.com,

CCalvar@winston.com,

AGarzaMattia@winston.com,

rheim@tarterkrinsky.com