UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br> - against -<br><br>COLLECTOR'S COFFEE, INC., et al. | 19-cv-04355-LGS-GWG<br><br>ECF CASE |

**ORDER ON VIRTUAL HEARING PROCEDURES**

   A contempt hearing in this case shall take place on December 7 and 8, 2020. Pursuant to Rule 43(a) of the Federal Rules of Civil Procedure, the current COVID-19 pandemic constitutes compelling circumstances and provides good cause to allow this hearing to be conducted remotely through the use of telephonic and video conferencing solutions. Accordingly, after due deliberation, this Court adopts the following virtual hearing procedures which provide appropriate safeguards in relation to the trial of this matter.

   IT IS HEREBY ORDERED THAT:

   **1.**  **<u>Telephonic and Videoconferencing Solutions.</u>** The hearing shall take place virtually using the WebEx platform hosted by the SEC. All counsel and any testifying party who participate in the hearing shall participate in a pre-trial technology testing session on November 30, 2020, at noon EST by connecting to a WebEx conference hosted by the SEC from the same location and equipment counsel and any testifying party will use to attend the hearing and remaining connected until counsel for all parties confirm that they can see and hear all other participants. **The SEC shall provide login credentials to the parties, counsel (for use by counsel and/or witnesses called by counsel) and to the Court (and its personnel) in advance.**

**In addition to Judge Gorenstein, two law clerks, a deputy clerk and a court reporter will participate in the test and the hearing. Only the Judge will appear by video camera. The others will need to participate by telephone and will also need to see the video feed. Thus, an option for participation by telephone (with a method for viewing the video feed) should be provided for the clerks and the court reporter. The logins may be emailed to one of the law clerks. (Counsel should call Chambers to obtain the email address.)**

**For both the test and the hearing, the SEC should assign an individual to operate the system and to take direction from the Court when necessary.**

2. **Access**. No later than November 30, 2020 at 5:00 p.m., the parties shall provide to the Court via email a list of all (a) attorneys participating in the hearing, along with their phone numbers and email addresses; (b) witnesses who will participate in the hearing. The public is invited to attend the hearing on a non-speaking basis by utilizing a dial-in number that will be provided on the docket. **The SEC shall file a letter on that date providing the public dial-in number.**

3. **Submission of Exhibits**.

  a. **To the Court.** The parties must file a listing of witnesses and proposed exhibits on or before November 23, 2020 (Plaintiff shall use numbers to designate exhibits. Defendant shall use letters). Copies of those marked exhibits shall be provided to the Court in .pdf form on a CD-ROM disk mailed to or delivered to chambers on November 23, 2020. Audio files will be delivered on the CD-ROM disk in .wav form. Demonstrative exhibits shall be provided to the Court in .pdf form on a CD-ROM disk mailed to or delivered to chambers on December 3, 2020. The parties must serve their opposing side with copies of these submissions.

  b. **To Party Witnesses**. The SEC expects to call Defendant Mykalai Kontilai and Relief Defendant Veronica Kontilai ("Party Witnesses"). For each Party Witness, the SEC shall deliver to the witness's counsel of record a sealed binder of exhibits the SEC intends to use during examination of the witness. These binders shall be sealed and they shall, on the exterior of the binders, clearly instruct the witnesses and opposing counsel not to open the binders until directed to do so. Party Witnesses and opposing counsel shall not review the sealed binders until the examinations begin. These binders shall be delivered to counsel of record by December 1, 2020.

   c. <u>To Nonparty Witnesses</u>. For each nonparty witness, each side shall deliver a binder of any exhibits intended for use during the witness's examination to the witness and to opposing counsel. At the election of each party, the binder may be sealed and, on the exterior of any sealed binders, clearly instruct the witness and any counsel not to open the binders until directed to do so. Witnesses and counsel shall not review any sealed binders until the examinations begin.

 4. **Deposition Designations**. The parties shall file any deposition designations on or before December 1, 2020.

 5. **Remote Witness Testimony**. Rule 43(a) of the Federal Rules of Civil Procedure provides that, for "good cause in compelling circumstances," a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. Having found that good cause in compelling circumstances exist here due to the COVID-19 pandemic, and the parties having consented, any witness called to testify at the trial shall testify by contemporaneous transmission from a different location than the Courtroom ("Remote Witness").

 All Remote Witnesses shall be sworn in over remote means, and such testimony will have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn in by the Court deputy in person in open court at the courthouse. In the event that there is an error or malfunction with remote technology, the testimony shall proceed by dial-in by using a telephone number provided by the Court.

 All witnesses must in advance provide the expected location (without a specific address) of their testimony and be available for conferencing by means of a separate phone line during their testimony. The location must be a private and quiet room in a home or office. The phone

number for nonparty witnesses must be provided to the attorney calling that witness. The phone number for party witnesses must be provided to their counsel who is attending the hearing.

No person other than counsel may be present in the room from which any Remote Witness who is a fact witness will testify during that witness's testimony. While the Remote Witness is testifying, he or she may not have in the room from which the Remote Witness is testifying any documents except the exhibit binders described above. Nonparty Remote Witnesses proffered by each side shall utilize the provided link only during the time they are testifying and upon the conclusion of his or her testimony, the nonparty witness shall disconnect from the link.

6. **Courtroom Formalities.** Although being conducted using videoconferencing solutions, the hearing constitutes a court proceeding, and any recording other than the official court version is prohibited. No party may record images or sounds from any location. The formalities of a courtroom must be observed. When called to testify, a Remote Witness must situate himself or herself in such a manner as to be able to view the video screen and be seen by the Court.

Dated: November 17, 2020
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge