```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                :
UNITED STATES SECURITIES AND                                    :
EXCHANGE COMMISSION,                                            :
                                                                :
                Plaintiff,                                      :
                                                                        ORDER
                                                                        19 Civ. 4355 (LGS) (GWG)
COLLECTOR'S COFFEE INC., et al.,                                :
                                                                :
                Defendants.                                     :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

With regard to the application to recuse in Docket # 640, 28 U.S.C. § 455(a), (b)(1) provides that a judge must disqualify himself from a case where "his impartiality might reasonably be questioned," or where he "has a personal bias or prejudice concerning a party." As to the first basis for recusal, the relevant inquiry is: "Would a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" United States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000) (internal quotation marks and citation omitted). As to both bases for recusal, the Supreme Court has held that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." See Liteky v. United States, 510 U.S. 540, 555 (1994).

It appears that the application may be untimely inasmuch as defendants suggest that the basis for the motion was known to them "earlier this year." (Docket # 640 at 1). See generally Lamborn v. Dittmer, 726 F. Supp. 510, 514 (S.D.N.Y.1989) (motion for recusal must be made "at the earliest possible moment after obtaining facts demonstrating a basis for recusal"). Additionally, the connection between this case and Debevoise & Plimpton is highly attenuated. The firm has never appeared in the case as an attorney for any party and the discovery issue in which it was involved as a nonparty was concluded as of September. It is certainly not clear at this stage that it will ever be necessary to make judgments about the merits or progress of defendants' suit against the Debevoise firm.

It is not necessary to reach these issues, however, because no reasonable person could view my connection to the Debevoise firm or the individuals mentioned in the letter as affecting my impartiality. To make the record clear, I do not recall ever having met Andrew Ceresney. In any event, I do not recall having spoken to or having sent any communication to Ceresney or

Mary Jo White in the last fifteen years.[1]  I have had no connection to or involvement with the Debevoise firm in 33 years.

The remaining basis for recusal relates exclusively to decisions I have made (or not yet made) during the course of this case.  I will not address defendants' listing of these decisions except to note that I find many of their characterizations of my rulings inaccurate and that the listing omits entirely rulings favorable to defendants.  It is enough to note that "adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality." United States v. Colon, 961 F.2d 41, 44 (2d Cir. 1992) (citation omitted).  Additionally, any objective observer familiar with the circumstances of this case and with each of the rulings at issue would easily conclude that none of the rulings reflected the influence of bias.

I also note that I in fact harbor no bias or prejudice as to the defendants.  The defendants have been treated and will be treated as having standing and worth equal to all the other parties to this case.

A judge "is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." In re Literary Works in Elec. Databases Copy. Litig., 509 F.3d 136, 140 (2d Cir. 2007) (internal quotation marks and citation omitted).  For the reasons stated above, I see no basis on which I could lawfully recuse myself.  I therefore deny the application to recuse (Docket # 640).

SO ORDERED.

Dated: November 19, 2020
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] Along with many dozens (perhaps hundreds) of other former Assistant United States Attorneys in the Southern District of New York who served under White, I am on an email mailing list that occasionally has received emails from Ceresney or White largely related to news about former Assistant United States Attorneys or an annual dinner honoring White's service as United States Attorney — a dinner that I have not attended since I became a magistrate judge more than 20 years ago.