UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
UNITED STATES SECURITIES AND                                     :
EXCHANGE COMMISSION,                                             :
                                                                 :
                              Plaintiff,                         :
                                                                        ORDER
                                                                        19 Civ. 4355 (LGS) (GWG)
COLLECTOR'S COFFEE INC., et al.,                                 :
                                                                 :
                              Defendants.                        :
-----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

        We consider in this Order the parties' letters docketed as ## 625, 627, 631, 633, 634, 638, 644 and 659.

        With regard to the application of Mykalai Kontilai and Collector Coffee, Inc. ("CCI") to take depositions in excess of the presumptive limit contained in Fed. R. Civ. P. 30(a)(2)(A)(i) (Docket # 627), the Court addressed this issue on July 8, 2020 (Docket # 433) when it ruled on an application by CCI (in Docket # 420) to expand the number of depositions. In the July 8 Order, the Court noted that CCI had failed to provide sufficient information to be granted such an order. It concluded by stating:

        [T]he Court directs that CCI (and any other party) must make any application for
        additional depositions on or before August 10, 2020, and only after consulting
        with all parties to ascertain their positions and in an attempt to reach agreement as
        to particular deponents. Any application must describe in full the need for the
        additional depositions. The pendency of any future application should not
        prevent the scheduling of depositions that would take place if the 10-deposition
        limit remained in effect.

Docket # 433 at 2 (emphasis added).

        The instant application to expand the number of depositions (Docket # 627) was made on November 9, 2020, and thus comes three months after the deadline for making such an application. It is therefore untimely.

        To justify their lateness, the defendants assert that they "have not been able to determine exactly what additional depositions are necessary until recently." (Docket # 627 at 7). In support of this assertion, the defendants point to additional discovery that was obtained through document production and depositions (id.), but do nothing to explain what that information is

and how it made them unable to make the application required by the Court as to each witness. They also point to the fact that the attorneys for Kontilai withdrew two weeks after the Court set the August 10 deadline in July but do not give any other understandable explanation as to why the new attorney, who filed a notice of appearance on August 25, 2020 (Docket # 527), could not have promptly made an application or made a motion to extend the deadline. Instead, defendants waited more than two months after the new attorney appeared to make the application. Notably, the Court had specifically warned on August 19, 2020, that the change of attorneys would not affect Court deadlines. (Docket # 524 at 1).

Of even greater significance, the notion that the witnesses were revealed only because of additional, recent discovery is belied by the fact that 18 of the 22 witnesses listed were identified in one form or another in the June 30 request to enlarge the number of depositions. See Docket # 420 at 7-8; see also Docket # 633 at 2 n.1. Included in these numbers are 4 witnesses who have information about the credibility of Gail Holt, who plainly was known to be a key witness in the SEC's case and whose change in her account of certain events was disclosed long ago — indeed, on the day after the case was filed (Docket # 10, ¶¶ 41-42).

As a result, the defendants' application to enlarge the number of depositions — made only a week before the discovery deadline — is untimely under the Court's Order of July 8 and defendants have not justified obtaining an extension of the deadline set by the Court.

Notwithstanding the inexcusable lateness, the Court might have considered expanding the number of depositions to some degree had a proper showing been made. Some of the bases defendants cite, however, do not justify expanding the limit. Thus, the Court rejects the notion that the fact that a criminal case has been filed against Kontilai (Docket # 627 at 7) has any bearing on our weighing of the factors in Rule 26(b)(1).

As to the 5 SEC witnesses listed, the briefing on the motion for a protective order as to those witnesses (Docket # 614) was only recently completed and the motion has not yet been ruled on. The Court will grant Kontilai leave to exceed the 10-deposition presumptive limit for purposes of deposing any SEC witnesses permitted by the Court in its future decision on that application (subject to any claim by the SEC that SEC witnesses are cumulative of each other). As a result, the Court would only need to rule on the question of whether defendants are entitled to depose 17 witnesses rather than 22.

