UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
UNITED STATES SECURITIES AND                                 :
EXCHANGE COMMISSION,                                         :

                        Plaintiff,                           :

                                                             :         MEMORANDUM ORDER
                                                                       19 Civ. 4355 (LGS) (GWG)
COLLECTOR'S COFFEE INC., et al.,                             :

                                                             :

                        Defendants.                          :
-------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

        This Order addresses the SEC's application in limine (Docket # 683) to preclude Mykalai
Kontilai from calling as witnesses at the upcoming contempt hearing SEC "trial and
investigative counsel" Terry Miller, Mark Williams, and Jacqueline Moessner.  Docket # 683 at
1.  Kontilai has opposed the motion (Docket # 693).

Applicable Legal Principles

        In the context of a criminal trial, the Second Circuit has stated that allowing a defendant
"to call government counsel as a witness . . . is acceptable only if required by a compelling and
legitimate need."  United States v. Schwartzbaum, 527 F.2d 249, 253 (2d Cir. 1975) (citing
United States v. Torres, 503 F.2d 1120, 1124 (2d Cir. 1974) and United States v. Newman, 476
F.2d 733 (3d Cir. 1973)).  Thus, "lawyers representing litigants should not be called as witnesses
in trials involving those litigants if such testimony can be avoided consonant with the end of
obtaining justice."  Torres, 503 F.2d at 1126 (internal quotation marks and citation omitted).  On
the more specific question of whether a prosecutor should be called to give impeachment
testimony, the Second Circuit has held that this should not occur unless "a proper foundation has
been laid for impeachment and all other sources of possible testimony have been exhausted."  Id.
Before such testimony is permitted, courts have generally required a showing by defendant that
the counsel-witness possesses "information which is essential to her defense and which cannot
be obtained through means other than calling him as a trial witness."  United States v.
Perlmutter, 637 F. Supp. 1134, 1138 (S.D.N.Y. 1986).

        While there are strong arguments that this standard should apply in a contempt hearing,
the parties suggest that we should apply the standard for determining whether an attorney should
be deposed.  Docket # 683 at 2; Docket # 693 at 2.  At least one court in this Circuit has applied
the rules regarding attorneys depositions to the calling of an attorney witness in a civil trial.  See
Cadle Co. v. Flanagan, 2005 WL 8167448, at *1 (D. Conn. June 3, 2005).

Because the application fails even under the seemingly more generous test that applies to attorney depositions, articulated by the Second Circuit in In Re Subp. Issued to Dennis Friedman, 350 F.3d 65, 71 (2d Cir. 2003), we will apply that test, to the extent applicable, here. Under the Friedman standard, a court considers "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." Id. at 72; accord KOS Bldg. Grp., LLC v. R.S. Granoff Architects, P.C., 2020 WL 1989487, at *3 (S.D.N.Y. Apr. 24, 2020); Nimkoff Rosenfeld & Schechter, LLP v. RKO Properties, Ltd., 2016 WL 3042733, at *9 (S.D.N.Y. May 24, 2016). We note that the "extent of discovery already conducted" is not germane to the inquiry given that the testimony is not being sought for discovery purposes.

Discussion

We turn to the various subject areas of testimony sought by Kontilai to determine first the "need to depose the lawyer." Friedman, 350 F. 3d at 72. We quote the portions of Kontilai's submission (Docket # 693) to identify the testimony sought.

(1) "communications with Dougan and likely direction of Dougan in how to collect evidence concerning Mr. Kontilai" (Docket # 693 at 1). No testimony has been offered by Dougan in affidavit form. If Dougan testifies, these are matters that may be inquired into as part of the defendant's examination of Dougan. It is not necessary to ascertain the SEC's conversations with Dougan on this topic. If Dougan does not testify, Kontilai has not justified calling an SEC lawyer to explained why these topics would be relevant.

We state here a point that applies to many of the other requests: speculation that a witness told a lawyer something that differs from the witness's testimony in the witness box is an insufficient basis to justify calling that lawyer as a witness at a deposition or trial. Kontilai provides no case that has permitted a party to call opposing counsel as a witness merely in the hope that the attorney will reveal that the witness said something different during the lawyer's conversations with that witness.

(2) "any efforts the SEC made to determine the legality under Russian law of the purported evidence obtained by Dougan" (id.). The efforts made by the SEC on this question are irrelevant to any issue to be decided at the contempt hearing.

(3) "Any explicit or implicit deals that were made between the SEC, and possibly other agencies of the U.S. government, with Ms. Holt and Dougan" (id.). As to Dougan, this may be inquired into if he testifies. If Dougan denies such a deal, it is not necessary to call an SEC witness inasmuch as there is no evidence of any deal and the SEC has categorically stated there is none. (Docket # 683 at 2).

As to Holt, this may be inquired into if she testifies. If Holt denies a deal, and counsel has a good faith reason to believe that an SEC attorney is aware of a deal, counsel may renew the application at the hearing.

(4) The SEC's "understanding of the . . . Duty of Candor Toward the Tribunal" (Docket # 693 at 2). This topic is irrelevant to any issue to be decided at the contempt hearing.

(5) "statements made by Ms. Holt during the SEC investigation" (id. at 3). If Holt does not testify, her statements are irrelevant. If she does testify, Holt's statements to the SEC could be relevant only if they were being used for impeachment purposes. While some limited testimony from Holt may be permissible as to her statements made to the SEC during the investigation, the only explanation for the desire to call an SEC attorney is the speculation that the testimony Holt gives on the question will be inaccurate. For the reasons stated above, this is not a basis for calling an attorney as a witness.

(6) "statements made by John Mark Dougan implicating Mr. Kontilai in a so-called 'insurance fraud scheme' which the SEC alleges as a basis for contempt and terminating sanctions" (id. at 2). If Dougan does not testify, his statements are irrelevant. While some limited testimony from Dougan may be permissible as to his statements made to the SEC during the investigation, the only explanation for the desire to call an SEC attorney is the speculation that the testimony Dougan gives on the question will be inaccurate. For the reasons stated above, this is not a basis for calling an attorney as a witness.

(7) "Dougan's background as a felon who has admitted to altering audio recordings" (id. at 3). Once again, Kontilai may question Dougan on this topic if he testifies. It appears that defendants already have evidence on this alleged background and do not explain why that evidence could not be offered as impeachment evidence rather than seeking testimony from an SEC attorney.

(8) "whether the SEC's headquarters in Washington DC was aware that its Denver office was relying on a known felon who by his own admission published confidential information about 14,000 FBI and CIA agents" (id.). This topic is irrelevant to any issue to be decided at the contempt hearing.

(9) "the authenticity of an audio recording submitted by John Mark Dougan, which was cited as 'evidence' for the SEC's contempt motion" (id.). If the SEC intends to rely on the affidavit of Jacqueline Moessner in identifying Kontilai's voice on the audio recording (either by means of a letter filed on ECF or orally at the commencement of the hearing), then the Court expects Ms. Moessner to be made available at the hearing to be examined on her identification. If, however, the SEC specifically disclaims reliance on Moessner's affidavit, then Moessner's testimony on this question is not necessary. The Court of course will not consider her affidavit on this question if the SEC disclaims reliance on it.

As reflected above, Kontilai has shown no need to examine an SEC lawyer as to any topic except as may be described above. This essentially disposes of the application and we do not find it necessary to reach the other Friedman factors. Accordingly, the SEC's application to preclude Kontilai from calling as witnesses SEC lawyers at the contempt hearing (Docket # 683) is granted to the extent stated above.

SO ORDERED.

3

Dated:  December 4, 2020
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge