UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES SECURITIES AND           :
EXCHANGE COMMISSION,

                                                                  :        ORDER
                 Plaintiff,                             19 Civ. 4355 (VM) (GWG)
                                                              :

   -v.-

                                                                 :
COLLECTOR'S COFFEE INC., et al.,

                                                                 :

                 Defendants.               :
----------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

       With regard to Mykalai Kontilai's motion to stay this matter pending the completion of his criminal proceedings (or in the alternative for a one-year period) (Docket # 635), the Court has considered all the parties' submissions. While it is certainly true that courts will frequently stay a civil case pending the disposition of criminal proceedings, the logic of those cases does not apply here. To frame this ruling in terms of the six factors typically considered for applications of this kind, see Louis Vuitton Malletier S.A. v. LY USA. Inc., 676 F.3d 83, 99 (2d Cir. 2012), only one factor clearly favors a stay: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case.

       The second factor — (2) the status of the case, including whether the defendants have been indicted — does not favor a stay because the theory of this factor is that "[t]he return of an indictment reduces the prejudice of a stay to an opposing party because it means that the criminal process is underway and that the delay of the civil matter will not be prolonged." Securities and Exch. Commn. v. LaGuardia, 435 F. Supp. 3d 616, 621 (S.D.N.Y. 2020); accord Sterling Nat. Bank v. A-1 Hotels Intern., Inc., 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001) (stay is particularly appropriate where there has been an indictment because "the criminal litigation has reached a crisis that will lead to a reasonably speedy resolution"). The return of the indictment against Kontilai, however, has not had the same result. This is because while a warrant had been issued for Kontilai's arrest as of October 15, 2020, Kontilai has taken no steps since then to appear in court to defend against the charges against him.[1] Because Kontilai has refused to answer the charges, there is no reason to believe that the criminal process will ever proceed

---

[1] We are aware that Kontilai has asserted that he needs to consult with a criminal defense attorney to do so and he cannot afford an attorney because of the asset freeze. But the asset freeze will not go away if the case is stayed. Moreover, Kontilai does not need an attorney to satisfy the warrant. And once he appears in the United States he will be entitled to a criminal defense attorney free of charge.

beyond the indictment stage.  See United States v. Canady, 126 F.3d 352, 360 (2d Cir. 1997) ("A leading principle that pervades the entire law of criminal procedure is that, after indictment found, nothing shall be done in the absence of the prisoner.") (internal quotation marks and citation omitted).  Thus, any stay is likely to be "prolonged," LaGuardia, 435 F. Supp. 3d at 621, if not unending.

The remaining factors also counsel against a stay.  Specifically, (3) the SEC and the intervenor plaintiffs have a strong interest in proceeding expeditiously to vindicate the rights of any defrauded investors and they would be significantly prejudiced by a lengthy delay.

As to factor (4), there is no burden on Kontilai in proceeding with this case while the criminal charges are pending as he has not shown that the pendency of the criminal charges will affect his ability to defend the civil case or vice versa.  Certainly, one of the guiding principles in staying civil cases pending resolution of related criminal proceedings is to spare a party from being "forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege."  Louis Vuitton Malletier, 676 F.3d at 98.  But that consideration has little weight here because Kontilai waived his Fifth Amendment right in this case and was deposed for two days (and testified at a contempt hearing) about the allegations in this matter.  There is no reason to believe he would be deposed again.

With respect to the remaining factors, (5) the Court has an interest in not having the case linger on its docket unnecessarily; and (6) the public has a strong interest in seeing that charges of fraud brought by a governmental agency are dealt with as expeditiously as possible.

Inasmuch as two of the central reasons for staying civil actions pending criminal proceedings — the risk that the defendant will be forced to invoke his Fifth Amendment privilege to his detriment in the civil case and the fact that the criminal case may be expeditiously resolved — do not apply here, and because our analysis otherwise strongly points to denying a stay, Kontilai's motion (Docket # 635) is denied.  The calculus might change (a) if Kontilai returned to face the charges or (b) when the case reaches the trial stage (assuming Kontilai plans to testify).  Thus, the application is denied without prejudice to renewal if either of these two events occurs.

SO ORDERED.

Dated: December 11, 2020
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge