UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES SECURITIES AND           :
EXCHANGE COMMISSION,

                                                            :           ORDER
                    Plaintiff,                  19 Civ. 4355 (VM) (GWG)
                                                            :

   -v.-
                                                             :
COLLECTOR'S COFFEE INC., et al.,
                                                            :

                   Defendants.           :
-------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      With regard to the application for clarification made in Docket # 738, to which the SEC has responded (Docket # 739), the Court extended the November 16, 2020, discovery deadline only for discovery requests that "were made at a time the request could have been accomplished by [the November 16, 2020] deadline." Docket # 728 at 2. We reject the notion that 15 deposition notices served on November 5 and 8 without dates and times as required by Fed. R. Civ. P. 30(b)(1), and without any evidence that dates had been discussed with the proposed deponents, could have been accomplished by November 16, 2020. Indeed, the defendants admit as much given that they state that the deposition notices did not include dates because defendants feared "violat[ing] the Court's order regarding the discovery cutoff date . . . ." Docket # 738 at 2. This concession proves that defendants themselves knew that these depositions could not be accomplished by November 16, 2020.

      Defendants state that it was not "practical" to complete the depositions by November 16. Docket # 738 at 3. But parties who do not schedule discovery to occur as a "practical" matter by the deadline have not complied with that deadline. The Court made this clear in its initial scheduling order when it warned the parties that "[a]ll discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery." Docket # 124 at 9.[1]

---

[1] The Court rejects the notion that the application in Docket # 616 extending the November 16 deadline for the depositions listed therein rested on a footing similar to defendants' current application. Putting aside the fact that the application in Docket # 616 was not contested, there was no indication that the application covered depositions that had not previously been the subject of scheduling efforts by all parties. Indeed, the application stated that the "purpose of the extension being requested herein was to complete discovery that had already been scheduled and not to broaden the discovery parameters." Docket # 616 at 2 (emphasis added).

Discovery had been ongoing for more than a year before November 16, 2020.  The defendants took no depositions whatsoever in this period and, as far as the Court can tell, did not even attempt to schedule depositions.  Defendants give no satisfactory explanation as to why they waited until five to seven business days before the November 16 deadline to undertake any steps at all to take the 15 depositions, let alone the ineffectual step of issuing invalid deposition notices.

Defendants also do not satisfactorily explain why they did not seek the Court's assistance in their dispute until the filing of the instant application on January 7, 2021 — a mere eight court business days before the extended January 20 discovery deadline.  In other words, defendants again waited until the last minute to try to obtain the depositions they now seek.  If defendants' goal was simply to engage in brinkmanship to delay the case as much possible, they could not have done much better than they already have.

All this being said, the Court is prepared to allow a very small number of half-day depositions to be taken by defendants if they are noticed promptly in proper form and after discussion with the deponents and the parties, with any subpoenas being served swiftly and in accordance with law.  Veronica and Mykalai stand in different positions, however, as to the equities of this matter.  Mykalai sought to take five depositions in the space of seven business days (i.e. between November 6 and November 16) whereas Veronica sought to take 10 depositions in the space of five business days, that is, between November 10 and November 16.[2] Docket # 738 at 1.  While both efforts were unrealistic and violative of the Court's Order, we perceive Mykalai as acting in a less absurd manner than Veronica.  Accordingly, having considered the circumstances of the parties' conduct, the Court will extend the discovery period to February 3, 2021, to allow Mykalai to take three depositions and Veronica to take two depositions.  Each deposition will be limited to four hours.

Dated: January 13, 2021
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2] We deem a notice seeking to schedule a deposition served on Sunday, November 8 to have been effectively served on Monday, November 9.