UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                :
UNITED STATES SECURITIES AND                                    :
EXCHANGE COMMISSION,                                            :
                                                                :
       Plaintiff,                                              :   ORDER
                                                                :
   -v.-                                                         :   19 Civ. 4355 (VM) (GWG)
                                                                :
COLLECTOR'S COFFEE INC., et al.,                                :
                                                                :
       Defendants.                                            :
---------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      The Securities and Exchange Commission ("SEC") has moved for contempt and other sanctions against Mykalai Kontilai ("Mykalai). In a Report and Recommendation issued today, we address the request for sanctions based on the Court's contempt powers and under the inherent power of the Court. The SEC has also asked for discovery sanctions under Rule 37, which we address in this Order. We use the same short form citations to documents in the record that are used in the Report and Recommendation.

I. Background

      The SEC seeks sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) based on Mykalai's alleged violation of an order this Court issued on July 6, 2020. See Order (Docket # 427) ("July 6 Order"). In the July 6 Order, the Court addressed the SEC's and other parties' claims that Mykalai had interposed improper objections to discovery requests, including requests for production and interrogatories.

      As to the requests for production, the Court found Mykalai's objections to be improper and ordered as follows:

> [T]he Court will give Kontilai the opportunity to file new responses to the discovery requests within 7 days of the date of this Order as long as the responses (1) do not raise the asylum objections and (2) comply with the Federal Rules of Civil Procedure. If any document is being withheld on the basis of privilege, a privilege log must be filed at the same time as the discovery response. If no new responses are filed, all remaining objections are deemed waived and any interrogatory responses and documents shall be produced within 3 business days thereafter.

July 6 Order at 3.

There were also disputes about requests for admissions. The Court ruled that Mykalai's responses to those requests were improper in various ways and ultimately ruled as follows:

> Kontilai is given leave to file new responses to the requests for admissions within 7 days of the date of this Order provided the new responses comply with this Order and the Federal Rules of Civil Procedure. If he fails to do so, all objections will be deemed waived and responses to the requests for admission will be due 3 business days thereafter.

Id. at 4.

Notwithstanding this clear order, Mykalai did not timely make the required responses, which were due on July 20, 2020. See Docket # 442 (extending due date to July 20, 2020). Instead, as alleged by the SEC and not controverted by Mykalai, "Mykalai never responded to the outstanding request for the production of documents and only provided responses to the requests for admission over two months later." SEC Br. at 31. The SEC argues that "[b]y operation of Rule 36(a), the requests for admission are deemed admitted and not at issue here." SEC Reply at 23. The SEC also asks that the Court find that certain facts are established because of Mykalai's failure to respond to the requests for production and to preclude Mykalai from offering certain evidence in a summary judgment motion. See SEC Br. at 65-67.

Mykalai does not dispute the fact that the deadline passed without his response. Instead, he states that "[t]he record reflects that, while Mykalai did not meet this deadline, he reasonably attempted to comply with the Order to the best of his ability." MK Reply at 62. Specifically,

2

Mykalai argues that his failure to comply should be excused because of "the protracted and contentious dispute surrounding Mr. Sessa and Mr. Alva's withdrawal, the ongoing controversy over the status of Mykalai's litigation file and documents, and the insurance company's delay in approving new counsel . . . ." Id. at 64. He also argues that he cannot "be held responsible for work of his former attorneys given that he was overseas with only sporadic internet connections," and that the SEC's failure to question Sessa at the hearing about the July 6 Order waived the argument. Id. at 62.

Mykalai's only explanation for his continuing failure to respond to the SEC's requests for production is that the dispute between his new counsel and "prior counsel regarding his client file and documents . . . does not appear to have been resolved even as of now." MK Br. at 41.

As for the requests for admissions, Mykalai argues that Fed. R. Civ. P. 36(a)(3) "applies when a party serves no response at all, not when a party serves a response that is later ordered to be supplemented," and points to the July 6 Order, which stated that "'all objections will be deemed waived,' not that the requests are deemed admitted." MK Reply at 85. Mykalai argues that the SEC has acknowledged that he in fact responded to "the SEC's requests for admission at the end of September [2020]" and that while "[t]he SEC claims that the responses contained improper objections and did not comply with the Court's July 6, 2020 Order, the SEC has not identified any basis for this assertion." Id. at 64. Later in his Reply, however, Mykalai admits that he "duplicated" his responses to the Requests for Admissions because "he was unable to obtain the initial responses from his former counsel," but argues that because the SEC "did not challenge those responses," it "implicitly conced[ed] that they satisfied Mr. Kontilai's discovery obligations." Id. at 85.

3

II. Rule 37 Standard

Rule 37(b)(2) provides, in relevant part, that if a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," and "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2).

Discovery sanctions fulfill three purposes: (1) to "ensure that a party will not benefit from its own failure to comply"; (2) to "seek to obtain compliance with the particular order issued"; and (3) "to serve a general deterrent effect" — that is, to deter future litigants from failing to comply with discovery rules and orders. Update Art, Inc. v. Modiin Publ'g Ltd., 843 F.2d 67, 71 (2d Cir. 1988). In crafting an appropriate sanction, courts consider factors such as "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citations and quotation marks omitted).

