UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                       :

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,              :

          Plaintiff,          :    ORDER

     -v.-                      :    19 Civ. 4355 (VM) (GWG)

COLLECTOR'S COFFEE INC., et al.,    :

          Defendants.       :
------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE


      The Securities and Exchange Commission ("SEC") has written a letter requesting a "status" conference (Docket # 749). Responsive letters have been filed from Mykalai Kontilai (Docket # 762) and Collectors Coffee, Inc. (Docket # 764). We view the SEC's letter as addressing two separate issues.

<u>Information Conveyed to Defendants About the Temporary Restraining Order</u>

      The SEC is concerned that defendants' attorneys are improperly informing their clients that the Temporary Restraining Order, dated May 14, 2019 (Docket # 12) ("TRO") is not in effect. The Court shares this concern, particularly since the basis for the defendants' attorneys' position is their interpretation of an Order that the undersigned issued, <u>see</u> Order, dated Dec. 9, 2020 (Docket # 175) ("Stipulated Order"). As explained in the Report and Recommendation issued today, the reasoning of which (at pp. 15-17) is hereby incorporated into this Order by reference, the notion that the TRO is not in effect is completely meritless. The TRO has no termination date, it was extended by agreement of the defendants beyond the 14-day period permitted by Fed. R. Civ. P. 65(b)(2), the contingency that would allow for the TRO's termination has never occurred, and there have already been court rulings recognizing the TRO's continuing efficacy. Thus, the TRO is now in effect and will continue to remain in effect unless a court order issues stating otherwise. The Court further notes that an attorney or a party's personal beliefs about the legality of an order are irrelevant to whether an order must be obeyed. As the Supreme Court has held: "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect." <u>Maness v. Meyers</u>, 419 U.S. 449, 458-59 (1975) (citation omitted). Obviously, any violation of the TRO will subject the persons violating it to the sanction of contempt.

1

All that being said, the Court does not believe a status conference is necessary to verify that the defendants understand that the TRO is in effect.  Rather, to ensure compliance with the TRO, the Court hereby orders that defendant Mykalai Kontilai, relief defendant Veronica Kontilai, and defendant CCI (by an authorized representative) each file a sworn statement on or before February 3, 2021, indicating that they have read this Order and that they understand the Court has ruled that the Temporary Restraining Order dated May 14, 2019, remains in effect.

Any failure to comply with this Order may subject the defendants to sanctions.[1]

Lawsuit Against Debevoise & Plimpton

The SEC argues that the prosecution of the lawsuit in the United States District Court for the District of Columbia against the law firm of Debevoise & Plimpton violates the TRO.  The SEC's letter does not seek any specific relief as to the defendants, however.

As reflected in the Report and Recommendation issued today, the Court has not found that Mykalai Kontilai should be held in contempt for the filing of the lawsuit or for the making of any contingent fee arrangement.  But the SEC remains free to use other mechanisms to achieve compliance with the TRO if appropriate, such as filing a motion seeking an order that enforces the TRO.  See, e.g., Berger v. Heckler, 771 F.2d 1556, 1569 (2d Cir. 1985) ("Ensuring compliance with a prior order is an equitable goal which a court is empowered to pursue even absent a finding of contempt.") (citation omitted); U.S. v. Visa U.S.A., Inc., 2007 WL 1741885, at *3 (S.D.N.Y. June 15, 2007) ("A motion to enforce is an appropriate procedural vehicle for parties to seek compliance with a court order.") (citation omitted).  While the SEC may seek a pre-motion conference for the filing of a specific motion of this kind.  we do not believe it is appropriate or necessary to hold a "status" conference on the issue of compliance absent a specific request for relief.[2]

---

[1]  Given the content of this Order, the Court does not find it necessary to issue an order at this time "prohibiting counsel of record from representing to any third party that the asset freeze order has expired," as requested by the SEC.  (Docket # 749 at 3).  Obviously, counsel would put themselves in great legal peril if they were to represent to the custodian of an asset that the TRO had expired.  But if the SEC wishes to make an appropriate motion for this relief at any point in the future, it is free to do so.

[2]  In what seems to be a request not directed at any specific conduct, the SEC asks for the Court's "assistance in stopping the Defendants from taking actions that will dissipate frozen assets based on their purported erroneous belief that their assets are no longer frozen" (Docket # 749 at 2).  To the extent the SEC seeks assistance beyond what has been afforded in this Order, the SEC is free to request permission to file a specific motion.

SO ORDERED.

Dated: January 27, 2021
      New York, NY

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge