UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,                                           :

       Plaintiff,                          :     ORDER

   -v.-                                        :     19 Civ. 4355 (VM) (GWG)

COLLECTOR'S COFFEE INC., et al.,                               :

       Defendants.                         :
---------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      Before the Court is the application of Mykalai and Veronica Kontilai ("defendants") to serve deposition subpoenas with document requests. (Docket # 765). The SEC has responded (Docket # 766), as has one nonparty, Timothy J. Dennin (Docket # 771).

      When the parties briefed the question of whether the defendants should be permitted to go forward with taking any depositions (Docket ## 738, 739), the defendants made no mention of any document requests. Rather, the defendants sought only the ability to take "depositions" or "depose" nonparties. They referred to "notices" of depositions — not to any subpoenas calling for the production of documents. (Docket # 738).

      The Court's ruling on the defendants' application, see Order, dated January 13, 2021 (Docket # 745), explained that any depositions called for in the notices of deposition served before the November 16, 2020, discovery deadline could not possibly have been accomplished by the discovery cutoff date. Ultimately, the Court begrudgingly allowed a very limited number of depositions, provided they could be accomplished quickly — although the Court would have been acting within its discretion to bar defendants from taking any further discovery entirely.

      Had it been revealed to the Court that the defendants had served subpoenas containing document requests at the time they served the notices of depositions — that is, only days before the November 16, 2020, discovery cutoff — the Court would have ruled that such document production could not reasonably have been expected to occur by the time of any deposition held before the November 16 deadline. Or, to paraphrase the Court's January 13 Order, the defendants themselves knew that the noticed depositions and the document production required by any subpoenas "could not be accomplished by November 16, 2020." (Docket # 745 at 1). And under that set of facts, the Court would have denied any request to now require a deponent to produce documents at a deposition.

1

It appears, however, that the situation is even worse than the Court was led to believe by defendants' letters.  The SEC reports that none of the proposed deponents was ever actually served with a subpoena prior to the November 16, 2020 cutoff.  (Docket # 766 at 2).  Dennin confirms this to be true as to himself.  (Docket # 771 at 2).  Thus, these nonparties had zero preparation time for a document production in advance of the November 16 cutoff.

Once again, the defendants' conduct in delaying the mechanisms to obtain discovery is inexcusable. Any subpoenas duces tecum for a deposition could have been served for literally a year in advance of the discovery cutoff date.  Defendants did nothing to advance their supposed interest in obtaining these documents.  Since the issuance of the January 13 Order, the proof of the defendants' dilatory conduct has only increased.  Accordingly, the Court will permit no more than precisely what its January 13 Order stated: the depositions described in that Order.  No deponent is required to produce any documents. The defendants shall immediately provide a copy of this order to each subpoenaed party.

SO ORDERED.

Dated: January 28, 2021
      New York, NY

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge