UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                             :

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,                           :

               Plaintiff,                   :        <u>ORDER</u>

               -v.-                            :
                                                                             19 Civ. 4355 (LGS) (GWG)
COLLECTOR'S COFFEE INC., et al.,          :

               Defendants.               :
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

       On January 27, 2021, the Court issued an order finding that, because Mykalai Kontilai had not timely submitted responses to the SEC's requests for admission, those requests were deemed admitted by operation of Fed. R. Civ. P. 36(a)(3). Order, issued January 27, 2021, at 5 (Docket # 768) ("January 27 Order"). Kontilai has moved for reconsideration of that order. See Notice of Motion, filed February 10, 2021 (Docket # 793); Defendant Mykalai Kontiali's Motion for Reconsideration of the Court's Order Imposing Sanctions, filed February 10, 2021 (Docket # 794) ("Def. Br.").

       Motions for reconsideration are governed by Local Civil Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." Thus, a motion to reconsider is generally denied "unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The standard for granting a motion for reconsideration is strict," RCC Ventures, LLC v. Brandtone Holdings Ltd., 322 F.R.D. 442, 445 (S.D.N.Y. 2017), and therefore such a motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (punctuation omitted); accord Ortega v. Mutt, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) ("Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly.") (punctuation omitted). The Second Circuit has held that "[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (punctuation omitted).

       Further, a party is "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so." City of Austin Police Ret. Sys. v. Kinross Gold Corp., 957 F. Supp. 2d 277, 315

(S.D.N.Y. 2013) (punctuation omitted). In other words, "'a party may not advance new facts, issues or arguments not previously presented to the Court' on a motion for reconsideration." Steinberg v. Elkman, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., 265 F.3d 97, 115 (2d Cir. 2001)).

Additionally, the rule permitting reconsideration must be "narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues." Merced Irrigation Dist. v. Barclays Bank PLC, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (punctuation omitted). A narrow application of the rule not only "helps 'to ensure the finality of decisions,'" but also "'prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" Henderson v. Metro. Bank & Tr. Co., 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007) (quoting Naiman v. N.Y. Univ. Hosps. Ctr., 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005)); see also Hernandez v. Loans, 2016 WL 6561415, at *1 (S.D.N.Y. Oct. 24, 2016) (a reconsideration motion "should be denied where the moving party merely seeks to relitigate an issue that was previously decided") (citing Shrader, 70 F.3d at 257).

Kontilai's motion argues that reconsideration is warranted because the decision "rests heavily on a clear error and would cause manifest injustice." Def. Br. at 3. The alleged error identified is that the Court determined that Kontilai's belated response to the requests for admission was "a mere copy of the earlier June 2020 Response . . . and had the Court known that the two responses were different it would reasonably be expected that the Court's decision to impose sanctions would have been different." Def. Br. at 4.

Kontilai accurately states that the Court incorrectly assumed that Kontilai's late response to the SEC's requests was identical to his earlier response. See Jan. 27 Order at 5 ("Mykalai concedes that even these late responses contained the identical objections previously ruled to be improper."). But this incorrect assumption arose because (1) Kontilai never put those responses in the record and (2) Kontilai himself asserted that he had "duplicated" his responses to the Requests for Admissions. Docket # 732 at 85. The Court properly assumed that Kontilai used the verb "duplicate" in accordance with its actual definition: "to make an exact copy of." Random House Webster's Dictionary at 408 (2nd ed. 1999); accord Black's Law Dictionary (10th ed. 2014) ("[t]o copy exactly"). While Kontilai contends that he secretly harbored his own definition of "duplicate" that did not correspond with its actual definition, Def. Br. at 2, Kontilai's own actions led the Court to the conclusion that he now complains of. The Court is unaware of any case holding that a party's own invitation to commit error forms grounds for a motion for reconsideration.

But Kontilai's error is actually of no great moment because the January 27 Order gave an alternate basis for its conclusion and thus did not need to rely on the "duplication" of the responses as the basis for the ruling. Nor did it need to rely on the power to sanction under Fed. R. Civ. P. 37. As explained in the Order, the finding that the requests for admission were deemed admitted was based on the automatic operation of Fed. R. Civ. P. 36(a)(3). As the Order stated, "because [Kontilai] did not respond to the requests by the deadline permitted in the July 6 Order, all requests for admissions would be deemed admitted." January 27 Order at 5. The decision then noted that, "given Mykalai's assertions of the difficulties that arose when his former attorneys withdrew from the case, . . . the Court might be prepared to accept as timely a response in September to the requests for admission" but noted that Kontilai had never "actually made an

application for an extension." Id.  The remainder of the Order supplied an alternate ground for finding the requests to be deemed admitted which was based on the "duplication" premise and which, for purposes of this Order, we will assume no longer applies.

While Kontilai never directly asserts that he made an application for an extension, he refers obliquely in his brief to the "circumstances" that were "described in a letter to the Court dated October 2, 2020." Def. Br. at 4.  But that letter is woefully unclear.  It never directly asks the Court to grant an extension of time to respond to the SEC's requests for admission.  See Letter from George Lambert, filed October 2, 2020, at 3 (Docket # 582).  Rather it billed itself as a letter on the "status" of the SEC's discovery requests, id. at 1, sought a "stay" of the SEC's letter request for sanctions, and committed to responding to the discovery within 3 business days of receiving "the Responses" served by Kontilai's prior attorneys, id. at 3.  None of this made any sense, however, since a copy of the original Responses was obviously available to Kontilai at any time by merely asking the SEC for it.  Thus, even accepting that the October 2 letter should be viewed an application to extend the time to respond, it did not supply "good cause," see Fed. R. Civ. P. 6(b)(1), to extend the deadline for responses.  The result of the failure to obtain an extension is that the responses were admitted automatically by virtue of the Court's July 6, 2020, Order (Docket # 427) and the operation of Fed. R. Civ. P. 36(a)(3) — notwithstanding the service of the new responses.  See DeNicola v. Frontline Asset Strategies, 279 F.R.D. 214, 215 (E.D.N.Y. 2012) ("[T]he court need not deem the requests to admit admitted.  Pursuant to Rule 36(a)(3), that is the automatic result of a failure to timely respond.").

Because the Court's misapprehension that the new responses were "duplicates" was not necessary to the ruling in the January 27 Order, the request for reconsideration (Docket # 793) is denied.  Nonetheless, the Court invites Kontilai to use the method provided in the Federal Rules to be relieved of the admissions by filing an application under Fed. R. Civ. P. 36(b), which permits admissions to be withdrawn or amended "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  If Kontilai wishes to make such an application, he may do so by letter, provided it is filed by March 22, 2021.

SO ORDERED.

Dated: March 8, 2021
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge