```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES SECURITIES AND         :
EXCHANGE COMMISSION,                 :
                                     :
              Plaintiff,             :
                                     :    19 Civ. 4355 (VM)
     - against -                     :
                                     :
COLLECTOR'S COFFEE INC., et al.,     :    DECISION AND ORDER
                                     :
              Defendants.            :
------------------------------------X
```

**USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #:_____ DATE FILED: 4/9/2021**

**VICTOR MARRERO, United States District Judge.**

In May 2019, the United States Securities and Exchange Commission ("SEC") brought civil fraud charges against Mykalai Kontilai ("Kontilai") and Collectors Coffee, Inc. ("CCI," and collectively with Kontilai, "Defendants"). The matter was referred to Magistrate Judge Gorenstein to oversee general pretrial issues, including scheduling, discovery, nondispositive pretrial motions, and settlement. (See Dkt. No. 51.) The Court now has before it six separate objections to four of Magistrate Judge Gorenstein's orders on various issues. (See "Objections," Dkt. Nos. 773, 778, 796, 797, 850, 861.)

This Order assumes familiarity with Judge Gorenstein's orders on these matters. (See Dkt Nos. 746, 768, 769, 836.)

1

For the reasons discussed below, Defendants' Objections are DENIED.

## I. STANDARD OF REVIEW

A magistrate judge's order granting or denying a nondispositive motion may be overturned only if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "An order is 'clearly erroneous' when the entire evidence leaves the district court 'with the definite and firm conviction that a mistake has been committed.'" Nike, Inc. v. Wu, 349 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) (quoting FDIC v. Providence Coll., 115 F.3d 136, 140 (2d Cir. 1997)). "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal quotation marks omitted). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Winfield v. City of New York, No. 15 Civ. 5236, 2017 WL 5054727, at *2 (S.D.N.Y. Nov. 2, 2017) (internal quotation marks and citation omitted). "Thus, the party seeking to overturn a magistrate judge's decision carries a heavy burden." David v. Weinstein Co. LLC, No. 18 Civ. 5414, 2020 WL 4042773, at *3 (S.D.N.Y. July 17, 2020) (internal quotation marks and alterations omitted). "Matters concerning discovery generally are considered 'nondispositive' of the

2

litigation." Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); accord Weinstein, 2020 WL 4042773, at *3.

## II. DISCUSSION

### A. PROTECTIVE ORDER

First, the Court will address Defendants' objections (see Dkt. Nos. 773, 778) to Judge Gorenstein's grant of a protective order (see Dkt. Nos. 746, 773-1). The Court finds that both objections suffer from procedural deficiencies. Kontilai's objection is outside the fourteen-day window provided to object to a magistrate judge's ruling and is therefore untimely. See Fed. R. Civ. P. 72(a). CCI's objection ignores the Court's Individual Practices with respect to page limits, and CCI made no application to this Court to exceed the mandated page limits. See Lue v. JP Morgan Chase & Co., 768 F. App'x 7, at *8-9 (2d Cir. 2019). Thus, on these bases, both objections are stricken.

Regardless, the objections are meritless. While CCI makes arguments as to issues of fundamental fairness and apparently quibbles with the SEC's original arguments, nowhere does CCI explain how Judge Gorenstein's ruling misapplied any legal standards or misapprehended any material facts. Despite its length, CCI's objection remarkably barely engages with Judge Gorenstein's ruling at all. A careful

3

review of Judge Gorenstein's order shows he properly evaluated the motion under the relevant discovery rules and exercised reasonable discretion in denying the motion. Kontilai's objection suffers the same deficiencies.

Thus, for the reasons detailed above, both CCI's and Kontilai's objections are stricken. Even if they were not stricken, because neither objection demonstrates how Judge Gorenstein's order was clearly erroneous or contrary to law, both objections are meritless.

B.   TEMPORARY RESTRAINING ORDER

Next, Defendants object to Judge Gorenstein's order (see Dkt. No. 769) directing that the May 14, 2019 Temporary Restraining Order ("TRO") remain in effect. (See Dkt. No. 797.) Here again, Defendants' contentions are entirely meritless.

Judge Gorenstein's order simply reaffirmed what the parties had already agreed upon: the TRO is to remain in place until an adjudication on the merits of the SEC's motion for a preliminary injunction. After the SEC filed a renewed motion for a preliminary injunction, the parties stipulated to continue the asset freeze and other relief previously obtained -- in other words, the TRO. (See Dkt. No. 175, at 1.) To date, no adjudication of the SEC's motion for a preliminary injunction has occurred. Thus, by Defendants' own

4

consent, the TRO remains in effect.

Defendants' argument that the stipulated relief constituted an adjudication on the merits is without basis in fact and belied by the express terms of the stipulation. The objection is therefore overruled.

C. <u>DISCOVERY SANCTIONS</u>

Next, Kontilai twice objects to Judge Gorenstein's order regarding discovery sanctions (<u>see</u> Dkt. No. 768), first to the original order on sanctions and then to the order denying reconsideration of the original order. (<u>See</u> Dkt. Nos. 796, 850.) As an initial matter, the Court will not consider Kontilai's objection to the original order (Dkt. No. 796), because he simultaneously sought reconsideration of that order from Judge Gorenstein. That reconsideration might have granted the relief Kontilai sought by objecting, or rendered moot objections Kontilai made to the original order (as indeed is the case here). Kontilai cannot proceed along parallel tracks, which might result in disparate rulings and increased inefficiencies, and instead either must object pursuant to Rule 72 or seek reconsideration, not both.

As to his objection to Judge Gorenstein's order denying reconsideration, this objection is again meritless. Kontilai essentially complains that Judge Gorenstein erred by assuming that two sets of responses to the SEC's Requests for Admission

5

("RFA") were duplicative when in fact they were not. In Kontilai's telling, Judge Gorenstein ordered the RFAs admitted solely because of this misapprehension.

The record tells a different story. First, the Court notes that any error by Judge Gorenstein was of Kontilai's own making, and Judge Gorenstein was fair to assume the responses were in fact duplicative based on the representations made by Defendants. Further, as explained explicitly in Judge Gorenstein's order denying reconsideration, the original order did not rest entirely on Judge Gorenstein's assumption that the responses were duplicative. Judge Gorenstein acknowledged the misapprehension, stated "the 'duplication' premise . . . for purposes of this Order . . . no longer applies," and noted the alternative grounds which made the imposition of sanctions nonetheless appropriate. (See Dkt. No. 823, at 3.) Kontilai simply ignores this explanation and has failed to make any argument with respect to Judge Gorenstein's alternative grounds. Given that Judge Gorenstein's alternative bases for sanctions remain essentially unchallenged, Kontilai's objections are denied.

D.  MOTION TO QUASH

Kontilai objects to Judge Gorenstein's order (Dkt. No. 836) striking certain of Defendants' affirmative defenses.

6

(See Dkt. No. 861.) Kontilai has also moved Judge Gorenstein for reconsideration of that Order (see Dkt. No. 858), a motion Judge Gorenstein has now denied (see Dkt. No. 862). For the reasons discussed above, the Court will not consider this objection while Kontilai has simultaneously filed a motion for reconsideration. Instead Kontilai can file a new objection, pursuant to the procedure described below, if he still believes he can make a nonfrivolous objection to Judge Gorenstein's order denying reconsideration. Kontilai's objection to the original order is dismissed as moot.

### III. **DEFENDANT'S LITIGATION CONDUCT**

Defendants in this matter have now filed ten separate objections to Judge Gorenstein's rulings since the matter was reassigned to this Court in December of 2020. None of the objections have been meritorious, and the vast majority have been lengthy, scattershot missives that do little to advance their cause. The Court notes that such filings are not effective pieces of advocacy and demonstrate a lack of judgment on behalf of the lawyers involved, as well as a patent disregard for the Court's time. See, e.g., United States v. Mahoney, 247 F.3d 279, 282 (D.C. Cir. 2001).

As the Court previously warned, Defendants' approach to objections in this matter is antithetical to the efficiencies that Rule 72 attempts to set up. At this point, it is fair to

assume Defendants know as much, and in fact it appears clear that injecting inefficiency into the process is indeed Defendants' very objective. Defendants' conduct with respect to objections is a continuation of what is becoming a well-documented litigation strategy to delay this matter and run up costs wherever possible.

Because Defendants have demonstrated an inability to use the Rule 72 objection process as intended, the Court will require that if Defendants' wish to make any further objections to Judge Gorenstein's orders, they must first submit a two-page letter to the Court describing the basis for the objection and the need, if any, for further briefing. This is, of course, not an invitation for the Defendants to continue to waste the Court's time with frivolous motions.

### IV.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that Defendants' objections (Dkt. Nos. 773, 778, 796, 797, 850, 861) to Magistrate Judge Gorenstein's rulings on those matters are **DENIED**; and it is further

**ORDERED** that to the extent Defendants wish to file Rule 72 objections to nondispositive rulings issued in magistrate court in the future, they must submit a two-page letter to this Court explaining the basis for any objection and

requesting leave to file full briefing. Any party may respond to such a letter via two-page letter within one week.

**SO ORDERED.**

Dated: New York, New York
       09 April 2021

_____
Victor Marrero
U.S.D.J.