

200 SUMMIT LAKE DRIVE, VALHALLA, NY 10595
TEL: 914.449.1000    FAX: 914.449.1100    WWW.KBRLAW.COM

PATRICK STOLTZ
DIRECT: 914.449.1076
PSTOLTZ@KBRLAW.COM

**VIA ECF**

April 14, 2021

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMORANDUM ENDORSEMENT**

Re:   SEC v. Collector's Coffee, Inc. et al., 1:19-cv-04355-VM-GWG
      Renewed Request to Suspend Briefing on Motion to Compel Pursuant to the
      Court's March 31, 2021 Order (Doc. No. 865)

Dear Judge Gorenstein:

This firm represents non-party John Culotta ("Mr. Culotta") in connection with the above-referenced matter. We write pursuant to Your Honor's March 31, 2021 Order (Doc. No. 865) (the "March 31st Order") to renew Mr. Culotta's request that the Court suspend briefing on Defendant Mykalai Kontilai's ("Kontilai") Motion to Compel Mr. Culotta to appear for a second deposition (Doc. No. 872) (the "Culotta Motion to Compel"). Mr. Culotta seeks to suspend briefing on the Culotta Motion to Compel pending a decision on Kontilai's related and "first-in-time" Motion to Compel as against Gail Holt's former attorneys (Doc. No. 820) (the "Former Attorney Motion to Compel").

The March 31st Order, which was entered *before* Kontilai filed the Culotta Motion to Compel, provides, in relevant part, that "[i]t It is not yet clear to the Court that the disposition of the instant application will be governed by any decision on the pending application regarding the testimony of Gail Holt's former attorneys. If the Court does not issue an order relevant to this question by April 13, 2021, Mr. Culotta is free to renew his request to suspend briefing at that time." (Doc. No. 872). As of the date of this filing, the Court has not issued an "order relevant to this question" and, as such, Mr. Culotta is expressly permitted to make this instant application.

From a review of the Culotta Motion to Compel, it is abundantly clear that both motions present the same legal and factual arguments on the ultimate issue of whether Ms. Holt waived the attorney-client privilege and whether the Crime-Fraud Exception applies. Indeed, a side-by-side comparison of the two motions reveals that Kontilai simply cut and pasted Sections VI. B and C of the Former Attorney Motion to Compel, which addresses Ms. Holt's purported waiver of the attorney-client privilege and application of the Crime-Fraud Exception respectively, into the Culotta Motion to Compel. Mr. Culotta takes no position on these threshold issues and has indicated that he will be guided by the Court's decision on whether the privilege was waived and whether the Crime-Fraud Exception applies.

NEW YORK CITY    LOS ANGELES    NEW JERSEY    STAMFORD    WESTCHESTER    LONG ISLAND

7240188

Although Kontilai also argues that the relevant defense communications that may have involved Mr. Culotta are not subject to the attorney-client privilege, putting aside the merits (or lack thereof) of that argument, a finding that Ms. Holt waived the attorney-client privilege would render that issue moot.  In other words, if this Court grants the Former Attorney Motion to Compel and rules that Ms. Holt waived the attorney-client privilege or that the Crime-Fraud Exception applies, there would be no need to decide the ancillary issue of whether the relevant communications between Mr. Culotta and Ms. Holt remained privileged.

Put simply, this Court's decision on the Former Attorney Motion to Compel could render the issues presented in the Culotta Motion to Compel moot.  Accordingly, in the interests of judicial efficiency and in light of decisions from this Court that stress the importance of protecting non-parties from the undue burden of expense of being dragged into the legal disputes of others, Mr. Culotta respectfully renews his request that briefing on the Culotta Motion to Compel be suspended until the Former Attorney Motion to Compel (Doc. No. 820) is decided.  *see generally Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, No. 92 CIV. 9264 (MGC), 1994 WL 9690, at *2 (S.D.N.Y. Jan. 13, 1994) ("The most obvious burden is borne by the non-party witness, and we are instructed to be particularly sensitive to any prejudice to non-litigants drawn against their will into the legal disputes of others.").

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

Patrick Stoltz

cc:   Via ECF
      All Counsel of Record Via ECF

**Mr. Culotta's deadline to respond is adjourned sine die pending further order of the Court.**

**So Ordered.**

GABRIEL W. GORENSTEIN
United States Magistrate Judge
April 15, 2021

7240188