UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,                                          :

              Plaintiff,                                      :     OPINION AND ORDER

       -v.-                                                   :     19 Civ. 4355 (VM) (GWG)

COLLECTOR'S COFFEE INC., et al.,                             :

              Defendants.                                     :
-------------------------------------------------------------x

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

       This lawsuit was brought by the Securities and Exchange Commission ("SEC") against

Collector's Coffee Inc., d/b/a Collectors Café ("CCI"), and Mykalai Kontilai, the founder,

President, and Chief Executive Officer of CCI, alleging that the defendants violated federal

securities laws by defrauding investors.  See Amended Complaint, filed Nov. 4, 2019 (Docket

# 134).  Kontilai failed to timely serve responses to the SEC's requests for admission resulting in

those requests being deemed admitted.  Kontilai now moves to withdraw those admissions

pursuant to Rule 36(b) of the Federal Rules of Civil Procedure.[1]  For the following reasons,

Kontilai's motion is denied.

I. BACKGROUND

       The SEC served nineteen requests for admission on Kontilai in early May 2020.  See

Plaintiff's Second Request for Written Discovery to Mykalai Kontilai, dated May 1, 2020

_____

[1] See Notice of Motion, filed March 22, 2021 (Docket # 851); Memorandum of Law in
Support, filed March 22, 2021 (Docket # 852) ("Def. Mem."); Declaration of George Lambert in
Support, filed March 22, 2021 (Docket # 853) ("Lambert Decl."); United States Securities and
Exchange Commission's Memorandum in Opposition, filed March 29, 2021 (Docket # 859)
("SEC Opp."); Reply in Support of Motion to Withdraw, filed April 2, 2021 (Docket # 868)
("Def. Reply").  While Kontilai's Reply was filed late, the Court will consider it.

(Docket # 366-1) ("Pl. Request").  Kontilai initially responded to the requests with numerous

improper objections.  See Defendant Mykalai Kontilai's Responses to Plaintiff's Second Request

for Written Discovery, dated June 1, 2020, annexed as Exh. A to Lambert Decl.  When the SEC

challenged those objections, Kontilai responded with the absurd argument that some of the

objections were "scriveners' errors" and that "amended responses would be served."  Letter from

Steven Sessa, filed June 23, 2020 (Docket # 411), at *6.[2]  The Court then ruled that "[v]irtually

every objection" was "improper for one reason or another."  Order, filed July 6, 2020 (Docket

# 427), at 3.  The Court gave Kontilai leave to file new responses (i.e., including objections) by

July 13, 2020.  Id. at 4.  The Court further ruled that if Kontilai failed to do so, all objections

would be deemed waived and the responses would be due July 16, 2020.  Id.  The July 13

deadline was later extended to July 20, 2020.  See Letter from Steven Sessa, filed July 13, 2020

(Docket # 442), at *1.

Kontilai failed to meet that deadline and the SEC sought sanctions for this failure along

with sanctions regarding a number of other discovery failures.  See Letter from Terry Miller,

filed July 30, 2020 (Docket # 497).  The issue of the failure to respond to the requests for

admission was included in the SEC's trial memorandum in support of a separate motion it had

brought seeking contempt.  See Plaintiff's Trial Memorandum on Additional Grounds, filed

November 9, 2020 (Docket # 626), at 4.  In response to that motion, Kontilai asserted that he had

in fact responded to the requests for admission — "at the end of September [2020]" — and

argued that delays resulting from changing counsel should excuse his lateness.  Defendant

Mykalai Kontilai's Response to Plaintiff SEC's Post-Hearing Brief, filed December 22, 2020

(Docket # 732) ("MK Reply"), at 64.  He never placed a copy of those responses in the record,

however.

---

[2]  *__ refers to pages assigned by the ECF system.

At the time it issued a Report and Recommendation on the contempt motion, the Court also issued an order that addressed the requests for admission. See Order, filed January 27, 2021 (Docket # 768). While Kontilai misled the Court into believing that he had filed identical responses to the requests for admission in his "end of September [2020]" filing, MK Reply at 64, 85 (stating that Kontilai "duplicated his responses" to the SEC's requests), and the Court addressed the effect of such identical responses (see Docket # 768 at 5-6), the Court also ruled that "by operation of Fed. R. Civ. P. 36(a)(3), the requests were automatically 'admitted.'" Id. at 5.

Kontilai then moved for reconsideration, revealing for the first time that he had not filed identical responses. See Motion for Reconsideration, filed February 10, 2021 (Docket # 793). The Court denied the motion for reconsideration, finding that the responses had been deemed admitted due to the failure to timely respond to the requests in the first place and that Kontilai had never shown "good cause" for extending the time to respond. See Order, filed March 8, 2021 (Docket # 823), at 2-3. The Court noted in its denial that, despite the automatic operation of Fed. R. Civ. P. 36(a)(3), Kontilai remained free "to use the method provided in the Federal Rules to be relieved of the admissions by filing an application under Fed. R. Civ. P. 36(b)." Id. at 3. This motion followed.

The requests for admission deal with three separate categories: the first seven (Pl. Request ¶¶ 23-29) seek admissions related to Kontilai and CCI's dealings with two investors in CCI, Chris and Mary Palos. The next eight (id. ¶¶ 30-37) seek admissions related to defendants' dealings with two other investors, Edwin McLaughlin and Kirk Jensen. The final four seek admissions about Kontilai's compensation and the compensation of his wife, Veronica Kontilai (id. ¶¶ 38-41). In his untimely response to the requests, dated October 1, 2020, Kontilai denied

sixteen of the requests, and stated that he lacked "sufficient information to deny or admit the statement in the present request at this time" for the remaining three requests. <u>See</u> Responses (Second Set) of Defendant Mykalai Kontilai to Requests for Admission, annexed as Exh. B to Lambert Decl., ¶¶ 23-41 ("Kontilai Responses"). He also qualified a number of the denials by stating that the requests were "vague," "overbroad," or "unclear." <u>See</u>, <u>e.g.</u>, <u>id.</u> ¶¶ 35-37.

## II. <u>LEGAL STANDARD</u>

Requests for admission are governed by Fed. R. Civ. P. 36. The "purpose of Rule 36 is to expedite trial by removing uncontested issues." <u>Moosman v. Joseph P. Blitz, Inc.</u>, 358 F.2d 686, 688 (2d Cir. 1966). "Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36, Advisory Committee Note to 1970 Amendment. "The rule is not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements." <u>Conlon v. United States</u>, 474 F.3d 616, 622 (9th Cir. 2007) (quoting <u>Perez v. Miami-Dade County</u>, 297 F.3d 1255, 1268 (11th Cir. 2002)).

In the event that a matter is admitted in response to a request for admission, Fed. R. Civ. P. 36(b) provides that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." The Second Circuit has held:

> Under Rule 36(b), the decision to excuse the defendant from its admissions is in the court's discretion. . . . [T]he court has the power to make exceptions to the Rule only when (1) the presentation of the merits will be aided <u>and</u> (2) no prejudice to the party obtaining the admission will result. Because the language of the Rule is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule. . . . Vesting such power in the district court is essential for Rule 36 admissions effectively to narrow issues and speed the resolution of claims.

<u>Donovan v. Carls Drug Co.</u>, 703 F.2d 650, 651-52 (2d Cir. 1983) (emphasis in original).[3]

On the issue of whether the "presentation of the merits will be aided," courts have held that this prong of the test is satisfied "when upholding the admission would practically eliminate any presentation on the merits of the case." <u>Hadley v. United States</u>, 45 F.3d 1345, 1348 (9th Cir. 1995); <u>accord</u> <u>Loc. Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Tripodi</u>, 913 F. Supp. 290, 294 (S.D.N.Y. 1996) (allowing withdrawal of admission because the "presentation of the merits clearly would be served . . . by permitting defendant to dispute a central issue in this case"); <u>Weeks Stevedoring Co., Inc. v. Raymond Int'l Builders, Inc.</u>, 1995 WL 766309, at *10 (S.D.N.Y. Dec. 28, 1995) (permitting amendment of admissions where "crucial to Defendants' defense"); <u>Westmoreland v. Triumph Motorcycle Corp.</u>, 71 F.R.D. 192, 193 (D. Conn. 1976) ("The first half of the [Rule 36(b)] test is clearly satisfied since the effect of upholding the admissions would be to practically eliminate any presentation of the merits."); <u>accord</u> <u>Garden City Boxing Club, Inc. v. Rice,</u> 2005 WL 613249, at *4 (S.D.N.Y. Mar. 14, 2005) (admissions withdrawn where they were "central to the claims asserted against" the defendant).

As to the issue of prejudice, "Rule 36(b) does not require that a withdrawal not prejudice the requesting party, for withdrawal of a deemed admission will almost always be to the requesting party's detriment." <u>River Light V, L.P. v. Lin & J Int'l, Inc.</u>, 299 F.R.D. 61, 63 (S.D.N.Y. 2014). Instead, a court must look to whether the prejudice that results from allowing the admissions to be withdrawn impacts "the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). As stated by the First Circuit,

> The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of

---

[3] <u>Donovan</u> interpreted an earlier version of Rule 36 but the Advisory Committee Notes reflect that changes to Rule 36(b) since that time have been only "technical" or "stylistic."

key witnesses, because of the sudden need to obtain evidence with respect to the
questions previously answered by the admissions.

Brook Vill. N. Assocs. v. Gen. Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982) (citing Westmoreland,

71 F.R.D. at 193); accord Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 154 (6th Cir.

1997) ("[p]rejudice under Rule 36(b) . . . relates to special difficulties a party may face caused by

a sudden need to obtain evidence upon withdrawal or amendment of an admission") (punctuation

omitted); Garden City Boxing Club, Inc. v. Rice, 2005 WL 613249, at *4 (S.D.N.Y. Mar. 14,

2005) ("Withdrawal of an admission would require the party who obtained it to prove the matter

does not, without more, constitute prejudice, within the meaning of Rule 36(b).").

## III.  DISCUSSION

Some of Kontilai's brief is spent on the irrelevant exercise of trying to justify his

objections to the requests.  Def. Mem. at 2-3.  Ultimately, Kontilai argues that Rule 36(b)'s

standard is satisfied because the deemed admissions "go directly to the heart of this case," that

allowing them to remain "would fail to promote the presentation of the merits," and that the SEC

cannot demonstrate prejudice, as it "had the opportunity to obtain evidence on each requested

admission from other sources" and "has not abandoned any area of discovery as a result of the

admissions being deemed admitted."  Def. Mem. at 6-7.

When it comes to explaining the basis for this argument, however, Kontilai's brief fails

utterly.  Putting aside the objections to the wording of the admissions, which we view as

irrelevant to the Rule 36(b) standard, Kontilai's brief offers literally two sentences in support of

his argument as to the "promotion of the merits" prong:

> In the instant case, as discussed supra, the SEC's RFAs contain numerous
> admissions that go directly to the heart of this case.  Defendants' case would be
> greatly undermined should the admissions not be withdrawn because Defendants
> would not be able to present their defenses to key claims of the SEC concerning
> violations of SEC Rule 21F-17, Kontilai's source of income and Veronica
> Kontilai's purported unauthorized receipt of investor funds.

Def. Mem. at 6.

Contrary to the statement in the first sentence, Kontilai never explained "supra" why the admissions went to the "heart of the case." The remaining sentence is completely conclusory. Kontilai never explains <u>why</u> he "would not be able to present [his] defenses" to the SEC's claim. He never explains what those defenses are and thus obviously does not explain how the admissions relate to his proof of those defenses. He gives no description of the claims in the case either. Nor does he explain how the admissions relate to the factual elements of those claims.

The SEC's brief gave a lengthy exegesis as to why the admissions were either not central to the SEC's claims, had already been admitted to by Kontilai in his Answer, and/or were consistent with testimony already taken in the case. <u>See</u> SEC Opp. at 5-19. Kontilai in his reply brief fails to specifically address <u>any</u> of these arguments. Indeed, his entire argument on this point in his reply brief consists of the repetition of the two sentences from his opening brief quoted in the previous paragraph. <u>See</u> Def. Reply at 4.

Kontilai's briefing on this motion is appalling in its lack of substance. A litigant may not place upon the Court the burden of scouring the factual record to determine how a legal principle applies to the facts of his case. Due to the complete lack of intelligible argument on this critical element of his motion, Kontilai plainly has not met his burden of showing that permitting the withdrawal of the admissions would "promote the presentation of the merits." Fed. R. Civ. P. 36(b).

We might have considered allowing the withdrawal of admissions if Kontilai had provided any evidence that the admissions were contrary to actual fact. <u>See</u> <u>S.E.C. v. Thrasher</u>, 1996 WL 460148, at *2 (S.D.N.Y. Aug. 13, 1996) ("The inappropriateness of relieving

[defendant] of his deemed admissions on these requests is further underscored by his failure to demonstrate that any of the requests call for admissions that are plainly inconsistent with the facts."); Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co., 123 F.R.D. 97, 103 (D. Del. 1988) (noting that "[i]n considering whether the presentation of the merits will be improved by permitting an admission to be revised, courts have generally sought to determine whether the admission is contrary to the record of the case"). But Kontilai points to literally no evidence that any of the admissions are counterfactual. For these reasons, we deny the request to withdraw the admissions.

Finally, as to Kontilai's argument that admitting these requests would confuse a factfinder at trial because of their alleged vagueness, Def. Mem. at 2-3, 6, nothing in this ruling addresses the admissibility of the requests. Rather, that is a matter left for an evidentiary ruling to be made at trial or in response to a motion in limine. If any requests are in fact materially vague or ambiguous, they would have no evidentiary value and thus would not be admitted at trial.

IV.  CONCLUSION

For the foregoing reasons, defendant's motion to withdraw admissions (Docket # 851) is denied.

SO ORDERED.

Dated: May 5, 2021
       New York, NY

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge