```
┌────────────────────────────────────────┐
│ USDC SDNY                               │
│ DOCUMENT                                │
│ ELECTRONICALLY FILED                    │
│ DOC #:_____                   │
│ DATE FILED:  6/17/2021                  │
└────────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES SECURITIES AND       :
EXCHANGE COMMISSION,               :
                                   :
            Plaintiff,             :
                                   :   19 Civ. 4355 (VM)
      - against -                  :
                                   :
COLLECTOR'S COFFEE INC., et al.,   :   **ORDER**
                                   :
            Defendants.            :
-----------------------------------X

**VICTOR MARRERO, United States District Judge.**

On April 16, 2021, defendant Mykalai Kontilai filed a letter pursuant to Section II, A of the Court's Individual Practices requesting a premotion conference to obtain permission to file a motion for summary judgment on all claims in the Amended Complaint. (See Dkt. No. 887.) That same day, defendant Collector's Coffee Inc. ("CCI") filed a similar letter. (See Dkt. No. 886.) Also that same day, relief defendant Veronica Kontilai filed a similar letter requesting a premotion conference and permission to file a motion for summary judgment on Count 6. (See Dkt. No. 888.) The SEC filed an opposition to these three letter requests on April 26, 2021. (See Dkt. No. 898.)

The SEC also filed a letter pursuant to Section II, A of the Court's Individual Practices requesting a premotion conference and leave to file a motion for partial summary judgment as to Count V. (Dkt. No. 879.) Mykalai Kontilai and

CCI filed oppositions on April 23, 2021. (See Dkt. Nos. 895, 896.)

After reviewing each of these submissions, the Court does not believe a premotion conference is necessary at this time. Further, the Court will deny CCI and Mykalai Kontilai's requests to file motions for summary judgment as to Counts I-IV. Similarly, the Court will deny Veronica Kontilai's request to file a motion for summary judgment as to Count VI.

Upon reviewing the anticipated bases for these motions, the Court is not persuaded that Defendants raise potentially meritorious legal arguments or will present undisputed facts such that summary judgment might be appropriate. For example, as to Counts I and II, CCI and Mykalai Kontilai fail to address certain categories of alleged misrepresentations or omissions that form the basis of the SEC's claim. (See Dkt. No. 898, at 2.) And, regarding the categories of misrepresentations or omissions CCI and Mykalai Kontilai do address, they do not identify a legal deficiency with the SEC's claim, but rather argue the SEC has failed to proffer evidence of the materiality of those statements or omissions. (See Dkt. No. 887 at 1-2, Dkt. No. 886 at 1-2.) The SEC of course disagrees. (See Dkt. No. 2-3.) In the face of such conflicting facts, materiality is not an issue appropriate for summary judgment. See, e.g., Castellano v. Young &

2

Rubicam, Inc., 257 F.3d 171, 180 (2d Cir. 2001) ("Summary judgment may not be granted on the ground that alleged omissions are immaterial unless they are so obviously unimportant to a reasonable investor that reasonable minds could not differ on the question of their importance." (quotation omitted)). Therefore, as the motions would be futile, the Court declines to allow CCI and Mykalai Kontilai to more fully brief summary judgment as to Counts I and II.

CCI and Mykalai Kontilai's requests as to Counts III and IV fare no better. Here, CCI and Mykalai Kontilai seek to file their motion because they argue the claims are corroborated only by "patently unbelievable" testimony from Gail Holt. (See Dkt. Nos. 886 at 2-3; 887 at 2-3.) But, setting aside it appears unlikely the SEC's claim is centered entirely on Holt, credibility determinations are inappropriate for the Court to make on summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions . . . ."). Here again, because the motion would be futile, the Court declines to allow CCI and Mykalai Kontilai to further brief Counts III and IV.

Turning to Veronica Kontilai's request to file a summary judgment motion on Count VI. The Court is not persuaded that

Veronica Kontilai has raised any argument that will dismiss her as a relief defendant as a matter of law. And, while true that "the party seeking disgorgement must distinguish between the legally and illegally derived profits," this inquiry is one of fact, not suitable for resolution on summary judgment. SEC v. Lek Sec. Corp., 17 Civ. 1789, 2020 WL 1316911, at *3 (S.D.N.Y. March 20, 2020), Thus, because the motion would be futile, the Court declines to allow Veronica Kontilai to further brief her summary judgment motion.

Finally, the SEC, CCI, and Mykalai Kontilai have essentially filed cross motions for summary judgment as to Count V, Impeding under Rule 21F-17 of the Exchange Act. Here, both parties raise a purely legal dispute as to the application of this rule to the alleged investor-victims. The SEC argues that Defendants have impeded individuals from communicating with the SEC about securities law violations in clear violation of Rule 21F-17. CCI and Mykalai Kontilai argue that any liability under Rule 21F-17 is contrary to the text of the Rule and would exceed the SEC's congressional grant of authority under Section 21F of the Exchange Act. Given this is a purely legal dispute, the Court is persuaded it is ripe for resolution at summary judgment.

However, as both parties have had the opportunity to make their positions on this narrow issue clear, the Court

will treat the parties' premotion letters as fully submitted cross motions for summary judgment. <u>See</u> <u>Kapitalforeningen</u> <u>Lægernes Invest. v. United Techs. Corp.</u>, 779 F. App'x 69, 70 (2d Cir. 2019) (affirming the district court ruling deeming an exchange of letters as a motion to dismiss). The Court will issue a decision and order on this issue at a later date. If the Court determines that further briefing is necessary to resolve this issue, the Court will direct the parties to file additional material at that time.

## I.   <u>ORDER</u>

For the reasons stated above, it is hereby

**ORDERED** that Defendants' requests to for a pre-motion conference and permission to file motions for summary judgment (Dkt. Nos. 886, 887, 888) are **DENIED**, and further it is hereby

**ORDERED** that the SEC's request for a pre-motion conference and permission to file a motion for partial summary judgment (Dkt. No. 879) is **DENIED**, and further it is hereby

      **ORDERED** the Court will treat the premotion letters as to Count V as fully submitted cross motions for summary judgment as to that claim.

**SO ORDERED.**

Dated: New York, New York
       17 June 2021

                                      Victor Marrero
                                       U.S.D.J.