```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES SECURITIES AND        :
EXCHANGE COMMISSION,                :
                                    :
            Plaintiff,              :
                                    :   19 Civ. 4355 (VM)
    - against -                     :
                                    :
COLLECTOR'S COFFEE INC., et al.,    :   DECISION AND ORDER
                                    :
            Defendants.             :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

In May 2019, the United States Securities and Exchange Commission ("SEC") brought civil fraud charges against Mykalai Kontilai ("Kontilai") and Collectors Coffee, Inc. ("CCI," and collectively with Kontilai, "Defendants"). The matter was referred to Magistrate Judge Gabriel Gorenstein to oversee general pretrial issues, including scheduling, discovery, nondispositive pretrial motions, and settlement. (See Dkt. No. 51.)

On June 26, 2020, Defendants filed a motion to "dismiss, strike portions of, and enter judgment on the pleadings" of the Amended Complaint. (See "Motion," Dkt. No. 416.) On May 17, 2021, Magistrate Judge Gorenstein submitted a Report and Recommendation recommending the Court deny the Motion. (See "R&R," Dkt. No. 918.) On May 24 and June 1, 2021, the Court received Defendants' short-form, (Dkt. No. 922.), and long-form, ("Objections," Dkt. No. 926), objections to Magistrate

1

Judge Gorenstein's R&R. The SEC opposed the Objections on June 15, 2021. (See "Opposition," Dkt. No. 930.)

## I. BACKGROUND

Defendants object only to Magistrate Judge Gorenstein's R&R as it relates to the SEC's claim for impermissible impeding in violation of Rule 21F-17 of the Exchange Act ("Rule 21F-17"). Rule 21F-17 prohibits any "person" from taking "any action to impede an individual from communicating directly with the Commission staff about a possible securities law violation, including enforcing, or threatening to enforce, a confidentiality agreement . . . with respect to such communications." See 17 C.F.R. § 240.21F-17(a).

In their original Motion, Defendants argued that the SEC's Rule 21F-17 claim should be dismissed as "barred by the litigation privilege" and outside the SEC's rulemaking authority. (See Motion at 3, 9.) Magistrate Judge Gorenstein rejected both of these arguments, finding that no litigation privilege had ever been applied to bar a federal cause of action, nor did Defendants' Rule 21F-17 arguments address the salient points regarding the SEC's rulemaking authority. (R&R at 9-11).

Defendants now object to Magistrate Judge Gorenstein's R&R on two points. First, Defendants again argue that in promulgating Rule 21F-17, the SEC exceeded its statutory

2

authority. (Objections at 3-5.) Second, Defendants argue that Rule 21F-17 violates the First Amendment of the United States Constitution. (Id. at 13-14.)

## II. STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's report may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous. See Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). "Where a party makes a 'specific written objection' within '[fourteen] days after being served with a copy of the [Magistrate Judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those parts of the report." Cespedes v. Coughlin, 956 F. Supp. 454, 463 (S.D.N.Y. 1997) (quoting United States v. Raddatz, 447 U.S. 667, 676 (1980)). A district court may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. See DeLuca v.

Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); Walker v. Hood, 679 F. Supp. 372, 374 (S.D.N.Y. 1988).

### III. DISCUSSION

At the outset, the Court notes that Defendants have not objected to Magistrate Judge Gorenstein's analysis in the R&R. Magistrate Judge Gorenstein did not expressly reach the question of the SEC's rulemaking authority because he found that Defendants' Motion did not present any coherent argument on this issue. (See R&R at 10-12.) Further, Magistrate Judge Gorenstein did not address Defendants' First Amendment arguments because they were included only in Defendants' reply brief and therefore waived. (See id. at 11 n.3.) Upon a de novo review of the procedural history and initial Motion, the Court is satisfied that Magistrate Judge Gorenstein's analysis of these points was sound, and these arguments need not have been considered.

Because Defendants now bring arguments that Magistrate Judge Gorenstein did not, and need not, consider, the Court could deny the objections and adopt the R&R in full as constituting the Court's decision on this basis alone. See Abu-Nassar v. Elders Futures, Inc., No. 88 Civ. 7906, 1994 WL

4

445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994). Nonetheless, the Court will briefly address both of Defendants' arguments.

A.   THE SEC'S RULEMAKING AUTHORITY

Defendants argue that Rule 21F-17 exceeded the SEC's rulemaking authority because Rule 21F-17 applies to any "person," while Section 21F of Exchange Act applies only to whistleblower-employees. Defendants argue that the SEC's claim as applied against them should therefore be dismissed because Defendants were not in an employer-employee relationship with those individuals whom the SEC claims were impeded (that is, investor-victims). The SEC argues in opposition that Section 21F is not limited to protecting whistleblowers in the employee-employer relationship, and as such, Rule 21F-17's application to any "person" is a proper exercise of its rulemaking authority.

The Court agrees with the SEC. Section 21F broadly defines "Whistleblower" as "any individual who provides . . . information relating to a violation of the securities laws to the [SEC]." See 15 U.S.C. § 78u-6(a)(6). "The Congressional purpose underlying Section 21F of the Exchange Act is to encourage whistleblowers to report possible violations of the securities laws by providing financial incentives, prohibiting employment-related retaliation, and providing various confidentiality guarantees." Implementation of the

Whistleblower Provisions of Sec. 21F of the Securities Exchange Act of 1934, Exchange Act Release No. 64545, 2011 WL 2045838, at *90 (May 25, 2011) (the "Adopting Release"). In consideration of this underlying purpose, Section 21F grants the SEC rulemaking authority to "issue such rules and regulations as may be necessary or appropriate to implement the provisions of this section consistent with the purposes of this section." 15 U.S.C. § 78u-6(j). From this statutory background, the SEC promulgated Rule 21F-17 because "efforts to impede an individual's direct communications with Commission staff about a possible securities law violation would conflict with the statutory purpose of encouraging individuals to report to the Commission." Adopting Release at *92.

The Court concludes that Rule 21F-17 falls squarely within the SEC's statutory authority to issue "necessary and appropriate" regulations to implement Section 21F of the Exchange Act. The statutory definition of "Whistleblower" refers to "any individual" and is not limited to those persons in an employee-employer relationship. And while certain portions of Section 21F provide anti-retaliation protections specific to those whistleblowers who are employees, nothing in the statute's text nor the supporting documents indicates that Congress intended to protect *only* those whistleblowers

6

who are employees. Instead, as the SEC persuasively points out, the statute allows eligibility for whistleblower status, and the various incentives and protections that come with that status, to extend beyond the employer-employee relationship. (See Opposition at 10.) Thus, Rule 21F-17's application to "all persons" is consistent with the statutory definition of Whistleblower as "any individual."

Given that the Court finds the statutory language defining whistleblower to be clear, and that the SEC's use of its rulemaking authority is consistent with that clear language, the Court need not engage in a Chevron analysis of whether the SEC's interpretation of the statute was reasonable. See Chevron USA, Inc. v. Nat. Res. Def. Council Inc., 467 U.S. 837, 842-43 (1984); Food & Drug Admin. v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 132 (2000). Accordingly, the Court denies Defendants' Objections on this point, and is satisfied that Rule 21f-17 constitutes a proper use of the SEC's rulemaking authority.

B.   THE FIRST AMENDMENT

Next, Defendants argue that Rule 21F-17 violates the First Amendment because it prevents parties from filing a lawsuit to enforce a contractual confidentiality provision. (See Objections at 13-14.) But Defendants ignore that these types of contractual provisions would be illegal, and

7

therefore unenforceable. See, e.g., United States v. Bonanno Organized Crime Family of La Cosa Nostra, 879 F.2d 20, 28 (2d Cir. 1989). As Magistrate Judge Gorenstein noted, "the enforceability of a settlement agreement would have to give way to a valid law or regulation forbidding a particular provision of a settlement agreement." (See R&R at 12.) The Court is persuaded that no First Amendment right is abridged when a party allegedly violates Rule 21F-17 by seeking to enforce an illegal, and therefore unenforceable, contractual provision in court.

C.   PORTIONS OF THE R&R WITH NO SPECIFIC OBJECTIONS

As to the remaining portions of Magistrate Judge Gorenstein's R&R unobjected to, having conducted a review of the full record, including, among other things, the R&R and applicable legal authorities, the Court concludes that the factual findings, reasoning, and legal support for the recommendations made by Magistrate Judge Gorenstein in the R&R are not clearly erroneous or contrary to law. The Court will therefore, substantially for the reasons set forth in

the R&R, adopt Magistrate Judge Gorenstein's recommendations as to those matters as the Court's decision.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that, substantially for the reasons set forth in the Report and Recommendation of Magistrate Judge Gabriel Gorenstein ("R&R," Dkt. No. 918), the Court adopts the R&R in its entirety as the Court's decision on this matter, and it is further

**ORDERED** that Defendants' objections to the R&R (Dkt. Nos. 922, 926) are **DENIED.**

**SO ORDERED.**

Dated: New York, New York
       21 July 2021

_____
Victor Marrero
U.S.D.J.