```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES SECURITIES AND        :
EXCHANGE COMMISSION,                 :
                                     :
              Plaintiff,             :
                                     :
     - against -                     :
                                     :
COLLECTOR'S COFFEE INC., et al.,     :
                                     :
              Defendants.            :
-----------------------------------X
```

┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED:__7/30/2021__         │
└─────────────────────────────────┘

19 Civ. 4355 (VM)

**<u>DECISION AND ORDER</u>**

**VICTOR MARRERO, United States District Judge.**

In May 2019, the United States Securities and Exchange Commission ("SEC") brought civil fraud charges against Mykalai Kontilai ("Kontilai") and Collectors Coffee, Inc. ("CCI," and collectively with Kontilai, "Defendants") (the "SEC Action"). The matter was referred to Magistrate Judge Gorenstein to oversee general pretrial issues, including scheduling, discovery, nondispositive pretrial motions, and settlement. (<u>See</u> Dkt. No. 51.)

The parties stipulated to SDJ Investments, LLC, Adobe Investments, LLC, and Darren Sivertsen (collectively, the "Holders") filing a Complaint in Intervention in which the Holders would seek declaratory relief against CCI, Kontilai, and intervenor-defendant Jackie Robinson Foundation, Inc. ("JRF")(the "Intervenor Action"). In brief, the Holders' claims stem from a financial transaction during which the Holders lent $6 million to CCI, secured by certain memorabilia

1

(original copies of contracts signed by Jackie Robinson (the "Contracts")). As part of the SEC Action, the SEC alleges that CCI falsely represented to the Holders that they owned the Contracts while consummating the $6 million loan transaction. (See "Amended Complaint," Dkt. No. 134, ¶ 67.) The Holders filed their First Amended Complaint in Intervention ("FACI") on May 20, 2020, seeking declaratory relief stating: (1) the Holders had the status of first position perfected creditors in the Contracts; and (2) CCI had clear title to the Contracts at the time the Holders lent CCI funds collateralized by the Contracts (which again perfects the Holders' secured interest). (See FACI, Dkt. No. 344, ¶¶ 54, 70, 71.) The FACI names JRF as an intervenor-defendant because JRF holds itself out to be the true owner of the Contracts.

On June 19, 2020, Defendants filed a motion for judgment on the pleadings of the FACI, or, in the alternative, to stay the Intervenor Action and compel arbitration. (See "Motion," Dkt. No. 399.) Defendants argued that the Court had no supplemental jurisdiction over the Intervenor Action because that action and the SEC Action had no common set of operative facts. Defendants also argued that the Intervenor Action

should be stayed in favor of arbitration pursuant to a settlement agreement between the Holders and CCI.

On April 19, 2021, Magistrate Judge Gorenstein submitted a Report and Recommendation recommending that (1) the Court deny the motion for judgment on the pleadings because the Court had subject-matter jurisdiction over the Intervenor Action; and (2) the Holders' claims against Defendants (but not JRF) should be stayed pending arbitration. (See "R&R," Dkt. No. 890.) Magistrate Judge Gorenstein recommended that the Intervenor Action proceed against JRF. (Id. at 18-19.)

On May 3, 2021, the Court received objections to the R&R from CCI, Mykalai Kontilai, and JRF. (See Dkt. Nos. 903-05.) CCI and Kontilai object to the R&R on two separate bases: (1) Magistrate Judge Gorenstein erred in recommending the Court find subject-matter jurisdiction because the SEC Action and the Intervenor Action do not substantially overlap; and (2) Magistrate Judge Gorenstein erred in recommending only a partial stay of the Intervenor Action. (See Dkt. No. 903 at 1; Dkt. No. 904 at 1.) JRF objected only to Magistrate Judge Gorenstein's recommendation of a partial stay of the Intervenor Action. (See Dkt. No. 905 at 1.) The Holders filed

briefs in opposition to each these objections. (See Dkt. Nos.
915-17.)

## I.   **STANDARD OF REVIEW**

A district court evaluating a Magistrate Judge's report
may adopt those portions of the report to which no "specific,
written objection" is made, as long as the factual and legal
bases supporting the findings and conclusions set forth in
those sections are not clearly erroneous. See Fed. R. Civ. P.
72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); Greene v. WCI
Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). "Where
a  party  makes  a  'specific  written  objection'  within
'[fourteen] days  after  being  served  with  a  copy  of  the
[magistrate judge's] recommended disposition,' however, the
district court is required to make a de novo determination
regarding those part of the report." Cespedes v. Coughlin,
956 F. Supp. 454, 463 (S.D.N.Y. 1997) (quoting United States
v. Raddatz, 447 U.S. 667, 676 (1980)). A district judge may
accept, reject, or modify, in whole or in part, the findings
and recommendations of the Magistrate Judge. See DeLuca v.

Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); Walker v. Hood, 679 F. Supp. 372, 374 (S.D.N.Y. 1988).

## II.  DISCUSSION

A.   SUBJECT-MATTER JURISDICTION

"A 'case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)), aff'd, 568 U.S. 85 (2013). "Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). While the court must take all facts alleged in the complaint as true, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Id. (citation omitted).

The FACI asserts subject-matter jurisdiction under the grant of supplemental jurisdiction provided by 28 U.S.C. § 1367(a) over "claims that are so related to claims in the action within such original jurisdiction that they form part

of the same case or controversy under Article III of the United States Constitution." "For purposes of section 1367(a), claims form part of the same case or controversy if they derive from a common nucleus of operative fact." <u>Shahriar v. Smith & Wollensky Rest. Grp., Inc.</u>, 659 F.3d 234, 245 (2d Cir. 2011).

Magistrate Judge Gorenstein found that the Intervenor Action and the SEC Action derived from the same nucleus of operative facts because both will be resolved by a determination of the Contracts' ownership. In the SEC Action, the SEC alleges "Defendants' representations that Collectors Café owned the Jackie Robinson contracts were false and misleading and omitted material facts, because Collectors Café did not own a 100% interest in the contracts and was not entitled to 100% of the proceeds from their sale." (Amended Complaint ¶ 67.) And as Magistrate Judge Gorenstein points out, "[t]he Holders' complaint is exclusively about determining the interests in those same contracts." (R&R at 9 (quoting FACI ¶¶ 44–71).)

Although both CCI and Kontilai submitted independent objections to Magistrate Judge Gorenstein's recommendation on this point, their arguments are similar. CCI and Kontilai argue that (1) there is little overlap between the two actions because adjudicating the Intervenor Action will require

review of "lengthy and complex records" regarding the Holders' claims unrelated to the SEC Action; and (2) the Holders' and CCI's respective positions regarding the Holders' status as first position perfected creditors is defined by a settlement agreement between the parties, which contains its own dispute-resolution procedure.

As to the first argument, CCI and Kontilai focus on the differences that exist between the two actions but ignore the basic facts that are common to both. The SEC's allegations specifically reference the financial transaction between the Holders and CCI as a basis for its civil fraud claim. (See Amended Complaint ¶ 67.) In order for the SEC to prevail on its civil fraud claim, the SEC must prove that CCI did not actually own the Contracts. In the Intervenor Action, the Holders' position as first position perfected creditors is dependent on a finding that CCI owned the Contracts at the time the financial transactions at issue were executed. Thus, both actions will turn, at least in part, on the determination of who owned the Contracts throughout the relevant time period. Given this basic overlap, the Court agrees with Magistrate Judge Gorenstein that there is subject-matter jurisdiction under Section 1367(a). See Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006) (holding that the standard for supplemental jurisdiction

under Section 1367 is satisfied when "the federal claim necessarily brought the facts underlying the state claim before the court").

As to the second argument, the settlement agreement, despite outlining its own dispute-resolution procedures, does not divest the Court of subject-matter jurisdiction or require the immediate dismissal of the Intervenor Action. See, e.g., City of Benkelman v. Baseline Eng'g Corp., 867 F.3d 875, 880-81 (8th Cir. 2017) ("[A]n arbitration agreement has no relevance to the question of whether a given case satisfies constitutional or statutory definitions of jurisdiction." (citing Atl. Marine Const. Co. v. U.S. Dist. Court, 571 U.S. 49, 55-56 (2013)). While the dispute-resolution procedures may ultimately bar the Holders' declaratory judgment claim with respect to its status as a creditor as a matter of contract, that question must be decided in the first instance by an arbitrator. (See R&R at 10-11.) Magistrate Judge Gorenstein properly found that the Intervenor Action should therefore be stayed as against CCI and Kontilai so that arbitration could proceed regarding this question. (Id.) But, staying that portion of the Intervenor Action in favor or Arbitration has no effect on this Court's

subject matter jurisdiction. <u>City of Benkelman</u>, 867 F.3d at 880-81.

Accordingly, the Court denies Defendants' objections to the R&R with respect to this point and concludes that the Court has subject matter jurisdiction under 28 U.S.C. § 1367(a).

B.   <u>PARTIAL STAY</u>

As explained above, Magistrate Judge Gorenstein properly held that the Intervenor Action should be stayed as to CCI and Kontilai in favor of arbitration. This has the practical effect of staying further litigation of Count I of the Intervenor Action, as CCI and Kontilai are the only defendants to Count I.

JRF is the only defendant to Count II. Magistrate Judge Gorenstein, noting that no party had attempted to justify a stay of Count II as required for a stay to be implemented, <u>WorldCrisa Corp. v. Armstrong</u>, 129 F.3d 71, 76 (2d Cir. 1997), soundly recommended that the Court allow Count II to proceed. (<u>See</u> R&R at 18-19.)

Now, CCI and Kontilai object to a partial stay of the Intervenor Action. (<u>See</u> Dkt No. 903 at 1; Dkt. No. 904 at 1.) JRF, who did not participate in any manner in the underlying Motion, objects only insofar as it believes that CCI is a necessary party to the adjudication of Count II, which seeks

declaratory relief regarding the true ownership of the Contracts. (<u>See</u> Dkt. No. 905 at 2-3.) Therefore, JRF asks that the Court either (1) modify the R&R to confirm that CCI is a necessary party to Count II; (2) return this specific issue to Magistrate Judge Gorenstein for consideration and clarification of the R&R; or (3) stay the entire Intervenor Action. (<u>Id.</u>)

At the outset, the Court notes that it is under no legal obligation to stay Count II simply because Count I is properly stayed in favor of arbitration. <u>Genesco, Inc. v. T. Kakiuchi & Co.</u>, 815 F.2d 840, 856 (2d Cir. 1987) ("The decision to stay the balance of the proceedings pending arbitration is a matter largely within the district court's discretion to control its docket."). Thus, the dispute boils down to a practical one about the efficacy of moving forward with Count II.

The Court recognizes that CCI retains an important interest in the resolution of Count II. CCI is not named as a defendant to Count II -- presumably because there is no dispute between the Holders and CCI as to the issue of the Contracts' ownership: both parties want CCI to have had 100% ownership interest in the Contracts during the relevant time-period. However, the Court does not believe that a stay of the entire Intervenor Action is appropriate as the SEC Action

10

presses on. Indeed, the entire basis of supplemental jurisdiction under Section 1367(a) is that the issue of ownership of the Contracts is likely to be litigated as part of the SEC Action. In the SEC Action, CCI undoubtedly will advocate zealously for its ownership of the Contracts. Therefore, staying Count II against JRF while CCI is afforded the opportunity to litigate ownership of the Contracts in the SEC Action may ultimately prejudice JRF.

The Court is persuaded that because CCI has every interest in demonstrating their ownership interests in the SEC Action, and the Holders have a similar interest in the Intervenor Action, CCI's rights in the Contracts will be considered properly. The Court notes that there are multiple procedural avenues by which CCI could join the Intervenor Action as a plaintiff to protect its rights if it so chose. As just one example, CCI could intervene under Rule 24(a)(2). But, because the two actions are being considered in the same proceeding, each party will have an opportunity to litigate the issue of ownership of the Contracts. The Court therefore concludes a partial stay of the Intervenor Action is appropriate, and denies CCI, Kontilai, and JRF's objections.

C.  PORTIONS OF THE R&R WITH NO SPECIFIC OBJECTIONS

As to the remaining portions of Magistrate Judge Gorenstein's R&R unobjected to, having conducted a review of

the full record, including, among other things, the R&R and applicable legal authorities, the Court concludes that the factual findings, reasoning, and legal support for the recommendations made by Magistrate Judge Gorenstein in the R&R are not clearly erroneous or contrary to law. The Court will therefore adopt Magistrate Judge Gorenstein's recommendations as to those matters as the Court's decision.

### III. <u>ORDER</u>

For the reasons stated above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Gabriel Gorenstein (Dkt. No. 890) is adopted as the Court's decision in its entirety, and it is further

**ORDERED** that the objections of CCI, Kontilai, and the Jackie Robinson Foundation (Dkt. Nos. 903, 904, 905) to Magistrate Judge Gorenstein's Report and Recommendation are **DENIED.**

**SO ORDERED.**

Dated: New York, New York
       30 July 2021

_____
                Victor Marrero
                   U.S.D.J.

12