UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                  :

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,                               :

        Plaintiff,                             :     <u>OPINION AND ORDER</u>

   -v.-                                       :     19 Civ. 4355 (VM) (GWG)

COLLECTOR'S COFFEE INC., et al.,         :

        Defendants.                       :
---------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

     This lawsuit was brought by the Securities and Exchange Commission ("SEC") against Collector's Coffee Inc., d/b/a Collectors Café ("CCI"), Mykalai Kontilai, the founder, President, and Chief Executive Officer of CCI, and Veronica Kontilai, Mykalai's wife, as a relief defendant, alleging that the defendants violated federal securities laws by defrauding investors. <u>See</u> Amended Complaint, filed November 4, 2019 (Docket # 134). Plaintiff now moves to exclude the testimony of Kontilai's proposed expert witness, Bennett L. Gershman.[1] For the following reasons, plaintiff's motion is granted.

I. <u>BACKGROUND</u>

    A. <u>Procedural History</u>

     In its initial scheduling order, the Court set a deadline of June 1, 2020 for "[d]isclosure of expert evidence as required by Rule 26(a)(2)(A), (B), or (C), including the identities and reports of experts." Scheduling Order, filed October 16, 2019 (Docket # 124), at 4. That deadline was

---

[1] <u>See</u> Notice of Motion, filed May 28, 2021 (Docket # 924); Memorandum of Law in Support, filed May 28, 2021 (Docket # 925) ("Pl. Mem."); Response in Opposition, filed June 21, 2021 (Docket # 935) ("Def. Mem."); Reply Memorandum of Law in Support, filed July 1, 2021 (Docket # 937).

subsequently extended multiple times, with the last extension fixing a deadline of March 12, 2021. See Memorandum Endorsement, filed March 2, 2021 (Docket # 814).

Gershman's report first appeared in this case in connection with a motion to compel filed by Kontilai, in which Kontilai sought to compel various attorneys of Gail Holt to sit for a deposition. See Motion to Compel, filed March 8, 2021 (Docket # 820). Kontilai's counsel submitted a declaration in support of this motion and annexed to that declaration a copy of Gershman's "preliminary expert report . . . dated March 3, 2021." Declaration of George Lambert, filed March 8, 2021 (Docket # 821), ¶ 7; Expert Report, dated March 3, 2021, filed March 8, 2021 (Docket # 821-5). The Report in identical form was disclosed to the SEC on March 12, 2021, in accordance with the deadline for expert disclosures. See Pl. Mem. at 3; Expert Report, dated March 3, 2021, annexed as Exh. 1 to Pl. Mem. (the "Report"). Notwithstanding the deadline, the introduction to the Report recites that it is "a very preliminary Report." Report at 2. Gershman further purports to "reserve the right to supplement this Report and amplify my opinions and conclusions if necessary." Id.

The SEC deposed Gershman about the Report on April 29, 2021. See Excerpts of Video Deposition of Bennet L. Gershman, annexed as Exh. 2 to Pl. Mem. At that deposition, Gershman again characterized his report as "preliminary," stating that "[t]here are additional opinions that I will be expressing." Id. at 27.[2]

---

[2] The deposition terminated early after Gershman indicated he needed to stop the deposition because of a medical condition. Id. at 189. Counsel for the SEC stated at the conclusion of the deposition that "I think this Witness is clearly not admissible for any purpose at trial or other testimony in this case," and thus "before incurring any other costs . . . what we plan to do is move to exclude the Witness's testimony." Id. at 189-90.

B. Gershman's Report

The Report consists of a one-paragraph introduction, a listing of Gershman's qualifications, and ten pages dedicated to his opinions. See generally Report. Gershman does not list the materials he reviewed in making the report but rather refers generally to "the record" and occasionally cites to specific materials, some of which are reflected in the docket of this case. See, e.g., id. at 4 ("as I view the record"), 5 (referencing Timothy Dennin's website), 7 (describing Holt's deposition on December 7, 2020).

The report is divided into four sections, each headed by a summary of the opinion expressed in that section. The first section opines that an "extortion letter" from the attorney of shareholders of CCI, Mr. Timothy Dennin, "triggered the subsequent SEC investigation and prosecution of . . . Kontilai" and "exposed a corrupt relationship between Mr. Timothy Dennin and SEC lawyers." Id. at 4.

The second section opines that the SEC improperly obtained an ex parte order from the Court by using a declaration from Holt that the SEC "well knew was a recent fabrication made to protect herself from criminal liability." Id. at 5. The Report provides a factual narrative of evidence involving Holt, concluding that Holt was untruthful, see id. at 5-7, and opining that Holt "is the most critical witness in the SEC's prosecution of . . . Kontilai." Id. at 7. The Report opines that "[n]o prosecutor . . . would give any credence to . . . Holt's story unless they were willfully blind to the truth, or were indifferent to the truth." Id. The Report further opines that the SEC's purported "failure to disclose . . . Holt's previous statements" during its application for a temporary restraining order constituted "legal and ethical misconduct." Id. at 8.

The third section opines that because a witness, John Mark Dougan, had a "deceitful and unscrupulous history," the SEC acted improperly by using him as a "key informant." Id. at 8.

3

The fourth section states that the SEC's lawyers have "engaged in a pattern of irregular, overzealous, unethical, and unlawful conduct" throughout this litigation. Id. at 10. Gershman describes various circumstances that he contends support his opinion, such as the involvement of the SEC's Denver office, id. at 10-11, the lack of any "Wells Notice" to Kontilai, id. at 11, the SEC's "interference with" Kontilai's counsel, id., the SEC's filing of a contempt motion, id. at 12, and the SEC's relationship with Andrew Ceresney, Kontilai's former counsel, id. at 12-13.

## II. LEGAL STANDARD

"The district court's determination whether to admit expert testimony is guided by Fed. R. Evid. 702." United States v. Gatto, 986 F.3d 104, 117 (2d Cir. 2021). Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

The Rule 702 standard incorporates the principles enunciated in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597, 589 (1993), in which the Supreme Court held that trial courts have a "gatekeeping" function to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable," and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999), in which the Supreme Court held that Daubert's general gatekeeping obligation "applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." Id. at 141 (citing Fed. R. Evid. 702).

"One of the fundamental requirements of Rule 702 is that the proposed testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" In re Rezulin

Products Liab. Litig., 309 F. Supp. 2d 531, 540 (S.D.N.Y. 2004) (quoting Fed. R. Evid. 702); accord Lippe v. Bairnco Corp., 288 B.R. 678, 685 (S.D.N.Y. 2003), aff'd, 99 F. App'x 274 (2d Cir. 2004); see also In re Initial Pub. Offering Sec. Litig., 174 F. Supp. 2d 61, 68 (S.D.N.Y. 2001) ("As Rule 702's plain language shows, the opinion of an expert witness is only admissible if it (1) assists the trier of fact in (2) understanding the evidence or determining a disputed fact.") (emphasis in original).  In deciding whether expert testimony will be helpful to the fact-finder, the Court must ensure that the testimony does not "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it."  United States v. Lumpkin, 192 F.3d 280, 289 (2d Cir. 1999) (quoting United States v. Duncan, 42 F.3d 97, 101 (2d Cir. 1994)) (punctuation omitted); accord United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991).  While an expert "may opine on an issue of fact within the jury's province," an expert "may not give testimony stating ultimate legal conclusions based on those facts."  Bilzerian, 926 F.2d at 1294; see also Hygh v. Jacobs, 961 F.2d 359, 363 (2d Cir. 1992) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion.") (citing cases).  In addition, expert testimony is inadmissible when it addresses "lay matters which a jury is capable of understanding and deciding without the expert's help."  Andrews v. Metro N. Commuter R.R. Co., 882 F.2d 705, 708 (2d Cir. 1989) (citing cases).

      Moreover, as with all testimony, the expert's testimony must actually be relevant to an issue in the case.  See, e.g., United States v. Cruz, 363 F.3d 187, 192 (2d Cir. 2004).  Thus, as part of the Rule 702 analysis, a court must "analyz[e] whether [the] proffered expert testimony is relevant, i.e., whether it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

without the evidence." Amorgianos v. Nat'l R.R. Passenger Corp., 303 F.3d 256, 265 (2d Cir. 2002) (punctuation omitted).

"The decision to admit expert testimony is left to the broad discretion of the trial judge." Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, 571 F.3d 206, 213 (2d Cir. 2009). "The proponent of expert testimony carries the burden of establishing its admissibility by a preponderance of the evidence." Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 20 (2d Cir. 2021).

### III.  DISCUSSION

Shortly after the expert report was submitted, the Court issued an order striking the only two defenses that related to the SEC's conduct. See generally Order, filed March 15, 2021 (Docket # 836). The SEC's brief seeking to exclude Gershman's report thus argued that Gershman's opinions were no longer relevant to any claim or defense in this case. Pl. Mem. at 1, 6.[3]  In response, defendant essentially ignored the vast bulk of the Report, asserting that "there are additional expert opinions proffered in Professor Gershman's Report and deposition that go to the motivations, credibility, and bias of the SEC's star witness, Gail Holt." Def. Mem. at 1.

While defendant's brief seeks to offer the opinions of Gershman as expressed in his deposition testimony, we of course ignore any such testimony inasmuch as Fed. R. Civ. P. 26(a)(2)(B)(i) requires that a party disclose in a report the "complete statement of all opinions" of an expert. See also Sandata Techs., Inc. v. Infocrossing, Inc., 2007 WL 4157163, at *4 (S.D.N.Y. Nov. 16, 2007) ("It should be assumed that at the time an expert issues his report, that

---

[3] The SEC also argued that Gershman's opinions are too tentative to be of any assistance, Pl. Mem. at 7; that they amount to legal conclusions, which would "usurp the Court's role in instructing the jury about the applicable law," id. at 9; and that they are unreliable because they were "not based on a competent review of relevant facts" and because Gershman "did not employ a coherent" or testable methodology to construct his opinions, id. at 10. Finally, the SEC made a number of arguments as to why Gershman's testimony should be precluded as a sanction pursuant to Rule 37(c)(1). See id. at 16-21.

report reflects his full knowledge and complete opinions on the issues for which his opinion has been sought.").[4]

As to the Report itself, Kontilai asserts the relevance only of the statements expressed in the Report that Holt had a motive to assist the SEC "to protect herself from criminal liability," and that she "faced serous criminal jeopardy, and might be indicted if she did not give the government what it wanted from her." Def. Mem. at 16 (quoting Report at 5, 8). Thus, Kontilai asserts that, notwithstanding the striking of the affirmative defenses, the Report still should be admitted to show "Holt's motivations." Id. Kontilai argues that evidence on this point is necessary "because an average lay juror would have no understanding of what criminal and civil guardrails Holt had transgressed, what legal consequences she might face, as well as how the SEC can help Holt to avoid those consequences." Id. at 1. In other words, Kontilai seeks to offer Gershman's testimony to attack Holt's credibility.

Putting aside whether the Report actually contains any comprehensible, useful or segregable opinions as to Holt's motive to lie, the defendant's effort to offer expert testimony on this issue is barred by well-settled case law holding that expert testimony about a witness's credibility is improper. A leading case in this area was actually cited by Kontilai in his opposition brief, see id. at 11 (citing Nimely v. City of New York, 414 F.3d 381, 396-97 (2d Cir. 2005)), though he fails to cite to the relevant portion of the opinion. Nimely recognizes that the Second Circuit "has consistently held that expert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or technical expertise, are inadmissible under Rule 702." 414 F.3d at 398. This is so because such testimony "does not

---

[4] Indeed, the defendant's service of a report that was explicitly characterized as "preliminary," Report at 2, is in plain violation of Fed. R. Civ. P. 26(a)(2)(B)(i). This conclusion necessarily entails rejecting defendant's argument that the SEC's motion is "premature" because Gershman's deposition has not yet concluded. Def. Mem. at 23.

'assist the trier of fact,' Fed. R. Evid. 702, but rather 'undertakes to tell the jury what result to reach,' and 'attempts to substitute the expert's judgment for the jury's.'" Id. (quoting United States v. Duncan, 42 F.3d 97, 101 (2d Cir. 1994)).

Kontilai makes no attempt to distinguish Nimely or any other of the myriad cases within this Circuit that have applied its holding. See, e.g., United States v. Noze, 255 F. Supp. 3d 352, 353 (D. Conn. 2017) (precluding testimony of proposed expert witness, a professor "of Boston College Law School, to testify regarding the credibility of cooperating witnesses") (punctuation omitted), aff'd, 763 F. App'x 93 (2d Cir. 2019); Harasz v. Katz, 327 F. Supp. 3d 418, 428 (D. Conn. 2018) (excluding at summary judgment expert's "opinions as to [witness]'s credibility"); Stern v. Shammas, 2015 WL 4530473, at *4 (E.D.N.Y. July 27, 2015) (barring plaintiff's expert from "mak[ing] credibility determinations"). Instead, defendant simply asserts that this kind of "testimony is routinely admitted," without citing any authority for this assertion. Def. Mem. at 15. In fact, testimony substantially similar to what Gershman would offer ("testimony to demonstrate why [Holt] might have had a motivation to lie in favor of the SEC," id.) has been squarely rejected as inadmissible, including in the summary order affirming Noze issued by the Second Circuit:

> The defendants argue that their expert witness would have testified regarding different issues: the credibility of cooperating witnesses generally, and the benefits such witnesses receive in exchange for government cooperation, and would not have opined as to the credibility of cooperating witnesses in this case. But as the district court ruled, even general testimony of that sort would represent an "evaluation[] of witness credibility" that we have held is impermissible under Rules 702 and 403. [Nimely, 414 F.3d at 398]. Indeed, the defendants' theory of relevance for the expert's intended testimony is that it would have provided the jury with a logical basis for concluding that the cooperating witnesses in this case testified falsely. "Such testimony does not assist the trier of fact, but rather undertakes to tell the jury what result to reach, and attempts to substitute the expert's judgment for the jury's." Id. (internal citation and quotation marks omitted). The district court therefore did not err in granting the government's

motion in limine to exclude the expert testimony.

United States v. Dugue, 763 F. App'x 93, 96 (2d Cir. 2019).

The reasoning of Dugue applies here inasmuch as a jury is capable of making its own judgment about whether Holt was motivated to lie to the SEC in order to curry favor with the Government. No expert is needed to make these points to a jury and such arguments are routinely advanced by attorneys in this Courthouse to attack the credibility of Government witnesses. Because any testimony Gershman would have to offer on this point could only constitute an attempt to "substitute the expert's judgment for the jury's," such testimony is inadmissible under Fed. R. Evid. 702 and 403. Nimely, 414 F.3d at 398 (punctuation omitted); accord Dugue, 763 F. App'x at 96. Defendant will have "ample opportunity to impeach any cooperating witnesses about their own criminal acts and about their self-interested motives for testifying and any benefits that they may expect to receive." Noze, 255 F. Supp. 3d at 354. Ultimately, Gershman's evidence must be excluded because it does not "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

The Court also rejects defendant's request that the defense "be permitted 14 days to provide a more narrowly focused expert report." Def. Mem. at 22-23. Leave to submit a new report is rejected because the defense has "presented a report comprised . . . completely of inadmissible material." Highland Cap. Mgmt., L.P. v. Schneider, 379 F. Supp. 2d 461, 475 (S.D.N.Y. 2005) (punctuation omitted). The problems with Gershman's testimony cannot be cured by a "more narrowly focused expert report," as defendant contends. Def. Mem. at 23. Moreover, the deadline for the submission of a proper report has long since passed, no good cause has been shown for the failure to timely submit a proper report under Fed. R. Civ. P.

9

6(b)(1), and defendant has engaged in repeated litigation abuses that have already needlessly prolonged this case, see Opinion and Order, filed April 16, 2021 (Docket # 884), at 10.

IV.  CONCLUSION

For the foregoing reasons, plaintiff's motion to exclude the testimony of Bennett Gershman (Docket # 924) is granted.

SO ORDERED.

Dated: August 5, 2021
       New York, NY

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge