UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>– against –<br><br>COLLECTOR'S COFFEE, INC., *et al*.,<br><br>              Defendants. | Civil Action No.19-cv-04355-VM-GWG |

### DEFENDANT MYKALAI KONTILAI'S NOTICE OF MOTION AND MOTION TO CLARIFY TEMPORARY RESTRAINING ORDER

Defendant Mykalai Kontilai, by and through undersigned counsel, gives notice, and hereby moves this Court, as soon as the Court will direct, for an Order clarifying: 1) that Mr. Kontilai is permitted under the terms of the Temporary Restraining Order Freezing Assets and Providing for Other Ancillary Relief, Docket No. 12, to file and litigate lawsuits against third parties, including, but not limited to, two pending matters, and any other future lawsuit that Mr. Kontilai may be entitled to pursue; and 2) that the asset freeze, by its own terms, does not apply to after-acquired assets such as any proceeds from the lawsuits.

In the alternative, and to any extent the Court finds that it is required, Mr. Kontilai hereby moves this Court, as soon as the Court will direct, for an Order clarifying that Mr. Kontilai has leave to continue litigating a pending legal malpractice lawsuit and a wrongful death lawsuit related to the death of Mr. Kontilai's mother from asbestos exposure and in which Mr. Kontilai is a co-plaintiff with the Estate and another family member.

This motion is brought pursuant to Local Rule 7.1, this Court's Memorandum Endorsement entered February 18, 2021, in which this Court stated that "[a]ny party … is permitted to file any motion it wants on this question," and all other authorities cited in, as well as the exhibits attached to, the memorandum of law filed herewith, all of which are hereby incorporated herein. Memorandum Endorsement, Docket No. 806 at 4.

Pursuant to this Court's Individual Practice 2.A, which states that "Parties are encouraged to confer with their adversary in appropriate cases to determine whether a motion is in fact necessary," the parties initially held a meet-and-confer to discuss the Malpractice Suit on February 8, 2021, for approximately 45 minutes. *See* Defendants' Letter, Docket No. 801 at 1-2. Mr. Kontilai then asked this Court to permit Mr. Kontilai to file "a motion for an order expressly stating that Defendants are free to prosecute the action *CCI, Kontilai v. Debevoise & Plimpton, Andrew Ceresney, et al.*, case 20-CV-2988 under the terms outlined in this letter." *Id*. at 3. Subsequent to the filing of Mr. Kontilai's pre-motion letter and the SEC's response, this Court wrote that "[i]t is unclear what motion is being proposed," noting that Mr. Kontilai's letter "might be construed as seeking permission to make a motion for clarification of the TRO—that is, an order clarifying that the filing and continued pursuit of the lawsuit is permitted by the TRO," or the letter could be construed as the SEC interpreted it, as a "move to 'modify' the TRO." Memorandum Endorsement, Document No. 806 at 4. This Court then stated that it would permit "[a]ny party (including the SEC, which may file a motion to enforce) is permitted to file any motion it wants on this question." *Id*. For any such motion, "the Court's pre-motion conference requirement is waived." *Id*.

Mr. Kontilai interprets this Court's ruling such that "any party" is permitted to file "any motion" raising the issues related to Mr. Kontilai's requested clarification of the TRO's

provision addressing lawsuits, including issues related to Mr. Kontilai's filing and litigation of the malpractice suit—which was addressed in Mr. Kontilai's original pre-motion letter—and the litigation of a separate wrongful death suit (and any future lawsuits)—which was not explicitly mentioned, but which involves the same issues.

While the wrongful death lawsuit predates the asset freeze and the SEC litigation, the clarifications sought regarding the asset freeze are the same as to any contingent fee lawsuit in which Mr. Kontilai is a plaintiff. Logic and judicial economy would suggest that they should be addressed in the same motion the Court has already granted leave to file.

The parties conferred on the topic of this motion (discussing both pending lawsuits), at the SEC's request, on Friday, September 24, 2021 at 1:00 pm. The SEC suggested that it may seek to file a motion related to the lawsuits at issue given that Mr. Kontilai had not yet done so.

The parties met and conferred again on October 1, 2021 at 5:00 pm. During the October 1 meeting, the parties first discussed, but could not reach consensus on, a proposed joint order to address these issues and allow both lawsuits to proceed.

After the SEC made it clear that no consensus could be reached as to elements of the proposed joint order, counsel for Mr. Kontilai noted that, in the alternative, Mr. Kontilai was prepared to file the present motion.

The parties have agreed on a briefing schedule as follows:

1. Opposing papers shall be filed within 14 days after this Notice of Motion and Motion are filed with the Court's ECF system.

2. Reply papers shall be filed within 7 days after receipt of the Opposition papers filed by the opposing parties.

      3.      Mr. Kontilai will notify the Court via letter once this motion has been fully briefed.

Mr. Kontilai respectfully requests that this Court clarify the terms of the TRO as stated above and in the accompanying Memorandum, which is incorporated herein by reference.

                       Respectfully submitted,

                       HANSEL LAW, PC

October 1, 2021                 _____/s/_____
                                     Cary J. Hansel (*pro hac vice*)
                                     2514 N. Charles Street
                                     Baltimore, Maryland 21218
                                     Phone:   301-461-1040
                                     Facsimile: 443-451-8606
                                     cary@hansellaw.com
                                     *Counsel for Mykalai Kontilai*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, I caused the foregoing to be electronically filed by using the CM/ECF system. I further certify that a copy of the foregoing was served upon the following counsel of record via the Court's CM/ECF system:

Seth Eliot Spitzer, Esquire
Cristina Isabel Calvar, Esquire
Winston & Strawn LLP
200 Park Ave
New York, NY 10166
sspitzer@winston.com
ccalvar@winston.com
Counsel for the Intervenor-Defendant
Jackie Robinson Foundation

Mark L. Williams, Esquire
Terry Ryan Miller, Esquire
Stephen C. McKenna, Esquire
U.S. Securities and Exchange Commission
1961 Stout St., Suite 1700
Denver, CO 80294
williamsm@sec.gov; millerte@sec.gov
Counsel for the Plaintiff, SEC

Stanley C. Morris, Esquire
12300 Wilshire Blvd., Suite 210
Los Angeles, CA 90025
Phone: 310-394-2900
Email: scm@cormorllp.com
Counsel for Defendant CCI

George Lambert, Esquire
The Lambert Law Firm
1025 Connecticut Ave., 1000 NW,
Washington, D.C., 20036
lawdc10@gmail.com
Counsel for Veronica Kontilai

Robert G. Heim, Esquire
Tarter Krinsky & Drogin LLP
1350 Broadway | New York | NY | 10018
rheim@tarterkrinsky.com
Counsel for Mykalai Kontilai

Richard A. Schonfeld, Esquire
Chesnoff & Schonfeld
520 South Florida Street
Las Vegas, Nevada 89101
rschonfeld@cslawoffice.net
Counsel for Intervenor-Plaintiffs


_____/s/_____
Cary J. Hansel (*pro hac vice*)
*Counsel for Mykalai Kontilai*