USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/21

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES SECURITIES AND        :
EXCHANGE COMMISSION,                :
                                    :
                Plaintiff,          :
                                    :   19 Civ. 4355 (VM)
     - against -                    :
                                    :
COLLECTOR'S COFFEE INC., et al.,    :   DECISION AND ORDER
                                    :
                Defendants.         :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

In May 2019, the United States Securities and Exchange Commission ("SEC") brought civil fraud charges against Mykalai Kontilai ("Kontilai") and Collectors Coffee, Inc. ("CCI," and collectively with Kontilai, "Defendants"). Now before the Court are the parties' cross-motions for Summary Judgment on Count V of the Amended Complaint (Dkt. No. 134) pursuant to Federal Rule of Civil Procedure 56. (See "SEC Motion," Dkt. No. 879; "Kontilai Motion," Dkt. No. 887; "CCI Motion," Dkt. No. 888.) For the reasons stated herein, the Court GRANTS the SEC Motion for summary judgment and DENIES the Kontilai and CCI Motions for summary judgment.

## I.   BACKGROUND

A.   RELEVANT PROCEDURAL BACKGROUND

Count V of the Amended Complaint alleges that the Defendants violated Rule 21F-17 of the Exchange Act by impeding individuals' communication with the SEC regarding

1

potential securities laws violations by enforcing or threatening to enforce confidentiality agreements that would prevent individuals' communications thereof. On June 26, 2020, Defendants filed a motion to "dismiss, strike portions of, and enter judgment on the pleadings" of the Amended Complaint. (See "Motion," Dkt. No. 416.) On May 17, 2021, Magistrate Judge Gorenstein submitted a Report and Recommendation recommending the Court deny the Motion, specifically holding that Count V survived the Defendants' arguments related to its legal sufficiency. (See "R&R," Dkt. No. 918.) On May 24 and June 1, 2021, the Court received Defendants' short-form, (Dkt. No. 922.), and long-form, ("Objections," Dkt. No. 926), objections to Magistrate Judge Gorenstein's R&R. The SEC opposed the Objections on June 15, 2021. (See "Opposition," Dkt. No. 930.)

In their motion before Magistrate Judge Gorenstein, Defendants argued that the SEC's Rule 21F-17 claim should be dismissed as "barred by the litigation privilege" and outside the SEC's rulemaking authority. (See Motion at 3, 9.) Magistrate Judge Gorenstein rejected both arguments, finding that no litigation privilege had ever been applied to bar a federal cause of action, nor did Defendants' Rule 21F-17

arguments address the salient points regarding the SEC's rulemaking authority. (See R&R at 9-11.)

In their motions before this Court, Defendants then objected to Magistrate Judge Gorenstein's R&R on two points. First, Defendants argued that in promulgating Rule 21F-17, the SEC exceeded its statutory authority. (Objections at 3-5.) Second, Defendants argued that Rule 21F-17 violates the First Amendment of the United States Constitution. (Id. at 13-14.). On July 21, 2021, the Court rejected those objections, finding that Rule 21F-17 was promulgated using proper rulemaking authority and otherwise was not improper under the First Amendment. (See "Order," Dkt. No. 940.)

On April 16, 2021, defendant Kontilai filed a letter pursuant to Section II.A. of the Court's Individual Practices requesting a premotion conference to obtain permission to file a motion for summary judgment on all claims in the Amended Complaint. (See Dkt. No. 887.) That same day, defendant Collector's Coffee Inc. ("CCI") filed a similar letter. (See Dkt. No. 886.). The SEC filed an opposition to these two letter requests on April 26, 2021. (See Dkt. No. 898.)

The SEC also filed a letter pursuant to Section II.A. of the Court's Individual Practices requesting a premotion conference and leave to file a motion for partial summary

3

judgment as to Count V. (Dkt. No. 879.) Kontilai and CCI filed oppositions on April 23, 2021. (See Dkt. Nos. 895, 896.)

On June 17, 2021, the Court denied each of these requests insofar as they requested a conference and further briefing on the parties' anticipated motions. (See Dkt. No. 934.) In that Order, the Court denied Defendants' request to file full summary judgment motions and instead indicated it would treat the parties' correspondence as a fully briefed summary judgment motion focused only on Count V of the Amended Complaint.[1] On July 1, 2021, the Defendants submitted an additional letter "clarifying the relevant undisputed factual record." (See Dkt. No. 938.)

B.  FACTUAL BACKGROUND[2]

The Court restricts its discussion of the factual background of this matter to those facts relevant only to Count V of the Amended Complaint. In 2015, CCI and Kontilai

---

[1] See Kapitalforeningen Lægernes Invest. v. United Techs. Corp., 779 F. App'x 69, 70 (2d Cir. 2019) (affirming the district court ruling deeming an exchange of letters as fully submitted motion).

[2] Except as otherwise noted, the following background derives from the facts as set forth by Defendants in their Rule 56.1 statement of undisputed material facts. (See "Defs SUMF," Dkt. No. 938.) The Court has also considered the full record submitted by the parties, including factual averments and admissions made previously in the record. No further citations to the record will be made herein except as specifically quoted. The Court construes any disputed facts discussed in this section and the justifiable inferences arising therefrom in the light most favorable to the nonmovant for each motion, as required under the standard set forth in Section II below.

entered into a stock purchase agreement with investors ("2015 Investor Agreement") that contained, in part, a provision which stated the investors agreed they would not:

> directly or indirectly, individually, collectively or otherwise, contact any third-party, including, but not limited to governmental or administrative agencies or enforcement bodies, for the purpose of commencing or otherwise prompting investigation or other action relative to [Collectors Café] or the subject matter herein.

(Defs SUMF, at 2, Exhibit 1.) On June 26, 2017, CCI, Kontilai, and two investors entered into settlement agreements to resolve prior investor litigation (the "2017 Settlement Agreement"). Much like the 2015 Investor Agreement, the 2017 Settlement Agreement contained a provision that stated:

> The Shareholders, for themselves and their counsel and advisors, confirm that they are not aware of, and have not had to date, and will not initiate on a going forward basis, any communications with any regulatory agencies such as the United States Securities and Exchange Commission or any other Federal, State, or Local governmental agency concerning the matters related to this Agreement. Nothing herein would prevent the parties from responding to, and/or fully complying with, a subpoena or other governmental and or regulatory compulsory process.

(Defs SUMF, at 2, Exhibit 2.)

Finally, it is undisputed that the Defendants actually enforced these provisions in at least one instance, suing an investor for breach of the confidentiality clause after they communicated with the SEC. (See "Answer," Dkt. No. 241 at ¶

5

6.) The Defendants likewise admit they "informed other investors about this lawsuit." (See id.)

C.   THE PARTIES' ARGUMENTS

The SEC argues that summary judgment should be granted in its favor on Count V because there is no dispute as to the conduct underlying its Rule 21F-17 claim. The SEC argues the only issue about which the parties disagree is whether the Defendants' conduct actually violates Rule 21F-17, and whether the Rule was promulgated appropriately and is not otherwise unconstitutional. The SEC contends the clear text of Rule21F-17 incorporated the conduct at issue here, and the rule was promulgated in a valid exercise of the Commission's authority.

Defendants respond that Rule 21F-17 should be struck down because the SEC exceeded its statutory authority in promulgating Rule 21F-17. And, Defendants argue, Rule 21F-17 violates the First Amendment of the United States Constitution. Finally, Defendants argue that their conduct does not violate Rule 21F-17 because no investor that was allegedly impeded was ever an employee of the Defendants.

II.   **LEGAL STANDARD**

In connection with a motion for summary judgment under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper if, viewing all the facts of the record in a light

most favorable to the non-moving party, no genuine issue of material fact remains for adjudication." Samuels v. Mockry, 77 F.3d 34, 35 (2d Cir. 1996) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-50 (1986)). The role of a court in ruling on such a motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986).

The moving party bears the burden of proving that no genuine issue of material fact exists or that, because of the paucity of evidence presented by the nonmovant, no rational jury could find in favor of the nonmoving party. See Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223-24 (2d Cir. 1994). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact." Anderson, 477 U.S. at 247-48.

In determining whether the moving party is entitled to judgment as a matter of law, the court must "resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought." Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d

290, 309 (2d Cir. 2008). Though a party opposing summary judgment may not "rely on mere conclusory allegations nor speculation," D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998), summary judgment is improper if any evidence in the record allows a reasonable inference to be drawn in favor of the opposing party, see Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

### III. DISCUSSION

The Court has discussed extensively the legal issues raised by Defendants in their oppositions to summary judgment in the Order adopting Magistrate Judge Gorenstein's R&R denying the motion to dismiss the Amended Complaint. Defendants here essentially repeat the same legal arguments with respect to the SEC's rulemaking authority and the First Amendment. While this circumstance may not be Defendants' fault, as they submitted briefing for this motion prior to the Court's Order rejecting a legal attack on Rule 21F-17, nonetheless – for the same reasons the Court elaborated on in its Order - the Court is still not persuaded that Rule 21F-17 exceeds the SEC's rulemaking nor that it violates the First Amendment. Therefore, as to the legal arguments raised, the Court reaffirms its conclusion that Rule 21F-17 constitutes an appropriate exercise of the SEC's rulemaking authority and does not violate the First Amendment.

The only issue that remains to be resolved is whether Defendants' conduct actually violates Rule 21F-17. On this point, the Court readily concludes that it does. Rule 21F-17 prevents any "person" from taking "any action to impede an individual from communicating directly with the Commission staff about a possible securities law violation, including enforcing, or threatening to enforce, a confidentiality agreement . . . with respect to such communications." See 17 C.F.R. § 240.21F-17(a). The undisputed facts show that (1) the Defendants entered into confidentiality agreements with investors that expressly prevented them from communicating with the SEC regarding securities laws violations and (2) the Defendants actually sued to prevent such communications and advertised those suits in order to chill further communication. These are undoubtedly "action[s] to impede" communications, especially where the Rule explicitly prohibits "enforcing, or threatening to enforce" such agreements. The Court therefore concludes that the Defendants are liable on the SEC's fifth claim.

### IV.  ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that the motion of the plaintiff Securities and Exchange Commission for summary judgment on Count Five of the

First Amended Complaint (Dkt. No. 134) is **GRANTED,** and it is further

**ORDERED** that the motions of the Defendants Mykalai Kontilai and Collector's Coffee Inc. for summary judgment of on Count Five of the First Amended Complaint are **DENIED.**

**SO ORDERED.**

Dated: New York, New York
17 November 2021

Victor Marrero
U.S.D.J.