UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,                                        :

              Plaintiff,                                    :

       -v.-                                                 :   19 Civ. 4355 (VM) (GWG)

COLLECTOR'S COFFEE INC., et al.,                            :

              Defendants.                                   :
------------------------------------------------------------x
------------------------------------------------------------x
SDJ INVESTMENTS, LLC, ET AL.,
                                                            :
              Intervenor-Plaintiffs,
                                                            :
       -v.-
                                                            :
COLLECTOR'S COFFEE INC., et al.,
                                                            :
              Intervenor-Defendants.
------------------------------------------------------------x

<u>REPORT AND RECOMMENDATION COMBINED WITH OPINION AND ORDER</u>

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

       The Securities and Exchange Commission ("SEC") has sued Collector's Coffee Inc.,

d/b/a Collectors Café ("CCI"), and Mykalai Kontilai, the founder, President, and Chief Executive

Officer of CCI, alleging that the defendants violated federal securities laws by defrauding

investors.  <u>See</u> Amended Complaint, filed Nov. 4, 2019 (Docket # 134) ("SEC Am. Comp.").  A

group of CCI's secured creditors — SDJ Investments, LLC, Adobe Investments, LLC, and

Darren Sivertsen, as Trustee of the Sivertsen Family Trust U/A/D 10/01/2002 (collectively, the

"Holders") — later intervened to assert claims against CCI, Kontilai, the Jackie Robinson

Foundation ("JRF"), 50 unnamed individuals, and 50 unnamed corporations.  <u>See</u> Amended

Complaint, filed May 5, 2020 (Docket # 344) ("Int. Comp.").  Relevant here, Count Two of the Holders' amended complaint in intervention seeks a declaratory judgment against JRF finding that CCI, rather than JRF, owns the property that is in part the subject of the amended complaint: specifically, two Major League Baseball contracts signed in 1945 and 1947 by famed Brooklyn Dodger Jackie Robinson.  Id. ¶¶ 55-71.  The Holders and JRF are the only parties to Count Two. Id. at 11.

CCI now moves to dismiss Count Two for failure to join CCI because it asserts that it is an indispensable party as to that count.[1]  Separately, JRF has moved to amend its answer to Count Two to assert a cross-claim against CCI.[2]  For the reasons stated below, we recommend that CCI's motion to dismiss be denied.  Separately, we order that JRF's motion to amend is granted.

I.      BACKGROUND

A.      Relevant Facts Alleged in the Intervenor's Complaint

The Holders allege that in 2013, CCI acquired the original contracts signed by Jackie Robinson.  See Int. Comp. ¶ 22.  At about the same time, CCI obtained $5.95 million in loans

---

[1]  See Notice of Motion, filed Sept. 30, 2021 (Docket # 955) ("Mot. to Dismiss"); Memorandum of Law in Support, filed Sept. 30, 2021 (Docket # 956) ("CCI Mem."); Declaration of Brian T. Corrigan, filed Sept. 30, 2021 (Docket # 957) ("Corrigan Decl."); Notice of Opposition, filed Oct. 12, 2021 (Docket # 962); Memorandum of Law in Opposition, filed Oct. 12, 2021 (Docket # 963); Memorandum of Law in Opposition, filed Oct. 18, 2021 (Docket # 966); Memorandum of Law in Opposition, filed Oct. 20, 2021 (Docket # 967); Reply Memorandum, filed Oct. 27, 2021 (Docket # 968) ("CCI Reply"); Reply Memorandum, filed Nov. 1, 2021 (Docket # 972) ("CCI Second Reply"); Reply Memorandum, filed Nov. 3, 2021 (Docket # 974).

[2]  See Notice of Motion, filed Jan. 12, 2022 (Docket # 984); Memorandum of Law in Support, filed Jan. 12, 2022 (Docket # 988) ("JRF Amend Mem."); Memorandum of Law in Opposition, filed Feb. 2, 2022 (Docket # 986) ("CCI Opp."); Reply Memorandum, filed Feb. 23, 2022 (Docket # 989).

from certain Holders through secured promissory notes.  Id. ¶ 24-27.  Between 2014 and 2018,

CCI unveiled and promoted the contracts publicly while soliciting buyers for the contracts and

investments for CCI generally.  See id. ¶¶ 31, 33-34.  In January 2019, the Los Angeles Dodgers

(the "Dodgers") asserted that the contracts were their property and thus could not be sold by

CCI.  See Int. Comp. ¶¶ 35, 58.  In November 2019, shortly after the SEC's lawsuit was filed,

the Dodgers transferred their ownership interest in the contracts to JRF.  Id. ¶ 11; see also SEC v.

Collector's Coffee Inc., 451 F. Supp. 3d 294, 297 (S.D.N.Y. 2020).

      B.    Procedural History

This case began with the SEC filing a complaint alleging that CCI and Kontilai violated

federal securities laws by defrauding CCI's investors.  See Complaint, filed May 14, 2019

(Docket # 1).  On September 6, 2019, this Court granted the Holders' motion to intervene.  See

Order of September 6, 2019 (Docket # 89).  The Holders' original complaint in intervention

named as defendants CCI, Kontilai, and the Dodgers (along with some unnamed individuals and

entities).  See Complaint, filed Sept. 10, 2019 (Docket # 92).  As noted above, the Dodgers had

previously transferred their interest in the contracts to JRF.  See Int. Comp. ¶¶ 35, 58.  Thus, JRF

was substituted as a defendant on April 1, 2020.  See Order of April 1, 2020 (Docket # 281).

The Holders then filed their amended complaint in intervention, the operative complaint as to

their claims, on May 20, 2020.  See Int. Comp.

Count One of the Holders' amended complaint in intervention is brought against CCI and

Kontilai, and seeks a declaratory judgment that the Holders "have a first position perfected

secured interest in the Contracts that would entitle[] them to receive the first proceeds of any sale

of the Contracts until their interest is satisfied."  Id. ¶ 54.  Count Two is brought against JRF

only, and it seeks "a declaration that [JRF] does not have any right, title, or interest in the

Contracts" and that CCI in fact owned the contracts when the Holders made their loans.  Id. ¶¶

68, 70.  On July 30, 2021, Count One was stayed pending arbitration because the Holders and

CCI had agreed to arbitrate any disputes between them.  See Order of July 30, 2021 (Docket #

943) ("July 30 Order").  On September 30, 2021, CCI filed the instant motion to dismiss Count

Two.  After that motion was fully briefed, JRF filed its motion to amend.

## II.    CCI's MOTION TO DISMISS

CCI's notice of motion seeks as relief only dismissal of Count Two.  See Mot. to

Dismiss.  It also cites exclusively to Rule 19 of the Federal Rules of Civil Procedure.  See id.

Rule 19(a)(1) provides in relevant part that a person must be "joined" as a party if

> (A) in that person's absence, the court cannot accord complete
> relief among existing parties; or
> (B) that person claims an interest relating to the subject of the
> action and is so situated that disposing of the action in the person's
> absence may:
> > (i) as a practical matter impair or impede the person's
> > ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of
> > incurring double, multiple, or otherwise inconsistent
> > obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).[3]  If any of the three prongs in Rule 19(a)(1) apply, the person is

considered "necessary," see, e.g., Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir.

2000), and "the court must order that the person be made a party," Fed. R. Civ. P. 19(a)(2).

"[W]here the court makes a threshold determination that a party is necessary under Rule

19(a), and joinder of the absent party is not feasible for jurisdictional or other reasons, the court

must finally determine whether the party is 'indispensable.'"  Viacom, 212 F.3d at 725 (internal

citations omitted).  That determination is made pursuant to Rule 19(b), which "commands a

---

[3]  Rule 19 requires joinder only if the person to be joined is subject to service of process
and would not deprive the Court of subject matter jurisdiction.  See Fed. R. Civ. P. 19(a)(1).
Neither of these concerns are at issue here.

district court to dismiss an action where it is impossible to have the participation of an

indispensable party." <u>Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.</u>, 312 F.3d

82, 87 (2d Cir. 2002). Rule 19(b) provides that "the court must determine whether, in equity and

good conscience, the action should proceed among the existing parties or should be dismissed"

and lists four factors to consider in making this determination:

> (1) the extent to which a judgment rendered in the person's
> absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided
> by:
>> (A) protective provisions in the judgment;
>> (B) shaping the relief; or
>> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be
> adequate; and
> (4) whether the plaintiff would have an adequate remedy if the
> action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Thus, Rule 19 sets up "a two-step test for determining whether the court must dismiss an

action for failure to join a party. First, a court must determine whether an absent party belongs in

the suit, <u>i.e.</u>, whether the party qualifies as a 'necessary' party under Rule 19(a)," and, if this test

is satisfied, it must then "determine whether in equity and good conscience the action should

proceed among the parties before it, or should be dismissed." <u>Viacom</u>, 212 F.3d at 724-25

(punctuation omitted).

The typical Rule 19 motion seeking dismissal is made by a party to a claim who contends

that a non-party to the claim is necessary and thus must be joined if feasible. The situation here,

however, is atypical in that the entity making the motion purportedly under Rule 19 --- that is,

CCI --- is <u>not</u> a party to the claim (even if it is a party to the lawsuit) who is seeking to bring in

some non-party. Also, this motion is odd in that nothing has stopped CCI from intervening to

join this claim as a plaintiff in order to vindicate its rights. Thus, CCI is in the unusual position

of asserting that it is necessary and indispensable to Count Two even though it could have easily joined that claim, the Court would have personal jurisdiction over it, and its addition to the claim would not deprive the Court of subject matter jurisdiction.[4]

Rule 19 itself does not authorize a party to move to dismiss a claim.  Rather, it is Fed. R. Civ. P. 12(b)(7) which permits a party to seek dismissal for "failure to join a party under Rule 19."  Rule 12(b) specifically notes that only a "party" is permitted to seek dismissal.  And case law makes clear that a motion to dismiss for failure to join an indispensable party may only be brought by a party.  See Mastercard Int'l Inc. v. Visa Int'l Service Ass'n, Inc., 471 F.3d 377, 382 (2d Cir. 2006); see also 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1359 (3d ed. 2021).  When a nonparty litigant asserts that the nonparty itself is indispensable as to a claim involving other parties, the proper vehicle by which to have a court adjudicate its rights is for the nonparty to make a motion for intervention under Rule 24.  See Mastercard, 471 F.3d at 382; see also Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995); Estate of McFarlin ex rel. Laass v. City of Storm Lake, 277 F.R.D. 384, 388 (N.D. Iowa 2011); 4 Moore's Federal Practice § 19.02(4)(a); see generally Fed. R. Civ. P. 24(a)(2) (paralleling the necessary party standard in Rule 19(a)(1)(B)).

CCI argues that because it is a party to Count One of the Holders' amended complaint in intervention, it is entitled to seek dismissal of Count Two.  See CCI Reply at 5-8.  But Rule 19 is structured specifically to address an application made by a party to a claim who is seeking to "join" a nonparty to that claim.  CCI cannot have it both ways.  If it believes it is a party to the

---

[4] We are aware that CCI has argued that this Court lacks subject matter jurisdiction over the Holders' complaint.  See CCI Mem. at 5, 26.  This issue has already been decided, however, and we decline to revisit it.  See Report & Recommendation of April 19, 2021 (Docket # 890) ("April 19 R&R"), at 6-9; July 30 Order at 5-9.

claim it is seeking to dismiss for purposes of the Rule 19 analysis, there in fact would be no need to dismiss the claim because CCI's rights would be fully protected through its litigation of that claim as a party.  If it is not a party to that claim, then it should be seeking to intervene in that claim in order to vindicate its rights.  Because CCI is refusing to become a party to Count Two, it should not be heard to seek that claim's dismissal.

Another way to look at the issue is through the lens of Fed. R. Civ. P. 8(b).  Rule 8(b) requires a "party" to present defenses and respond to allegations in a pleading.  But it would make no sense to interpret Rule 8(b) to require (or permit) a party to a lawsuit that is named in some claims but not others to present defenses or respond to allegations pertaining to claims in which it was not named.  Thus, in applying Fed. R. Civ. P. 12(b), the rule that governs a motion to dismiss a claim, which is the only relief sought by CCI's motion, see Mot. to Dismiss, the reference to the ability of a "party" to move to dismiss must refer to a party to the claim for which dismissal is sought.  In other words, the Federal Rules of Civil Procedure cannot be interpreted to require an entity that is not named as a defendant to be deemed to have any of the rights of a party who is actually named in that claim.

We recognize that case law permits a court to "construe" a request from a nonparty for dismissal as a motion to intervene by that nonparty under Rule 24.  Mastercard, 471 F.3d at 382; see also Arrow, 55 F.3d at 409.  That course of action is not appropriate here in light of the fact that CCI has made clear that it has no interest in intervening to protect its claimed interests.  For the same reason, we do not feel it appropriate to sua sponte conduct an analysis under Rule 19. See Mastercard, 417 F.3d at 383 ("Because Rule 19 protects the rights of an absentee party, both trial courts and appellate courts may consider this issue sua sponte"); accord Mazzocchi v. Windsor Owens Corp., 2014 WL 594085, at *3 (S.D.N.Y. Feb. 11, 2014) ("A court may sua

sponte raise the issue of whether a party is indispensable, regardless of whether the parties raise the issue.").

Instead, we conclude that because CCI is not a party to Count Two of the Holders' amended complaint in intervention, its motion to dismiss, purportedly made under Rule 19, but in fact arising under Rule 12(b)(7), must be denied.[5]

III.   JRF's MOTION TO AMEND

JRF moves to amend its answer to add a cross-claim against CCI under Count Two of its Answer to obtain a declaratory judgment that "JRF is the rightful owner of the Contracts" and that "CCI does not have good title to the Contracts but, rather, wrongly claims good title." Proposed Answer, annexed as Ex. A to JRF Amend. Mem. (Docket # 985-1), ¶¶ 31-32; see also JRF Amend. Mem. at 3.

Rule 15(a) provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend for "good reason," which normally involves an analysis of the four factors articulated in Foman v. Davis, 371 U.S. 178, 182 (1962): undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman, 371 U.S. at 182).

"If the amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure, which allows addition of a party . . . also comes into play. However, that creates no additional obstacle, as the 'showing necessary under Rule 21 is the same as that required under Rule

---

[5] CCI asks us to "strike" the SEC's brief on this motion. CCI Second Reply at 4. This request is denied because a court has ample discretion to consider the brief of any party or nonparty as an amicus curiae filing. See NML Cap., Ltd. v. Republic of Argentina, 727 F.3d 230, 240 (2d Cir. 2013); State of New York ex rel. Vacco v. Reebok Int'l Ltd., 96 F.3d 44, 47 (2d Cir. 1996). We exercise our discretion to have the brief remain part of the record.

15(a).'" Soroof Trading Dev. Co. v. GE Microgen, Inc., 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (internal citation omitted) (quoting Johnson v. Bryson, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012)).

Additionally, in this case, the operative scheduling order imposed a May 1, 2020, deadline to amend any pleadings.  Scheduling Order, filed Feb. 4, 2020 (Docket # 212).  A deadline in a scheduling order may be modified only for "good cause."  Fed. R. Civ. P. 16(b)(4).  "Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'"  Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 15 and 16).  The "good cause" inquiry turns on the diligence of the party seeking to modify the scheduling order.  Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party.").  Nonetheless, as we have explained in a prior decision, we have discretion to apply the more liberal standard that applies to motions to amend under Rule 15 rather than the more exacting standard that applies to extending a deadline set under Rule 16.  See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 176 (S.D.N.Y. 2014).  Applying this case law, and balancing the interests of Rule 15 against Rule 16, we believe that the principles embodied in Rule 15 to allow free amendment of pleadings counsel against adhering to the Rule 16 deadline in this case.

As to futility, CCI argues first that JRF's proposed claim is futile because the Court lacks subject matter jurisdiction over the ownership dispute.  See CCI Opp. at 4-8.  We reject this

claim because this Court has already decided that the Court has subject matter jurisdiction over the ownership dispute.  See April 19 R&R at 6-9; July 30 Order at 5-9.

As to delay, although we agree with CCI that JRF could have brought this cross-claim earlier in the case, in the absence of prejudice or bad faith, undue delay is not in itself a basis to reject a motion to amend.  See State Tchrs. Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); accord United States ex rel. Raffington v. Bon Secours Health Sys., Inc., 2021 WL 4762054, at *5 (S.D.N.Y. Oct. 13, 2021); Contrera v. Langer, 314 F. Supp. 3d 562, 575 (S.D.N.Y. 2018).  Because there is no evidence of bad faith, the critical question here is whether undue prejudice will result from JRF's proposed amendment.

Commonly, prejudice arises from the need to conduct additional discovery as a result of the amendment.  See Bon Secours, 2021 WL 4762054, at *6 (citing cases).  The record reflects, however, that there is no need for further discovery as to the subject of the cross-claim.  JRF states without contradiction that:

> During the course of this litigation, CCI aggressively sought discovery from JRF and the Dodgers regarding the dispute over ownership of the Contracts and its defenses against JRF's claim of ownership.  By way of example, CCI served a document subpoena on the Dodgers with nearly 40 detailed document requests and CCI received thousands of pages of documents from both JRF and the Dodgers during the course of fact discovery.  CCI also not only attended every deposition in the Intervenor Action but spent multiple hours deposing JRF's CEO and President (Della Britton), the Dodgers' 30(b)(6) witness (Mark Langill), and the Dodgers' CEO and President (Stan Kasten) on issues related to the ownership of the Contracts including issues related to a theory of supposed laches or delay by the Dodgers.

JRF Amend. Mem. at 6.

CCI argues that if JRF's motion is granted, it will bring two affirmative claims.  See CCI Opp. at 9-10.  First is a breach of contract counterclaim against JRF, which CCI describes as a "compulsory counterclaim" under Rule 13(a), id. at 9, contending that JRF breached a 2014

agreement with CCI to support CCI's sale of the Jackie Robinson contracts in exchange for 10% of the sale proceeds.  See id.; see also Letter from Della Baeza to Mykalai Kontilai, dated April 7, 2014, annexed as Ex. 4 to Corrigan Decl. (Docket # 957-4) at *10 (JRF promises to assist in CCI's sale of the contracts by using its "best efforts" to have Rachel Robinson, Jackie Robinson's widow, attend at least one CCI event).  Second is a tortious interference claim against the Dodgers, which CCI alternatively describes as a "permissive counterclaim" and a "crossclaim."  CCI Opp. at 9-10.  This claim would allege that the Dodgers, "in transferring its rights and paying for JRF's [litigation costs], directly incentivized and caused JRF to breach" its 2014 agreement with CCI.  Id.

　　　　We see no realistic likelihood that additional discovery will ensue with respect to these contemplated claims.  As an initial matter, we are doubtful that the first claim is a compulsory counterclaim because it does not "arise[] out of the [same] transaction or occurrence" as the dispute over ownership of the contracts.  Fed. R. Civ. P. 13(a)(1)(A); see also Jones v. Ford Motor Credit Co., 358 F.3d 205, 210 (2d Cir. 2004) ("[t]he essential facts for proving the counterclaim[] and the" underlying claim must be "so closely related that resolving both sets of issues in one lawsuit would yield judicial efficiency").  It thus can proceed in a separate lawsuit, if at all.  The claim against the Dodgers is not even alleged to be a compulsory counterclaim and thus could also proceed in a separate lawsuit.  Accordingly, even if these claims would require additional discovery, we are not persuaded that CCI will be obligated to bring them in the instant case.  At a minimum, the prospect of any additional discovery occurring in this case as a result of CCI's contemplated claims is too uncertain to justify denying leave to amend.

　　　　CCI's remaining argument is that JRF's proposed amendment is an "attempt to evade arbitration."  CCI Opp. at 10.  It argues that if the cross-claim is added, "CCI could include that

claim in its arbitration and . . . seek and obtain a stay [sic] the remainder of the case pending such arbitration." Id. We are unable to follow this argument. The claim sent to arbitration (Count One) does not dispute CCI's ownership of the contracts. To the contrary, it assumes that CCI owns the contracts and merely seeks to enforce the Holders' security interests. See Int. Comp. ¶ 54. Of course, JRF is not a party to the arbitration agreement between CCI and the Holders. Thus, CCI has no right to have the issue of JRF's claim to ownership of the contracts be decided in arbitration. As a result, there is no "prejudice" to CCI if it is required to adjudicate JRF's claim to title of the contracts in court — the only forum in which JRF can bring such a claim.

Because no undue prejudice will result from JRF's proposed amendment, and no other Foman factor requires us to deny leave to amend, JRF's motion to amend is granted.

IV.     CONCLUSION

For the foregoing reasons, CCI's motion to dismiss (Docket # 955) should be denied. JRF's motion to amend (Docket # 984) is granted. The proposed amended cross-claim shall be filed within 7 days of the date of this decision.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court. Any request for an extension of time to file objections or responses must be directed to Judge Marrero. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP

v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir.

2010).

       SO ORDERED.

Dated:   March 31, 2022
        New York, New York


_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge