UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                               :

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,                        :

       Plaintiff,                                  :       <u>ORDER</u>

      -v.-                                         :       19 Civ. 4355 (VM) (GWG)

COLLECTOR'S COFFEE INC., et al.,     :

       Defendants.                       :
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

On May 16, 2019, the Court entered an order that, among other things, froze the assets of defendants Mykalai Kontilai ("Kontilai") and Collector's Coffee Inc. ("CCI"). <u>See</u> Docket # 12 ("TRO"). On February 10, 2022, the Court issued a Report and Recommendation Combined with Opinion and Order related to the TRO, which is still in effect. <u>See</u> Docket # 988. The district judge adopted the Report and Recommendation in its entirety and returned the case to the undersigned to effectuate the ruling. <u>See</u> Docket # 1013. On May 16, 2022, the parties submitted proposed orders to effectuate this ruling. <u>See</u> Docket ## 1018-19. Having considered the parties' proposed orders, the Court issues the following Order:

<u>Wrongful Death Action</u>

With respect to the wrongful death action pending in McLean County, Illinois, filed by the Estate of Maria Contile, and captioned <u>Maria Contile v. Air & Liquid Systems Corp., et al.</u>, Case No. 2018-L-105, McLean County, Illinois ("Wrongful Death Action"):

    1. Kontilai shall provide counsel for the Estate of Maria Contile with a copy of this Order and direct counsel to hold any settlement funds due Kontilai in escrow pending further order of this Court.

2. Kontilai shall immediately inform this Court if there is any change in counsel in the Wrongful Death Action and shall immediately inform any new counsel of the TRO and of this Order, including the obligation to hold any settlement funds due Kontilai in escrow.

3. Within 7 calendar days of the issuance of this Order, Kontilai shall file on ECF a sworn accounting of all settlement funds obtained and distributed by the plaintiff in the lawsuit, which shall include the amounts and dates of any settlement payments and the amounts and dates of any distributions of the settlement payments. The accounting must be updated within 10 days of the date any additional settlement funds are received or distributed.

4. Any funds received in the Wrongful Death Action that might potentially go to Kontilai must be kept in escrow until further court order, but any funds due to parties other than Kontilai, including costs and contingent attorney fees due counsel, may be distributed as appropriate and without regard to the TRO.

<u>Malpractice Action</u>

With respect to the lawsuit filed by Kontilai and CCI against their former counsel in October 2020, captioned <u>Collector's Coffee Inc. et al. v. Debevoise & Plimpton LLP, et al.</u>, No. 20-cv-02988-RBW (D.D.C.) ("Malpractice Action"), the TRO is modified as follows:

1. CCI and Kontilai may proceed to litigate the Malpractice Action under the following conditions:

    a. Counsel for CCI and/or Kontilai in the Malpractice Action must agree in writing that (i) any costs will be borne by the attorney, except that if a settlement or judgment is obtained, the costs may be paid from such settlement or judgment to the extent the settlement or judgment is

sufficient to cover such costs, and (iii) neither Kontilai or CCI shall bear any cost or out-of-pocket expense, except out of a settlement or judgment;

b. CCI can proceed in the Malpractice Action if it provides satisfactory proof to the Court of a written retainer agreement, which must reflect the lawyer's agreement to bear responsibility for any costs incurred by CCI in the same manner as described in the preceding paragraph;

c. Counsel for CCI and/or Kontilai is entitled to a reasonable contingent attorney's fee to be paid from any settlement or judgment (and not from Kontilai or CCI directly) without further order of the Court.

2. CCI and Kontilai shall provide their counsel in the Malpractice Action with a copy of this Order and direct their counsel to hold any settlement funds otherwise due Kontilai or CCI in escrow pending further order of this Court, but any costs and reasonable attorney's fees permitted to be paid from a settlement or judgment may be distributed to counsel without regard to the TRO;

3. CCI and Kontilai shall immediately inform this Court if there is any change in counsel in the Malpractice Action so that the Court man ensure that any new counsel is made aware of the TRO and of the obligation to hold any settlement funds due Kontilai or CCI in escrow;

4. All proceeds recovered in the Malpractice Action through any means and due Kontilai or CCI, including by judgment or settlement, will be placed in escrow pending further order of the Court.  No distribution not otherwise permitted under the terms of this Order will be made from these proceeds without further order of the Court.

Except as expressly provided above, the TRO continues to remain in effect pending further order of the Court.

SO ORDERED.

Dated: May 17, 2022
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge