```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES SECURITIES AND       :
EXCHANGE COMMISSION,               :
                                   :
           Plaintiff,              :
                                   :   19 Civ. 04355 (VM)
        - against -                :
                                   :
COLLECTOR'S COFFEE INC., et al.    :   DECISION AND ORDER
                                   :
           Defendants.             :
-----------------------------------X
SDJ INVESTMENTS, LLC, et al.       :
                                   :
           Intervenor-Plaintiffs,  :
                                   :
        - against -                :
                                   :
COLLECTOR'S COFFEE INC., et al.    :
                                   :
           Defendants.             :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

In May 2019, the United States Securities and Exchange Commission (the "SEC") brought civil fraud charges against Mykalai Kontilai ("Kontilai") and Collector's Coffee Inc. ("CCI," and collectively with Kontilai, "Defendants"). The matter was referred to Magistrate Judge Gabriel Gorenstein to oversee general pretrial issues, including scheduling, discovery, nondispositive pretrial motions, and settlement. (See Dkt. No. 51.)

On September 30, 2021, CCI filed a motion to dismiss Count Two of the Intervenor's Amended Complaint ("Int.

1

Compl.," Dkt. No. 344). (See "Motion," Dkt. No. 955; "CCI Mem.," Dkt. No. 956.) Count Two is brought by CCI's secured creditors[1] (the "Holders") who intervened in the matter to seek a declaratory judgment against the Jackie Robinson Foundation ("JRF") stating that CCI, rather than JRF, owns two Major League Baseball contracts signed in 1945 and 1947 by Brooklyn Dodger Jackie Robinson (the "Contracts"). (See id. ¶¶ 55-71.) CCI argues that Count Two must be dismissed under Federal Rule of Civil Procedure 19 ("Rule 19") because the Holders' failed to join CCI, an indispensable party. (See CCI Mem. at 4.)

On March 31, 2022, Magistrate Judge Gorenstein submitted a Report and Recommendation recommending that the Court deny CCI's Motion. (See "R&R," Dkt. No. 1000 at 8.) Magistrate Judge Gorenstein combined the R&R with an opinion and order granting JRF's motion to amend its answer to assert crossclaims against CCI. (See R&R at 12.) On April 10, 2022, the Court received CCI's objections to the R&R. (See "Objections," Dkt. No. 1004-1.)[2] The Holders opposed the Objections on April 12, 2022. (See "Holders Opp'n," Dkt. No.

---

[1] The secured creditors in this action are SDJ Investments, LLC, Adobe Investments, LLC and Darren Siversten, as Trustee of the Silversten Family Trust U/A/D 10/01/2002.

[2] The Court denied CCI's request to file fully briefed Rule 72 Objections, and instead deemed CCI's two-page request as CCI's Objections. (See Dkt. No. 1006.)

1007.) The SEC opposed the Objections on April 13, 2022. (See "SEC Opp'n," Dkt. No. 1010.) JRF opposed the Objections on April 15, 2022. (See "JRF Opp'n," Dkt. No. 1011.)

## I. BACKGROUND

### A. Factual and Procedural Background

In May 2019, the SEC brought an action against CCI and Kontilai, the founder, President, and Chief Executive Officer of CCI, alleging that CCI and Kontilai defrauded investors. (See Dkt. No. 134.) The Holders later intervened in the action to bring claims against CCI, Kontilai, JRF, fifty unnamed individuals, and fifty unnamed corporations, asserting, among other things, that CCI, rather than JRF, owns the Contracts. (See Int. Compl. ¶¶ 55-71.)

The Holders allege that in 2013 CCI acquired the Contracts around the same time CCI obtained $5.95 million in loans from certain Holders through secured promissory notes. (See id. ¶¶ 24-27.) Between 2014 and 2018, CCI promoted the Contracts to potential investors as belonging to CCI, until January 2019 when the Los Angeles Dodgers (the "Dodgers") asserted that the Contracts belonged to them. (See id. ¶¶ 35, 58.) However, in November 2019, the Dodgers transferred their ownership interest in the Contracts to JRF. (See id. ¶ 11;

SEC v. Collector's Coffee Inc., 451 F. Supp. 3d 294, 297 (S.D.N.Y. 2020).)

Count Two of the Holders' complaint, which is the subject of CCI's Motion and is brought solely against JRF, seeks a declaration "that [JRF] does not have any right, title, or interest in the Contracts" and CCI owned the Contracts when CCI obtained loans from the Holders. (See Int. Compl. ¶¶ 68, 70.) Count One, brought solely against CCI, seeks a declaratory judgment that the Holders have a "first position perfected secured interest in the Contracts" entitling them to first right of proceeds from any sale of the Contracts. (See id. ¶ 54.) Count One is stayed pending arbitration between the Holders and CCI. (See Dkt. No. 943)

CCI filed the instant Motion seeking dismissal of Count Two on the basis that, pursuant to Rule 19, CCI is a necessary and indispensable party to this claim. CCI argued, among other things, that because CCI is a party to Count One, it is entitled to seek dismissal of Count Two.

B.  The Report and Recommendation

On March 31, 2022, Magistrate Judge Gorenstein recommended denying CCI's Motion to dismiss Count Two of the Holders' complaint. The R&R first explained that CCI used the wrong procedural vehicle for its Motion -- CCI should have used Federal Rule of Civil Procedure 12(b)(7) ("Rule

4

12(b)(7)") to dismiss a claim for failure to join a party under Rule 19. (See R&R at 6.) And even if the Court construed CCI's Motion as a Rule 12(b)(7) motion, the R&R pointed out that only a "party" to the claim can make such a motion. (See id.) Instead, recognizing that district courts can construe nonparty motions for dismissal as motions to intervene pursuant to Federal Rule of Civil Procedure ("Rule 24"), Magistrate Judge Gorenstein considered whether CCI intended to intervene in the action. (See id.) Having found that CCI "has made clear that it has no interest in intervening," the R&R concluded there was nothing left to address on CCI's Motion, and it should be denied.[3] (R&R at 7.)

After recommending that the Court deny CCI's Motion, Magistrate Judge Gorenstein addressed JRF's motion to amend its answer to add a crossclaim against CCI under Count Two. (See Dkt. No. 1000 at 8.) CCI had contested JRF's motion, arguing that JRF's proposed amendment is an "attempt to evade arbitration." (Id. at 11.) Magistrate Judge Gorenstein held that the claim sent to arbitration, Count One, does not dispute CCI's ownership of the Contracts, and that JRF, a party to Count Two, is not a party to the arbitration agreement between CCI and Holders. (See id.) Accordingly,

---

[3] The R&R also addressed CCI's contention that the Court lacks subject matter jurisdiction over this action by declining to revisit this previously decided issue. (R&R at 6 n.4.)

5

"CCI has no right to have the issue of JRF's claim to ownership of the contracts be decided in arbitration." (Id. at 12.) Finding that no undue prejudice results from JRF's proposed amendment to add a crossclaim against CCI, Magistrate Judge Gorenstein granted JRF's motion to amend. (See id.)

CCI filed Objections to the R&R arguing that Magistrate Judge Gorenstein avoided the issue of dismissal by relying on an inapplicable case, Mastercard Int'l Inc. v. Visa Int'l Service Ass'n, Inc., 471 F.3d 377, 382 (2d Cir. 2006). (See Objections at 2.) CCI purports that although the decision in Mastercard is inapplicable, the decision nevertheless requires that the Court decide whether CCI is an indispensable party.[4] (See Objections at 2.) CCI's Objections also include a restatement of their previous argument address by the R&R that allowing Count Two to proceed without CCI would undermine the arbitration proceeding for Count One. (Id. at 1.) Additionally, CCI objects to Magistrate Judge Gorenstein's finding that subject-matter jurisdiction exists, arguing that

---

[4] CCI includes other objections to Magistrate Judge Gorenstein's order granting JRF's motion to amend its answer to add a crossclaim against CCI under Count Two. Because CCI has not established that Magistrate Judge Gorenstein's order was "clearly erroneous or contrary to law," the Court denies CCI's objections on this nondispositive matter. Fed. R. Civ. P. 72(a).

6

the R&R erroneously defers to prior rulings of the Court finding jurisdiction over the matter. (See id. at 1.)

The Holders responded to CCI's Objections, contending that the issues CCI raised have already been heard and resolved by the Court and regardless, CCI does not have standing to seek dismissal of Count Two under Rule 19. (See Holders' Opp'n at 1-2.) Because JRF's amendment adds CCI to Count Two, the Holders contend that CCI has achieved its goal of being added as a party to the claim. (See id. at 2.)

The SEC and JRF also responded to CCI's Objections. Like the Holders' response, the SEC points out that CCI's Objections seek to relitigate previously decided issues without invoking any basis for why it is erroneous for the Court to adhere to earlier rulings. (See SEC Opp'n at 1.) JRF also notes that CCI's Objections rehash previous litigation and that CCI misconstrues the ruling in Mastercard. (See JRF Opp'n at 2.) Moreover, JRF argues, CCI's indispensable party argument is now moot because of JRF's crossclaim against CCI, which ensures the ownership dispute is resolved in a single forum with all necessary parties. (See id.)

## II. STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's report may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal

7

bases supporting the findings and conclusions set forth in those sections are not clearly erroneous. See Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997). "Where a party makes a 'specific written objection' within '[fourteen] days after being served with a copy of the [Magistrate Judge's] recommended disposition,' however, the district court is required to make a de novo determination regarding those parts of the report." Cespedes v. Coughlin, 956 F. Supp. 454, 463 (S.D.N.Y. 1997) (quoting United States v. Raddatz, 447 U.S. 667, 676 (1980)). A district court may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. See DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); Walker v. Hood, 679 F. Supp. 372, 374 (S.D.N.Y. 1988).

### III. **DISCUSSION**

As an initial matter, the Court declines to revisit prior rulings for which CCI does not provide any basis to overrule. First, the Court has already rejected CCI's argument regarding a lack of subject matter jurisdiction, (see Dkt. No. 943 at 5-9), and CCI acknowledges as much in its Objections. (See Objections at 1 ("Collector's has appealed the prior ruling of this Court pertaining to subject matter jurisdiction.").) Until the Court of Appeals decides the

issue, CCI has provided no reason for the Court to reconsider its prior holding. Second, the Court has also previously denied CCI's argument that Count Two should be stayed while Count One is proceeding in arbitration. (See Dkt. No. 943 at 9-11.) The Court suggested to CCI that if CCI was concerned about its rights related to Count Two, it had multiple procedural recourses to join as a party to the Count, such as intervening under Rule 24(a)(2). (See id. at 11.) Instead, CCI has brought the instant Motion for dismissal of Count Two pursuant to Rule 19.

Regardless of whether CCI characterizes the Motion as pursuant to Rule 19 or Rule 12(b)(7), CCI's Motion is improper. As Magistrate Judge Gorenstein notes, Rule 19 is a procedural vehicle typically used by a named party who contends a nonparty is necessary to resolution of a claim. Prior to JRF's amendment and CCI's Motion, CCI was a nonparty to Count Two. The Second Circuit has instructed that should a nonparty "believe they have a valid and sufficient interest in a litigation," the proper procedural vehicle to use is Rule 24, which "explicitly contemplates motions by nonparties." See Mastercard, 471 F.3d at 382. Thus, as this Court has previously instructed, CCI should have used Rule 24 to address its concerns related to Count Two. The Court does not construe CCI's Motion as a Rule 24 motion at this time,

9

however, because incongruous to its purported objectives, CCI objects to joining in Count Two. (See Objections at 8-12.) See Mastercard, 471 F.3d at 382 ("the proper procedure would have been for the district court to construe . . . submissions as a motion to intervene").

Further, the decision in Mastercard does not require this Court to consider whether CCI is a necessary and indispensable party under Rule 19, as CCI contends. (See Objections at 2.) The Mastercard decision counsels that a "district court [is] not *prohibited* from considering the issue" of whether a nonparty is indispensable, see id. at 383 (emphasis added), which is far from a requirement. Even if the Court were to now consider CCI's Rule 19 arguments, CCI would not qualify as an indispensable party.

Rule 19 provides a two-step test to determine whether dismissal is appropriate for failure to join an indispensable party. First, the party must be "necessary." Fed. R. Civ. P. 19(a). If necessary, a court must assess the feasibility of joinder *before* conducting a Rule 19(b) analysis. See Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724-25 (2d Cir. 2000) (citing Fed. R. Civ. P. 19(b)). Only if joinder is not feasible, courts should move on to the second step of Rule 19 to determine whether the party is "indispensable." See Viacom, 212 F.3d at 725. "In general, dismissal is warranted

only when the defect is serious and cannot be cured." 4 Wright & Miller, Fed. Practice and Procedure, § 1359, n.7.8 (collecting cases where joinder not feasible); see also Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 312 F.3d 82, 87 (2d Cir. 2002) (Rule 19 "commands a district court to dismiss an action where it is impossible to have the participation of an indispensable party."). Here, CCI has made no showing, and the Court does not find, that CCI's joinder is not feasible. In fact, through JRF's amendment of its answer, CCI has now achieved its purported goal of "protect[ing] [its] interests" by becoming a party to Count Two (Objections at 2.)

## IV.  ORDER

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that, substantially for the reasons set forth in the Report and Recommendation of Magistrate Judge Gabriel Gorenstein ("R&R," Dkt. No. 1000), the Court adopts the R&R in its entirety as the Court's decision on the matter, and it is further

**ORDERED** that Defendant Collector's Coffee Inc.'s objections to the R&R (Dkt. No. 1004-1) are **DENIED**.

**SO ORDERED.**

Dated: New York, New York
       18 May 2022

_____
Victor Marrero
U.S.D.J.