UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES SECURITIES AND
EXCHANGE COMMISSION                                 :

          Plaintiff,                              :   ORDER

   -v.-                                                  :
                                                                           19 Civ. 4355 (VM) (GWG)
COLLECTOR'S COFFEE INC et al.,                 :

          Defendants.                           :
-----------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       On May 14, 2019, the Court entered an order that, among other things, froze certain of the assets of defendants Collector's Coffee Inc. and Mykalai Kontilai. Docket # 12 § I. The SEC has requested permission to examine certain frozen property located in a storage facility. Docket ## 1166, 1172, 1173. Defendant Mykalai Kontilai has opposed the request and has sought that additional conditions be imposed if the request is granted. See Docket ## 1172, 1175. We grant the SEC's request in a separate order issued today. We write here to explain the rejection of Kontilai's opposition and proposed conditions.

       The bases for Kontilai's opposition to the request for the review of the Nevada storage units are all without merit. In brief, the fact that discovery has ended is irrelevant to SEC's request because the request has nothing to do with discovery. The power of the Court to inspect the property derives from this Court's power to manage the existing asset freeze order. See 28 U.S.C. § 1651. Additionally, the notion that this review is a "second bite at the apple" in light of the prior attempt to inventory these storage units is both incorrect, given that the defendants admitted that more time was needed to conduct the review (Docket # 31), and irrelevant, given that the SEC has given good reasons why an inventory should be done now. That reason is the need to determine whether the SEC would agree to release certain items from the freeze in light of the fact that defendants are no longer paying for the storage units. Obviously, a review of the inventory to support a future release of property only helps the defendants because they would then be free to abandon or maintain in storage any items ultimately released from the freeze.

       Kontilai's suggested conditions (Docket # 1175) are unnecessary. We see no need for advance disclosure of any appraiser (or other person with expertise) that the SEC chooses to bring with them during the review of the storage units because the appraiser is present merely for the purpose of advising the SEC, not the Court. Additionally, we see no basis for the proposed condition requiring disclosure of (or curtailing in advance the use of) any information gained in this review. If any information is offered to the Court improperly in the future, the defendants obviously would be free to object to it.

       SO ORDERED.

Dated: March 9, 2023
       New York, New York

                                                                                                GABRIEL W. GORENSTEIN
                                                                                                United States Magistrate Judge