USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/16/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

          Plaintiff,

- against -

COLLECTOR'S COFFEE INC., et al.,

          Defendants.

---

SDJ INVESTMENTS, LLC, et al.,

          Intervenor-Plaintiffs,

- against -

COLLECTOR'S COFFEE INC., et al.,

          Intervenor-Defendants.

19 Civ. 4355

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On May 14, 2019, the Securities and Exchange Commission ("SEC") commenced this action against Collector's Coffee Inc., d/b/a Collector's Café ("CCI"), and Mykalai Kontilai ("Kontilai"), the founder, President, and Chief Executive Officer of CCI, alleging that CCI and Kontilai violated federal securities laws by defrauding investors. (See Dkt. Nos. 1, 134.) A group of CCI's secured creditors, specifically SDJ Investments, LLC, Abode Investments, LLC, and Darren Sivertsen, as Trustee of the Sivertsen Family Trust U/A/D 10/01/2002, subsequently intervened and asserted claims

against CCI, Kontilai, and a new party, the Jackie Robinson Foundation, Inc. ("JRF"). (See Dkt. No. 344.)

JRF then filed a crossclaim against CCI, to which CCI responded by filing a counterclaim against JRF.[1] (See Dkt. Nos. 1002, 1012.) CCI alleged that JRF breached a contract to support CCI's promotion and sale of two Major League Baseball contracts (the "Contracts") signed in 1945 and 1947 by famed Brooklyn Dodgers player, Jackie Robinson, over which CCI asserts ownership. (See Dkt. No. 1012.) CCI also alleged that JRF tortiously interfered with CCI's efforts to sell the Contracts. (See id.) JRF moved to dismiss CCI's counterclaim. (See Dkt. No. 1024.)

On September 13, 2022, Magistrate Judge Gabriel W. Gorenstein submitted his Report and Recommendation regarding the motion to dismiss. (See "Report and Recommendation," Dkt. No. 1068.) Magistrate Judge Gorenstein recommended that JRF's motion to dismiss be granted with prejudice to leave to amend. (See id.) CCI then filed its objections to the Report and Recommendation (see Dkt. No.

---

[1] While the Court understands CCI's rationale in labeling their claims as counterclaims, the Court agrees with Magistrate Judge Gorenstein that this claim would be properly termed as a crossclaim. (See "Report and Recommendation," Dkt. No. 1068 at 2 n.1.) The Court will refer to it as a counterclaim for clarity and consistency though.

2

1074), and JRF filed its response to CCI's Objections. (See Dkt. No. 1085.)

For the reasons stated below, the Court adopts the recommendations of the Report and Recommendation in their entirety.

## I. STANDARD OF REVIEW

Generally, and with respect to dispositive motions under Federal Rule of Civil Procedure 72(b) ("Rule 72(b)"), "[w]here a party makes a 'specific written objection' within '[fourteen] days after being served with a copy of the [Magistrate Judge's] recommended disposition,' [], the district court is required to make a de novo determination regarding those parts of the report." Cespedes v. Coughlin, 956 F. Supp. 454, 463 (S.D.N.Y. 1997) (quoting United States v. Raddatz, 447 U.S. 667, 676 (1980)). However, courts in this District, and in others, have found that even in the context of a dispositive motion, a party's objections that merely rehash earlier arguments made in the original motion are not "specific" within the meaning of Rule 72(b)(2) and are reviewed only for clear error. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (discussing standard of review for dispositive motions under 28 U.S.C. Section 636(b)(1)) (citations omitted).

## II. DISCUSSION

As an initial matter, the Court finds that CCI's objections merely rehash its prior arguments made in the briefing before Magistrate Judge Gorenstein and are not proper "specific written objections" under Rule 72(b)(2). Accordingly, the Court reviews the Report and Recommendation for clear error, rather than conducting a de novo review.[2]

Upon a review of the full record in this litigation, including the papers submitted in connection with this proceeding, as well as the Report and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the recommendations made in the Report are not clearly erroneous or contrary to law and are thus warranted. Accordingly, for substantially the same reasons set forth in the Report, the Court adopts the Report's factual and legal analyses and determinations, as well as its substantive recommendations, in their entirety as the Court's ruling as to JRF's motion.

---

[2] The Court notes that it would reach the same conclusion under a de novo standard of review.

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Gabriel W. Gorenstein dated September 13, 2022 (Dkt. No. 1068) is adopted in its entirety, and the objections of defendant Collector's Coffee Inc., d/b/a Collector's Café ("CCI") (Dkt. No. 1074) are **DENIED**; and it is further

**ORDERED** that the motion to dismiss (Dkt. No. 1024) CCI's counterclaim (Dkt. No. 1012) is **GRANTED** and CCI's counterclaim is dismissed with prejudice to leave to amend.

**SO ORDERED.**

Dated:   New York, New York
         16 March 2023

_____
                                     Victor Marrero
                                     U.S.D.J.