UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES SECURITIES AND        :
EXCHANGE COMMISSION,
                                    :
            Plaintiff,                       ORDER
                                    :
     -against-                               19 Civ. 4355 (VM) (GWG)
                                    :
COLLECTOR'S COFFEE, INC., et al.,
                                    :
            Defendants.
---------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

  On May 25, 2022, the Court approved a joint scheduling proposal submitted by Holders, JRF, and CCI, setting a September 13, 2022 deadline for the submission of requests to file a motion for summary judgment. See Memorandum Endorsed, dated May 25, 2022 (Docket # 1033) ("Scheduling Order"). JRF and the Holders timely filed letters on September 13, 2022, seeking such permission and proposing a briefing schedule spanning five months (Docket ## 1069, 1070). The Court found the proposed briefing schedule to be too long and set a briefing schedule under which briefing by both parties was to be completed by December 16, 2022 (Docket # 1071). This deadline was ultimately extended (Docket # 1086) and the Holders and JRF's reply papers were filed on January 6, 2023. (Docket # 1146-1149).

  After the motions were fully briefed by all parties including CCI, CCI filed a request "for leave . . . to file a [c]ross-[m]otion for [s]ummary [j]udgment in the Intervenor's litigation to confirm CCI's title in the Jackie Robinson Contracts." Letter from Carlos Ryerson & James Ardoin, filed Jan. 9, 2023 (Docket # 1152), at 1. JRF opposed the request, arguing that "CCI had every opportunity to move for summary judgment before the Court's deadline and declined to do so." Letter from Seth Spitzer, filed Jan. 11, 2023 (Docket # 1153) ("JRF Let."), at 1.

  CCI cites no law explaining why it should be allowed to ignore the Court-ordered deadline and subsequent briefing schedule. Thus, the Court denies the request simply for failure to address the proper legal standard.

  Moreover, CCI obviously cannot meet the standard. The governing legal standard is of course contained in Fed. R. Civ. P. 16(b)(4) or the equivalent standard in Fed. R. Civ. P. 6(b)(1), both of which permit the modification of a deadline in a scheduling order only on a showing of "good cause." "The 'good cause' inquiry turns on the diligence of the party seeking to modify the scheduling order." Saray Dokum ve Madeni Aksam Sanyi Turizm A.S. v. MTS Logistics, Inc., 335 F.R.D. 50, 52 (S.D.N.Y. 2020); accord Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party."). "To satisfy the good cause standard 'the party must show that, despite its having

exercised diligence, the applicable deadline could not have been reasonably met.'" Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (quoting Sokol Holdings, Inc. v. BMD Munai, Inc., 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009)).

Here, CCI has not shown why it acted diligently in the period between the September 13, 2023 deadline and the instant request, filed nearly four months later on January 9, 2023. If CCI wanted to obtain a ruling seeking summary judgment on a defense or claim, it obviously could have done so when the other parties sought to obtain such a ruling. The fact that certain evidence or arguments were submitted in the course of briefing that CCI did not anticipate is certainly not justification for seeking summary judgment now. CCI was free to take discovery of the parties — or serve requests for admissions — as to any factual matters (or, as it puts it in its letter, "admissions") that were ultimately presented during the course of briefing. It could also have sought contentions through the use of contention interrogatories. Thus CCI had a mechanism to learn in advance of the briefing schedule of any matters that were relevant to the parties' positions. The Court cannot upend the summary judgment briefing schedule to accommodate a party's belated realization that it wished it had moved for summary judgment.

It may be that CCI had good grounds to seek leave to file a surreply to the JRF reply brief (Docket # 1148) on the ground that JRF had made the arguments attacking CCI's arguments about the bankruptcy case (contained in CCI's opposition brief) for the first time in JRF's reply brief. CCI, however, never made such a request.

Accordingly, the application (Docket # 1152) is denied for failure to show "good cause" to extend the deadline for the filing of summary judgment motions.

SO ORDERED.

Dated: May 22, 2023
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge