**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/26/23

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

   - against -

COLLECTOR'S COFFEE INC., et al.,

        Defendants.

SDJ INVESTMENTS, LLC, et al.,

        Intervenor-
        Plaintiffs,

   - against -

COLLECTOR'S COFFEE INC., et al.,

        Intervenor-
        Defendants.

19 Civ. 4355

**DECISION AND
ORDER**

**VICTOR MARRERO, United States District Judge.**

The Court has reviewed defendant Mykalai Kontilai's ("Kontilai") request for a pre-motion conference regarding an anticipated motion to stay the entirety of this case pending resolution of the criminal proceeding against Kontilai, as well as the plaintiff Securities and Exchange Commission's (the "SEC") response and the letter from SDJ Investments, LLC, Adobe Investments, LLC, and Darren Sivertsen (the "Intervenor-Plaintiffs") joining a portion of the SEC's

response. (See Dkt. Nos. 1224, 1226-27.) Upon review of the parties' submissions, the Court has determined that a pre-motion conference and further briefing is unnecessary. The Court will treat Kontilai's letter as a filed motion.[1]

By way of background, in early 2021, the Court affirmed Magistrate Judge Gorenstein's denial of a similar motion to stay the entire civil case by Kontilai. (See Dkt. Nos. 635-36, 702, 713, 733, 789.) Kontilai sought that stay because the United States Department of Justice unsealed two criminal indictments against him that overlapped with the SEC's claims in this action. (See Dkt. Nos. 635-36.) In affirming Magistrate Judge Gorenstein's denial of the stay, the Court noted that it "*might*" need to revisit staying the case and the Fifth Amendment implications of denying a stay (1) if Kontilai returned to face his criminal charges or (2) when the civil case reaches the trial stage, assuming Kontilai plans to testify. (See Dkt. No. 789 (emphasis in original).) Since that denial and as relevant here, Kontilai was arrested in Germany in April 2023 on an Interpol Red Notice, where he remains in custody. (See Dkt. Nos. 1209, 1224.) Then, on May

---

[1] The Court has already received extensive briefing on this issue from Kontilai, including Kontilai's briefing in his motion to stay before Magistrate Judge Gorenstein, Kontilai's objections to Magistrate Judge Gorenstein's denial of the stay, and the pre-motion letter currently before the Court. (See Dkt. Nos. 635-36, 733, 1224.)

5, 2023, the Court set a trial for October 2023 on the SEC's remaining claims against Kontilai and Collector's Coffee, Inc. (See "May 5 Order," Dkt. No. 1216.)

Though framed as a new request, Kontilai's motion for a stay effectively seeks reconsideration of this Court's May 5 Order. (Id.) In that Order, the Court explicitly acknowledged it had considered Kontilai's arrest but nonetheless set a trial date. (Id.) Because Kontilai's request for a stay raises no information that was unavailable to the Court at the time of that Order, reconsideration is not warranted and Kontilai's request for a stay is denied.

The Court recognizes that Kontilai "stopped short of [explicitly] requesting that this Court grant a stay on Fifth Amendment grounds" following his arrest in Germany. (See Dkt. No. 1224.) Kontilai was not silent on the issue, however, and explicitly raised the potential for such a stay to argue against scheduling a trial on the SEC's claims prior to the resolution of the Intervenor-Plaintiffs' claims. (See Dkt. No. 1214 at 10-11.) Moreover, several weeks before the Court's May 5 Order, at least one of the two conditions suggested by the Court that might warrant revisiting a stay by the Court had already occurred.

On March 30, 2023, the Court granted the SEC's request to proceed with a bifurcated trial on the SEC's remaining claims and directed the parties to confer and advise the Court on the anticipated length of trial and their availability beginning June 2023. (See Dkt. No. 1193.) Though the case had clearly "reach[ed] the trial stage" (see Dkt. No. 789 at 7), Kontilai waited until the Court had set a trial date -- more than a month later and following the extensive exchange of correspondence. (See Dkt. Nos. 1174, 1182-83, 1187, 1192.)[2]

For the avoidance of doubt, the Court would reach the same result were it to consider Kontilai's request for a stay de novo. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The decision to stay proceedings is discretionary. United States v. Beverly, 5 F.3d 633, 641 (2d Cir. 1993); United States v. Bein, 728 F.2d 107, 114 (2d Cir. 1984).

---

[2] Though the Court does not know the specific date on which Kontilai was apprehended by German authorities, more than three weeks had passed between the date this condition was satisfied and when Kontilai's counsel received notice of his arrest. The Court is not aware of any communication barrier in that time that would have impeded Kontilai from consulting with his counsel about renewing his request for a stay.

Courts in this Circuit generally apply a six-factor test to guide their decision of whether to stay proceedings:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Louis Vuitton Malletier S.A. v. LY USA. Inc., 676 F.3d 83, 99 (2d Cir. 2012) (quoting Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). These factors, however, "do no more than act as a rough guide for the district court as it exercises its discretion" and the "district court's decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case." Id. at 99 (internal quotation marks omitted). The decision to grant a stay is an "extraordinary remedy." Id. at 98. "[T]he Constitution rarely, if ever, requires such a stay." Id. Accordingly, a stay is warranted only where denial "would cause substantial prejudice to the defendant" in violation of their constitutional rights, id. at 100 (internal quotation marks omitted), and such cases "are few and far between." Id. at 100 n.15. This is not such a case.

As before, the overlap between the civil and criminal cases weighs in favor of a stay (first factor), but the plaintiffs' interest in proceeding expeditiously as weighed against how they will be prejudice by a delay (third factor), the interest of the courts (fifth factor), and the public interest (sixth factor), tip the balance against a stay. As Magistrate Judge Gorenstein explained when he denied Kontilai's previous request for a stay, the SEC and the Intervenor-Plaintiffs have a strong interest in proceeding expeditiously, the Court has an interest in not having the case linger on its docket, and the public has a strong interest in seeing the charges of fraud brought by the SEC addressed. (See Dkt. No. 713.) This case is now over four years old and at the summary judgment and trial stages regarding the Intervenor-Plaintiffs' claims and the SEC's claims respectively. Thus, pausing the case would be inefficient and prejudicial to plaintiffs.

The status of the criminal case (second factor) also does not favor a stay. Though Kontilai has been detained by German authorities pursuant to an Interpol Red Notice stemming from his criminal cases in the United States, it is unclear if and when he will be extradited to the United States. Even if the Court were to assume that Kontilai will

be promptly extradited and the criminal proceedings against him resume, the support for a stay provided by this factor would be outweighed by the interest of the plaintiffs, the Court, and the public in resolving the civil case at this point.

Lastly, the interest of and burden on Kontilai (fourth factor) weigh in favor of a stay but like the status of the criminal case, they do not outweigh the interest of the plaintiffs, the Court, and the public, especially considering that the burden on Kontilai here is of his own creation -- by delaying resolution of the criminal proceedings against him over the last three years.

In sum, as a matter of de novo review, the Court would find that a stay of the civil proceedings against Kontilai to be unwarranted.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that defendant Mykalai Kontilai's motion to stay the case (Dkt. No. 1224) is **DENIED.**

**SO ORDERED.**

Dated:   New York, New York
        26 May, 2023

_____
Victor Marrero
U.S.D.J.