**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/7/2023
```

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | 19 Civ. 4355 |
| Plaintiff, | **DECISION AND ORDER** |
| - against - | |
| COLLECTOR'S COFFEE INC., et al., | |
| Defendants. | |
| SDJ INVESTMENTS, LLC, et al., | |
| Intervenor-Plaintiffs, | |
| - against - | |
| COLLECTOR'S COFFEE INC., et al., | |
| Intervenor-Defendants. | |

**VICTOR MARRERO, United States District Judge.**

On May 14, 2019, the Securities and Exchange Commission ("SEC") commenced this action against Collector's Coffee Inc., d/b/a Collector's Café ("CCI"), and Mykalai Kontilai ("Kontilai"), the founder, President, and Chief Executive Officer of CCI, alleging that CCI and Kontilai violated federal securities laws by defrauding investors. (See Dkt. Nos. 1, 134.) The sole assets of any value held by CCI are an original pair of contracts (the "Contracts") signed by baseball legend Jackie Robinson. A group of CCI's secured creditors, specifically SDJ Investments, LLC, Adobe

Investments, LLC, and Darren Sivertsen, as Trustee of the Sivertsen Family Trust U/A/D 10/01/2002 (the "Holders"), subsequently intervened and asserted claims for declaratory judgment against CCI, Kontilai, and the Los Angeles Dodgers LLC, claiming ownership of the Contracts because the Contracts were used as collateral for the approximately $6 million in loans the Holders made to CCI, which are in default. (See Dkt. No. 90.) The Jackie Robinson Foundation, Inc. ("JRF") was substituted for the Los Angeles Dodgers, LLC as an intervenor-defendant.[1] (See Dkt. No. 230, 281, 344.) JRF subsequently filed a crossclaim against CCI, seeking a declaratory judgment that JRF is the rightful owner of the Contracts, not CCI. (See Dkt. No. 1002.)

The Holders have moved for summary judgment on the Second Cause of Action for Declaratory Relief in their First Amended Complaint, specifically seeking a declaratory judgment that JRF and the Los Angeles Dodgers, LLC have no rights to the Contracts, that CCI had clear title and ownership of the Contracts when it used the Contracts as collateral, and that the Holders have a first position perfected interest in the Contracts. (See Dkt. No. 1117.) JRF has cross-moved for summary judgment in opposition to the Holders' motion and in

---

[1] The Los Angeles Dodgers, LLC gifted its rights in the Contracts to JRF.

support of its own crossclaim for a declaratory judgment of ownership. (See Dkt. No. 1121.)

On May 22, 2023, Magistrate Judge Gabriel W. Gorenstein submitted his Report and Recommendation regarding the Holders and JRF's motions for summary judgment. (See "Report and Recommendation" or "Report," Dkt. No. 1228.) Magistrate Judge Gorenstein recommended that both motions be denied and the claims for declaratory judgment instead proceed to trial. (See id.) No objections to the Report or requests for an extension of time to object have been filed and more than fourteen days have passed since the service of the Report on the parties, the period for such objections and requests. (See id. at 35.)

For the reasons stated below, the Court adopts the recommendations of the Report in their entirety.

## I.   STANDARD OF REVIEW

A district court evaluating a magistrate judge's report may adopt those portions of the report to which no "specific written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed. R. Civ. P. 72(b); see also Thomas v. Arn, 474 U.S. 140, 149 (1985); Wilds v. United Parcel Serv., Inc., 262 F. Supp.

2d 163, 169 (S.D.N.Y. 2003). The Court is not required to review any portion of a magistrate judge's report that is not the subject of an objection. See Thomas, 474 U.S. at 149. A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the magistrate judge. See Fed. R. Civ. P. 72(b).

## II. DISCUSSION

Upon a review of the full factual record in this litigation, including the papers submitted in connection with the underlying motions and in this proceeding, as well as the Report and applicable legal authorities, the Court reaches the same conclusions as Magistrate Judge Gorenstein. The Court further concludes that the findings, reasoning, and legal support for the recommendations made in the Report are not clearly erroneous or contrary to law and are thus warranted. Accordingly, for substantially the reasons set forth in Magistrate Judge Gorenstein's Report, the Court adopts in their entirety the Report's factual and legal analyses and determinations, as well as its substantive recommendations, as the Court's ruling on the Holders' motion for summary judgment and JRF's motion for summary judgment. (See Dkt. Nos. 1117, 1121.)

## III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Gabriel W. Gorenstein dated May 22, 2023 (Dkt. No. 1228) is adopted in its entirety; and it is further

**ORDERED** that the motion for summary judgment (Dkt. No. 1117) filed by Adobe Investments, LLC, SDJ Investments, LLC, and Darren Sivertsen as Trustee of the Sivertsen Family Trust U/A/D 10/01/2002 is **DENIED**; and it is further

**ORDERED** that the motion for summary judgment (Dkt. No. 1121) filed by The Jackie Robinson Foundation, Inc. is **DENIED**.

**SO ORDERED.**

Dated:    New York, New York
          7 June 2023

_____
Victor Marrero
U.S.D.J.