UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES SECURITIES AND         :
EXCHANGE COMMISSION,
                                      :
           Plaintiff,                     ORDER
                                      :
    -against-                             19 Civ. 4355 (VM) (GWG)
                                      :
COLLECTOR'S COFFEE, INC., et al.,
                                      :
           Defendants.
---------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

The parties dispute whether the freeze of the assets of defendants Mykalai Kontilai and Collector's Coffee, Inc. ("CCI") should remain in place and, if so the appropriate amount of that asset freeze. See Docket ## 1185, 1218. The SEC has proposed an asset freeze in the amount of approximately $46 million, see Docket # 1185, in accordance with the asset freeze currently in place. See Docket ## 12, 175. This number is derived from the total amount that the SEC alleges Kontilai and CCI obtained from investors, approximately $23 million (the "disgorgement" amount), plus a civil penalty in the same amount that the SEC plans to seek if its claims succeed. See Docket # 1185 at 74-75.

The SEC appears to acknowledge that Kontilai's "own ill-gotten gains" amount to no more than $7.27 million and thus any civil penalty assessed based on those gains would be limited to $7.27 million. See Docket # 1217 at 47. Nonetheless, it seeks a freeze of Kontilai's own assets in the amount of $46 million on the theory that his "his concerted wrongdoing with CCI" would allow the Court to hold Kontilai jointly and severally liable with CCI not only as to the disgorgement amount but also as to the $23 million civil penalty applicable to CCI. Id. at 46-47.

It appears, however, that the Second Circuit has held that such a civil penalty may not be imposed jointly and severally as a matter of law. See S.E.C. v. Pentagon Cap. Mgmt. PLC, 725 F.3d 279, 287-88 (2d Cir. 2013) ("The statutory language allowing a court to impose a civil penalty plainly requires that such awards be based on the 'gross amount of pecuniary gain to such defendant.' This language does not provide room for the district court's interpretation that the civil penalty be imposed jointly and severally." (citing 15 U.S.C. § 77t(d)(2))).

Neither party has addressed the application of Pentagon Cap. Mgmt to the asset freeze here. Accordingly, the SEC is directed to file a letter on or before June 16, 2023 that addresses the question of whether Kontilai's assets may be frozen above the disgorgement amount ($23 million) in order to satisfy a civil penalty in excess of $7.27 million.

Any response may be filed two business days later.

SO ORDERED.

Dated: June 13, 2023
       New York, New York

                                              GABRIEL W. GORENSTEIN
                                              United States Magistrate Judge