**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/28/2023
```

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                   Plaintiff,

          - against -

COLLECTOR'S COFFEE INC., et al.,

                   Defendants.

---

SDJ INVESTMENTS, LLC, et al.,

                   Intervenor-
                   Plaintiffs,

          - against -

COLLECTOR'S COFFEE INC., et al.,

                   Intervenor-
                   Defendants.

---

19 Civ. 4355 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

    The Court has reviewed defendant Mykalai Kontilai's ("Kontilai") letter motion (see "Letter Motion," Dkt. No. 1239) requesting a stay pending Kontilai's two interlocutory appeals of (1) this Court's May 5, 2023 Order (see Dkt. No. 1216) setting a trial date regarding the Securities and Exchange Commission's (the "SEC") remaining claims in this action as well as (2) this Court's May 26, 2023 Order (see Dkt. No. 1231) denying Kontilai's request for a stay of this

action pending resolution of the criminal proceedings against him.

The Court has also reviewed the SEC's letter in opposition to Kontilai's request for a stay (see Dkt. No. 1241), and the letters from Intervenor-Plaintiffs SDJ Investments, LLC, Abode Investments, LLC, and the Sivertsen Family Trust, and Intervenor-Defendant The Jackie Robinson Foundation, Inc., all of whom joined the SEC's opposition. (See Dkt. No. 1242-43.)

Upon review of the parties' submissions, the Court has determined that a pre-motion conference and further briefing is unnecessary. On Kontilai's consent, the Court will treat the Letter Motion as a fully briefed and filed motion. (See Letter Motion at 1.) For the reasons set forth below, Kontilai's request for a stay pending appeal is **DENIED**.

## I.   LEGAL STANDARD

A court assessing a request for a stay pending appeal considers "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S.

418, 434 (2009). "The first two factors are the most critical and when likelihood of success is totally lacking, the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay." Everytown for Gun Safety Action Fund, Inc. v. Defcad, Inc., No. 22-1183, 2022 WL 2677746 (2d Cir. July 12, 2022) (citation and internal quotation marks omitted). "A stay is an intrusion into the ordinary processes of administration and judicial review and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." Nken, 556 U.S. at 427 (citation and internal quotation marks omitted).

## II.  DISCUSSION

A stay pending appeal is not warranted here. First, Kontilai has not made a strong showing that he is likely to succeed on the merits. Indeed, Kontilai lacks even a clear procedural path to appeal. Appellate jurisdiction is "generally limited to appeals from final decisions of the district courts," that is, decisions that "end[] the litigation on the merits and leaves nothing for the court to do but execute the judgment." In re World Trade Center Disaster Site Litig., 521 F.3d 169, 178 (2d Cir. 2008). Appeals of non-final decisions, such as the appeals sought by

Kontilai here, "are the exception, not the rule," and must satisfy the collateral order doctrine. Id. at 178-79 (internal quotation marks omitted).

The "collateral order doctrine is a practical construction of the final judgment rule, which permits an appellate court to hear an appeal of a decision that would conclusively resolve claims of right separable from, and collateral to, rights asserted in the action." Id. (alterations and internal quotation marks omitted). "For a court of appeals to have jurisdiction under the collateral order doctrine, the order appealed must (1) be effectively unreviewable on appeal from a final judgment; (2) conclusively determine the disputed question; and (3) resolve an important issue completely separate from the merits of the action." Id. at 179.

The Court does not anticipate that Kontilai will satisfy any of these requirements before the Second Circuit, let alone all three. The Court's decisions to set a trial date and deny Kontilai's request for a stay are not "effectively unreviewable on appeal," see Nicholas v. Wyndham Inter., Inc., 149 F. App'x. 79, 80 (3d Cir. 2005); the denial of a stay is "inherently tentative" and not a "conclusive determination," see Gulfstream Aerospace Corp. v. Mayacamas

4

Corp., 485 U.S. 271, 278 (1988); and Kontilai's decision to invoke his Fifth Amendment rights does not constitute an "important issue" under the collateral order doctrine. See Plaintiff A v. Schair, 744 F.3d 1247, 1255 (11th Cir. 2014).

As to the substance of Kontilai's appeal, Kontilai seeks to appeal two decisions that fall squarely within a district court's discretion, but Kontilai does not argue that the Court applied the wrong legal standard or that the applicable precedent is murky or in flux. Kontilai simply argues that it is possible that the Second Circuit could disagree with the Court's decisions. Though there are instances where the mere possibility that an appellate court would reach a different outcome is sufficient to warrant a stay pending appeal, this is not such a case. For example, in Jock v. Sterling Jewelers, Inc., upon which Kontilai relies, the district court had "no doubt that the plaintiffs' appeal present[ed] an issue of first impression that relates to the application of a newly minted rule by a sharply divided Supreme Court . . . which reversed the contrary rule that the Second Circuit previously set forth." 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010). Kontilai's appeals raise no such issues.

Second, Kontilai will not be irreparably injured absent a stay. If the Second Circuit concludes that this Court's

5

orders constituted reversible error, then any civil judgment
may be vacated, with the case and trial stayed pending
resolution of the criminal proceedings against Kontilai. See
Nicholas, 149 F. App'x. at 80. Additionally, though Kontilai
is correct that in the Second Circuit, an alleged
constitutional violation "triggers a finding of irreparable
injury" for the purposes of a stay (Letter Motion at 2),
Kontilai has not in fact made such an allegation here.
Connecticut Dep't of Envtl. Prot. V. O.S.H.A., 356 F.3d 226,
231 (2d Cir. 2004) (internal quotation marks and citation
omitted).

Kontilai alleges that he has been deprived of his Fifth
Amendment rights by being required to choose between
testifying in his civil case or invoking his right to remain
silent in anticipation of subsequent criminal proceedings.
(See Letter Motion at 2; Letter Motion for Stay of Civil Case
Pending Criminal Proceedings, Dkt. No. 1224 at 2.) The Fifth
Amendment guarantees that Kontilai "shall [not] be compelled
in any criminal case to be a witness against himself." U.S.
Const. amend. V. However, it does not guarantee that "the
exercise of Fifth Amendment rights will be without cost in
the civil arena." In re Phillips, Beckwith & Hall, 896 F.
Supp. 553, 560 (E.D. Va. 1995). A "party who chooses to assert

the privilege against self-incrimination in a civil case must live with the consequences and 'if this be seen as a price on the assertion of the privilege, so be it.'" <u>Id.</u> (quoting <u>United States v. Taylor</u>, 975 F.2d 402, 404 (7th Cir. 1992)). Accordingly, Kontilai has not alleged a constitutional violation that would trigger a finding of irreparable injury for the purposes of a stay pending appeal.

Third and fourth, issuance of a stay would injure the other parties interested in the proceeding and the public interest lies with denying a stay pending appeal. As the Court explained in its May 26, 2023 Order (<u>see</u> Dkt. No. 1231 at 6-7), this case is now over four years old and at or approaching the trial stage regarding the Intervenor-Plaintiffs' claims and the SEC's claims, and the public has a strong interest in seeing the charges of fraud brought by the SEC addressed.

### III. <u>ORDER</u>

For the reasons stated above, it is hereby

**ORDERED** that defendant Mykalai Kontilai's ("Kontilai") motion (Dkt. No. 1239) to stay the case pending Kontilai's interlocutory appeals of the Court's May 5, 2023 Order (Dkt. No. 1216) setting a trial date and the Court's May 26, 2023 Order (Dkt. No. 1231) denying Kontilai's motion for a stay of

the case pending resolution of the criminal cases against

Kontilai is **DENIED**.

**SO ORDERED.**

Dated:    New York, New York
             28 June 2023

                                       _____
                                          Victor Marrero
                                          U.S.D.J.