UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

- against -

COLLECTOR'S COFFEE INC., et al.,

        Defendants.

19-CV-4355 (VM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/23

**VICTOR MARRERO**, United States District Judge.

    The Court, acting *sua sponte*, strikes Defendant Mykalai Kontilai's memoranda of law filed in opposition to plaintiff SEC's (the "SEC") omnibus motion *in limine*. (See SEC Motion *in Limine*, Dkt. No. 1347; see also Defendant Mykalai Kontilai's Memoranda of Law in Opposition, Dkt. Nos. 1390, 1391, 1392, 1393, 1394, and 1395.)

    Under this Court's Individual Practices, memoranda of law are not to exceed 25 pages, unless upon written request, the Court grants any party leave to exceed such limitation. See Individual Practices of the Honorable Victor Marrero, § I.D.1. The SEC complied with the 25-page limitation when it filed its memorandum of law in support of its omnibus motion *in limine*, which seeks pretrial evidentiary rulings on six discrete topics. (See Memorandum of Law in Support, Dkt. No.

1

1348.) The rules permitted any party in opposition to file a single memorandum of law, limited to 25 pages, addressing all the relief that the SEC seeks through its single motion. Mykalai Kontilai (joined by his Co-Defendant Collector's Coffee, Inc. and Relief Defendant Veronica Kontilai) instead filed six memoranda of law, together 78 pages, one for each evidentiary topic addressed in the SEC opening brief. This practice is not consistent with the Court's rule on page limitations, which ensures that each party has an equal and fair opportunity to be heard.

This incident does represent, however, the latest and perhaps most extreme example of the excessive litigation tactics defendants have engaged in during the course of this action, thereby imposing undue costs, delays, and other inefficiencies on the Court and the parties. It also reflects complete disregard for a concern the Court and Magistrate Judge Gabriel Gorenstein have repeatedly expressed, conduct which cumulatively borders on sanctionable.

Indeed, the Court and Magistrate Judge Gorenstein have frequently described defendants' counsel's conduct as "dilatory" and "frivolous," among many other criticisms. (See e.g., Dkt. No 1320 (denying one of defendants' request as "repetitive, cumbersome, and wasteful for the Parties and the Court"); Dkt. No. 988, at 25 (noting the "the dilatory manner

in which counsel have handled the instant case") (report and recommendation adopted in full, Dkt. No. 1013); Dkt. No. 910, at 7 (noting that "Kontilai's briefing on this motion is appalling in its lack of substance" and reflects a "complete lack of intelligible argument on this critical element of his motion"); Dkt. No. 884, at 10 (noting how defendants "hav[e] taken numerous improper actions to delay this case, including engaging in highly dilatory tactics in the discovery process, filing numerous frivolous applications, and having required the court to address numerous frivolous arguments"); Dkt. No. 862 (describing defendant's filings as "frivolous"); Dkt. No. 836, at 3 (describing defendant's filings as "frivolous"); Dkt. No. 829 (referring to "defendants' numerous delays"); Dkt. No. 811 (describing defendant's filings as "frivolous"), Dkt. No. 767, at 31 (noting how Kontilai "(or his attorneys) deliberately wasted a good deal of the Court's and the parties' time in the manner in which he litigated the production of the tax returns"); Dkt. No. 774, at 2 ("[T]he defendants' conduct in delaying the mechanisms to obtain discovery is inexcusable."); Dkt. No. 679, at 2-3 (noting defendants' "inexcusable lateness" in seeking an expansion of discovery and "dilatory conduct").)

Accordingly, it is hereby **ORDERED**:

That the Clerk of Court is directed to strike Defendant Mykalai Kontilai's memoranda of law found at Dkt. Nos. 1390, 1391, 1392, 1393, 1394, and 1395 for failure to comply with the Court's Individual Practices.

That the Clerk of Court is further directed to strike Collector Coffee Inc.'s and Relief Defendant Veronica Kontilai's notices of joinder at Dkt. Nos. 1402, 1403, 1404, 1405, and 1406 as moot.

That Defendants and Relief Defendant may respond to plaintiff SEC's motion *in limine* (found at Dkt. No. 1347) no later than Friday, November 17, 2023.

That the SEC may reply to Defendants' and Relief Defendants' opposition no later than Wednesday, November 22, 2023.

Dated:   15 November 2023
         New York, New York

_____
Victor Marrero
U.S.D.J.