```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | 19-CV-4355 (VM) |
| Plaintiff, | **DECISION AND ORDER** |
| - against - | |
| COLLECTOR'S COFFEE INC., et al., | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 11/22/23 |
| Defendants. | |

**VICTOR MARRERO, United States District Judge.**

The Court has received numerous motions *in limine* filed by plaintiff SEC ("SEC") and by defendants Mykalai Kontilai ("Kontilai") and Collector's Coffee, Inc. ("Collector's Coffee", and together with Kontilai, "Defendants"). As a preliminary matter, the Court notes that several of the SEC's and Defendants' motions seek relief that is not appropriate for motions *in limine*. "The purpose of *in limine* motions is to enable the Court to rule on disputes of the admissibility of discrete items of evidence." MF Global Holdings Ltd. v. Pricewaterhousecoopers LLP, 232 F. Supp. 3d 558, 566 (S.D.N.Y. 2017) (citing TVT Records v. Island Def Jam Music Grp., 250 F. Supp. 2d 341, 344 (S.D.N.Y. 2003)). The parties instead have asked this Court to rule, categorically, on swaths of evidence that each fears the other may at some point introduce at trial. Many of the parties' motions are made in

1

the abstract, without reference to specific items of evidence sought to be permitted or excluded, without the context of trial, and without noting specific objections thereto.

In any event, the following motions *in limine* are addressed in this Decision and Order:[1]

(1) The SEC's motion *in limine* to exclude evidence and argument about loss causation and reliance at trial ("SEC Mot. 1"), pursuant to Federal Rules of Evidence ("FRE") 401 and 403. (See Notice of Mot., Dkt. No. 1288; SEC Memorandum of Law in support of SEC Mot. 1 ("Br. in Support of SEC Mot. 1"), Dkt. No. 1289; Defendants' Memorandum of Law in opposition to SEC Mot. 1 ("Resp. to SEC Mot. 1"), Dkt. No. 1300; SEC Reply Memorandum of Law in Support of SEC Mot. 1 ("Reply in Support of SEC Mot. 1"), Dkt. No. 1305.) SEC Mot. 1 is hereby **GRANTED** in part and reserved in part for decision at trial.

(2) Defendant Kontilai's motion *in limine* (not joined by Defendant Collector's Coffee) to preclude argument that liability and "damages" should be equal for both defendants ("Defense Mot. 6") (See Notice of Mot., Dkt. No. 1341; Defendant Kontilai's Memorandum of Law

---

[1] The Court reserves decision on all other motions *in limine* for a later date.

in Support of Defense Mot. 6 ("Br. in Support of Defense Mot. 6"), Dkt. No. 1342; SEC Response to Defense Mot. 6 ("Resp. to Defense Mot. 6"), Dkt. No. 1381; Defendant Kontilai's Reply Memorandum of Law in Support of Defense Mot. 6 ("Reply in Support of Defense Mot. 6"), Dkt. No. 1389.) Defense Mot. 6 is hereby **DENIED**.

(3) Defendant's motion *in limine* to exclude evidence and argument implying that Defendants defrauded any of the investors that the SEC does not ultimately call to testify at trial ("Defense Mot. 8"). (See Notice of Mot., Dkt. No. 1355; Defendants' Memorandum of Law in Support of Defense Mot. 8 ("Br. in Support of Defense Mot. 8"), Dkt. No. 1356; SEC Response to Defense Mot. 8 ("Resp. to Defense Mot. 8"), Dkt. No. 1398.) Defense Mot. 8 is hereby **DENIED**.

(4) Defendant's motion *in limine* to exclude evidence and argument that "does not account for legitimate business expenses" of Collector's Coffee ("Defense Mot. 10"). (See Notice of Mot., Dkt. No. 1359; Defendants' Memorandum of Law in Support of Defense Mot. 10 ("Br. in Support of Defense Mot. 10"), Dkt. No. 1360; SEC Response to Defense Mot. 10 ("Resp. to

Defense Mot. 10"), Dkt. No. 1385.) Defense Mot. 10 is hereby **DENIED**.

(5) Defendant's motion *in limine* to exclude evidence and argument that Kontilai misappropriated more funds than alleged in the Amended Complaint, as well as evidence and argument pertaining to factual issues extraneous to the Amended Complaint ("Defense Mot. 11"). (See Notice of Mot., Dkt. No. 1361; Defendants' Memorandum of Law in Support of Defense Mot. 11 ("Br. in Support of Defense Mot. 11"), Dkt. No. 1362; SEC Response to Defense Mot. 11 ("Resp. to Defense Mot. 11"), Dkt. No. 1399.) Defense Mot. 11 is hereby **DENIED** in part and reserved in part for decision at trial.

## I. LEGAL STANDARD

Federal Rules of Evidence ("FRE") 401 and 403 govern the motions listed above. These rules provide that "[e]vidence should be excluded if it is irrelevant, or, even if relevant, if its probative value is substantially outweighed by the danger of unfair prejudice it presents." Henry v. Wyeth Pharms., Inc., 616 F.3d 134, 149 (2d Cir. 2010) (internal citations omitted); see Epoch Producing Corp. v. Killiam Shows, 522 F.2d 737, 744 (2d Cir. 1975). "[T]he court's determination of what constitutes 'relevant evidence' is guided by the nature of the claims and defenses in the cause

of action." Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011). More precisely, evidence at trial "is considered 'relevant' only if it is logically related, either directly or through an inferential chain of proof, to at least one of the formal elements of the charges made or defenses raised." Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc., 138 F. Supp. 2d 357, 365 (E.D.N.Y. 2001).

## II. DISCUSSION

### A. SEC MOTION 1: RELIANCE AND LOSS CAUSATION

The SEC's first motion *in limine* would require the Court to determine the precise scope of the jury trial set to begin on December 5, 2023. In particular, the SEC contends that the jury is to decide only Defendants' liability, with the Court determining the appropriate remedy (including disgorgement) at a later time. (See e.g., Reply in Support of SEC Mot. 1, at 7.) Defendants, without disputing that the Court may determine remedies after trial, contend that they are entitled to a jury determination of all facts that support the Court's eventual determination of civil remedies in this case, if any. (See Resp. to SEC Mot. 1, at 5-6.)

As an initial matter, the Court is not convinced that Defendants are entitled to a "jury trial as to all respects of the SEC's claims, including damages." (See id. at 5 n.1.) The SEC cites several recent cases where, in SEC enforcement

5

actions, judges in this District held a jury trial to determine defendants' liability, and then held further proceedings to determine the scope of equitable remedies like injunctive relief and disgorgement of ill-gotten gains. See, e.g., SEC v. Lek Sec. Corp., 612 F. Supp. 3d 287, 292 (S.D.N.Y. 2020); SEC v. Am. Growth Funding II, LLC, 16 Cv. 0828 (KMW), 2018 WL 6322145, at *1 (S.D.N.Y. Dec. 4, 2018); SEC v. Wyly, 71 F. Supp. 3d 399, 403-404 (S.D.N.Y. 2014).

The Court sees no reason to depart from this long-accepted practice. Defendants cite no authority to support their assertion that they are "lawfully entitled to" a jury determination of the "fact-specific analysis" of the disgorgement remedy in this SEC enforcement action, and the Court knows of none.[2] (See Resp. to SEC Mot. 1 at 5 n.1.) Indeed, the jury has no role in determining the precise amount to be disgorged, given that "[u]nder Second Circuit law, the

---

[2] Though not expressly cited by Defendants, the Constitution guarantees a right to a jury determination of facts "[i]n Suits at common law." U.S. Const. amend. VII. This guarantee does not extend to a jury determination of facts supporting the remedy in an SEC enforcement action, which is inherently an equitable proceeding. See SEC v. Petrofunds, Inc., 420 F. Supp. 958, 959 (S.D.N.Y. 1976) (granting as constitutionally permissible an SEC motion to strike a civil defendant's jury demand); see also SEC v. First Jersey Sec. Inc., 101 F.3d 1450, 1466 (2d Cir. 1996) (emphasizing equitable nature of disgorgement remedy in SEC enforcement action). If the SEC prevails at trial on liability, the Court may hold additional proceedings to decide the appropriate amount of disgorgement, if any, in this action. Lek Sec. Corp., 612 F. Supp. 3d at 292. In that proceeding, the Court will be free to find additional facts as long as they do not conflict with any facts the jury happens to have found at trial. See U.S. Const. amend. VII.

amount of disgorgement ordered need only be a *reasonable approximation* of profits causally connected to the violation" determined by the Court after trial as long as it does not "exceed the amount obtained through wrongdoing." Wyly, 71 F. Supp. 3d at 404-405 (emphasis in original) (internal quotation marks omitted). Accordingly, the Court, not the jury, has the "discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged." Lek Sec. Corp., 612 F. Supp. 3d at 292 (quoting SEC v. Contorinis, 743 F.3d 296, 301 (2d Cir. 2014)).[3]

It follows that the jury's singular role is to determine Defendants' liability at trial. The SEC, through its four claims for relief, seeks to hold the defendant liable under SEC Rule 10b-5(a)-(c) (17 C.F.R. §§ 240.10(a)-(c)) ("Rule 10b-5") and Section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)) ("Section 17(a)").[4] (See Br. in Support of

---

[3] On this topic, Defendants claim that the SEC must prove its claims against Defendants with respect to each individual investor, or otherwise the SEC's disgorgement remedy must be limited to recovery of the ill-gotten gains from the Defendants' alleged violations of the securities laws. Not so. The Court is free to order disgorgement of a reasonable approximation of a defendant's ill-gotten profits. See Wyly, 71 F. Supp. 3d at 404-40.

[4] The SEC's claims under Rule 10b-5 are, in a technical sense, brought under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j (hereinafter "Section 10(b)").

SEC Mot. 1, at 5.) These claims share many overlapping elements.

The SEC's first claim for relief is brought under Rule 10b-5(b). To carry its burden, the SEC must show Defendants (1) made a misrepresentation or an omission of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) using the means of interstate commerce. See 17 C.F.R. § 240.10b-5(b); SEC v. Monarch Funding Corp., 192 F.3d 295, 308 (2d Cir. 1999); First Jersey Sec., 101 F.3d at 1476.

The SEC's second claim for relief is brought under Section 17(a)(2). That statute requires the SEC to show Defendants (1) obtained money or property by means of an untrue statement of material fact or an omission to state a material fact, (2) with negligence, (3) in connection with the offer or sale of securities, (4) using the means of interstate commerce. See 15 U.S.C. § 77q(a)(2); Aaron v. SEC, 446 U.S. 680, 697 (1980).

The SEC's third claim for relief is brought under Rule 10b-5(a) and Rule 10b-5(c). This claim requires the SEC to show Defendants did (1) "employ a device, scheme, or artifice to defraud" or "engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person," (2) with scienter, (3) in connection with

the purchase or sale of securities, (4) using the means of interstate commerce. 17 C.F.R. §§ 240.10b-5(a), (c); see also Monarch Funding Corp., 101 F.3d at 1476.

The SEC's fourth claim for relief is brought under Section 17(a)(1) and Section 17(a)(3). The elements of liability under these two subsections of the same statute differ slightly. Section 17(a)(1) requires the SEC to show that Defendants did (1) "employ any device, scheme, or artifice to defraud," (2) with scienter, (3) in connection with the offer or sale of securities, (4) using the means of interstate commerce. 15 U.S.C. § 77q(a)(1); see also Aaron, 446 U.S. at 697 (interpreting Section 17(a)(1) to require scienter but Sections 17(a)(2) and (a)(3) to require only negligence). Section 17(a)(3) requires the SEC to show that Defendants did (1) "engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser," (2) with negligence, (3) in connection with the offer or sale of securities, (4) using the means of interstate commerce. 15 U.S.C. § 77q(a)(3); see also Aaron, 446 U.S. at 697.

The elements described above define the universe of relevant facts for the purposes of relevancy under FRE 401 and probative value under FRE 403. Jean-Laurent, 840 F. Supp. 2d at 536. Absent from these elements are reasonable reliance

9

by investors, proximate causation of investors' losses, or damages. See, e.g., Lek Sec. Corp., 276 F. Supp. 3d at 59; SEC v. Lee, 720 F. Supp. 2d 305, 325 (S.D.N.Y. 2010); SEC v. Credit Bancorp, Ltd., 195 F. Supp. 2d 475, 490-91 (S.D.N.Y. 2002). As Defendants note, the SEC's considerably lighter burden at trial may amount to a "special playing field" when compared against investors suing as private plaintiffs. (See Resp. to SEC Motion 1 at 6.) Yet this distinction is by design. The SEC is tasked with policing fraudulent statements and practices in the national market for securities, regardless of whether individual investors lost capital. See SEC v. Apuzzo, 689 F.3d 204, 212 (2d Cir. 2012) ("[T]he purpose of such actions is deterrence, not compensation."); Am. Growth Funding, 2018 WL 6322145 at *2 ("[T]he harm to be deterred is not pecuniary – it is informational."); see also Berko v. SEC, 316 F.2d 137, 143 (2d Cir. 1963) ("The Commission's duty is to enforce the remedial and preventive terms of the statute in the public interest, and not merely to police those whose plain violations have already caused demonstrable loss or injury.").

Defendants make two additional arguments in their briefing that merit some discussion. Defendants first contend that they may call individual investors to testify about the effect (or lack thereof) that Defendants' allegedly

10

fraudulent statements had on soliciting those investors' capital. (See Resp. to SEC Motion 1, at 9-10.) Defendants argue that such testimony would show whether the allegedly fraudulent misstatements were "factually misleading" and are aimed at the "heart of materiality." (Id.)

In a securities fraud claim, materiality requires that "there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." Basic, Inc. v. Levinson, 485 U.S. 224, 231-32 (1988). The standard is an objective one, decided by the jury from the perspective of the reasonable investor and considering the context in which the statements were made. See ECA Local 134 IBEW Joint Pension Tr. of Chicago v. JP Morgan Chase Co., 553 F.3d 187, 197-98 (2d Cir. 2009); Arora v. HDFC Bank Ltd., 20 Cv. 4140 (EK), 2023 WL 3179533, at *4 (E.D.N.Y. May 1, 2023).

On the one hand, it is well established that investor testimony is probative of the materiality of fraudulent statements, the context in which those statements were made, and the total mix of information available. United States v. Gramins, 939 F.3d 429, 450 (2d Cir. 2019). On the other hand, there is some risk that Defendants may lead their witnesses to testify that they did not lose their investments. The

11

Court, reiterating the difficulty it finds in fashioning relief on this motion *in limine,* where neither party has identified specific testimony or exhibits to be admitted or excluded, may permit Defendants to disprove the materiality of Defendants' allegedly fraudulent statements and reserves decision on discrete items of materiality evidence for trial.

Second, Defendants contend that, to disprove that Defendants did "obtain money or property by means" of their alleged violations of Section 17(a)(2), they may call individual investors who contributed capital to Collector's Coffee.[5] See SEC v. Jankovic, 15 Cv. 1248 (KPF), 2017 WL 1067788, at *15 (S.D.N.Y. Mar. 21, 2017); see also 15 U.S.C. § 77q(a)(2). As addressed above, the SEC need not prove at this stage of the proceedings the precise amount of money or property that each defendant allegedly obtained; the SEC would meet its burden of proof on this element by showing the simple fact that Kontilai and Collector's Coffee each received any amount of money or property from a violation of Section 17(a)(2). See Jankovic, 2017 WL 1067788 at *15.

Again, without knowing what specific evidence the SEC wishes to exclude, it is difficult for the Court to fashion appropriate relief at this stage. The Court finds that only

---

[5] None of the SEC's other three claims contain such a requirement.

the narrow fact that Defendants received some money or property is relevant at trial. Defendants may not offer evidence or argument quibbling over the precise amount of funds Defendants received by means of their allegedly fraudulent misstatements. Nor may Defendants defeat the money-or-property requirement by offering evidence or argument about what happened to that money after it was obtained – that is, whether it was ultimately used for Defendants' business expenses or for personal expenses. The Court may nonetheless permit Defendants to offer evidence seeking to rebut the SEC's showing that Defendants received some amount of money or property by means of fraud, and reserves decision on discrete items of rebuttal evidence for trial.

B.   DEFENSE MOTION 6: EQUAL LIABILITY AND DAMAGES

Kontilai seeks an order precluding the SEC from "making arguments to the jury to the effect that the liability and damages determinations should be the same" for Kontilai and Collector's Coffee. (See Br. in Support of Defense Mot. 6, at 1.) Kontilai further argues the SEC has a burden to prove to the jury the precise division of ill-gotten gains between

Kontilai personally and Collector's Coffee as a corporation. (See id. at 3.)

For reasons explained in connection with the Court's decision on SEC Motion 1, the precise amount of disgorgement, if any, is not an issue for the jury. Rather, it is an issue for the Court to determine after trial. Evidence going to the division of ill-gotten investor funds between the two Defendants is inadmissible as irrelevant to the factual disputes the jury will be charged to resolve. Moreover, even assuming disgorgement were at issue before the jury, this Circuit permits disgorgement remedies to be imposed jointly and severally "for combined profits on collaborating or closely related parties." SEC v. AbsoluteFuture.com, 393 F.3d 94, 97 (2d Cir.), supplemented, 115 F. App'x 105 (2d Cir. 2004).

The SEC does not dispute that it has a burden to establish liability with respect to each Defendant. (See Resp. to Defense Mot. 6, at 9.) Collector's Coffee is a corporation and can act only through its agents. See Suez Equity Inv'rs L.P. v. Toronto-Dominion Bank, 250 F.3d 87, 101 (2d Cir. 2001). If the SEC can make a showing that Kontilai acted on behalf of Collector's Coffee, Collector's Coffee's

liability can be found on the basis of Kontilai's acts. See id.

C. DEFENSE MOTION 8: INVESTORS NOT CALLED TO TESTIFY

Defendants seek an order to exclude evidence and argument implying that Defendants defrauded any of the investors that the SEC does not call to testify, which Defendants purport will limit the SEC's disgorgement remedy to the amount of funds contributed by the investors who testify at trial, and no others. (See Br. in Support of Defense Mot. 8.) As explained in connection with SEC Motion 1, the precise amount of the disgorgement remedy, if any, is not at issue in this jury trial. It is an issue for the Court to determine after trial. Evidence going to the proper amount of disgorgement is inadmissible as irrelevant to a resolution of the factual disputes the jury will be charged to resolve. Further, "[u]nder Second Circuit law, the amount of disgorgement ordered need only be a *reasonable approximation* of profits causally connected to the violation," and insisting on the testimony of every one of Collector's Coffee's investors at trial – or even at future proceedings pertaining to disgorgement – is not consistent

with applicable precedent. Wyly, 71 F. Supp. 3d at 404-405 (emphasis in original) (internal quotation marks omitted).

D.   DEFENSE MOTION 10: LEGITIMATE BUSINESS EXPENSES

Defendants seek an order precluding the SEC from offering evidence or argument regarding the amount of alleged investments without first laying the foundation that the funds at issue were improperly used. (See Br. in Support of Defense Mot. 10.) As explained in connection with SEC Motion 1, the precise amount of the disgorgement remedy, if any, is not at issue in this jury trial. It is an issue for the Court to determine after trial. Evidence going to the proper amount of disgorgement is inadmissible as irrelevant to a resolution of the factual disputes the jury will be charged to decide.

To the extent that Defendants are concerned the SEC will be unable to lay a proper foundation to admit evidence that investors contributed capital to Collector's Coffee, Defendants are free to raise such foundation objections at trial. A motion *in limine* is not the proper means for the Court to adjudicate such procedural issues before trial.

E.   DEFENSE MOTION 11: SCOPE OF THE COMPLAINT

Defendants seek an order precluding the SEC from presenting evidence or argument lying outside the scope of

the SEC's Amended Complaint (See Br. in Support of Defense Mot. 11, at 1; see also Amended Complaint, Dkt. No. 134.)

To the extent Defendants seek an order limiting the SEC from presenting evidence or argument that Defendants obtained more money than the dollar-amount alleged in the Complaint, Defendants' motion is denied. As explained in connection with SEC Motion 1, the precise amount of the disgorgement remedy, if any, is not at issue in this jury trial. It is an issue for the Court to determine after trial. Evidence going to the proper amount of disgorgement is impermissible as irrelevant to a resolution of the factual disputes the jury will be charged to decide.

Though Defendants rightly assert that the SEC may not present evidence of claims or conduct not asserted in the Amended Complaint, it is not clear what extraneous claims Defendants believe the SEC will attempt to prove at trial. The elements of the SEC's four claims are described in connection with SEC Motion 1. The SEC may introduce evidence that is relevant to prove the factual propositions required to establish those elements. Defendants may hold the SEC to its burden, but the SEC deserves an opportunity to be heard in the context of trial on the relevance of discrete factual topics. The Court cannot exclude evidence as extraneous or collateral before it knows what that evidence is or why the

party offering that evidence believes it is relevant. As stated above, a motion *in limine* is not the proper procedural means for the Court to resolve such factual disputes that should be decided by the jury.

### III. ORDER

For the reasons explained above, it is hereby

**ORDERED** that the motion *in limine* of plaintiff Securities and Exchange Commission ("SEC") to exclude evidence and argument by defendants Collector's Coffee Inc. ("Collector's Coffee") and Mykalai Kontilai ("Kontilai", and together with Collector's Coffee, "Defendants") about loss causation and reliance at trial of this action (see Dkt. No. 1288) is hereby **GRANTED** in part and reserved in part for decision at trial.

Defendants are precluded from suggesting to the jury through evidence or argument: (1) that the SEC has any burden to prove that investors actually suffered losses as a result of Defendants' alleged fraud, (2) that the SEC has any burden to prove that investors actually relied on Defendants' allegedly fraudulent conduct, or (3) that the SEC has any burden to prove the total amount of the alleged ill-gotten gains. The Court may permit Defendants to offer relevant and admissible evidence seeking to (1) disprove that any allegedly fraudulent misstatements Defendants made were

18

material, and (2) rebut the SEC's proof that Defendants received some amount of money or property by means of the alleged frauds. This Order shall not be construed to preclude the SEC from moving at trial pursuant to Federal Rule of Evidence 403 to exclude some or all of Defendants' evidence on those topics due to their likelihood to confuse the jury. The Court therefore reserves decision on admissibility of such evidence for trial; and it is further

**ORDERED** that Kontilai's motion *in limine* to preclude argument that liability and damages should be equal for both defendants (see Dkt. No. 1341) is hereby **DENIED;** and it is further

**ORDERED** that Defendant's motion *in limine* to exclude evidence and argument to preclude any evidence or argument related to the investment of investors not called to testify (see Dkt. No. 1355) is hereby **DENIED;** and it is further

**ORDERED** that Defendant's motion *in limine* to exclude evidence and argument that "does not account for legitimate business expenses" of Collector's Coffee (see Dkt. No. 1359) is hereby **DENIED;** and it is further

**ORDERED** that Defendant's motion *in limine* to exclude evidence and argument that Kontilai misappropriated more funds than alleged in the Amended Complaint, as well as evidence and argument pertaining to factual issues extraneous

19

to the Amended Complaint (see Dkt. No. 1361) is hereby **DENIED** in part and reserved in part for resolution at trial.

The Clerk of Court is respectfully directed to terminate the motions entered at Dkt. Nos. 1288, 1341, 1355, 1359, and 1361.

                                                    Victor Marrero
                                        United States District Judge

Dated:    22 November 2023
             New York, New York