USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/22/23

NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
United States

**Robert A. Schwinger**
**Partner and Assistant General Counsel**
Direct line +1 212 408-5364
robert.schwinger@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

November 22, 2023

**VIA ECF**
The Honorable Victor Marrero, U.S.D.J.
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *SEC v. Collector's Coffee, Inc., et al.*, 1:19-cv-04355-VM-GWG (S.D.N.Y.)

Dear Judge Marrero:

On behalf of non-party witness William J. Leone ("Leone"), who resides in Denver, Colorado, to whom a trial subpoena in this action returnable December 4, 2023 was issued by Defendant Mykalai Kontilai ("Kontilai"), we write to respectfully seek leave for Leone to be permitted to testify at trial remotely by electronic means, pursuant to Fed. R. Civ. P. 43(a) and Your Honor's Individual Practices, Sec. II., A-2.

**Background**

I am a member of the bar of this Court and a partner in the New York office of the law firm of Norton Rose Fulbright US LLP ("NRFUS"), where I also serve as NRFUS's Assistant General Counsel. Leone is a NRFUS partner based in Denver. From 2004 to 2006, Leone served as the United States Attorney for the District of Colorado. Since then, Leone has been engaged in private legal practice, and has been a NRFUS partner since 2011. Leone operates his practice from Denver, Colorado, his residence and place of business.

As a result of Leone briefly having represented Gail Holt, Leone's deposition in this action was taken and video-recorded in 2021 from Leone's location in Denver. Kontilai now seeks Leone's testimony at the upcoming trial of this action.

**Consultation With and General Expressions of Amenability by Counsel to the Parties**

Leone received a subpoena for his testimony at trial in this action on October 26, 2023, a true and complete copy of which is attached to this letter (the "Subpoena"). As the Subpoena was not accompanied by any tender of witness fees, mileage fees, travel expenses or travel arrangements, and because I was then overseas, I reached out by e-mail to Kontilai's counsel, Mr. Cary J. Hansel,

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.




on October 28, 2023 to advise that I wished to speak with him regarding the non-party witness expense issues raised by the Subpoena to the Denver-based Leone.

Various intermediate e-mail communications and telephone messages then took place between myself and Mr. Hansel over the following few weeks regarding the need to "take reasonable steps to avoid imposing undue burden or expense" on Leone as required by Fed. R. Civ. P. 45(d)(1), including protecting Leone against the "substantial expense" that would be occasioned by having to comply with a New York trial subpoena, as well as providing "reasonable compensation for the time and effort entailed" (*see* predecessor section Fed. R. Civ. P. 45(c), 1991 Adv. Comm. Notes).

Eventually, by e-mail to me on November 21, 2023, Mr. Hansel suggested that he had "no objection if Mr. Leon[e] wished to file a motion seeking to appear electronically," adding that "[i]f he is concerned about time and cost, this would seem to be the best solution."

I then reached out to counsel for the SEC to see if the SEC would be amenable to such an arrangement. Mr. Terry R. Miller of the SEC responded to me by e-mail on November 21, 2023, stating:

> Given the anticipated testimony of Mr. Leone in the context of this case and as a courtesy, the SEC would stipulate to an order allowing Mr. Leone to testify remotely on condition that Defendants agree that they will not use in any way the SEC's stipulation or anything about Mr. Leone's remote testimony in any argument about the request for remote testimony from any other witness, including Defendants' request that Mr. Kontilai appear remotely and the Court's denial of that request.
>
> If that is acceptable to everyone, we can propose specific language to memorialize the Defendants' agreement to this condition to be included in any application to the Court for this relief. We'd also of course reserve all objections to the admissibility of Mr. Leone's testimony.

When I then advised Mr. Hansel that day that the SEC seemed generally amenable to Leone being able to testify at trial electronically, he replied that he too might wish to have an opportunity to confirm his consent and "address any necessary details" with the Court.

**Request**

In light of the above, I write to respectfully request that the Denver-based Leone be permitted to testify remotely at trial by electronic means. As Kontilai's counsel noted, this would be the simplest and least expensive way to avoid the substantial time and cost burdens that would be imposed on the Denver-based, non-party witness Leone by an in-person appearance for what presumably will be relatively brief testimony. Counsel for the parties appear to be generally in accord with this proposal, although there apparently may be some issues specific to their case (with which I am not familiar) that they might wish the order allowing Leone's remote electronic testimony to address.




Accordingly, I respectfully suggest that, with a short conference with the Court to address such matters, as well as any safeguards that might be needed and the mechanics of such remote electronic testimony, an appropriate electronic remote testimony order for Leone could be shaped and entered. This would promote efficiency and economy by allowing Leone's testimony to be provided while avoiding the burdens and costs that would be occasioned by cross-country travel and days of interruption to Leone's schedule for a relatively small piece of testimony on a potentially uncertain date during the trial.

Mr. Leone and I thank the Court for its consideration of this request. I can be reached at (212) 408-5364 and at robert.schwinger@nortonrosefulbright.com and would be happy to address any questions the Court may have and/or to participate in a conference with the Court and counsel for the parties as may be needed.

Respectfully submitted,

Robert A. Schwinger

Attachment

cc: Cary J. Hansel, Esq. (cary@hansellaw.com)
Terry R. Miller, Esq. (millerte@sec.gov)

The parties are directed to respond to the matter described in this request, describing the necessary safeguards for the witness's remote testimony, within five days.

**SO ORDERED.**

Dated: 11/22/23

Victor Marrero
U.S.D.J.