UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                        Plaintiff,

              – against –

COLLECTOR'S COFFEE INC., et al.,

                     Defendants.

19-CV-4355 (VM)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/04/23

**VICTOR MARRERO, United States District Judge.**

The Court has received the letter from defendant Mykalai Kontilai ("Kontilai"), joined by defendant Collector's Coffee, Inc. ("Collector's Coffee," and together with Kontilai, "Defendants") that purports to designate all of Kontilai's deposition testimony and requests that the testimony be played to the jury in its entirety as a substitute to Kontilai's testimony pursuant to the rule of completeness and certain exceptions to the rule against hearsay. (See "Letter," Dkt. No. 1414.) The Court has also received plaintiff Securities and Exchange Commission's ("SEC") letter in response. (See "Response," Dkt. No. 1427.) The SEC contends that it would reward Kontilai for his flight to allow him to speak in his own defense at trial without permitting the jury to assess his credibility face to face.

The request made in the Letter is hereby **DENIED** in part and reserved in part for decision at trial.

The rule of completeness does not justify admission of four days of deposition testimony. Under that rule, "when a party offers in evidence only part of a deposition," then "any party may itself introduce any other parts." Fed. R. Civ. P. 32(a)(6) ("Rule 32"); see also Federal Rule of Evidence ("FRE") 106. Yet Rule 32 is itself generally limited by the Federal Rules of Evidence. See Rule 32(b). Watching or reading four entire days of deposition testimony is wasting time, and the Court will not permit it, especially when the party offering it has made no effort to explain the probative value of the questions and answers contained therein. See FRE 403 (permitting exclusion of evidence when its probative value is substantially outweighed by a danger of "wasting time").

The rule of completeness does, however, allow Kontilai to introduce portions of his depositions "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc., 199 F.R.D. 487, 489 (E.D.N.Y. 2001) (quoting United States v. Jackson, 180 F.3d 55, 72 (2d Cir. 1999)). The Court will

entertain requests to permit evidence under this principle at trial.

The Court now considers Kontilai's contention that any parts of his deposition testimony may be presented to the jury notwithstanding the rule against hearsay. FRE 802 renders hearsay inadmissible with limited exceptions. Under FRE 804(a), exceptions to the rule against hearsay exist when a witness is unavailable at trial, but those exceptions do not apply where "the statement's proponent procured or wrongfully caused the declarant's unavailability at trial." FRE 804(a). Rule 32 provides further exceptions to the rule against hearsay: A party may use a deposition for any purpose if the Court finds that the witness is outside the United States unless the witness's absence was procured by the party offering the deposition (Rule 32(a)(4)(B)) or if the witness cannot testify because of imprisonment (Rule 32(a)(4)(C)).

The Court has already ruled that there is evidence to support the conclusion that Kontilai's departure from the United States amounts to flight. See Dkt. No. 1440, at 9-11. Kontilai has on numerous occasions declared that the circumstances of his absence from this country render him unavailable to defend this suit. (See, e.g., Dkt. No. 1294.) Though he conveniently maintains that he has been unable to return to the United States to testify because he has been in

3

German custody since his arrest, Kontilai had ample opportunity to return to the United States during the three years before that arrest while this case was proceeding, and indeed Kontilai's arrest on an Interpol Red Notice was necessary because he would not present himself to authorities in the United States despite lawful warrants for his arrest. Accordingly, the Court finds that Kontilai has procured his own absence, and therefore FRE 804(a) and Rule 32(a)(4)(B) are not a basis to admit Kontilai's depositions.

The Court now moves to Rule 32(a)(4)(C), which provides that "a party may use for any purpose the deposition of a witness . . . if the court finds . . . that the witness cannot attend or testify because of . . . imprisonment." The text of Rule 32(a)(4)(C) contains no discussion of the party's procurement of the witness's unavailability. The Court finds itself unable to identify precedent that treats this unusual set of facts – to be precise, where a civil defendant offers his own deposition testimony at trial as a substitute to live testimony because he is unavailable due to imprisonment overseas, which he himself caused by leaving the United States as he knew the civil and criminal charges against were escalating, and then necessitated extradition proceedings because he refused to return for years.

Rule 32(a)(4)(C) is typically invoked when the deponent is imprisoned because of criminal conviction or pretrial remand, where the deponent has no say in whether he may leave detention to attend trial. This interpretation is consistent with the Rule's use of the word "cannot." Rule 32(a)(4)(C). By contrast, Kontilai's prolonged detention in Germany is a result of his refusal to consent to extradition, and Kontilai's prompt consent to extradition would have ensured his availability to testify in person.

Even if the Court assumed that Rule 32(a)(4)(C) by its plain text would permit admission of an absconding party's deposition testimony as a substitute to the party's in-court presence, the Court still cannot permit it. A ruling as Defendants request would allow Kontilai to invoke the powers of federal courts to defend assets in the United States when convenient to him, while simultaneously refusing to acknowledge the powers of federal courts to demand his response to accusations of criminal behavior. There is no reason to "entertain the cause of one who will respond to a judgment only if it is favorable." Empire Blue Cross & Blue Shield v. Finkelstein, 111 F.3d 278, 282 (2d Cir. 1997).

The Court finds precedent relating to the fugitive disentitlement doctrine helpful in reaching this conclusion, though to be clear, the Court does not now apply the harsh

sanction of disentitlement to the Defendants. See e.g., Degen v. United States, 517 U.S. 820, 824 (1996) (forbidding all participation in the judicial process by a fugitive from justice); SEC v. Ahmed, 72 F.4th 379, 394 n.5 (2d Cir. 2023) ("[A] person who is a fugitive from justice may not use the resources of the civil legal system while disregarding its lawful orders in a related criminal action."); United States v. Turkiye Halk Bankasi A.S., 426 F. Supp. 3d 23, 39 (prohibiting a defendant from "call[ing] upon the resources of the Court for determination of its claims while it remains a fugitive"); see also Finkelstein, 111 F.3d at 282 (permitting disentitlement in civil cases). Kontilai's circumstances are notably similar to those in Ahmed, where the Second Circuit affirmed a district court's limitations on a party's ability to participate in his own defense of an SEC enforcement action because the defendant opted to remain abroad and refused to answer for multiple criminal indictments in the United States. 72 F.4th at 394. This behavior "flouts the authority of the court" and cannot be rewarded. Turkiye Halk Bankasi, 426 F. Supp. At 39.

Notwithstanding Kontilai's conduct, the Court sees no prejudice to the SEC to allow Defendants to introduce Kontilai's deposition testimony for certain foundational, uncontroversial propositions like the general nature of the

Collector's Coffee business or the general nature of Kontilai's role in developing it. This ruling is strictly limited to matters for which alternative admissible evidence will not suffice and must comply with the Court's other rulings on admissible evidence at trial. See Dkt. Nos. 1419, 1440. And the Court may further entertain the SEC's position at trial if the SEC objects that the proposed deposition testimony to be played for the jury introduces unfair prejudice under FRE 403.

Accordingly, it is hereby **ORDERED** that Defendants are not permitted to play to the jury the Kontilai depositions in their entirety. Defendants are permitted to introduce portions of Kontilai's deposition testimony where that testimony is necessary to fairly understand the portions used by the SEC. Defendants are permitted to introduce Kontilai's deposition testimony describing the general nature of the Collector's Coffee business, absent a showing by the SEC that those particular portions will cause unfair prejudice. Kontilai's deposition testimony is otherwise inadmissible.

Dated:    4 December 2023
          New York, New York

                                    Victor Marrero
                                       U.S.D.J.