**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | **19 Civ. 4355(VM)** |
| Plaintiff, | <u>ORDER</u> |
| - against - | |
| COLLECTOR'S COFFEE, INC., et al., | |
| Defendants, | |

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 12/05/23

**VICTOR MARRERO, United States District Judge.**

The Court has received the letter motion by nonparty witness William J. Leone ("Leone") to testify remotely (<u>see</u> "Remote Testimony Request," Dkt. No. 1417), as well as the responses to that letter by plaintiff Securities and Exchange Commission ("SEC") and defendant Mykalai Kontilai ("Kontilai") (<u>see</u> Dkt. Nos. 1424, 1426). The Court has also received Leone's motion to quash the subpoena (the "Subpoena") served on him by Kontilai ("Motion to Quash") (<u>see</u> Dkt. No. 1431, 1434), Kontilai's response (<u>see</u> Dkt. No. 1442), and Leone's reply (<u>see</u> Dkt. No. 1444). For the reasons stated below, the Remote Testimony Request is hereby **GRANTED** and the Motion to Quash is hereby **GRANTED** in part and **DENIED** in part.

Federal Rule of Civil Procedure 43(a) ("Rule 43(a)") permits the Court to allow a witness to testify from another location by contemporaneous transmission "[f]or good cause in

compelling circumstances." Fed. R. Civ. P. 43(a) ("Rule 43(a)"); see also Dkt. No. 1411. Typically, "compelling circumstances" are an unexpected accident or illness, and not the burden on the witness's ordinary life. Rinaldi v. SCA La Goutte, D'Or, 16 Cv. 1901, 2022 WL 443779, at *2 (S.D.N.Y. Feb. 14, 2022).

While the circumstances described above apply here, the Court will permit Leone to testify by video and audio transmission because no party objected to Leone's testimony being remote. (See Dkt. Nos. 1424, 1426.) The apparent reason the parties did not stipulate to Leone's remote testimony is that they disagreed on the appropriate safeguards that the Court should enter pursuant to Rule 43(a). (See Dkt. Nos. 1424, 1426.)

The Court will determine the appropriate safeguards now. Kontilai and his codefendant, Collector's Coffee, Inc. ("Collector's Coffee," and together with Kontilai, "Defendants") may not make any statement to the jury about the Court's decision not to permit Kontilai's testimony remotely, or not to permit much of Kontilai's deposition testimony. Nor may Defendants suggest to the jury that the Court's decisions on those matters were incorrect or unfair. Those issues were decided by the Court as a matter of law in circumstances quite different from Leone's. See Dkt. Nos.

1411, 1447. The parties and Leone are to confer so that Leone can efficiently access the exhibits needed for his testimony, whether electronically or on paper.

The arguments Leone makes in his Motion to Quash have little force if Leone's personal attendance at trial is not required. See Rafidain Bank, 197 F.R.D. at 255 n.6. Leone asserts that Kontilai's apparent failure to tender witness fees contemporaneously with service of the Subpoena renders service ineffective. See Fed. R. Civ. P. 45(a); see also Xtrada Canada Corp. v. Adv. Recycling Tech., Inc., 08 Cv. 1366, 2010 WL 4609302, *4 (N.D.N.Y. Nov. 5, 2020). Kontilai did tender reasonable fees, but that tender arrived after service of the Subpoena.

The Court does not find persuasive Leone's contention that a failure to contemporaneously tender witness fees renders the Subpoena a "nullity." (See Reply Brief in Support of Motion to Quash, at 2.) "[T]he appropriate remedy in these circumstances is not to quash the subpoena in its entirety but simply to modify its scope" to eliminate the need for a personal appearance, which is "the only part of the subpoena to which the witness fees relate." First City, Tex.-Houston, N.A., v. Rafidain Bank, 197 F.R.D. 250, 255 n.6 (S.D.N.Y. 2000). The Court's ruling on Leone's Request for Remote

Testimony obviates any need for a personal appearance in New York.

Leone also contends that traveling from Colorado to New York to testify would be an undue burden on him, considering his busy practice and the brief testimony he is expected to give. The Court's decision on Leone's Request for Remote Testimony likewise obviates the need to evaluate whether that set of circumstances amounts to an undue burden.

Finally, the Court is careful not to create any inconsistency between its treatment of Leone and its treatment of Susie Youn ("Youn"), another nonparty witness whose motion to quash a trial subpoena was denied in its entirety. Leone and Youn are both practicing attorneys in Colorado, and there are obvious similarities in their factual circumstances that make it inconvenient for them to travel to New York. However, Youn and Leone moved to quash their respective subpoenas on different grounds — Youn's pursuant to a subsection of Federal Rule of Civil Procedure 45 ("Rule 45") that is inapplicable by statute in this action, and Leone's pursuant to other subsections of Rule 45 that provide the Court with a legally sufficient basis to grant some of the relief sought.

Accordingly, it is hereby **ORDERED**:

The request by nonparty witness William J. Leone ("Leone") to testify from another location is **GRANTED.**

Leone's motion to quash the subpoena served on him by Kontilai is **GRANTED** to the extent it requires his personal appearance in court and is otherwise **DENIED.**

**SO ORDERED.**

Dated:    New York, New York
          5 December 2023

```
                                        Victor Marrero
                                          U.S.D.J.
```