

UNITED STATES
**SECURITIES AND EXCHANGE COMMISSION**
BYRON ROGERS FEDERAL OFFICE BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, CO 80294-1961

DIVISION OF
ENFORCEMENT

December 13, 2023

<u>**Via ECF**</u>
The Honorable Victor Marrero
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>SEC v. Collector's Coffee, Inc. et al.</u>, 1:19-cv-04355-VM-GWG
     Proposed Jury Instruction About Statute of Limitations

Dear Judge Marrero:

  Plaintiff United States Securities and Exchange Commission writes to address Defendants' request for a jury instruction seeking to use the statute of limitations to bar the jury's consideration of evidence that predates April 2014 and in response to Defendant Mykalai Kontilai's letter on this matter. Dkt. No. 1469. The reason the parties cannot reach an agreement is that Defendants contend that the statute of limitations precludes an jury's consideration of evidence of conduct prior to April 2014, which is not a correct statement of the law for at least three reasons.

  *First*, the statute of limitations is a defense, not an evidentiary rule. The Second Circuit has explained that a "statute of limitations does not operate to bar the introduction of evidence that predates the commencement of the limitations period but that is relevant to events during the period." *Fitzgerald v. Henderson*, 251 F.3d 345, 365 (2d Cir. 2001); *see also Santucci v. Levine*, 2021 WL 76337, at *4 (S.D.N.Y. 2021) ("Although conduct outside the statute of limitations is not actionable generally as Defendants suggest, it may be relevant to explaining the relationship between the parties and how actionable conduct materialized."); *Trinidad v. New York City Dept. of Correction,* 423 F.Supp.2d 151, 2006 WL 704163, at *8 (S.D.N.Y. Mar. 21, 2006) ("A statute of limitations does not operate to bar the introduction of evidence that predates the commencement of the limitations period but that is relevant to events during the period.").

  Because the statute of limitations is not an evidentiary bar, "conduct that falls outside the statute of limitations can be considered as evidence to prove a fraud that occurred within the statute of limitations.'" *United States v. Weigand,* 2021 WL 1424728, at *5 (E.D. Pa. 2021) (cleaned up) (quoting *United States v. James*, 955 F.3d 336, 342 (3d Cir. 2020)). Specifically in the context of a securities fraud claim, evidence of older conduct is competent evidence for analyzing timely misconduct and it is relevant to prove motive, opportunity, and intent for

conduct that is indisputably timely. *SEC v. Ahmed*, 308 F.Supp.3d 628, 651 (D. Conn. 2018) ("The Court agrees the evidence may be relevant, regardless of whether it forms the basis of an independent claim. The crux of the issue, however, is whether there is any relief which this Court may grant with respect to the pre–2010 conduct alleged in the Complaint. Because this stage of the proceedings deals with liability, and the question of whether injunctive relief is appropriate as it relates to the otherwise time-barred conduct deals with the remedy, this question must be left to be addressed in the next phase of the proceedings."). As a simple example, a statement made outside the statute of limitations period from a defendant that he intends to engage in fraud tends to show, and is admissible to show, that acts within the time period were done with an intend to defraud and reckless disregard for the truth.

Accordingly, there is no legal basis for the argument that evidence that predates a statute of limitations period is automatically barred for all purposes. *SEC v. Straub*, 2016 WL 5793398, at *20 (S.D.N.Y. 2016) ("[E]vidence of conduct and acts that predate October 2005 may still be admissible at trial to prove the existence of the scheme, its background, and the <u>knowledge and intent</u> of the Defendants.") (emphasis added). Defendants point to none in their Letter and provided none to the SEC in response to a request during conferral.

Thus, even assuming the time period for the statute of limitations applicable to all relief sought by the SEC were five years (it is not for the reasons below), the pattern of Kontilai's withdrawals of company money through Gail Holt that occurred prior to April 2014 is relevant to show a fraud occurred after April 2014: it shows Defendants' motive, opportunity, and intent for conduct that occurred after April 2014 and is indisputably timely. This pre-April 2014 conduct tends to show that Defendants acted with an intent to defraud and reckless disregard for the truth when they misled investors about the use of company money after April 2014.

*Second,* the Court has already denied Defendants' argument that the statute of limitations defense is an absolute bar to evidence in this case. The day before Defendants made the request for a jury instruction barring consideration of acts that occurred before April 2014, the Court denied a similar request to strike that evidence (and for a mistrial) on that same ground, finding that this "type of motion is 'repetitive, cumbersome, and wasteful for the parties and the Court.'" Dkt. No. 1465 at 2 (quoting Dkt. No. 1320); *see also* Tr. at 722 and 826 for bench rulings denying the same arguments.

*Third*, the applicable statute of limitations in this case varies for the relief sought. There is no statute of limitations for the injunctive relief sought and the statute of limitations for disgorgement is 10 years, not five. *SEC v. Ahmed*, 72 F.4th 379, 395-402 (2d Cir. 2023). The statute of limitations for civil penalties is five years. The correct time to determine the application of these different time periods to the facts in this case is at the remedies phase. *SEC v. Ahmed*, 308 F.Supp.3d at 651.

Accordingly, for at least these three reasons, the statute of limitations should not be the source of an instruction about how evidence should be considered.

Nevertheless, the scope of the SEC's allegations control what conduct can form the basis of a violation. The SEC alleged that the conduct that violated the securities laws occurred after

April 1, 2014. Of course, as explained above and as this Court ruled pretrial, Dkt. No. 1419 at 17 ("The SEC may introduce evidence that is relevant to prove the factual propositions required to establish those elements."),[1] evidence that predates April 1, 2014, is relevant to prove Defendants' motive, opportunity, and intent for conduct after that date, which is evidence that tends to show that Defendants misled investors and acted with knowledge and scienter *after* April 1, 2014. And, in any event, the SEC specifically alleged the pre-April 2014 conduct that Defendants are objecting to. Dkt. 134 ¶¶ 83-88; *see id.* ¶ 88(d) ("Between approximately the end of 2012 through March 2014, approximately $3.3 million was pilfered in this manner. Between April 1, 2014 and December 20, 2018, Collectors Café transferred approximately $2.1 million to Kontilai via G.H.'s accounts.").

If an instruction is necessary to guard against the possibility that the jury would find Defendants liable for fraudulent conduct that occurred before April 1, 2014, *e.g.,* a misstatement made or money misappropriated prior to April 2014, the SEC proposes the following instruction:

> The time period for the conduct of Collector's Coffee, Inc., and defendant Mykalai Kontilai that the SEC claims violated the securities laws begins on April 1, 2014. You may consider evidence of conduct prior to April 1, 2014, to put into context conduct that occurred after that date and for purposes of motive, opportunity, knowledge, or intent of conduct that occurred after April 1, 2014. However, any violation of the securities laws must be based on an act that occurred after April 1, 2014.

The SEC proposes that this instruction, if given, be read with the orientation instruction.

Sincerely,

*s/ Terry R. Miller*
Terry R. Miller (*pro hac vice*)
Mark L. Williams
Sharan E. Lieberman
Counsel for Plaintiff

---

[1] In the Letter (at 3), Kontilai once again quotes this Order but omits the portion of the Order in the same paragraph that says the "SEC may introduce evidence that is relevant to prove the factual propositions required to establish those elements."