UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES SECURITIES AND          :
EXCHANGE COMMISSION,
                                       :
            Plaintiff,
                                       :     ORDER
     -v.-                                    19 Civ. 4355 (VM) (GWG)
                                       :
COLLECTOR'S COFFEE INC., et al.,
                                       :
            Defendants.
-------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

    Before the Court is the request of nonparty SST IV 8020 Las Vegas Blvd S, LLC d/b/a SmartStop Self Storage ("SmartStop") to modify the asset freeze currently in place (Docket # 175) so as to exclude assets located in four storage units. See Letter, filed on Jan. 11, 2024 (Docket # 1491). SmartStop indicates that the SEC does not oppose this request. See id. Mykalai Kontilai is the only party that opposes the application. See Letter, filed Jan. 22, 2024 (Docket # 1495) ("Def. Letter").[1]

    Kontilai does not suggest that the four units should remain subject to the freeze. Instead his argument is that granting SmartStop's request would "punish" him for complying with the asset freeze, which froze "any funds he may have had available to pay" the storage fees. See Def. Letter. However, as the Court noted in its previous order which released other storage units, see Order, filed June 22, 2023 (Docket # 1248) ("6/22 Order"), Kontilai "agreed to the order that made him responsible for preserving the assets now at issue" and, after his insurance company stopped paying the storage company charges, did nothing to either release the property or obtain funds to pay the storage company. See id. Kontilai's argument that "payment [was] impossible," Def. Letter at 2, ignores the fact that he has long been aware, including for months after this Court's June 2023 order, that he could "seek[] modification of the asset freeze" to acquire the necessary funds to pay the storage costs. See id. He fails to point to any such effort to do so. Kontilai's inaction following his insurance company's discontinuance of storage fee payments and his further inaction after the Court's June 2023 order disentitles him to any equitable claim to require persons other than himself to bear the expense of the storage.

    While Kontilai made no request to remove items from the storage units previously released from the freeze, Kontilai now requests that he be permitted the opportunity to retrieve items of "no monetary value" from the four storage units. Def. Letter at 2. SmartStop was given an opportunity to file a response to this request, see Order, filed Jan. 12, 2024 (Docket # 1492), but did not do so. We thus deem this request to be unopposed.

---

    [1] SmartStop has consented to the adjudication of this matter by the undersigned. See Notice, Consent, and Reference of a Dispositive Motion to a Magistrate Judge, annexed as Ex. A to Docket # 1498. The other parties previously consented to the undersigned's adjudication of the asset freeze and related relief. See Docket ## 59, 143.

Accordingly, the Court orders as follows:

1. Kontilai, through his attorney Cary J. Hansel, may contact SmartStop to arrange for Kontilai (or an individual authorized by Kontilai) to remove any items of "no monetary value such as papers, photographs, or other items of no monetary value but significant sentimental value." Def. Letter at 2. SmartStop may rely on Hansel for the designation of any such individual. Any removal must take place by February 29, 2024, and during SmartStop's normal business hours unless Kontilai and SmartStop agree otherwise.

2. The assets held in SmartStop units 1234, 2134, 2214, and 2280 are hereby excluded from the asset freeze as of March 1, 2024. On or after that date, SmartStop is authorized to realize the value of the contents of storage units 1234, 2134, 2214, and 2280 in accordance with SmartStop's agreement and applicable law. Any proceeds of a sale that exceed the value of SmartStop's lien shall be paid to the Clerk of the United States District Court for the Southern District of New York to be held in escrow pending further Order of the Court as to the disposition of any frozen assets.

SO ORDERED.

Dated: January 31, 2024
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge