# HANSEL LAW, PC
TRIAL AND APPELLATE COUNSEL

CARY J. HANSEL
Attorney at Law

2514 North Charles Street
Baltimore, Maryland 21218
www.hansellaw.com

Direct Dial: 301-461-1040
Facsimile:   443-451-8606
cary@hansellaw.com

July 1, 2024

**VIA ECF**
The Honorable Victor Marrero
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    SEC v. Collector's Coffee Inc., et al., Case No. 1:19-cv-04355-VM-GWG
                Notice of Supplemental Authority

Dear Judge Marrero:

       Please accept this letter as a notification of supplemental authority and intervening change in controlling case law relevant to the SEC's motion for remedies currently pending before this Court. Mr. Kontilai files this letter as new controlling law has been promulgated by the Supreme Court following the filing of the parties' briefing.

       On June 27, 2024, the Supreme Court issued its opinion in *Securities and Exchange Commission v. Jarkesy, et al.*, Case No. 22-859, 603 U.S. \_\_\_\_ (2024). *See* Exhibit A (Jarkesy Opinion). The Opinion of the Court, delivered by Chief Justice Roberts, addressed "whether the Seventh Amendment permits the SEC to compel respondents to defend themselves before the agency rather than before a jury in federal court" in a case where the SEC sought "civil penalties for alleged securities fraud" and opted "to adjudicate the matter in-house before one of its administrative law judges." Exhibit A at 6.

       *Jarksey* involved the same antifraud provisions as in this case and a request for civil penalties, as the SEC has requested here. *Id.* at 7-8. To begin, Chief Justice Roberts noted the heavy import of that remedy, noting that "[c]ivil penalties rank among the SEC's most potent enforcement tools," which can be sought "even when no investor has actually suffered financial loss." *Id.* at 9. The factual background of *Jarksey* is also analogous to this case: "Jarksey launched two investment funds, raising about $24 million from 120 'accredited' investors—a class of investors that includes, for example, financial institutions, certain investment professionals, and high net worth individuals." *Id.* The alleged conduct included misrepresenting investment strategies, lying about the funds' auditor, and inflating claimed values. *Id.*

       The SEC adjudicated the case in-house before an administrative judge and obtained an order that "levied a civil penalty of $300,000 against Jarksey and Patriot28," required

disgorgement, and included a cease-and-desist. *Id*. at 10. In other words, the same forms of remedies the SEC seeks in this case, but in significantly lower amounts.

As Chief Justice Roberts opined, the issue in *Jarksey* was "straightforward": "whether the Seventh Amendment entitles a defendant to a jury trial when the SEC seeks civil penalties against him for securities fraud." *Id*. at 11. This is precisely the question Mr. Kontilai raised in his Opposition to the SEC's motion for remedies, where he noted that the "Seventh Amendment mandates the right to a jury for suits at 'common law,'" and urged this Court to "permit a jury to resolve the key factual issues that remain outstanding." Doc. No. 1523 at 7. Mr. Kontilai also referred back to a previous letter submitted to this Court by noting that "the Fifth Circuit has found in the administrative context" that defendants are entitled to a jury trial on remedies, directly referencing *Jarksey*. *Id*. at 20. The previous letter, filed with this Court on January 22, 2024, had informed this Court that the Supreme Court granted certiorari to review this issue and noted that "[w]ith this question currently pending, it is likely that any opinion rendered by the Court will decide the extent of the Seventh Amendment right to trial in SEC enforcement actions not only in the administrative context but in civil contexts such as this case." Doc. No. 1496 at 3. That opinion has now been rendered and should guide this Court's analysis.

The Supreme Court noted the importance of the "right to trial by jury," which is "'of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right,' has always been and 'should be scrutinized with the utmost care.'" Exhibit A at 12 (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)). The right is "embedded" in the Constitution, "securing it 'against the passing demands of expediency or convenience.'" *Id*. at 13 (quoting *Reid v. Covert*, 354 U.S. 1, 10 (1957)).

In contrast to this Court's prior determination that the remedies sought—civil penalties, disgorgement, and injunctive relief, just as in *Jarksey*—are "equitable remedies," Doc. No. 1419 at 6, the Supreme Court determined that civil penalties are "a form of monetary relief," and "[w]hile monetary relief can be legal or equitable, money damages are the prototypical common law remedy." Exhibit A at 14 (citing *Mertens v. Hewitt Associates*, 508 U.S. .248, 255 (1993)). As civil sanctions serve a retributive purpose rather than a remedial purpose, it is "a type of remedy at common law that could only be enforced in courts of law." *Id*. (quoting *Tull v. United States*, 481 U.S. 412, 422 (1987)). Accordingly, "[b]ecause they tie the availability of civil penalties to the perceived need to punish the defendant rather than to restore the victim, such considerations are legal rather than equitable." *Id*. at 15.

In sum, the Court easily concluded that "[t]he SEC's antifraud provisions replicate common law fraud, and it is well established that common law claims must be heard by a jury." Exhibit A at 11.

> A defendant facing a fraud suit has the right to be tried by a jury of his peers before a neutral adjudicator. Rather than recognize that right, the dissent would permit Congress to concentrate the roles of prosecutor, judge, and jury in the hands of the Executive Branch. That is the very opposite of the separation of powers that the Constitution demands. Jarkesy and Patriot28 are entitled to a jury trial in an Article III court.

Exhibit A at 32. The Supreme Court then affirmed the Fifth Circuit's decision in its totality, which found that the legal nature of the civil penalties request meant that the right to jury trial attached to the entire claim, including the disgorgement and injunctive relief remedies, which were "more equitable in nature":

> Other elements of the action brought by the SEC against Petitioners are more equitable in nature, but that fact does not invalidate the jury-trial right that attaches because of the civil penalties sought. The Supreme Court has held that the Seventh Amendment applies to proceedings that involve a mix of legal and equitable claims—the facts relevant to the legal claims should be adjudicated by a jury, even if those facts relate to equitable claims too. *See Ross v. Bernhard*, 396 U.S. 531, 537–38, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *see also Lipson*, 278 F.3d at 662 (noting that the defendant was entitled to a jury trial because the SEC sought legal relief in the form of penalties, even though the SEC also sought equitable relief). Here, the SEC sought to ban Jarkesy from participation in securities industry activities and to require Patriot28 to disgorge ill-gotten gains—both equitable remedies. Even so, the penalty facet of the action suffices for the jury-trial right to apply to an adjudication of the underlying facts supporting fraud liability.

*Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446, 454–55 (5th Cir. 2022), cert. granted, 143 S. Ct. 2688, 216 L. Ed. 2d 1255 (2023), and cert. denied, 143 S. Ct. 2690, 216 L. Ed. 2d 1256 (2023), and aff'd and remanded, No. 22-859, 2024 WL 3187811 (U.S. June 27, 2024).

Adjudication of remedies includes, ***at a minimum***, factual findings as to the six statutory factors applicable to civil penalties. These factors include "whether [the misconduct] caused harm" "whether it resulted in unjust enrichment, accounting for any restitution made," and "the need for deterrence," which were matters Mr. Kontilai was not permitted to address at trial. Exhibit A at 15. Most importantly, the question of unjust enrichment not only includes legitimate business expenses, but it also includes accounting for monies repaid to investors—substantial issues of fact that per *Jarksey* can only be determined by jury. Whether issues such as legitimate business expenses also apply to equitable remedies such as disgorgement is irrelevant in the face of the SEC's request for civil penalties: "facts relevant to the legal claims should be adjudicated by a jury, even if those facts relate to equitable claims too." *Jarkesy*, 34 F.4th at 454-55.

Accordingly, this Court should set aside the prior findings of the jury in this matter (which were incomplete and failed to address the predicates required by the Supreme Court) and schedule a new trial on all issues, to include damages, or, in the alternative, schedule a jury trial on all outstanding factual issues for the remedies phase as required by *Jarksey*.

Thank you for your attention to these matters.

                        Respectfully submitted,

                        HANSEL LAW, PC

July 1, 2024              _____/s/_____
                                      Cary J. Hansel (*pro hac vice*)
                                      2514 N. Charles Street
                                      Baltimore, Maryland 21218
                                      Phone:     301-461-1040
                                      Facsimile: 443-451-8606
                                      cary@hansellaw.com

                        *Counsel for Defendant Mykalai Kontilai*

cc: All counsel of record