

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BYRON ROGERS FEDERAL OFFICE BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, CO 80294-1961

DIVISION OF
ENFORCEMENT

July 10, 2024

**Via ECF**
The Honorable Victor Marrero
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    SEC v. Collector's Coffee, Inc. et al., 1:19-cv-04355-VM-GWG
             Re: Notice of Supplemental Authority (Dkt. 1533)

Dear Judge Marrero:

      We write for Plaintiff United States Securities and Exchange Commission in response to Defendant Mykalai Kontilai's letter dated July 1, 2024, Dkt. 1533 ("Letter"), and the Court's July 2 Order, Dkt. 1536, and Kontilai's "Amended" Letter dated "July 1" and filed on July 8, Dkt. 1537.

      The decision cited in the Letter, *SEC v. Jarkesy, et al.*, 603 U.S. \_\_\_\_ (2024), 2024 WL 3187811 (U.S. June 27, 2024), is not an "intervening change in controlling case law relevant to the SEC's motion for remedies." Letter at 1. The Court should therefore decline to reconsider its earlier rulings that correctly held the Court determines remedies following the jury's verdict on liability in this case. *See, e.g.*, Dkt. 1419 at 5-6 (rejecting Defendants' argument that they are "entitled to a 'jury trial as to all respects of the SEC's claims, including damages,'" recognizing "several recent cases where, in SEC enforcement actions, judges in this District held a jury trial to determine defendants' liability, and then held further proceedings to determine the scope of equitable remedies like injunctive relief and disgorgement of ill-gotten gains," and concluding there is "no reason to depart from this long-accepted practice.") (internal citations omitted); *id*. at 14 ("[T]he precise amount of disgorgement, if any, is not an issue for the jury. Rather, it is an issue for the Court to determine after trial.").

      In the Letter, Defendant Kontilai argues the Court should "set aside the prior findings of the jury in this matter" because they are allegedly "incomplete and failed to address the predicates required by the Supreme Court," and asks the Court to "schedule a new trial on all issues, to include damages, or, in the alternative, schedule a jury trial on all outstanding factual issues for the remedies phase as required by *Jarkesy*." Letter at 3.

*Jarkesy*, however, did not deal with the adjudication of remedies, but rather the adjudication of liability and who makes the factual findings necessary to support securities fraud claims brought by the SEC:

> The SEC may bring an enforcement action in one of two forums. It can file suit in federal court, or it can adjudicate the matter itself. The forum the SEC selects dictates certain aspects of the litigation. In federal court, a jury finds the facts, an Article III judge presides, and the Federal Rules of Evidence and the ordinary rules of discovery govern the litigation. But when the SEC adjudicates the matter in-house, there are no juries. The Commission presides while its Division of Enforcement prosecutes the case. The Commission or its delegee—typically an Administrative Law Judge—also finds facts and decides discovery disputes, and the SEC's Rules of Practice govern.

*Jarkesy*, 2024 WL 3187811 at *1 (U.S. June 27, 2024). The Supreme Court held that "[a] defendant facing a fraud suit has the right to be tried by a jury of his peers before a neutral adjudicator." *Id.* at *17. *Jarkesy* thus addresses when a jury trial is required to determine liability, holding that a jury must determine liability before a penalty can be awarded in an SEC enforcement case. That is precisely what occurred here. Defendant Kontilai was tried (a trial that he declined to attend) by a jury of his peers before this Court, with that jury finding him and Defendant Collector's Coffee, Inc. liable on each of the SEC's claims. The issue in *Jarkesy* was not how the penalty is determined after a jury trial on liability, and therefore *Jarkesy* has no bearing on the SEC's motion for remedies.

To the extent Defendant argues that the Court is now limited to the facts put forth before the jury in determining remedies, or that a jury need be impaneled to make "factual findings as to the six statutory factors applicable to civil penalties," Letter at 3, he is wrong and nothing in *Jarkesy* suggests otherwise. Indeed, *Jarkesy* repeatedly cited to *Tull v. United States*, 481 U.S. 412, 426, 107 S. Ct. 1831 (1987), which held that "Congress' assignment of the determination of the amount of civil penalties to trial judges [ ] does not infringe on the constitutional right to a jury trial." *Id.* at 1840. And *Jarkesy* did not purport to overrule numerous prior rulings rejecting the same arguments Defendant makes now. *See, e.g.*, *SEC v. Murphy*, 50 F.4th 832, 848 (9th Cir. 2022) ("But at the remedies stage, the district court was not limited to the evidence considered in its liability order. Rather, the district court could consider more evidence to assess the full extent of [defendant's] misconduct so long as the new evidence did not conflict with its liability findings."), *cert. denied sub nom. Murphy v. SEC*, 144 S. Ct. 344, 217 L. Ed. 2d 183 (2023)); *SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765, 781–82 (5th Cir. 2017) ("At the remedies stage, trial judges may make factual findings ... in assessing the amount of civil penalties so long as the court's findings do not conflict with the jury's findings as to liability.").

The Court should therefore decline to reconsider its earlier ruling on this issue. *See* Dkt. 1419 at 6-7 ("Defendants cite no authority to support their assertion that they are lawfully entitled to a jury determination of the fact-specific analysis of the disgorgement remedy in this SEC enforcement action, and the Court knows of none . . . Accordingly, the Court, not the jury, has the discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged. It follows that the jury's singular role is to determine

Defendants' liability at trial.") (internal quotations and citations omitted); *id.* at 6 n.2 ("If the SEC prevails at trial on liability, the Court may hold additional proceedings to decide the appropriate amount of disgorgement, if any, in this action. In that proceeding the Court will be free to find additional facts as long as they do not conflict with any facts the jury happens to have found at trial.") (internal citation omitted).

In sum, nothing in *Jarkesy* is cause for this Court to reconsider its holding that in district court actions the jury serves as the fact finder to determine liability while the district court determines what remedies to impose and the amounts of any monetary remedies.

    Sincerely,

    *s/ Mark L. Williams*
    Terry R. Miller (*pro hac vice*)
    Mark L. Williams
    Sharan E. Lieberman
    Counsel for Plaintiff