```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/10/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                Plaintiff,

- against -

COLLECTOR'S COFFEE INC., et al.,

                Defendants.

**19-CV-4355 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff Securities and Exchange Commission ("SEC") and defendants Mykalai Kontilai ("Kontilai") and Collector's Coffee, Inc. ("Collector's Coffee," and together with Kontilai, "Defendants") have filed briefing on the issue of remedies to be imposed on Defendants following a verdict after trial finding them guilty of violations of the federal securities laws. (See Dkt. Nos. 1513, 1523, 1524, 1527, 1529, 1532, 1533.) The SEC seeks, among other remedies, a disgorgement award of $23,035,824, arguing that this figure is a reasonable approximation of Defendants' profits from their unlawful conduct. (Dkt. No. 1513 at 12-13.) The SEC has the initial burden of proving that its disgorgement calculation constitutes a reasonable approximation of the amount of unjust enrichment Defendants gained from their

1

fraudulent actions in violation of the federal securities laws. SEC v. Razmilovic, 738 F.3d 14, 31 (2d Cir. 2013). Upon review of the SEC's submissions, the Court requires additional information because the SEC's disgorgement calculation does not account for all of Defendants' payments back to investors.

Given that disgorgement is an equitable remedy, a defendant is "only required to give back the proceeds of his securities fraud once." SEC v. Palmisano, 135 F.3d 860, 863 (2d Cir. 1998) (citation omitted); Liu v. SEC, 591 U.S. 71, 80 (2020) (explaining that under equitable principles, a wrongdoer "should not profit by his own wrong" but also "should not be punished by paying more than a fair compensation to the person wronged" (citations and alteration omitted)). Otherwise, "forcing a defendant to pay disgorgement twice amounts to a penalty." SEC v. Govil, 86 F.4th 89, 107 (2d Cir. 2023). Based on these equitable principles, courts routinely account for money returned to investors in disgorgement calculations. See id. at 106-07; SEC v. Pierre, No. 19 CIV. 10299, 2024 WL 1994051, at *10 (S.D.N.Y. May 6, 2024).

The SEC submitted the Declaration of Jacqueline Moessner (the "Moessner Declaration") to support its position that Defendants raised $23,035,824 from investors since April 1,

2

2014. (Dkt. No. 1513-1, Ex. 1.) To calculate Defendants' net profits, the Moessner Declaration accounts for five payments Defendants made to investors. (Id. at 2, 4.) One of these payments, made on October 13, 2015, was in connection with a stock purchase agreement (the "2015 SPA") by which Defendants repurchased a group of investors' shares in Collector's Coffee for $50,015. (Id. at 2.)

However, the Moessner Declaration does not account for Defendants' payments to investors Ed McLaughlin ("McLaughlin") and Kirk Jensen ("Jensen") in relation to a settlement agreement in 2017 (the "2017 Settlement Agreement"). The 2017 Settlement Agreement required Defendants to pay back Jensen and McLaughlin $1,500,000 on a three-part payment schedule of 50%, 25%, and 25% of the total, plus interest.[1] (Dkt. No. 938-2 at 3.) At trial, Jensen testified that both he and McLaughlin received the first two payments of 50% and 25%, but they never received the third payment. (Dkt. No. 1483, Trial Tr. 749:5-13.) Although Jensen did not testify to the dollar amount, Jensen's testimony suggests that Defendants returned approximately $1,134,375 to these investors. (See id.)

---

[1] Under the 2017 Settlement Agreement, Defendants were required to make an initial payment of $750,000 by June 27, 2017. The second installment for $384,375 was due on December 27, 2017, and the third installment for $393,750 was due on June 27, 2018. (Dkt. No. 938-2 at 3.)

3

The SEC argues that Defendants' payments to Jensen and McLaughlin should not be considered because the 2017 Settlement Agreement was illegal and thus these payments were illegitimate business expenses. (Dkt. No. 1524 at 3-4.) The SEC appears to "confuse[] deductions for business expenses . . . with payments in satisfaction of disgorgement." Govil, 86 F.4th at 110. Moreover, the SEC's position is contradictory because the Moessner Declaration accounts for the 2015 SPA payment, but not the 2017 Settlement Agreement payments, despite both agreements containing illegal confidentiality clauses. As this Court previously held, both the 2015 SPA and the 2017 Settlement Agreement violated Rule 21F-17 of the Exchange Act because they included provisions prohibiting investors from contacting or communicating with regulatory agencies. (See Dkt. No. 976.)

To enable the Court to accurately determine an appropriate disgorgement award, the Court hereby directs the SEC to submit a response to this Order and a revised disgorgement calculation that accounts for all of Defendants' payments to investors after April 1, 2014. The SEC's submission shall be due no later than January 15, 2025. Defendants may file a reply to the SEC's response no later than January 29, 2025. The parties may also submit affidavits in support of the narrow issue of Defendants' payments back

4

to investors since April 1, 2014. Besides any disgorgement calculations, party submissions may not exceed five pages.

**SO ORDERED.**

Dated:    10 December 2024
         New York, New York

_____
Victor Marrero
U.S.D.J.