IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/2025
```

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

                             Plaintiff,

- against -

COLLECTOR'S COFFEE, INC., et al.

19-cv-04355-VM-GWG

ECF CASE

## MOTION OF DEFENDANT COLLECTOR'S COFFEE INC.
## TO FILE UNDER SEAL
## SETTLEMENT AGREEMENT DOCUMENTS
## AFFECTING THE JACKIE ROBINSON CONTRACTS

Defendant Collector's Coffee Inc. (CCI) respectfully files the present Motion to under Seal the Settlement Agreement, of August 4, 2017, approved by the Court of the State of Nevada on August 22, 2017, that is directly relevant to, or indispensable for, the letter of CCI to The Hon. Victor Marrero, the Presiding Judge in this case, filed on this date. The undersigned represents CCI pro hac vice in this action.

The said Settlement Agreement was concluded by CCI and numerous other parties that had a direct or indirect financial interest in the Jackie Robinson Contracts. The following parties entered that Agreement on August 4, 2017: legal entities SDJ Investments, LLC (a California LLC); Abode Investments LLC (a Nevada LLC); Tiara Holdings II, LLC (a Nevada LLC); Sivertsen Family Trust, u/a/d October 1, 2002; NDIRA, Inc. (a Colorado corporation); and individuals Darren Sivertsen; Mykalai Kontilai; Anthony Marlon; Renee Marlon; Stephen D. Jackson; and Ty R. Sagalow.

The Settlement Agreement, that has never been unsealed, on information and belief, has relevance to the following Docket entries:

- Intervenors' Complaint, Dkt No. 344 (of May 20, 2020), ref. Count I: ("54. The Holders seek a judicial declaration that they have a first position perfected secured interest in the Contracts that would entitled (sic) them to receive the first proceeds of any sale of the Contracts until their interest is satisfied.")

- The Report and Recommendation of the U.S. Magistrate Judge on October 19, 2021, Dkt No. 890.

- Order on July 30, 2021, an Order, Dkt No. 943, Adopting Report and Recommendations for 890 Report and Recommendations.

- Notice of Appeal on August 25, 2021, Dkt No. 948.

- Report and Recommendations of On March 31, 2022, Dkt No. 1000.

- Order on May 18, 2022, Dkt No. 1021, that stated: "Count One is stayed pending arbitration between the Holders and CCI. (See Dkt. No. 943)."

- Mandate on January 13, 2023, Dkt No. 1155, the U.S. Court of Appeals, 2nd Circuit, affirming the District Court's Order, Dkt No. 943.

Settlement agreements are generally not proper to be published in the open docket and are routinely filed under seal. The underlying policy is not to discourage parties from settling cases. Ref. Rule 408. 'Compromise offers and negotiations,' that contains the clause: (a) Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." In this matter, CCI does not seek to prove or disprove the validity of the agreement but rather to enforce it, pursuant to the Court Orders enumerated above.

Furthermore, the Settlement Agreement contains the clause: "19. Confidentiality. The Parties and each of their respective affiliates, agents, trustees, and employees hereby agree that the details of this Action and this Agreement shall be deemed confidential and not disclosed in perpetuity except as…" (exceptions not applicable here).

That having been said, CCI has been open to negotiate with other parties to disclose the clause about the rights and procedures as to the auctions, and certain percentages that were entered by the contracting parties.

Prior to bringing the present Motion, CCI made meet-and-confer efforts with all interested parties of record in the present action, the draft of the present Motion being circulated among the parties' counsel.  That has included circulating the draft of the present Motion among the counsels of record.  The SEC has that record Bates stamped SEC-CC00127547 which was a part of discovery in this action.  That document being filed under seal also includes the sealed Order of August 22, 2017, by the District Court for Clark County, Nevada, in Case No. A-16-.7825-B, captioned *SDJ Investments, LLC et al. (plaintiffs and counter-defendants), v. Collector's Coffee (defendant and counterclaimant)*.  CCI stands ready to supplement information should the Court so directs it.

While CCI submits the Settlement Agreement documents under seal, it further submits that the said record should remain sealed, subject any further stipulation of all participating parties.

Respectfully submitted.

Dated: January 18, 2025

                              _____/signed/
                              George Lambert, Esq.
                              D.C. bar #979327
                              1025 Connecticut Ave., #1000 NW
                              Washington, D.C., 20036

Tel.  (202) 640 1897, Fax (800) 952 1950
Email: LawDC10@gmail.com
Attorney for Collector's Coffee Inc.

## CERTIFICATE OF SERVICE

The foregoing was served on ECF on all counsel of record for the parties as follows:

Gregory A. Kasper
Terry R. Miller, Esq.
Mark Williams, Esq.
U.S. Securities and Exchange Commission
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000
kasperg@sec.gov
millerte@sec.gov
williamsml@sec.gov
Attorneys for Plaintiff U.S. Securities Commission

All other parties' counsel of record on ECF notice list.

Date: January 18, 2025

*/signed George Lambert/*

```
Plaintiff-Intervenors are hereby directed to
respond to Defendant's letter within seven
(7) days by letter, not exceeding three (3)
pages, stating their view of Defendant's
request to file the settlement agreement
under seal.

SO ORDERED.        _____
                      Victor Marrero
                         U.S.D.J.
Dated: January 22, 2025
```