UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/14/2025
```

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>COLLECTOR'S COFFEE, INC., and MYKALAI KONTILAI,<br><br>　　　　　　　　　　　　　Defendants,<br><br>and<br><br>VERONICA KONTILAI<br><br>　　　　　　　　　　　　　Relief Defendant | 19-cv-04355-VM-GWG<br><br>**FINAL JUDGMENT** |

　　　　Based on the jury's verdict finding that Defendants Collector's Coffee, Inc, and Mykalai Kontilai violated antifraud provisions of the Securities Exchange Act of 1934 ("Exchange Act") and the Securities Act of 1933 ("Securities Act"), this Court's Order finding that Defendants violated Rule 21F-17 of the Exchange Act (Dkt. No. 976), and this Court's Order on the SEC's Motion for Remedies (Dkt. No. 1608), the Court enters this final judgment.

**I.**

　　　　IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Collector's Coffee, Inc. and Mykalai Kontilai are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce,

or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Collector's Coffee, Inc. and Mykalai Kontilai are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Collector's Coffee, Inc. and Mykalai Kontilai are permanently restrained and enjoined from violating Rule 21F-17 of the Exchange Act [17 C.F.R. § 240.21F-17] by taking any action to impede an individual from communicating directly with the Commission staff about a possible securities law violation, including enforcing, or threatening to enforce, a confidentiality agreement (other than agreements dealing with information covered by 17 C.F.R. § 240.21F–4(b)(4)(i) and 17 C.F.R. § 240.21F–4(b)(4)(ii) related to the legal representation of a client) with respect to such communications.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Collector's Coffee, Inc. and Mykalai Kontilai are liable on a joint and several basis for disgorgement of $21,910,824.84, representing net profits gained as a result of the conduct as alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,444,911.52.

Any restitution paid by Mykalai Kontilai in United States v. Kontilai, 20 Cr. 109 (D. Nev.) will offset Kontilai's disgorgement obligation in this Final Judgment.

Relief Defendant Veronica Kontilai is liable on a joint and several basis with Defendants for disgorgement of $332,522, together with prejudgment interest thereon in the amount of $56,154.09.

Defendant Collector's Coffee is liable for a civil penalty in the amount of $24,588,140 pursuant to 15 U.S.C. §§ 77t(d) and 78u(d)(3).

Defendant Mykalai Kontilai is liable for a civil penalty in the amount of $23,346,286 pursuant to 15 U.S.C. §§ 77t(d) and 78u(d)(3).

Defendants and Relief Defendant shall satisfy these obligations by paying the above amounts to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendants and Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also

be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants and Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>    Enterprise Services Center
>    Accounts Receivable Branch
>    6500 South MacArthur Boulevard
>    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the party's name as a defendant or relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants and Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants and Relief Defendant relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants or Relief Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  Defendants and Relief Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The

Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it or he is entitled to, nor shall it or he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Court's Order freezing assets (*see* Dkt. No. 1284 at p. 58 (citing Dkt. Nos. 12 & 175)) and all its modifications and clarifications, shall continue until the monetary obligations in this Final Judgement are satisfied or further order of this Court.

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all of Defendant Collector's Coffee's right, title, and interest in the two original contracts signed by Jackie Robinson, which are currently frozen by Order of this Court (*see* Dkt. Nos. 12 & 15) is available to satisfy this Final Judgment against Collector's Coffee. This Final Judgment does not prejudice the rights or claims of the Plaintiff-Intervenors or the Jackie Robinson Foundation with respect to these assets. At an appropriate time, the SEC may propose the methods that these assets will be used to satisfy this Final Judgment by application to the Court, including a final settlement between the Plaintiff-Intervenors and the Jackie Robinson Foundation, and these assets will otherwise remain frozen until further order of the Court.

All of Mykalai Kontilai's right, title, and interest in the real property located at 566 Tam O Shanter, Las Vegas, NV 89109 is available to satisfy this Final Judgment against Mykalai Kontilai. The SEC may propose the method that this asset will be used to satisfy this Final Judgment by application to the Court, and this asset will otherwise remain frozen until further order of the Court.

All of Mykalai Kontilai's right, title, and interest in funds recovered during his arrest in Germany is available to satisfy to satisfy this Final Judgment against Mykalai Kontilai. The SEC

may propose the method that these funds will be used to satisfy this Final Judgment by application to the Court, and these funds will otherwise remain frozen until further order of the Court.

## VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, the custodians of the accounts or other assets listed below in this section, shall transfer the entire balance of the account(s) or assets which were frozen pursuant to an Order of this Court to the Commission. The custodian may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The custodian also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

| Account Location | Account Owner | Account Number |
|---|---|---|
| MidCountry Bank | Mykalai Kontilai | xxxxxx9515 |
| MidCountry Bank | Collector's Coffee, Inc. | xxxxxx4002 |
| Bank United | Mykalai Kontilai | xxxxxx5204 |
| Wells Fargo Bank | Mykalai Kontilai | xxxxxx4070 |
| TD Ameritrade | Mykalai Kontilai | xxxxx0820 |
| MGM Resorts International & Subsidiaries | Mykalai Kontilai | xxxx6094 |
| CG Technology LP Nevada | Mykalai Kontilai | xxxx292 |

| Account Location | Account Owner | Account Number |
|---|---|---|
| MidCountry Bank | Mykalai Kontilai | xxxxxx9515 |
| Paragon Paradise Tenant, Inc. d/b/a Westgate Las Vegas Resort and Casino | Mykalai Kontilai | xxxxx3589 |
| Nevada Trust Company | | xx-xx-xx49-RP |

**VIII.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, the Wylder Corwin Kelly, LLP law firm ("Wylder Corwin") shall transfer the entire balance of any and all moneys received from Defendant Mykalai Kontilai or held for the benefit of Mykalai Kontilai, including funds held pursuant to the Court's Order at Dkt. No. 1020, to the Commission. Wylder Corwin may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Wylder Corwin also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment. With respect to any funds Wylder Corwin may obtain or receive for the benefit of Mykalai Kontilai in the future, Wylder Corwin remains subject to the Court's Order freezing assets and its amendments and clarifications, including but not limited to Dkt. No. 1020, until further order of the Court.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**SO ORDERED.**

Dated:     March 14, 2025
              New York, New York

_____
                                  Victor Marrero
                                   U.S.D.J.