**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/2025
```

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

- against -

COLLECTOR'S COFFEE INC. and MYKALAI KONTILAI,

        Defendants,

- and -

VERONICA KONTILAI,

        Relief Defendant.

**19-CV-4355 (VM)**

**SUMMARY ORDER**

**VICTOR MARRERO, United States District Judge.**

On March 10, 2025, the Court granted in part and denied in part the motion by plaintiff United States Securities and Exchange Commission ("SEC") for remedies against defendants Collector's Coffee, Inc. ("Collector's Coffee") and Mykalai Kontilai ("Kontilai," and together with Collector's Coffee, "Defendants") and relief defendant Veronica Kontilai ("V. Kontilai") in a seventy-three-page decision and order. (See "Remedies Decision and Order," Dkt. No. 1608.) As relevant here, the Court ordered V. Kontilai to disgorge $332,522 and $56,154.09 in prejudgment interest, jointly and severally with Defendants. (See id. at 53-54, 71-72.) Now before the Court is (1) V. Kontilai's request for leave to file a

1

proposed motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), which the Court construes as a Rule 59(e) motion, and (2) V. Kontilai's request for leave to file additional briefing on SEC V. Jarkesy, 603 U.S. 109 (2024). (See Dkt. Nos. 1616, 1617.) For the reasons explained below, V. Kontilai's Rule 59(e) motion and request for leave to file additional briefing on Jarkesy are **DENIED**.

## I.   BACKGROUND

The Court assumes the parties' familiarity with the underlying facts of this case, which have been summarized by the Court on several previous occasions. (See Remedies Decision and Order at 3-16); SEC v. Collector's Coffee, Inc., 697 F. Supp. 3d 138, 147-155, (S.D.N.Y. 2023) (granting preliminary injunction); SEC v. Collector's Coffee, Inc., No. 19 Civ. 4355, 2021 WL 1956369, at *1-3 (S.D.N.Y. May 17, 2021) (recommending denial of motion to dismiss), report and recommendation adopted, No. 19 Civ. 4355, 2021 WL 3082209 (S.D.N.Y. July 21, 2021). The Court refers to and incorporates by reference its recitation of the facts set forth in the Remedies Decision and Order. (See Remedies Decision and Order at 3-16.)

## II. **LEGAL STANDARD**

Reconsideration of a prior order under Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Sikhs for Just. v. Nath, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (citation omitted). The standard of review for a motion for reconsideration is "strict" and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

## III. **DISCUSSION**

A. RULE 59(e) MOTION

The Court construes V. Kontilai's pre-motion letter and proposed Rule 59(e) motion as a timely Rule 59(e) motion. (See Dkt. Nos. 1616, 1617.) See Fed. R. Civ. P. 59(e). However, for the reasons explained below, V. Kontilai's Rule

3

59(e) motion is denied without further briefing because the motion clearly lacks merit. See StreetEasy, Inc. v. Chertok, 730 F. App'x 4, 6 (2d Cir. 2018) (affirming denial of pre-motion letter construed as Rule 60 motion for reconsideration because the contemplated motion clearly lacked merit); In re Best Payphones, Inc., 450 F. App'x 8, 15 (2d Cir. 2011) (affirming denial of pre-motion letter construed as a motion for sanctions because the sanctions argument clearly lacked merit).

V. Kontilai's Rule 59(e) motion provides no grounds for altering or amending the judgment. As explained further below, V. Kontilai's motion rehashes – nearly verbatim - numerous arguments that the Court previously considered and rejected in the Remedies Decision and Order. It is "well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)). Thus, a party seeking reconsideration may not repeat "arguments already briefed, considered and decided" by the district court, which is exactly what V. Kontilai has done here. Nath, 893 F. Supp. 2d at 605 (citation omitted); see Shrader, 70 F.3d at 257

("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

First, V. Kontilai argues that she is entitled to a judgment in her favor because the SEC did not present any evidence against her during the December 2023 trial. (See Dkt. No. 1617 at 4-8.) V. Kontilai advanced an identical argument in her brief opposing the SEC's motion for remedies. (See Dkt. No. 1518 at 4-9.) The Remedies Decision and Order explained why V. Kontilai's position was incorrect given that she is a relief defendant in this action. (See Remedies Decision and Order at 43-44.)

Second, V. Kontilai insists that any disgorgement against her is a penalty because she spent the funds she received from Defendants before this action was filed. (See Dkt. No. 1617 at 11.) V. Kontilai made this exact argument in her brief opposing the SEC's motion for remedies, (see Dkt. No. 1518 at 15), which the Court considered and rejected in the Remedies Decision and Order. (See Remedies Decision and Order at 50.) The Court also explained why a disgorgement award against V. Kontilai as a relief defendant did not amount to a penalty. (Id. at 50-51.)

Third, V. Kontilai contests the Court's prior rulings on marital privilege. (See Dkt. No. 1617 at 13-16.) The Remedies

Decision and Order considered and rejected these same arguments on marital privilege, which have also been made repeatedly throughout this litigation. (See Remedies Decision and Order at 45 n.9.)

Fourth, V. Kontilai argues that Jacqueline Moessner ("Moessner") was an incompetent witness and that the Court incorrectly relied on Moessner's declaration (the "Moessner Declaration") in the assessment of remedies. (See Dkt. No. 1617 at 8-9.) However, in the Remedies Decision and Order, the Court addressed at length the sufficiency of the Moessner Declaration and reiterated that the SEC properly presented Moessner as a lay witness. (See Remedies Decision and Order at 24-27, 30 n.8, 45-49.)

Fifth, V. Kontilai argues that the Court should have considered her submission dated January 29, 2025, which concerned business expenses in Vranca's report. (See Dkt. No. 1617 at 18; Dkt. No. 1599.) However, the Court explained why V. Kontilai's submission was improper in an order dated January 30, 2025, which struck the submission. (See Dkt. No. 1603.) And in the Remedies Decision and Order, the Court explained at length why the Vranca report was unreliable and thus could not be used to prove legitimate business expenses. (See Remedies Decision and Order at 28-31, 49.)

6

Lastly, V. Kontilai does not cite any new legal authorities that the Court did not previously consider and address in the Remedies Decision and Order. Relying on SEC v. Ahmed, 72 F.4th 379 (2d Cir. 2023), V. Kontilai once again argues that the SEC failed to prove that she held any assets related to Collector's Coffee under the nominee doctrine. (See Dkt. 1617 at 9-11; see also Dkt. No. 1518 at 9-11.) However, in the Remedies Decision and Order, the Court explained that the nominee doctrine discussed in Ahmed was irrelevant because the SEC did not seek disgorgement on the theory that V. Kontilai held bare title to assets that were actually owned by defendants Collector's Coffee and Kontilai. (See Remedies Decision and Order at 45 n.9.)

In short, V. Kontilai's Rule 59(e) motion merely seeks a "second bite at the apple" and asks the Court to consider arguments and law that were already advanced and rejected. Thus, V. Kontilai has failed to carry the heavy burden required to prevail on a Rule 59(e) motion. See Yelle v. Mount St. Mary Coll., No. 18 Civ. 10927, 2021 WL 311213, at *3, *5 (S.D.N.Y. Jan. 29, 2021).

B. LEAVE FOR ADDITIONAL BRIEFING ON SEC V. JARKESY

V. Kontilai also seeks leave to file additional briefing on SEC v. Jarkesy, 603 U.S. 109 (2024) because V. Kontilai disagrees with the Court's interpretation of Jarkesy in the

7

Remedies Decision and Order. (See Dkt. No. 1617 at 20.) Additional briefing on Jarkesy would be futile because the Court explained at length that Defendants and V. Kontilai were not entitled to a jury trial at the remedies stage under Jarkesy because the Seventh Amendment does not apply to the Court's determination of remedies. (See Remedies Decision and Order at 16-21, 43-44.) That V. Kontilai disagrees with the Court's interpretation of Jarkesy is not an adequate basis for reconsideration. See Williams v. MTA Bus Co., No. 17 Civ. 7687, 2020 WL 4904058, at *2 (S.D.N.Y. Aug. 20, 2020). Thus, V. Kontilai's request for additional briefing on Jarkesy is denied.

* * *

For the reasons explained above, the Court denies V. Kontilai's Rule 59(e) motion and V. Kontilai's request for leave to file additional briefing regarding SEC V. Jarkesy, 603 U.S. 109 (2024). The Clerk of Court is respectfully directed to close Dkt. Nos. 1616 and 1617.

**SO ORDERED.**

Dated:   27 March 2025
         New York, New York

_____
Victor Marrero
U.S.D.J.