```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/9/2025
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

- against -

COLLECTOR'S COFFEE INC. and MYKALAI KONTILAI,

      Defendants,

- and -

VERONICA KONTILAI,

      Relief Defendant.

**19-CV-4355 (VM)**

**SUMMARY ORDER**

**VICTOR MARRERO, United States District Judge.**

On March 10, 2025, the Court granted in part and denied in part the motion by plaintiff United States Securities and Exchange Commission ("SEC") for remedies against defendants Collector's Coffee, Inc. ("Collector's Coffee" or the "Company") and Mykalai Kontilai ("Kontilai," and together with Collector's Coffee, "Defendants") and relief defendant Veronica Kontilai ("V. Kontilai") in a seventy-three-page decision and order. (See "Remedies Decision and Order," Dkt. No. 1608.)[1] On March 14, 2025, the Court entered the

---

[1] The Court assumes the parties' familiarity with the underlying facts of this case, which have been summarized by the Court on several previous occasions. (See Remedies Decision and Order at 3-16). The Court refers to and incorporates by reference its recitation of the facts set forth in the Remedies Decision and Order. (See id.)

1

corresponding final judgment. (See Dkt. No. 1613.) On March 27, 2025, the Court denied V. Kontilai's request for leave to file a proposed motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") because V. Kontilai's motion merely repeated arguments that the Court had previously addressed and rejected in the Remedies Decision and Order. (See Dkt. No. 1618.) Now before the Court is Collector's Coffee's request for leave to file a proposed Rule 59(e) motion, which the Court construes as a Rule 59(e) motion. (See Dkt. Nos. 1621, 1623.) See Fed. R. Civ. P. 59(e). For the reasons explained below, Collector's Coffee's Rule 59(e) motion is **DENIED**.[2]

## I.   DISCUSSION

Reconsideration of a prior order under Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Sikhs for Just. v. Nath, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (citation omitted). The standard of review for a motion for reconsideration is "strict" and

---

[2] Collector's Coffee's Rule 59(e) motion is denied without further briefing because, as further explained below, the motion clearly lacks merit. See StreetEasy, Inc. v. Chertok, 730 F. App'x 4, 6 (2d Cir. 2018) (affirming denial of pre-motion letter construed as Rule 60 motion for reconsideration because the contemplated motion clearly lacked merit); In re Best Payphones, Inc., 450 F. App'x 8, 15 (2d Cir. 2011) (affirming denial of pre-motion letter construed as a motion for sanctions because the sanctions argument clearly lacked merit).

2

reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Ultimately, Rule 59(e) "motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Celli v. N.Y. Dep't of Educ., No. 21 Civ. 10455, 2022 WL 292916, at *2 (S.D.N.Y. Feb. 1, 2022) (citation omitted).

The Court denies Collector's Coffee's Rule 59(e) motion because the motion provides no grounds for altering or amending the judgment.

First, Collector's Coffee argues that the Remedies Decision and Order disregarded directives in the Second Circuit's summary order issued on February 26, 2025 (the "Summary Order"). (See Dkt. No. 1623 at 2-4.) See SEC v. Kontilai, No. 23-7537, 2025 WL 615190 (2d Cir. Feb. 26, 2025) (Summary Order). Collector's Coffee blatantly misconstrues the Summary Order, which affirmed the Court's grant of a preliminary injunction and asset freeze against Defendants. See Kontilai, 2025 WL 615190, at *1.

3

Contrary to Collector's Coffee's assertions, (see Dkt. No. 1623 at 2-3), the Summary Order did not require this Court to find that the expert report of Stefano Vranca ("Vranca") was reliable evidence of the Company's legitimate business expenses or that the Company's purported business expenses were self-evidently legitimate. Rather, the Summary Order recognized that "even at the remedies stage," it is the defendant's burden "to identify legitimate business expenses that 'should have been deducted from an otherwise reasonable disgorgement amount.'" Kontilai, 2025 WL 615190, at *3 (quoting SEC v. Fowler, 6 F.4th 255, 267 (2d Cir. 2021)). And as explained at length in the Remedies Decision and Order, this Court concluded that Defendants failed to offer any reliable evidence of the Company's legitimate business expenses at the remedies stage, either through Vranca or other means. (See Remedies Decision and Order at 27-34.) Accordingly, Defendants were not entitled to deduct any expenses from the SEC's disgorgement figure. (See id.)

Citing to the Summary Order's discussion of civil penalties, Collector's Coffee also advances the new argument that it should not be subject to civil penalties jointly and severally with Kontilai because the Company's investors hold preferred stock and thus "the Judgment operates against the holders of all stock." (See Dkt. No. 1623 at 4.) Essentially,

4

Collector's Coffee argues that a civil penalty against the Company unfairly punishes the Company's investors, who are indirect owners of the Company. (See id.)

Collector's Coffee cannot advance this argument in a Rule 59(e) motion, as "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." Jones v. Caputo, No. 22 Civ. 2794, 2023 WL 2436039, at *3 (S.D.N.Y. Feb. 16, 2023) (quoting Banister v. Davis, 590 U.S. 504, 508 (2020)). Nonetheless, the Court notes that Collector's Coffee's reliance on the Summary Order is misplaced because the Court did not impose civil penalties jointly and severally against Defendants. (See Remedies Decision and Order at 54-66.) Further, the irony of Collector's Coffee's newfound concern for the Company's investors is not lost on the Court given that Defendants are now subject to civil penalties because their fraudulent conduct resulted in near-total losses for the Company's investors.[3]

Ultimately, Collector's Coffee has failed to identify how the Summary Order justifies any relief under Rule 59(e). See Pac. Indem. Co. v. Kiton Corp., No. 21 Civ. 4391, 2022 WL 4237092, at *1 (S.D.N.Y. Sept. 14, 2022).

---

[3] Collector's Coffee later represents that Kontilai owns one hundred percent of the Company's stock. (See Dkt. No. 1623 at 9-10.)

5

Second, most of Collector's Coffee's arguments merely repeat issues that the Court previously considered and rejected in the Remedies Decision and Order. It is "well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)). Thus, a party seeking reconsideration may not repeat "arguments already briefed, considered and decided" by the district court, which is exactly what Collector's Coffee has done here. Nath, 893 F. Supp. 2d at 605 (citation omitted); Shrader, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Once again, Collector's Coffee argues that (1) additional briefing on SEC v. Jarkesy, 603 U.S. 109 (2024) is warranted, (see Dkt. No. 1623 at 1-2), (2) a jury trial is required to adjudicate Defendants' liability, (see id. at 2), (3) disgorgement cannot exceed Kontilai's criminal restitution order of $6.1 million, (see id. at 5-6), (4) based on Kontilai's criminal restitution order, the doctrines of collateral estoppel and res judicata limit disgorgement in

6

this action, (see id. at 9-10), (5) Vranca's expert report is reliable and proves the legitimate business expenses of Collector's Coffee, (see id. at 6-9, 12-15), (6) the Court must credit the Company's various business expenses because these expenses are self-evidently legitimate, (see id. at 15-19), and (7) joint and several liability between Defendants is not appropriate in this action, (see id. at 10-11).

The Court declines to consider these arguments on the following bases: (1) No additional briefing is warranted because the Court previously addressed why Jarkesy is inapplicable, (see Remedies Decision and Order at 16-21), (2) the Court previously explained why Defendants are not entitled to a jury trial at the remedies stage, (see id. at 20-21), (3) the Court previously rejected Defendants' argument that Kontilai's criminal restitution order limits the disgorgement award in this action, (see id. at 34-38), (4) the Court previously rejected Defendants' argument that the doctrines of collateral estoppel and res judicata limit the disgorgement award in this action, (see id. at 36-38), (5) the Court previously rejected Defendants' various arguments concerning Vranca and properly excluded Vranca's report as unreliable, which was consistent with the Court's prior findings that Vranca's methodology was unreliable, (see id. at 27-31), (6) the Court previously rejected Defendants'

argument that the Company's business expenses were self-evidently legitimate, (see id. at 31-34), and (7) the Court previously rejected Defendants' argument that joint and several liability between Defendants is unwarranted in this action, (see id. at 39-42).

In short, Collector's Coffee merely seeks a "second bite at the apple" and asks the Court to consider arguments and law that were already advanced and rejected. Based on these repeated arguments, Collector's Coffee has failed to carry the heavy burden required to prevail on a Rule 59(e) motion. See Yelle v. Mount St. Mary Coll., No. 18 Civ. 10927, 2021 WL 311213, at *3, *5 (S.D.N.Y. Jan. 29, 2021).

Finally, Collector's Coffee includes a list of "enhancing points for reconsideration." (See Dkt. No. 1623 at 20-21.) These "enhancing points" - which challenge rulings issued prior to the Remedies Decision and Order - are not properly before the Court because Rule 59(e) is not a vehicle to challenge any of the Court's prior orders issued throughout the course of this litigation. See Banister, 590 U.S. at 508; see also Maalouf v. Salomon Smith Barney, Inc., No. 02 Civ. 4770, 2004 WL 2782876, at *1 (S.D.N.Y. Dec. 3, 2004) ("A motion for reconsideration is not a substitute for appeal." (citation omitted)). Rather, Rule 59(e) allows a party to seek reconsideration within twenty-eight days of a "just-

issued judgment" and "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." Banister, 590 U.S. at 508 (quoting White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 450 (1982)); see also Fed. R. Civ. P. 59(e).

Nonetheless, Collector's Coffee now seeks to frivolously challenge rulings that the Court issued years ago, such as the Court's grant of summary judgment in favor of the SEC on November 17, 2021, in blatant disregard of Rule 59(e)'s requirement that a party must seek reconsideration within twenty-eight days following entry of the judgment. (See Dkt. No. 1623 at 20-21.) See SEC v. Collector's Coffee, Inc., No. 19 Civ. 4355, 2021 WL 5360440 (S.D.N.Y. Nov. 17, 2021) (granting summary judgment in favor of the SEC); Rohlehr v. Brookdale Univ. Hosp. & Med. Ctr., No. 03 Civ. 3576, 2007 WL 210427, at *2 (E.D.N.Y. Jan. 26, 2007) (holding the Rule 59(e) clock began to run when the court granted the motion for summary judgment in its entirety). Such tactics are not permitted under Rule 59(e). See Fed. R. Civ. P. 59(e).

In addition to the glaring timing deficiencies, Collector's Coffee does not identify any legal bases, or offer any analysis, to justify reconsideration of these "enhancing points" under Rule 59(e). Instead, Collector's Coffee merely lists the rulings and proclaims them prejudicial. (See Dkt.

No. 1623 at 20-21.) See Bart v. Golub Corp., No. 20 Civ. 404, 2022 WL 2315625, at *1 (D. Conn. June 28, 2022) (declining to consider plaintiff's motion for reconsideration under Rule 59(e) because the motion was untimely and plaintiff did not include any legal justification or analysis in support of reconsideration). Because Collector's Coffee has not pointed to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," the Court will not address these "enhancing points" any further. See Yelle, 2021 WL 311213, at *2 (citation omitted).

Given the limited scope of a Rule 59(e) motion and the frivolous nature of the "enhancing points," the Court will not consider Collector's Coffee's challenges to rulings pre-dating the Remedies Decision and Order.

\* \* \*

For the reasons explained above, the Court denies Collector's Coffee's Rule 59(e) motion. Further, Defendants and V. Kontilai, who are represented by the same counsel, are directed to refrain from making any more motions raising legal theories, claims, and requests for relief grounded in arguments that the Court has already rejected (and in some instances, repeatedly), as these would be considered

frivolous and wasteful of the Court's resources and could warrant the imposition of sanctions.

The Clerk of Court is respectfully directed to close Dkt. Nos. 1621 and 1623.

**SO ORDERED.**

Dated:    9 April 2025
          New York, New York

_____
Victor Marrero
U.S.D.J.