**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/2025
```

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

- against -

COLLECTOR'S COFFEE INC. and MYKALAI KONTILAI,

    Defendants,

- and -

VERONICA KONTILAI,

    Relief Defendant.

19-CV-4355 (VM)

**ORDER**

**VICTOR MARRERO**, United States District Judge.

On August 8, 2025, plaintiff United States Securities and Exchange Commission ("SEC") moved for an order appointing Doug Sawyer as a liquidation agent to sell the real property of Defendant Mykalai Kontilai ("M. Kontilai") and Relief Defendant Veronica Kontilai ("V. Kontilai") located at 566 Tam O Shanter, Las Vegas, Nevada 89109 (the "Subject Property") to satisfy the disgorgement obligations against M. Kontilai and V. Kontilai. (See Dkt. No. 1643.) The Subject Property is currently frozen pursuant to the Court's asset freeze. (See Dkt. Nos. 12, 15.) Further, the Final Judgment provides that all of M. Kontilai's "right, title, and interest" in the Subject Property is available to satisfy the

1

judgment against him. (See "Final Judgment," Dkt. No. 1613 at 7-8.)

M. Kontilai and V. Kontilai oppose the SEC's request to appoint a liquidation agent, arguing that they will suffer irreparable harm if the Subject Property is sold. (See Dkt. No. 1644.) M. Kontilai and V. Kontilai ask the Court to defer the SEC's request to appoint a liquidation agent until the Second Circuit has ruled on their appeal or, if the Court decides to liquidate the Subject Property prior to resolution of the appeal, that the Court direct the SEC to hold all of M. Kontilai and V. Kontilai's assets in an escrow account until the Second Circuit rules on their appeal. (See id.) The Court notes that neither M. Kontilai, V. Kontilai, nor Collector's Coffee Inc. ("CCI") have filed a motion to stay the execution of the Final Judgment pending appeal. See Fed. R. Civ. P. 62(d).

On March 14, 2025, the Court ordered M. Kontilai and CCI to jointly and severally disgorge $24,355,736.36 and ordered M. Kontilai to pay a civil penalty of $23,346,286, totaling $47,702,022.40. (See Final Judgment at 4.) The Court also ordered V. Kontilai to disgorge $388,676.09. (See id.) The SEC represents that it has received payments from the liquidation of frozen assets and that M. Kontilai and V. Kontilai have not made any voluntary payments towards the

2

Final Judgment. (See Dkt. No. 1643.) With post-judgment interest accruing, the SEC maintains that the outstanding balance against M. Kontilai is $48,337,728.87 and the balance against V. Kontilai is $394,282.61. (See id.)

Based on the SEC's letter, it is unclear to the Court whether the SEC has already liquidated all of the assets identified in Sections VII and VIII of the Final Judgment, as well as the funds recovered during M. Kontilai's arrest in Germany, (see Final Judgment at 7-9), and if so, how much the SEC received in liquidating those assets. The Court understands that beyond the assets identified above, the other assets available to satisfy the Final Judgment are the Subject Property and the two Jackie Robinson contracts.[1] (See id. at 7.) The Court also understands that the SEC conducted a post-judgment deposition of M. Kontilai on August 13, 2025, to discover M. Kontilai's ability to pay the Final Judgment against him in this matter. (See Dkt. Nos. 1636, 1638.)

To properly evaluate the SEC's request to appoint a liquidation agent for the Subject Property, the Court directs the SEC to identify (1) which assets have already been liquidated and the value of those assets, (2) the approximate

---

[1] The Final Judgment provides that CCI's right, title, and interest in the two Jackie Robinson contracts are available to satisfy the Final Judgment, but that the Final Judgment does not prejudice the rights or claims of the Plaintiff-Intervenors or the Jackie Robinson Foundation with respect to those assets. (See Final Judgment at 7.)

3

value of the Subject Property, (3) the approximate value of each Jackie Robinson contract, and (4) whether the SEC anticipates that it will receive approximately twenty-five percent of the value of each Jackie Robinson contract pursuant to the settlement agreement in the intervenor litigation.[2] (See Dkt. No. 1578.) The SEC shall submit the requested information within fourteen (14) days of this Order.

**SO ORDERED.**

Dated:    19 August 2025
          New York, New York

_____
Victor Marrero
U.S.D.J.

---

[2] The Court is mindful that the settlement agreement in the intervenor litigation has not been finalized. (See Dkt. No. 1637.)

4