USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/2/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                             Plaintiff,<br><br>  - against -<br><br>COLLECTOR'S COFFEE, INC., et al.,<br><br>                             Defendants. | 19-cv-04355-VM-GWG<br><br>[PROPOSED] ORDER APPOINTING LIQUIDATION AGENT |

## [PROPOSED] ORDER APPOINTING LIQUIDATION AGENT

This matter is before the Court on the U.S. Securities and Exchange Commission's ("SEC") Application to Appoint a Liquidation Agent, and upon consideration of the motion, and for good cause shown:

**IT IS ORDERED** that the SEC's motion to appoint a Liquidation Agent is granted. Doug Sawyer is hereby appointed as the authorized Liquidation Agent ("Liquidation Agent" or "Liquidating Agent") to sell the real property located at 566 Tam O Shanter, Las Vegas, Nevada 89109, with Parcel ID 162-10-210-056 and more particularly with legal description of Unit No. Fifty-Six (56), as the same is established and identifies in the plan and supplemental declaration, together with an undivided 1.325% interest as Tenant-In-Common, in and to the common area of Las Vegas International Country Club Townhouses Unit 3, in the County of Clark, State of Nevada, in the Office of the County Recorder of Clark County, Nevada, Book 19, Page 64 (the "Subject Property").

**IT IS ORDERED** that the Liquidation Agent shall have the authority to arrange for the sale of the Subject Property, subject to confirmation by this Court, in any manner approved by the SEC. The terms of any purchase agreement shall include the balance of the purchase price paid at closing and may include an earnest money deposit, in an amount to be approved by the SEC, forfeitable upon the purchaser's failure to perform. The closing shall not occur until after the sale has been confirmed by further order of this Court. At closing, the purchaser or purchasers shall receive a quitclaim deed to the Subject Property executed by the Liquidating Agent.

**IT IS ORDERED** that the Liquidation Agent shall have all the rights and powers necessary to fulfill its obligations under this order, specifically including, but not necessarily limited to, the power to enter onto the Subject Property, to manage the Subject Property, to advertise the sale of the Subject Property, and to take any actions reasonably necessary to protect and preserve the value of the Subject Property prior to sale, and to put it into saleable condition, including making expenditures of funds that are first approved by the SEC for reasonable and necessary maintenance and improvements. The Liquidating Agent shall specifically have the rights and powers to retain the ERA Brokers Consolidated real estate agency ("ERA Brokers") to market and sell the Subject Property. The Liquidating Agent shall specifically have the rights and powers to retain an attorney to handle any legal issues that may arise and handle the closing of title on the Subject Property. In light of the Court's appointment of a Liquidating Agent, the provisions of 28 U.S.C. § 2001, *et seq.* do not apply to the sale of the real property described herein.

**IT IS ORDERED** that the Liquidating Agent shall be compensated from the proceeds of the sale a) in an amount equal to three (3) percent of the gross sale proceeds; b) for its reasonable and necessary expenditures to protect and preserve the value of the Subject Property; and c) legal fees that may arise to administer the sale of the Subject Property. In the Liquidating Agent

discretion, the Buyer's' Agent compensation is negotiable and is in addition to the listing agreement brokerage.

**IT IS ORDERED** that Defendant Kontilai and Relief Defendant Veronica Kontilai shall promptly and fully accommodate any request by the Liquidating Agent for any items the Liquidating Agent deems necessary in fulfilling the scope of its appointment over the Subject Property, including, but not limited to: keys, deeds, site plan approvals, architectural drawings and/or tax records of the Subject Property and, in the meantime, preserving any and all such items and shall maintain adequate levels of insurance on the Subject Property protecting the SEC's interest.

**IT IS ORDERED** that Defendant Kontilai and Relief Defendant Veronica Kontilai shall promptly and fully accommodate any request by the Liquidating Agent for access to the Subject Property by or on behalf of Liquidating Agent, personnel of ERA Brokers, professionals retained by or working with Liquidating Agent or any potential buyers and their representatives.

**IT IS FURTHER ORDERED** that Defendant Kontilai and Relief Defendant Veronica Kontilai, and all persons acting in concert with or on their behalf, are hereby restrained and enjoined from interfering in any way with the Subject Property, or with the Liquidating Agent, or with the Liquidating Agent's efforts to comply with its obligations under this Order, and any violation of this order may result in a fine, or incarceration, or both.

**IT IS FURTHER ORDERED** that Defendant Kontilai and Relief Defendant Veronica Kontilai, and all persons acting in concert with or on their behalf, are hereby restrained and enjoined from directly or indirectly making, creating, incurring, assuming or permitting to exist any assignment, transfer, pledge, mortgage, security interest, lien, or other encumbrance of any nature in, to or against any part of the Subject Property without written consent from an attorney

of record for the Commission, or with the Liquidating Agent, and any violation may result in a fine, or incarceration, or both.

Dated: _____September 2_____, 2025

_____
The Honorable Victor Marrero
United States District Court Judge