As to the 17 witnesses, some are of obvious importance to this case but as to many, the defendants have failed to explain their importance. In other words, the defendants have given the Court insufficient information on the question of the importance of those depositions in resolving the claims or defenses and whether the burden or expense of those depositions outweighs their likely benefit.

The lack of need to depose some of these individuals is obvious even on the current meager record. The Court notes that four individuals are listed who are alleged to have been witnesses to Gail Holt's prior inconsistent statements. Defendants do not make clear why the depositions of all four attorneys would be required. Thus, we would certainly subtract an

additional three witnesses from defendants' request, leaving a request for 14 witnesses.

The SEC has stated that it does not consider 4 of the witnesses on the defendants' list to even count toward the 10-deposition limit. Docket # 633 at 4. No party has said otherwise. Defendants have not explained why they would need to or would be permitted to depose these 4 witnesses again. Accordingly, we assume no further depositions of these witnesses will take place and defendants are in effect seeking depositions of 10 witnesses.

Inasmuch as this number is within the limit, and in light of defendants' dilatory conduct, the Court will not issue an order permitting defendants to exceed the presumptive 10-deposition limit contained in Fed. R. Civ. P. 30(a)(2)(A)(i), with the exception, as already stated, of any witnesses from the SEC that the Court may permit in the future.[1]

<u>Veronica Kontilai</u>

Veronica Kontilai has asked to depose an additional 10 witnesses on the ground that she is "the only Relief Defendant" and thus "should be procedurally treated differently and separately, for discovery purposes, from the Defendants." (Docket # 631 at 2). No explanation is given as why this should be so. The fact that Veronica is a "relief defendant" means only that the plaintiff will not seek to hold her liable for the claims it makes against the defendants in the complaint, not that her interests are not aligned with those of other defendants.

She also fails to give a valid explanation as to why she never before made this argument and instead proceeded without noticing any depositions of her own. In the end, she did not manifest any intention to actually take depositions until her letter was filed — several days before the discovery deadline expired. Thus, she had no expectation that she could realistically conduct any depositions. The Court does not accept Veronica's explanation that this was all the fault of a prior attorney given that one of her current attorneys has been representing her since August 31, 2020 (Docket # 538). Also, a party is ordinarily "bound by the decisions made by his or her counsel, including that attorney's mistakes." <u>James v. CUNY/John Jay College</u>, 2020 WL 6162126, at *1 (S.D.N.Y. Oct. 21, 2020) (citing <u>Hoodho v. Holder</u>, 558 F.3d 184, 192 (2d Cir. 2009)).

In light of the fact that she is subject to the presumptive 10-deposition limit in Fed. R. Civ. P. 30(a)(2)(A)(i) that applies to all defendants, she was obligated to meet the August 10 deadline as well as to make an application that discusses the factors listed in Rule 26(b)(1). She provides no explanation other than to blame her prior attorneys — an excuse the Court will not countenance for the reasons just stated. And considering the application on the merits, she utterly fails to justify the depositions by reference to the factors listed in Rule 26(b)(1). She makes literally no arguments as to these factors and thus provides no basis to allow her to exceed

---

[1] As to the issue of whether plaintiffs and the intervenor plaintiffs should be entitled to 20 depositions (mentioned in Docket # 627 at 6), the issue of whether this is proper has not been presented to the Court and thus the Court gives no opinion on the question.

3

the limit contained in Fed. R. Civ. P. 30(a)(2)(A)(i).

<u>Extension of Deadlines</u>

    With regard to the application for clarification made by the SEC in Docket # 625, and by the defendants in Docket # 627, it was the Court's intention in issuing the extension in Docket # 624 solely to extend the discovery deadlines, not to rule on whether the 10-deposition limit did or did not apply.  The Court's ruling on that question is described above.

    SO ORDERED.

Dated: November 30, 2020
       New York, New York


                                              _____
                                              GABRIEL W. GORENSTEIN
                                              United States Magistrate Judge

4