III. Discussion

A. Requests for Admission

The July 6 Order did not simply order that Mykalai's responses "be supplemented" as Mykalai would have it. MK Reply at 85. Rather, it found that "[v]irtually every objection [to the requests for admissions] is improper for one reason or another," and thus ordered Mykalai to file "new" responses that "comply with this Order and the Federal Rules of Civil Procedure" by a deadline later extended to July 20, 2020. See July 6 Order at 3-4; Docket # 442. The July 6

4

Order was clear that failure to make the response by the deadline would cause "all objections [to] be deemed waived"; it also stated that new "responses to the requests for admission will be due 3 business days thereafter." July 6 Order at 4. Mykalai did not file the Court-ordered new responses by the July 20 deadline and thus, absent the Court's excusing that conduct, his prior objections were deemed waived. Also, because he did not respond to the requests by the deadline permitted in the July 6 Order, all requests for admissions would be deemed admitted. See Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless" within the applicable deadline "the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

The parties agree that Mykalai gave belated responses to the requests for admissions in September 2020, though the parties have not pointed to the responses in the record. Given Mykalai's assertions of the difficulties that arose when his former attorneys withdrew from the case, see MK Reply at 62-64, 85, the Court might be prepared to accept as timely a response in September to the requests for admission if Mykalai actually made an application for an extension. The problem, however, is that the SEC asserts and Mykalai concedes that even these late responses contained the identical objections previously ruled to be improper. See MK Reply at 85. As a result, even if we granted an extension nunc pro tunc of the deadline in the July 6 Order to September 2020, the requests would still be deemed admitted for three separate reasons.

First, Kontilai did not submit "new" responses as required by the July 6 Order. Under the terms of the July 6 Order, any failure to submit "new" responses meant that his responses to the requests were due 3 days later. No further response was made. Thus, by operation of Fed. R. Civ. P. 36(a)(3), the requests were automatically "admitted." Second, the Court already ruled in the July 6 Order that responses identical to his September 2020 submission did not comply with

5

Rule 36.  Under Fed. R. Civ. P. 36(a)(6), "[o]n finding that an answer does not comply with this rule, the court may order . . . that the matter is admitted."  Thus, even accepting Mykalai's September 2020 responses as timely, we would order that the requests are admitted because they did not comply with the requirements of Rule 36 for the reasons stated in the July 6 Order.  Third, Mykalai is subject to sanctions under Fed. R. Civ. P. 37(b)(2) for failing to comply with the July 6 Order insofar as he failed to submit "new" responses or responses that comply with the July 6 Order.  An appropriate sanction for this violation of the Court's July 6 Order is the one identified in Fed. R. Civ. P. 37(b)(2)(i), which provides for an order "directing that . . . designated facts be taken as established for purposes of the action, as the prevailing party claims."  Any lesser sanction would be ineffective given the unmistakable and culpable failure to comply with the Court's Order.

      Accordingly, all the requests for admission are deemed admitted.

      B.  <u>Requests for Production</u>

As for the SEC's requests for production, Mykalai admits that he failed to meet the deadline to respond to the SEC's requests, and does not contest the SEC's assertion that he "never responded to the outstanding request for the production of documents," SEC Br. at 31, arguing only that he "reasonably attempted to comply with the Court's July 6, 2020 Order," MK Reply at 64.  But Mykalai's explanations for his failure to initially comply with the July 6 Order — which all relate to his efforts to obtain new counsel after his old counsel withdrew — do not explain why, in the many months that have elapsed since the July 6 Order issued, he has yet to comply with the outstanding requests.  To the extent Mykalai relies upon his assertion that the "lengthy dispute" between his current and prior counsel concerning his "client file and documents . . . has not been resolved," Mykalai does not explain what precisely prevented him

from responding to the document requests and what efforts he made to overcome any obstacles to production. MK Br. at 41. But more importantly, he never sought an extension of the July 20, 2020, deadline after obtaining new counsel. The docket sheet demonstrates that Mykalai's new counsel has appeared in this case since August 25, 2020 (see Docket ## 527-28) and has had no trouble advocating on his behalf and making applications on a host of other issues. Obviously, counsel could at any time have sought an extension of the deadline in the July 6 Order. Accordingly, the SEC has established that Mykalai has inexcusably violated the Court's July 6 Order directing him to submit the responses to the document requests.

The SEC's requested sanctions are specifically contemplated by the text of Rule 37. See Fed. R. Civ. P. 37(b)(2)(A) (a court may issue orders including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" and "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"). Indeed, "'[d]irecting that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims' is the least harsh sanction under Rule 37(b)(2)(A)." Lenahan v. City of New York, 2020 WL 7059349, at *7 (S.D.N.Y. Dec. 1, 2020). Mykalai does not argue that, if a violation is found, these sanctions are inappropriate. See MK Reply at 85. The Court finds that any lesser sanction — such as ordering Mykalai to respond once again to the SEC's requests — would be ineffective given the length of his noncompliance and his continued failure to comply.

The Court would be prepared to find that the sanctions requested by the SEC — that the Court find facts encompassed by the specific requests for production identified and preclude particular arguments by Mykalai — were warranted provided they "relate to the particular claim

to which the discovery order was addressed." Daval Steel Prod. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991).  However, the SEC fails to give a full explanation of the nature of the information sought by the requests, how those matters are tied to the particular facts that the SEC seeks to have found, and how those facts relate to the claims in this case.  Accordingly, the SEC's application is denied without prejudice to a new application that gives a more complete explanation of the sanctions sought.

     SO ORDERED.

Dated: January 27, 2021
       New York, NY

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge